ORIGINAL

1  Laurence M. Rosen, Esq. (SBN 219683)
   THE ROSEN LAW FIRM, P.A.
2  333 South Grand Avenue, 25th Floor
3  Los Angeles, CA 90071
   Telephone: (213) 785-2610
4  Facsimile: (213) 226-4684
   Email: lrosen@rosenlegal.com
5
   -and-
6
   Phillip Kim, Esq.
7  THE ROSEN LAW FIRM, P.A.
   350 5th Avenue, Suite 5508
8  New York, New York 10118
   Telephone: (212) 686-1060
9  Facsimile: (212) 202-3827
   Email: pkim@rosenlegal.com
10
11 Counsel for Plaintiff



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR - 2 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

12              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
13

14 DALTON PETRIE, INDIVIDUALLY AND ON         SACV 10 - 00252 DOC (RNBx)
   BEHALF OF ALL OTHERS SIMILARLY            CASE No.:
15 SITUATED,
                                             CLASS ACTION
16          Plaintiff,
                                             COMPLAINT FOR VIOLATION
17          v.                               OF THE FEDERAL SECURITIES
                                             LAWS
18 ELECTRONIC GAME CARD, INC., LEE J. COLE,
   LINDEN BOYNE, and KEVIN DONOVAN,          JURY TRIAL DEMANDED
19
            Defendants.
20

21
22      Plaintiff Dalton Petrie, individually and on behalf of all other persons similarly situated,

23 by their undersigned attorneys, allege in this Complaint the following upon knowledge with

24 respect to their own acts, and upon facts obtained through an investigation conducted by their

25 counsel, which included, *inter alia*: (a) review and analysis of relevant filings made by Electronic

26 Game Card, Inc. ("EGMI" or the "Company") with the United States Securities and Exchange

27 Commission (the "SEC"); (b) review and analysis of defendants' public documents, conference

28

                                        1

calls and press releases; (c) review and analysis of securities analysts' reports and advisories concerning the Company; (d) information readily obtainable on the Internet; and (e) interviews of several witnesses with personal knowledge of the relevant facts.

Plaintiff believes that further substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery. Most of the facts supporting the allegations contained herein are known only to defendants or are exclusively within their control.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons and entities other than defendants, who purchased the securities of EGMI between April 5, 2007 and February 19, 2010, inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of federal securities laws (the "Class").

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. § 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

4.     Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b) as a substantial part of the conduct complained of herein occurred in this District.

5.     In connection with the acts, conduct and other wrongs alleged herein, defendants either directly or indirectly used the means and instrumentalities of interstate commerce, including but not limited to the United States mails, interstate telephone communications and the facilities of the national securities exchange.

2

1

2                                  <u>PARTIES</u>

3      6.      Plaintiff Dalton Petrie purchased EGMI common stock during the Class Period as

4
set forth in his certification, filed herewith, and has suffered damages as a result.
5
6      7.      Defendant EGMI is a Nevada corporation with its principal executive offices

7    located at 5405 Alton Parkway, Suite A-353 Irvine, CA 92604. EGMI designs and manufactures

8    innovative "instant" win, extended play gaming device using patent protected technology. The

9    Company's common stock is traded on the NASDAQ Bulletin Board under ticker "EGMI."

10     8.      Defendant Lee J. Cole ("Cole"), at all relevant times herein, was a Company

11
director, and served as the Company's Chief Executive Officer from February 2006 through
12
March 31, 2009.
13
14     9.      Defendant Linden Boyne ("Boyne") was a Company Director and served as the

15   Company's Chief Financial Officer, Principal Accounting Officer, and Secretary from at least the

16   beginning of the Class Period until his resignation on August 31, 2009. Thereafter, he was

17   reappointed CFO and Company's secretary effective October 30, 2009 when his replacement

18
Thomas Schiff resigned effective October 30, 2009.
19
20     10.     Defendant Kevin Donovan ("Donovan") served as the Company's Chief Executive

21   Officer from February 1, 2009 through the end of the Class Period.

22     11.     Cole, Boyne, and Donovan are collectively referred to hereinafter as the

23   "Individual Defendants."

24     12.     Each of the Individual Defendants:

25            (a)    directly participated in the management of the Company;

26            (b)    was directly involved in the day-to-day operations of the Company at the

27
highest levels;
28

1            (c)     was privy to confidential proprietary information concerning the Company

2 and its business and operations;

3            (d)     was involved in drafting, producing, reviewing and/or disseminating the

4 false and misleading statements and information alleged herein;

5

6            (e)     was aware of or recklessly disregarded the fact that the false and

7 misleading statements were being issued concerning the Company; and

8            (f)     approved or ratified these statements in violation of the federal securities

9 laws.

10        13.     As officers, directors and controlling persons of a publicly-held company whose

11 common stock is and was registered with the SEC pursuant to the Exchange Act, and was traded

12 on the NASDAQ Bulletin Board and governed by the provisions of the federal securities laws, the

13

14 Individual Defendants each had a duty to disseminate accurate and truthful information promptly

15 with respect to the Company's financial condition and to correct any previously-issued statements

16 that had become materially misleading or untrue to allow the market price of the Company's

17 publicly-traded stock to reflect truthful and accurate information.

18        14.     EGMI is liable for the acts of the Individual Defendants and its employees under

19 the doctrine of *respondeat superior* and common law principles of agency as all of the wrongful

20

21 acts complained of herein were carried out within the scope of their employment with

22 authorization.

23        15.     The scienter of the Individual Defendants and other employees and agents of the

24 Company is similarly imputed to EGMI under *respondeat superior* and agency principles.

25                                 **SUBSTANTIVE ALLEGATIONS**

26        16.     The Class Period begins on April 5, 2007 when the Company issued a materially

27 false annual report for the fiscal year ended December 31, 2006 on Form 10-KSB. The 10-KSB

28

was false and misleading because the Company violated Generally Accepted Accounting Principles ("GAAP") by misrepresenting its assets and true financial condition in its financial statements.

17.     Attached to the 10-KSB were separately signed Sarbanes-Oxley Act of 2002 ("SOX") certifications of defendant Boyne and Cole. Boyne and Cole separately certified that the Company's financial statements were accurate, that the financial statements did not omit to state a material fact, and that any fraud, whether or not material, that involved management or other employees who have a significant role in the registrant's internal control over financial reporting was disclosed to the Company's auditors.

18.     On March 26, 2008 the Company issued a materially false annual report for the fiscal year ended December 31, 2007 on Form 10-KSB  The 10-KSB was false and misleading because the Company failed to follow GAAP by misrepresenting its assets and true financial condition.

19.     Attached to the 10-KSB were separately signed SOX certifications of defendants Boyne and Cole.  Boyne and Cole each separately certified that the Company's financial statements were accurate, that the financial statements did not omit to state a material fact, and that any fraud, whether or not material, that involved management or other employees who have a significant role in the registrant's internal control over financial reporting was disclosed to the Company's auditors.

20.     On March 24, 2009 the Company issued a materially false annual report for the fiscal year ended December 31, 2008 on Form 10-K. The 10-K was false and misleading because the Company failed to follow GAAP by misrepresenting its assets and true financial condition.

21.     Attached to the 10-K were separately signed SOX certifications of defendants Boyne and Cole. Boyne and Cole separately certified that the Company's financial statements

1    were accurate, that the financial statements did not omit to state a material fact, and that any

2    fraud, whether or not material, that involved management or other employees who have a

3    significant role in the registrant's internal control over financial reporting was disclosed to the

4    Company's auditors.

5

6        22.    Defendants' interim quarterly reports filed with the SEC during the Class Period

7    were also materially false and misleading because in, violation of GAAP, defendants

8    misrepresented the Company's true financial condition.

9                                  **TRUTH BEGINS TO EMERGE**

10       23.    On February 10, 2010, the Company issued an announcement delaying a

11   previously scheduled conference call scheduled for that day to February 25, 2010.   The

12   announcement states that the delay was required "in order to include business developments on

13   which the company is currently working."   Upon information and belief, this delay was a

14   materialization of the undisclosed fraud.

15

16       24.    The February 10, 2010 announcement caused the Company's stock to fall 15.8%

17   of $.169 per share on February 10, 2010, on over 1.65 million shares traded that day.   The

18   previous trading day, only 229,000 shares traded hands.

19       25.    On February 19, 2010 the Company filed an 8-K announcing that its auditor,

20   Mendoza Berger and Company, LLP, has withdrawn its audit opinions for EGMI's financial

21

22   statements for the years ended December 31, 2006, 2007 and 2008. The 8-K states:

23       **Item 4.02   Non-Reliance on Previously Issued Financial Statements or a
         Related Audit Report or Completed Interim Audit Report.**

24

25       (b) On February 12, 2009, Mendoza Berger and Company, LLP ("M&B"), the
         independent auditors for Electronic Game Card, Inc. ("EGCI"), informed the

26       EGCI Board of Directors that it had withdrawn its audit opinions for EGCI's
         financial statements for the years ended December 31, 2006, 2007 and 2008.

27
         M&B advised EGCI that it had become aware of irregularities in the audit

28       confirmation of a bank account represented to M&B as having been held by

                                              6

1   Electronic Game Card (UK) Limited ("EGC Ltd"), a wholly owned subsidiary of
2   EGCI that conducts its European operations. Based upon M&B's investigation
    and inability to confirm the balances in the account, M&B concluded that its prior
3   audits could no longer be relied upon and that it was withdrawing its audit
    opinions related to EGCI's financial statements for the years ended December 31,
4   2006, 2007 and 2008 as of February 12, 2010.

5   Kevin Donovan, the Chief Executive Officer of ECCI, has discussed all matters
    described above with M&B, and has provided a copy of this Form 8-K to M&B.
6

7   EGCI intends to determine the adjustments necessary to reissue its prior financial
    statements, and file amended Annual Reports on Form 10-K for the years ended
8   December 31, 2006, December 31, 2007 and December 31, 2008, and amended
    Quarterly Report on Form 10-Q for the periods ended March 31, 2009, June 30,
9   2009 and September 30, 2009 as soon as practicable.

10      26.     That same day the SEC issued an order temporarily halting trading from the

11  Company's stock. The SEC order states:

12          It appears to the Securities and Exchange Commission that there is a lack of current
13      and accurate information concerning the securities of Electronic Game Card, Inc. ("EGMI")
        because of questions regarding the accuracy of assertions by EGMI, and by others, in financial
14      disclosures to investors concerning, among other things, the company's assets.

15          The Commission is of the opinion that the public interest and the protection of
16      investors require a suspension of trading in the securities of the above-listed company.

17          THEREFORE, IT IS ORDERED, pursuant to Section 12(k) of the Securities
        Exchange Act of 1934, that trading in the securities of the above-listed company is suspended
18      for the period from 9:30 a.m. EST, on February 19, 2010, through 11:59 p.m. EST, on March
        4, 2010.
19
            By the Commission
20

21                                              Elizabeth M. Murphy
                                                Secretary
22

23                              **NO SAFE HARBOR**

24      27.     The statutory safe harbor provided for certain forward-looking statements does not

25  apply to any of the false statements alleged in this Complaint.  None of the statements alleged

26  herein are "forward-looking" statements and no such statement was identified as a "forward-

27  looking statement" when made.  Rather, the statements alleged herein to be false and misleading

28

Class Action Complaint for Violation of the Federal Securities Laws

all relate to facts and conditions existing at the time the statements were made. Moreover, cautionary statements, if any, did not identify important factors that could cause actual results to differ materially from those in any forward-looking statements.

28.    In the alternative, to the extent that the statutory safe harbor does apply to any statement pleaded herein which is deemed to be forward-looking, the Individual Defendants are liable for such false forward-looking statements because at the time each such statement was made, the speaker actually knew and/or recklessly disregarded the fact that such forward-looking statements were materially false or misleading and/or omitted facts necessary to make statements previously made not materially false and misleading, and/or that each such statement was authorized and/or approved by a director and/or executive officer of EGMI who actually knew or recklessly disregarded the fact that each such statement was false and/or misleading when made. None of the historic or present tense statements made by the Individual Defendants was an assumption underlying or relating to any plan, projection, or statement of future economic performance, as they were not stated to be such an assumption underlying or relating to any projection or statement of future economic performance when made, nor were any of the projections or forecasts made by the Individual Defendants expressly related to or stated to be dependent on those historic or present tense statements when made.

## LOSS CAUSATION/ECONOMIC LOSS

29.    During the Class Period, the Individual Defendants engaged in a scheme to deceive the market and a course of conduct that artificially inflated EGMI's stock price and operated as a fraud or deceit on purchasers of EGMI stock by misrepresenting the Company's financial condition and business prospects. Once the Individual Defendants' misrepresentations and fraudulent conduct were disclosed to the market, EGMI's stock price reacted negatively as

1   the artificial inflation was removed from it. As a result of their purchases of EGMI stock during

2   the Class Period, Plaintiff and other members of the Class suffered economic loss.

3         30.    The Individual Defendants' false and misleading statements had the intended

4

5   effect and caused EGMI stock to trade at artificially inflated levels throughout the Class Period.

6         31.    As investors and the market became aware of EGMI's  prior misstatements and

7   omissions and that EGMI's s actual financial condition and business prospects were, in fact, not

8   as represented, EGMI's stock price reacted negatively, damaging investors.

9
                      **Applicability of Presumption of Reliance:**
10
                      **Fraud-on-the-Market Doctrine**

11         32.    At all relevant times, the market for EGMI's common stock was an efficient

12   market for the following reasons, among others:

13         (a)    EGMI's stock met the requirements for listing, and was listed and

14   actively traded on the NASDAQ Bulletin Board, a highly efficient and automated markets;

15         (b)    During the class period, on average several hundreds of thousands of

16   shares of EGMI's stock were traded on a weekly basis, demonstrating a very strong presumption

17
   of an efficient market;
18

19         (c)    As a regulated issuer, EGMI filed with the SEC periodic public reports

20   during the Class Period;

21         (d)    EGMI regularly communicated with public investors via established

22   market communication mechanisms, including regular disseminations of press releases on the

23   national circuits of major newswire services and other wide-ranging public disclosures, such

24
   as communications with the financial press and other similar reporting services;
25

26         (e)    EGMI was followed by several securities analysts employed by

27   major brokerage firms who wrote reports that were distributed to the sales force and certain

28

1   customers of their respective brokerage firms during the Class Period. Each of these reports

2   was publicly available and entered the public marketplace;

3            (f)     Numerous NASD member firms were active market-makers in EGMI stock

4   at all times during the Class Period; and

5

6            (g)     Unexpected material news about EGMI was rapidly reflected in and

7   incorporated into the Company's stock price during the Class Period.

8        33.    As a result of the foregoing, the market for EGMI's common stock promptly

9   digested current information regarding EGMI from all publicly available sources and reflected

10  such information in EGMI's stock price. Under these circumstances, all purchasers of EGMI's

11  common stock during the Class Period suffered similar injury through their purchase of EGMI's

12  common stock at artificially inflated prices, and a presumption of reliance applies.

13                    **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

14

15       34.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil

16  Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased the

17  securities of EGMI during the Class Period and who were damaged thereby. Excluded from the

18  Class are defendants, the current and former officers and directors of the Company, members of

19  their immediate families and their legal representatives, heirs, successors or assigns and any entity

20  in which defendants have or had a controlling interest.

21       35.    The members of the Class are so numerous that joinder of all members is

22  impracticable. Throughout the Class Period, EGMI's securities were actively traded on the

23

24  NASDAQ Bulletin Board. While the exact number of Class members is unknown to Plaintiff at

25  this time and can only be ascertained through appropriate discovery, Plaintiff believes that there

26  are at least hundreds of members in the proposed Class. Members of the Class may be identified

27

28

Class Action Complaint for Violation of the Federal Securities Laws

1    from records maintained by EGMI or its transfer agent and may be notified of the pendency of

2    this action by mail, using a form of notice customarily used in securities class actions.

3         36.    Plaintiff's claims are typical of the claims of the members of the Class, as all

4    members of the Class are similarly affected by defendants' wrongful conduct in violation of

5    federal law that is complained of herein.

6

7         37.    Plaintiff will fairly and adequately protect the interests of the members of the Class

8    and have retained counsel competent and experienced in class and securities litigation.

9         38.    Common questions of law and fact exist as to all members of the Class and

10   predominate over any questions solely affecting individual members of the Class. Among the

11   questions of law and fact common to the Class are:

12        (a)    whether the federal securities laws were violated by defendants' acts as

13

14   alleged herein;

15        (b)    whether the misstatements and omissions alleged herein were made with

16   scienter;

17        (c)    whether statements made by the Individual Defendants to the investing

18   public during the Class Period misrepresented and/or omitted material facts about the business,

19   prospects, sales, operations and management of EGMI; and

20

21        (d)    to what extent the members of the Class have sustained damages and the

22   proper measure of damages.

23        39.    A class action is superior to all other available methods for the fair and efficient

24   adjudication of this controversy since joinder of all members is impracticable. Furthermore, as

25   the damages suffered by individual Class members may be relatively small, the expense and

26   burden of individual litigation make it impossible for members of the Class to redress

27

28

1    individually the wrongs done to them.  There will be no difficulty in the management of this

2    action as a class action.

3                                    FIRST CLAIM

4                               Violation of Section 10(b) of
                          The Exchange Act Against and Rule 10b-5
5                       Promulgated Thereunder Against All Defendants

6        40.    Plaintiff repeats and realleges each and every allegation contained above as if fully

7    set forth herein.

8
         41.    This First Claim is asserted against defendants EGMI, and the Individual
9
10   Defendants.

11       42.    During the Class Period, Defendants carried out a plan, scheme and course of

12   conduct which was intended to, and throughout the Class Period, did: (1) deceive the investing

13   public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and

14   other members of the Class to purchase and/or sell EGMI securities at artificially inflated and

15   distorted prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants,

16
     individually and as a group, took the actions set forth herein.
17

18       43.    Defendants, individually and in concert, directly and indirectly, by the use, means

19   or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a

20   continuous course of conduct to conceal adverse material information about the business,

21   operations and future prospects of EGMI as specified herein.

22
         44.    Defendants employed devices, schemes and artifices to defraud, while in
23
     possession of material adverse non-public information and engaged in acts, practices, and a
24
25   course of conduct  as alleged herein in an effort to assure investors of EGMI's value and

26   performance and continued substantial growth, which included the making of, or the participation

27   in the making of, untrue statements of material facts and omitting to state material facts necessary

28

                                              12

in order to make the statements made about EGMI and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of EGMI's securities during the Class Period.

45.    Each of the Defendants' primary liability, and controlling person liability, arises from the following facts: (1) Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of the Defendants, by virtue of his responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) each of the Defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of and had access to other members of the Company's management team, internal reports, and other data and information about the Company's finances, operations, and sales at all relevant times; (4) each of the Defendants was aware of the Company's dissemination of information to the investing public that they knew or recklessly disregarded was materially false and misleading; and (5) each of the Defendants culpably participated in the wrongful conduct alleged herein.

46.    Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them.  Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing EGMI's financial condition and future business prospects from the investing public and supporting the artificially inflated or distorted price of its securities. As demonstrated by defendants' overstatements and misstatements of the Company's financial condition and business prospects throughout the Class Period, defendants, if they did not have

actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

47.    As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price for EGMI's securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of EGMI's publicly-traded securities were artificially inflated or distorted, and relying directly or indirectly on the false and misleading statements made by defendants, or upon the integrity of the market in which the Company's securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by defendants but not disclosed in public statements by defendants during the Class Period, Plaintiff and the other members of the Class acquired and/or sold EGMI securities during the Class Period at artificially high prices and were damaged thereby.

48.    At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding EGMI's financial results, which were not disclosed by defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired EGMI securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices or distorted prices at which they did.

49.    By virtue of the foregoing, the Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

50.     As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

51.     This action was filed within two years of discovery of the fraud and within five years of Plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CLAIM

### Violation Of Section 20(a) of
### The Exchange Act Against the Individual Defendants

52.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

53.     This Second Claim is asserted against each of the Individual Defendants.

54.     The Individual Defendants acted as controlling persons of EGMI within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of aspects of the Company's revenues and earnings and dissemination of information to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.  The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued, and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

55.     In particular, each of these defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to

control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

56.    As set forth above, EGMI violated Section 10(b) and Rule 10b-5. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act as they culpably participated in the fraud alleged herein. As a direct and proximate result of defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

57.    This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

**WHEREFORE,** Plaintiff prays for relief and judgment, as follows:

(a)    Determining that this action is a proper class action, designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Class Counsel;

(b)    Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)    Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)    Such other and further relief as the Court may deem just and proper.

1    JURY TRIAL DEMANDED

2        Plaintiff hereby demands a trial by jury.

3    Dated: March 2, 2010                 Respectfully submitted,

4                                          THE ROSEN LAW FIRM, P.A.

5

6

7

8                                         Laurence M. Rosen, Esq. (SBN 219683)
                                          THE ROSEN LAW FIRM, P.A.
9                                         333 South Grand Avenue, 25th Floor
                                          Los Angeles, CA 90071
10                                        Telephone: (213) 785-2610
                                          Facsimile: (213) 226-4684
11                                        Email: lrosen@rosenlegal.com

12                                        -and-

13
                                          Phillip Kim, Esq.
14                                        THE ROSEN LAW FIRM, P.A.
                                          350 5th Avenue, Suite 5508
15                                        New York, New York 10118
                                          Telephone: (212) 686-1060
16                                        Facsimile: (212) 202-3827
                                          Email: pkim@rosenlegal.com
17
                                          Counsel for Plaintiff
18

19

20

21

22

23

24

25

26

27

28

                                    17



Print

Subject Confirmation of Receipt of Certification
From:   <postmaster@rosenlegal.com>
Sent:   Feb 27, 2010 01:29:36 PM
To:     rosenlegal@verizon.net

Content-type: text/html; charset=iso-8859-2


<html>

<head>

<title>Confirmation of Receipt of Certification</title>

</head>

<body>

Dear Dalton R Petrie,<BR><BR>


We have received your certification in the Electronic Game Card, Inc. class action litigation.

Thank you for submitting your information. Below is a copy of your certification - please retain it for your records.

If you have any questions, please feel free to contact us at 1-866-rosenlegal

(866-767-3653) or via e-mail at info@rosenlegal.com.

<BR><BR>

With increasing frequency, we find that our new clients were victimized by more than one company.

If you think you may have lost monies in the market due to the dishonest acts or statements of a different company

and would like it to be investigated, free of charge, please email us at

<a href='mailto:reportfraud@roseenlegal.com'>reportfraud@rosenlegal.com</a>.

<BR><BR>

Sincerely,<BR><BR>

The Rosen Law Firm P.A.<BR><BR>


--------

<BR><BR>

CERTIFICATION

<BR><BR>


Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws<BR><BR>


The individual or institution listed below (the "Plaintiff") authorizes and,

upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A.,

retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other

relief against Electronic Game Card, Inc..

The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses.

The Electronic Game Card, Inc. Retention Agreement provided to the Plaintiff is incorporated by reference,

upon execution by The Rosen Law Firm P.A.<BR><BR>


First name: Dalton <BR><BR>                          REDACTED


Last name: Petrie<BR><BR>

Address:

City: 

State, Zip:

Email:                                            REDACTED

Phone:

The Plaintiff Certifies that:<BR><BR>

1. Plaintiff has reviewed the complaint and authorized its filing.<BR><BR>

2. Plaintiff did not acquire the security that is the subject of this action
at the direction of plaintiff's counsel or in order to participate in this
private action or any other litigation under the federal securities laws.<BR><BR>

3. Plaintiff is willing to serve as a representative party on behalf of a class,
including providing testimony at deposition and trial, if necessary.<BR><BR>

4. Plaintiff represents and warrants that he/she/it is fully authorized
to enter into and execute this certification.<BR><BR>

5. Plaintiff will not accept any payment for serving as a representative party
on behalf of the class beyond the Plaintiff's pro rata share of any recovery,
except such reasonable costs and expenses (including lost wages) directly relating
to the representation of the class as ordered or approved by the court.<BR><BR>

6. Plaintiff has made no transaction(s) during the Class Period in the debt

or equity securities that are the subject of this action except those set forth below:<BR><BR>


Shares Purchased:<BR><BR>


Purchase Date(s): 1-8-2010<br>

Number of shares: 590<br>

Price per Share: 1.32<br><br>


Purchase Date(s): 1-5-2010<br>

Number of shares: 760<br>

Price per Share: 1.31<br><br>


Purchase Date(s): 2-9-2010<br>

Number of shares: 478<br>

Price per Share: 1.04<br><br>


Purchase Date(s): 2-16-2010<br>

Number of shares: 700<br>

Price per Share: 0.86<br><br>


<BR><BR>

Shares Sold:<BR><BR>

<BR><BR>

7. During the three years prior to the date of this Certification,

Plaintiff has not sought to serve or served as a representative party for a class

in an action filed under the federal securities laws except if detailed below:

<BR><BR>

<BR><BR>

<BR><BR>

I declare under penalty of perjury, under the laws of the United States,

that the information entered is accurate: yes<br><br>

By clicking on the button below, I intend to sign and execute this agreement: yes<br><br>

Clicked to Submit Certification in the Electronic Game Card, Inc. Action<br><br>

Signed pursuant to California Civil Code Section 1633.1, et seq. - Uniform Electronic Transactions
Act<br><br>

-------------<br><br>

Confidential Information<br><br>

The information in this e-mail message is privileged and confidential information intended

only for the use of the individual or entity named above.

If the reader of this message is not the intended recipient, you are hereby notified that any

dissemination, distribution, or copying of this communication is strictly prohibited.

If you have received this communication in error,

please immediately notify us by telephone (866-767-3653)

and return the original message to the above e-mail address. Thank you.<br><br>


-------------<br><br>

ORIGINAL

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Dalton Petrie, Individually and on behalf of all others similarly situated, | Electronic Game Card, Inc., Lee J. Cole, Linden Boyne, and Kevin Donovan, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Laurence M. Rosen (SBN 219683), The Rosen Law Firm, P.A., 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071, Tel: (213) 785-2610 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No          ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Securities Fraud class action, 15 USC 78j(b) and 78t(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   **SACV 10-00252 DOC(RNBx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Diego |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 3/2/10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

### SACV10-252 DOC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

ORIGINAL

Name & Address:
Laurence M. Rosen, Esq. (SBN 219683)
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
tel: (213) 785-2610
fax: (213) 226-4684

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Dalton Petrie, Individually and on behalf of all others similarly situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **SACV 10-00252 DOC(RNBx)** |
| v. | |
| Electronic Game Card, Inc., Lee J. Cole, Linden Boyne, and Kevin Donovan, | **SUMMONS** |
| DEFENDANT(S). | |

FOR OFFICE USE ONLY

TO:    DEFENDANT(S): Named above _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Laurence M. Rosen_____, whose address is 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __3-2-10__

By: ___T. DEBOSE___
        Deputy Clerk
      (Seal of the Court)

1144

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].