1  JOHNSON BOTTINI, LLP
   FRANK J. JOHNSON (174882)
2  FRANCIS A. BOTTINI, JR. (175783)
   KEITH M. COCHRAN (254346)
3  501 West Broadway, Suite 1720
   San Diego, California 92101
4  Telephone: (619) 230-0063
   Facsimile: (619) 238-0622
5
   *Counsel for Lead Plaintiff Movant Gail Ash*
6  *and Plaintiff James M. Burns and*
   *Proposed Lead Counsel for the Class*
7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10                   **SOUTHERN DIVISION**

11

12  DALTON PETRIE, individually and on      No. SACV10-0252 DOC (RNBx)
    behalf of all others similarly situated,
13                                          **LEAD PLAINTIFF MOVANT**
                                Plaintiff,  **GAIL ASH'S MEMORANDUM OF**
14                                          **POINTS AND AUTHORITIES IN**
              vs.                           **SUPPORT OF HER MOTION FOR**
15                                          **CONSOLIDATION, APPOINTMENT**
    ELECTRONIC GAME CARD, INC.,             **AS LEAD PLAINTIFF, AND**
16  LEE J. COLE, and LINDEN BOYNE,          **APPROVAL OF LEAD COUNSEL**
    and KEVIN DONOVAN,
17                                          Date: June 7, 2010
                               Defendants.  Time: 8:30 a.m.
18                                          Courtroom: 9D, Santa Ana
    ─────────────────────────────────      Judge: Hon. David O. Carter
19  JAMES M. BURNS, individually and on     No. SACV10-0258 JVS (ANx)
    behalf of all others similarly situated,
20
                                Plaintiff,
21
              vs.
22
    ELECTRONIC GAME CARD, INC.,
23  LEE J. COLE, and LINDEN J. H.
    BOYNE,
24
                               Defendants.
25

26

27

28
    ─────────────────────────────────────────────────────────────────
    LEAD PLAINTIFF MOVANT GAIL ASH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
    OF HER MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
    LEAD COUNSEL, NOS. SACV10-0252, 0258

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 1

II.   FACTUAL BACKGROUND .............................................................. 2

    A.    *Burns* and *Petrie* Involve Identical Questions of Fact and Law ........... 2

    B.    Ms. Ash Has Timely Moved for Lead Plaintiff Appointment .............. 2

III.  ARGUMENT ....................................................................................... 3

    A.    *Burns* and *Petrie* Should Be Consolidated ...................................... 3

    B.    The Court Should Appoint Ms. Ash as Lead Plaintiff ......................... 3

        (1)    The PSLRA Provides a Three-Step Process for Lead Plaintiff Appointment ....................................................... 3

        (2)    Ms. Ash's Motion Is Timely ................................................. 4

        (3)    Ms. Ash Is the Presumptive Lead Plaintiff ............................. 4

        (4)    Ms. Ash Satisfies the Requirements of Rule 23 ....................... 5

    C.    The Court Should Approve Ms. Ash's Choice of Counsel ................. 6

IV.   CONCLUSION .................................................................................... 7

1

# TABLE OF AUTHORITIES

2

**CASES**

3 *Armour v. Network Assocs,, Inc.,*
4     171 F. Supp. 2d 1044 (N.D. Cal. 2001) ..........................................5

5 *Aronson v. McKesson HBOC, Inc.,*
      79 F. Supp. 2d 1146 (N.D. Cal. 1999) ..........................................3

6 *Cunha v. Hansen Natural Corp.,* Nos. ED CV 08-1249-SGL (JCx) *et al.,*
7     2009 U.S. Dist. LEXIS 61086 (C.D. Cal. July 13, 2009) ...............3

8 *Glauser v. EVCI Career Colls. Holding Corp.,*
      236 F.R.D. 184 (S.D.N.Y. 2006) .............................................5, 6

9 *Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998) .........................5

10 *In re Cavanaugh,* 306 F.3d 726 (9th Cir. 2002) ....................................4

11 *In re Cendant Corp. Litig.,* 264 F.3d 201 (3d Cir. 2001) ..........................5

12 *In re Equity Funding Corp. of Am. Sec. Litig.,*
13     416 F. Supp. 161 (C.D. Cal. 1976) ..........................................3

14 *In re N. Dist. of Cal. Dalkon Shield IUD Prods. Liab. Litig.,*
      693 F.2d 847 (9th Cir. 1982) ..................................................6

15 *Investors Research Co. v. U. S. Dist. Ct. for the Cent. Dist. of Cal.,*
16     877 F.2d 777 (9th Cir. 1989) ..................................................3

17 *Karlin v. Alcatel,* No. SA CV 00-0214 DOC EE, 2001 WL 1301216
      (C.D. Cal. Aug. 13, 2001) ....................................................7

18 *Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d, 1129
19     (C.D. Cal. 1999) ..............................................................6

20 *Tanne v. Autobytel, Inc.,*
      226 F.R.D. 659 (C.D. Cal. 2005) ..............................................5

21

**STATUTES**

22 15 U.S.C. § 78u-4 .....................................................*passim*

23

**RULES**

24 FED. R. CIV. P. 23 ....................................................*passim*

25 FED. R. CIV. P. 42 .......................................................1, 3

26

27

28

LEAD PLAINTIFF MOVANT GAIL ASH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF HER MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD COUNSEL, NOS. SACV10-0252, 0258

# I.     INTRODUCTION

The Court should grant Lead Plaintiff Movant Gail Ash's motion based on simple application of two rules. Under Federal Rule of Civil Procedure 42, the Court should consolidate the above-captioned putative class actions against Defendant Electronic Game Card, Inc. ("EGC") and its directors and officers, Defendants Lee J. Cole, Linden J.H. Boyne, and Kevin Donovan (collectively, "Defendants") for three reasons. First, both actions arise from the same events: EGC's dissemination of false and misleading statements regarding its financial condition between April 5, 2007 and February 19, 2010 (the "Class Period"). Second, both complaints allege identical claims under the Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Third, both complaints seek damages on behalf of EGC shareholders caused by the artificially inflated prices of EGC stock as a result of Defendants' misconduct.

Upon consolidation, the Court should apply the three-step process under Section 21D of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and appoint Ms. Ash as lead plaintiff because:

(1)     Ms. Ash has timely made a motion for appointment as lead plaintiff;

(2)     Ms. Ash is the presumptive lead plaintiff since she has lost at least $13,105.62 of her retirement savings as a result of EGC's misrepresentations and, to the best of her knowledge, she has the largest financial interest in the relief sought by the Class; and

(3)     Ms. Ash meets the typicality and adequacy of representation requirements under Federal Rule of Civil Procedure 23.

*See* 15 U.S.C. § 78u-4. Furthermore, Ms. Ash's selection of the law firm of Johnson Bottini, LLP as lead counsel should be approved because the firm specializes in shareholder class action litigation, has a demonstrated record of success in litigating securities class actions, and is thus well-qualified to represent the Class.

1

## II.   FACTUAL BACKGROUND

### A.   *Burns* and *Petrie* Involve Identical Questions of Fact and Law

The *Burns* and *Petrie* complaints contain nearly identical allegations. EGC is a Nevada corporation with its principal executive offices located in Irvine, California. *Burns* Compl. ¶12; *Petrie* Compl. ¶ 7.  During the Class Period, EGC's filings with the Securities and Exchange Commission ("SEC") contained numerous false and misleading statements about EGC's financial condition.  *Burns* Compl. ¶¶ 19-29; *Petrie* Compl. ¶¶ 16-22. As a result of these misrepresentations, EGC stock traded at a Class Period high of $2.20 per share in October 2009.  *Burns* Compl. ¶ 29.  But EGC's stock price began to decline in February 2010 when the truth began to emerge. *Id.* ¶¶ 30-31; *Petrie* Compl. ¶¶ 23-25. On February 19, 2010, the SEC halted trading in EGC stock based on suspicions of inaccurate financial disclosures. *Burns* Compl. ¶ 32; *Petrie* Compl. ¶ 26.  On the same day, EGC's independent auditor withdrew its audit opinions between 2006 and 2008.  EGC's stock price fell to $0.88 per share. *Burns* Comp. ¶ 35.  As a result of EGC's stock price decline, shareholders who purchased EGC stock during the Class Period suffered damages. *Id.* ¶¶ 50-52; *Petrie* Compl. ¶¶ 29-31.  Both complaints allege two causes of action under the Exchange Act:  securities fraud in violation of Section 10(b) and control person liability under Section 20(a).

### B.   Ms. Ash Has Timely Moved for Lead Plaintiff Appointment

On March 4, 2010, a notice was published on Business Wire regarding the commencement of Mr. Burns's lawsuit against EGC.  Declaration of Francis A. Bottini, Jr. ("Bottini Decl.") Ex. A.   In compliance with 15 U.S.C. § 78u-4(a)(3)(A)(1), Ms. Ash moves for lead plaintiff appointment on May 3, 2010 – 60 days after the publication of that notice. *See* Bottini Decl. Ex. A at 1.

///

///

## III.    ARGUMENT

### A.    *Burns* and *Petrie* Should Be Consolidated

Consolidation is proper under Rule 42(a) when actions involve common questions of law or fact. FED. R. CIV. P. 42(a); *see Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999). Courts have broad discretion under Rule 42 to consolidate cases. *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Exercising this discretion, courts have recognized that securities fraud class actions are ideally suited for consolidation under Rule 42(a) because these actions involve common parties and issues and because consolidation expedites pretrial and discovery proceedings, reduces duplication, and minimizes the costs and time expended by all persons involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976).

Here, *Burns* and *Petrie* arise from the same underlying events – ECG's dissemination of false and misleading information regarding its financial condition during the Class Period. Both complaints allege the same causes of action against nearly identical defendants: EGC and its officers and directors. As in *Aronson* and *Equity Funding*, consolidation is appropriate where, as here, resolution of these claims involves the identical issues of law and fact. *See* FED. R. CIV. P. 42(a); *see also Cunha v. Hansen Natural Corp.*, Nos. ED CV 08-1249-SGL (JCx) *et al.*, 2009 U.S. Dist. LEXIS 61086, at *1 (C.D. Cal. July 13, 2009).

### B.    The Court Should Appoint Ms. Ash as Lead Plaintiff

#### (1)    The PSLRA Provides a Three-Step Process for Lead Plaintiff Appointment

The PSLRA provides a rebuttable presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that:

> (1)    has either filed the complaint or made a motion in response to a notice;

3

1    (2)    in the determination of the court, has the largest financial interest
            in the relief sought by the class; and

2

3    (3)    otherwise satisfies the requirements of Rule 23 of the Federal
            Rules of Civil Procedure.

4   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

5                **(2)    Ms. Ash's Motion Is Timely**

6          According to the March 4, 2010 notice, the 60-day period in which Class

7   members may move to be appointed lead plaintiff under 15 U.S.C. § 78u-

8   4(a)(3)(A)(II) expires on May 3, 2010. *See* Bottini Decl. Ex. A at 1. Thus, Ms. Ash's

9   motion is timely. In addition, Ms. Ash has retained competent counsel to represent

10  her and the Class. *See* Bottini Decl. Ex. D. Ms. Ash thus satisfies the individual

11  requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have her application for

12  appointment as lead plaintiff and approval of lead counsel considered by the Court.

13               **(3)    Ms. Ash Is the Presumptive Lead Plaintiff**

14         The PSLRA requires the Court to appoint a "lead plaintiff" in securities class

15  actions. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "lead plaintiff" is "the member or

16  members of the purported plaintiff class that the [C]ourt determines to be most

17  capable of adequately representing the interests of class members." *Id.* To identify

18  the presumptive "most adequate plaintiff," the Court must first determine which

19  member or group of members of the class has the largest alleged loss. 15 U.S.C. §

20  78u-4(a)(3)(B)(iii)(I)(bb); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

21         As demonstrated in Ms. Ash's certification, she purchased 9,675 shares of EGC

22  common stock during the Class Period. *See* Bottini Decl. Ex. B at 2. As a result of

23  these purchases, Ms. Ash suffered approximately $13,105.62 in damages. Bottini

24  Decl. Ex. C. To the best of her knowledge, Ms. Ash does not know of another EGC

25  shareholder who is seeking lead plaintiff appointment and who has suffered a higher

26  amount of damages. Thus, Ms. Ash is qualified to become the presumptive most

27  adequate plaintiff. *See Cavanaugh*, 306 F.3d at 730.

28

                                        4
   LEAD PLAINTIFF MOVANT GAIL ASH'S MEMORANDUM OF POINTS AND AUTHORITIES IN
   SUPPORT OF HER MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
              APPROVAL OF LEAD COUNSEL, NOS. SACV10-0252, 0258

**(4)    Ms. Ash Satisfies the Requirements of Rule 23**

The PSLRA requires that lead plaintiffs, in addition to having the largest financial interest, must "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(1)(cc). Rule 23(a) requires that: (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a). In deciding a lead plaintiff motion, courts limit their inquiry to the typicality and adequacy prongs of Rule 23(a). *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)); *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001).

"The typicality requirement of Rule 23(a)(3) is satisfied when the named plaintiffs have (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct, and (3) their claims are based on the same legal issues." *Armour*, 171 F. Supp. 2d at 1052. This does not require that the representative claims be substantially identical to absent class members' claims; it only requires that the claims are "reasonably co-extensive with those of absent class members." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Thus, courts have repeatedly held that typicality is satisfied in securities class actions when the class representative, like all other class members, suffered damages as a result of purchasing the subject stock during the relevant time period at prices that were artificially inflated by defendants' alleged false and misleading statements. *See, e.g., Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006).

Ms. Ash's claims are typical of those of other Class members. Ms. Ash purchased EGC stock during the Class Period at prices artificially inflated by Defendants' misrepresentations and omissions. Like other Class members, Ms. Ash

5

LEAD PLAINTIFF MOVANT GAIL ASH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL, NOS. SACV10-0252, 0258

1  suffered significant damages as a result of her purchases of EGC stock.  These shared
2  claims satisfy Rule 23(a)(3)'s typicality requirement because they are based on the
3  same legal theory and arise from the same events and course of conduct as the Class
4  claims.

5      The adequacy of representation requirement of Rule 23(a)(4) is satisfied when
6  counsel for the class is competent, the representative's interests are not antagonistic to
7  those of the absent class members, and it is unlikely that the action is collusive.
8  *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129 (C.D. Cal. 1999) (citing *In re*
9  *N. Dist. of Cal. Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir.
10  1982)).  Here, Ms. Ash is an adequate representative of the Class for two reasons.
11  First, Ms. Ash's interests are clearly aligned with the interests of the members of the
12  Class because, like other Class members, she paid artificially inflated prices for EGC
13  stock due to Defendants' materially false and misleading statements.  There is no
14  antagonism between Ms. Ash's interests and those of the putative class.  Second, Ms.
15  Ash has taken significant steps that demonstrate her willingness and ability to protect
16  the interests of the Class:  (1) she has executed a sworn certification detailing her
17  Class Period transactions; (2) she has timely moved this Court for appointment as lead
18  plaintiff; and (3) she has retained competent and experienced counsel to prosecute
19  these claims.  As discussed below, Ms. Ash's proposed counsel is highly qualified,
20  experienced, and able to conduct this complex litigation in a professional manner.  *See*
21  Bottini Decl. Ex. D.  Thus, Ms. Ash satisfies the typicality and adequacy requirements
22  of Rule 23 for the purposes of this motion.

23  **C.    The Court Should Approve Ms. Ash's Choice of Counsel**

24      The PSLRA provides that the lead plaintiff shall, subject to court approval,
25  select and retain lead counsel.  15 U.S.C. § 78u-4(a)(3)(B)(v).  A court should not
26  disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests
27  of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Ms. Ash has selected the law
28

LEAD PLAINTIFF MOVANT GAIL ASH'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF HER MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF LEAD COUNSEL, NOS. SACV10-0252, 0258

firm of Johnson Bottini, LLP as Lead Counsel. The attorneys at Johnson Bottini, LLP have substantial experience in prosecuting securities class actions. *See* Bottini Decl. Ex. D. Indeed, Mr. Bottini, one of the firm's partners, has litigated many securities class actions in this Court, including a securities class action that settled for $10.5 million on the eve of trial (the Friday before jury selection was set to commence). *See Karlin v. Alcatel*, No. SA CV 00-0214 DOC EE, 2001 WL 1301216, at *1 (C.D. Cal. Aug. 13, 2001) (denying defendants' motion for summary judgment).[1] Therefore, the Court should approve Ms. Ash's selection of counsel.

## IV.   CONCLUSION

For reasons set forth above, Ms. Ash respectfully requests that the Court (1) consolidate the related actions; (2) appoint her as Lead Plaintiff and (3) approve her selection of Johnson Bottini, LLP as Lead Counsel for the Class.

DATED: May 3, 2010

JOHNSON BOTTINI, LLP
FRANK J. JOHNSON (174882)
FRANCIS A. BOTTINI, JR. (175783)
KEITH M. COCHRAN (254346)


*s/ Francis A. Bottini, Jr.*
FRANCIS A. BOTTINI, JR.

501 West Broadway, Suite 1720
San Diego, California 92101
Telephone: (619) 230-0063
Facsimile: (619) 238-0622

*Counsel for Lead Plaintiff Movant*
*Gail Ash and Plaintiff James M. Burns*
*and Proposed Lead Counsel for the Class*

---

[1] At the time, Mr. Bottini was a partner at Wolf Haldenstein Adler Freeman & Herz LLP, co-lead counsel for plaintiffs.