Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

-and-

Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
350 5th Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| DALTON PETRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>ELECTRONIC GAME CARD, INC., LEE J. COLE, LINDEN BOYNE, and KEVIN DONOVAN,<br><br>Defendants. | No. SACV 10-00252 DOC(RNBx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE LEE GROUP TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. David O. Carter |

1

| | |
|---|---|
| JAMES M. BURNS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>ELECTRONIC GAME CARD, INC., LEE J. COLE, AND LINDEN J.H. BOYNE,<br><br>Defendants. | No. SACV 10-00258 JVS(ANX)<br><br><u>CLASS ACTION</u> |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Movants Dr. Thomas Lee and his wife Margaret Yu, and Scott Lovell ("Movant" or the "Lee Group") respectfully submit this memorandum in support of the their motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned related actions;

(2) appointing the Lee Group and its members as Lead Plaintiff for all persons other than defendants who purchased the securities of Electronic Game Card, Inc. (the "Company" or "EGMI") between April 5, 2007 and February 19, 2010, inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under the Exchange Act (the "Class"); and

(3) appointing the Rosen Law Firm, P.A. as Lead Counsel for the Class.

**I.  PERTINENT BACKGROUND**

On March 2, 2010 The Rosen Law Firm commenced the first of these actions against Defendants[1] for claims under Sections 10(b) and 20(a) of the Exchange Act. On March 3, 2010, The Rosen Law Firm issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl.").

On March 3, 2010 a related action was filed entitled *James Burns v. Electronic Game Card, Inc.*, *et al.*, No. SACV-10-00258-JVS (ANx). With the exception of omitting one defendant, this action alleges the same claims, class period, and operative nucleus of facts as the first-filed action.

The related complaints allege that EGMI and certain of its present and former officers, and directors with violations of the Exchange Act in connection the Company's issuance of materially false and misleading statements about the Company's true financial conduction; and the issuance of materially false and misleading financial statements in its periodic reports filed with the SEC. Particularly, on February 19, 2010, EGMI announced that the Company's prior financial statements for the annual and quarterly reports for the periods between December 31, 2006 and December 31, 2008 should no longer be relied upon and that Company expected to restate those financial statements. According to the announcement, EGMI's auditors withdrew their audit opinions on EGMI's for the aforementioned reporting periods and advised that EGMI that it had become

---

[1] The defendants are EGMI, its former CEO and Director Lee Cole ("Cole"); its former CFO, Principal Accounting Officer, and Secretary, Linden Boyne ("Boyne"); and current CEO Kevin Donovan ("Donovan"); (collectively the "Defendants").

aware of irregularities in the audit confirmation of a bank account of one of EGMI's wholly owned subsidiaries.

That same day, the SEC issued an order temporarily suspending the trading in the Company's stock because there was a lack of current and accurate information concerning the Company's stock because of questions regarding the accuracy of the assertions by EGMI and by others in financial disclosures to investors, concerning, among other things, the Company's assets. When EGMI's stock began trading again on or about March 5, 2010, the company's stock lost 50% of its value falling from $.88 share to $.44 per share on March 5, 2010, damaging shareholders.

## ARGUMENT

## II. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned actions, have been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### III.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Richardson*, 2007 WL 1129344, at * 2; (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)).

As set forth below, Movant satisfies the above criteria and is the most adequate plaintiff and should be appointed as Lead Plaintiff.

5

MEMO. P&As ISO MTN. OF LEE GROUP TO CONSOL. RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--Civil Action No. SACV 10-00252 DOC(RNBx)

### A. Movant Is Willing to Serve as Class Representative

The Lee Group has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in the PSLRA certifications of the members of the Lee Group filed concurrently herewith, each member attests that he/she has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2. Accordingly, the Lee Group satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify how to calculate the "largest financial interest", the approximate losses suffered are the most determinative. *Richardson*, 2007 WL 1129344 at * 4 (citing cases).

Lee Group members Dr. Thomas Lee and his wife Margaret Yu purchased 600,000 shares of EGMI stock during the Class Period at a cost of $632,150.00.[2] Mr. and Mrs. Lee retained all of these shares thereby suffering approximate losses of $486,950.00.[3]. *See* Rosen Decl., Ex. 3.

---

[2] Dr. Lee made all the investment decisions and executed the trades concerning the Lee's investment in EGMI.

[3] In determining losses for held shares, Movant uses the average daily closing price of the Company's stock after the end of the Class Period to April 30, 2010-- $.242. Excluded from the calculation are the days in which EGMI's stock was halted. *See In re MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period price to held shares); 15 U.S.C. §78u-4(e)(1).

Lee Group member Scott Lovell purchased 209,225 shares of EGMI stock during the Class Period at a cost of $292,905.00.  Mr. Lovell retained all of these shares thereby sufferings losses of $242,272.55.

With $729,222.55 in losses, Movant is not aware of any other movant that has suffered greater losses in EGMI stock during the Class Period.  The Lee Group is small enough that coordinated decision making will not present difficulties.  The Securities and Exchange Commission has noted, and numerous courts have held, that small groups whose members all have suffered substantial losses, such as the Lee Group, are suitable lead plaintiffs. *See e.g. In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965 (D. Utah Aug. 16, 2006) (appointing group of three unrelated investors lead plaintiff); *In re Tyco Int'l Ltd. Sec. Litig.*, Nos. 00-MD-1355-B, 2000 WL 1513772, at *4 n.7 (D.N.H. Aug. 17, 2000); *In re The First Union Corp. Sec. Lit.*, 157 F. Supp.2d 638, 643 (W.D.N.C. 2000); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C.1999); *In re Universal Access, Inc., Sec. Lit.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002); and *In re Oxford Health Plans, Inc. Sec. Lit.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)(co-lead plaintiff group allows for broad representation and sharing of resources and experience).

Accordingly, the Lee Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.     The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."    15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).    Federal Rule of Civil

Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a prima facie showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

The Lee Group and each of its members fulfill all of the pertinent requirements of Rule 23. Each member shares substantially similar questions of law and fact with the members of the class and their claims are typical of the members of the class. Each of the Lee Group members and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading financial statements about its business. The Lee Group and its members, as did all of the members of the class, purchased EGMI stock at prices artificially inflated by Defendants' misrepresentations and omissions and

8

MEMO. P&As ISO MTN. OF LEE GROUP TO CONSOL. RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--Civil Action No. SACV 10-00252 DOC(RNBx)

were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as his desire to prosecute these actions on behalf of the class, provides ample reason to appoint the Lee Group as Lead Plaintiff.

### D.  The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class;

or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movant is not aware of any unique defenses Defendants could raise against any him that would render him inadequate to represent the class. Accordingly, the Court should appoint the Movant as Lead Plaintiff for the class.

### IV.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

9

MEMO. P&As ISO MTN. OF LEE GROUP TO CONSOL. RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--Civil Action No. SACV 10-00252 DOC(RNBx)

Movant has selected The Rosen Law Firm as Lead Counsel. The Rosen Law Firm has been actively researching the Class Plaintiffs' claims - reviewing publicly available financial and other documents and gathering information in support of the claims against the defendants. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. The resume of the Rosen Law Firm is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.  CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above captioned related actions; (2) appointing the Lee Group and its members as Lead Plaintiff of the class; (3) approving The Rosen Law Firm P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   May 3, 2010

                              Respectfully submitted,

                              THE ROSEN LAW FIRM, P.A.

                               /s/ Laurence Rosen, Esq.


Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

-and-

Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
350 5th Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff

MEMO. P&As ISO MTN. OF LEE GROUP TO CONSOL. RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--Civil Action No. SACV 10-00252 DOC(RNBx)

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On May 3, 2010, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE LEE GROUP TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on May 3, 2010

/s/ Laurence Rosen
Laurence M. Rosen