Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

-and-

Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
350 5th Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| DALTON PETRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>ELECTRONIC GAME CARD, INC., LEE J. COLE, LINDEN BOYNE, and KEVIN DONOVAN,<br><br>Defendants. | No. SACV 10-00252 DOC(RNBx)<br><br>**LEE GROUP'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. David O. Carter<br>DATE/TIME: June 7, 2010, 8:30 a.m.<br>CTRM: 9D, Santa Ana |

| | |
|---|---|
| JAMES M. BURNS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>ELECTRONIC GAME CARD, INC., LEE J. COLE, AND LINDEN J.H. BOYNE,<br><br>Defendants. | No. SACV 10-00258 DOC (RNBx)<br><br><br><br>CLASS ACTION |

Movants Dr. Thomas Lee and his wife Margaret Yu, and Scott Lovell ("Movant" or the "Lee Group") respectfully submit this opposition to the competing lead plaintiff motion of Gail Ash ("Ash").

## I. PRELIMINARY STATEMENT

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), courts are to appoint as lead plaintiff the "person or group of persons" with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §78u-4(a)(3)(B).

The Lee Group is the only movant that has triggered the PSLRA's "most adequate plaintiff" presumption. First, the Lee Group has lost over $729,000 in connection with its purchases of Electronic Game Card, Inc. ("EGMI" or the "Company") stock during the class period—more than *fifty times* the losses of competing movant Ash. Additionally, each member of the Lee Group has losses several times greater than Ash. The financial interest of the competing movants is set forth below.

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Losses |
|---|---|---|---|---|
| **Lee Group** | **809,225** | **809,225** | **$925,055.00** | **$729,222.55** |
| *1. Dr. Lee & Wife* | *600,000* | *600,000* | *$632,150.00* | *$486,950.00* |
| *2. Scott Lovell* | *209,225* | *209,225* | *$292,905.00* | *$242,272.55* |
| Gail Ash | 9,675 | 9,675 | $16,681.50 | $14,340.15[1] |

Second, as demonstrated in their opening papers at pp. 6-9, the Lee Group and each of its members, *prima facie* satisfies the adequacy and typicality requirements of Rule 23. Finally, the presumption that the Lee Group is the "most adequate plaintiff" "may be rebutted only upon proof." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Because Ash can offer no proof to rebut the *prima facie* finding of the Lee Group's adequacy and typicality, the Court should appoint the Lee Group as Lead Plaintiff and approve its selection of counsel.

## ARGUMENT

### II.   The Lee Group Should be Appointed Lead Plaintiff

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *Cavanaugh*, 306 F.3d at 729. After determining that notice of the action is appropriate and timely[2], the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he provided in his pleadings and declarations, whether he satisfies the

---

[1]  In order to conduct an "apples to apples" comparison, the Lee Group has applied the same lookback price it used to Ash's held shares ($0.242).
[2]  There is no dispute that the notice published by the Rosen Law Firm provided timely and proper notice of this action.

requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.*, at 730 (emphasis in original). Importantly, "a straightforward application of the statutory scheme … provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id.*, at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*

Utilizing this simple process confirms that the Lee Group is the presumptive lead plaintiff and the Court should grant the Group's motion for appointment as lead plaintiff.

**A. The Lee Group is the "Most Adequate Plaintiff" under the PSLRA**

The Lee Group has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Lee Group has losses are more than *fifty times* greater than Ash's. Moreover, each member of the Lee Group has suffered losses several times greater than Ash.[3]

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the

---

[3] Ash may argue that the Lee Group is not an appropriate group, however, because each member of the Lee Group has suffered losses several times greater than Ash, there is no doubt that the Lee Group is appropriate. *See In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at * 5 (S.D. Cal. Jan. 5, 2004) (appointing group as lead plaintiff where on movant within group had largest losses as compared to competing movants: "[i]t makes no practical difference if Spear Capital [movant with largest losses in group] chooses to associate with other shareholders in order to further distance itself from the next proposed lead plaintiff").; *Klugman v. American Capital Ltd.*, 2009 WL 2499521, at * 5 (D. Md. Aug. 13, 2009) (explaining that where members of group individually have larger losses than competing movants, it is appropriate to appoint the group as lead plaintiff).

typicality or adequacy requirements." *Id.* at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry (*i.e.,* the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy.").

Like all purported class members, the Lee Group alleges that Defendants violated the Securities Exchange Act of 1934 by publicly disseminating false and misleading financial statements about its business. The Lee Group purchased EGMI stock at artificially inflated prices and was damaged thereby. These claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class' claims. Thus, the Lee Group satisfies the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999). The Lee Group and its members have demonstrated their adequacy as class representatives by submitting sworn certifications affirming their willingness to serve as, and to assume the responsibilities of, class representative. Based on their financial interest in the litigation ($729,222.55) and satisfaction of the Rule 23 requirements at this stage, the Lee Group has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *see also Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute

5

provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

## III.   CONCLUSION

The Lee Group has satisfied all of the PSLRA's requirements and is entitled to the presumption that it is the "most adequate plaintiff." As such, the Lee Group's motion should be granted in its entirety and Ash's competing motion should be denied.

Dated:   May 17, 2010        Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

 /s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

-and-

Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
350 5th Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On May 17, 2010, I electronically filed the following **LEE GROUP'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on May 17, 2010

                                                          /s/ Laurence Rosen
                                                          Laurence M. Rosen