UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALTON PETRIE,<br><br>  Plaintiff,<br><br>  v.<br><br>ELECTRONIC GAME CARD, INC., et al.,<br><br>  Defendants.<br>_____<br><br>JAMES M. BURNS,<br><br>  Plaintiff,<br><br>  v.<br><br>ELECTRONIC GAME CARD, INC., et al.,<br><br>  Defendants.<br>_____ | CASE NO. SACV 10-0252 DOC (RNBx)<br>SACV 10-0258 DOC (RNBx)<br><br>**O R D E R GRANTING MOTION TO CONSOLIDATE; GRANTING LEE GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; DENYING GAIL ASH'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF** |

Before the Court are the Motion of the Lee Group to Consolidate Related Actions, for Appointment as Lead Plaintiff and Approval of Choice of Counsel ("Lee Group Motion") and the Motion of Gail Ash for Consolidation, Appointment as Lead Plaintiff, and Approval as Lead Counsel ("Ash Motion"). The Court finds that the matter is appropriate for decision without oral

argument. FED. R. CIV. P. 78; Local Rule 7-15.  After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court GRANTS the Lee Group Motion and GRANTS IN PART AND DENIES IN PART the Ash Motion.

## I.   BACKGROUND

These two actions, *Dalton Petrie v. Electronic Game Card, Inc., et al.*, Case No. 10-0252 DOC (RNBx), and *James M. Burns v. Electronic Game Card, Inc., et al.*, Case No. 10-0258 DOC (RNBx), involve nearly identical allegations.  Plaintiffs in both actions, both individually and on behalf of a proposed class, allege that from 2007 to 2009, Electronic Game Card, Inc. ("EGC") and its managing officers (collectively "Defendants") published materially false annual reports through violations of Generally Accepted Accounting Principles.  The class period begins on April 5, 2007 when the first report was filed and ends February 19, 2010.  Plaintiffs allege Defendants misrepresented the assets and true financial condition of EGC on these reports in order to artificially inflate stock prices.

On February 10, 2010, Defendants issued an announcement delaying a conference call, which caused EGC's stock to fall.  This caused shareholders, such as Plaintiffs, to suffer economic loss.  On February 19, 2010, ECG filed an 8-K announcing that its auditor, Mendoza Berger and Company, LLP ("M&B"), had withdrawn its audit opinions for the financial statements mentioned above.  The 8-K report stated that M&B became aware of irregularities in the audit confirmation of a bank account held by an EGC subsidiary.  The same day, the SEC issued an order temporarily halting trading.

Two competing factions have filed motions for appointment as lead plaintiff in these actions. Both request consolidation of the action.

## II.   CONSOLIDATION

Both the Lee Group and Ash have requested consolidation of the *Petrie* and *Burns* actions, and no oppositions have been filed.  Consolidation is permitted pursuant to Fed. R. Civ. P. 42(a) "[i]f actions before the court involve a common question of law or fact."  The Private Securities Litigation Reform Act ("PSLRA") contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed."  15 U.S.C. § 78u-4(a)(3)(A)(ii).

In considering whether consolidation is appropriate, "[t]he threshold issue is whether the

two proceedings involve a common party and common issues of fact or law." *Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir. 1989).  Here, the two proceedings clearly include common issues of fact and law, as the allegations are nearly identical. The Defendants are also identical with the exception that one additional managerial officer of ECG, Kevin Donovan, is added in the *Petrie* action.  The threshold condition is met.

In analyzing whether consolidation is appropriate, the Court considers, *inter alia,* "judicial economy, whether consolidation would expedite resolution, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *Ultimate Timing, LLC v. Sims*, No. 2:08-CV-01632-MJP, 2010 WL 1881868 (W.D. Wash. May 10, 2010) (citing 8 Moore's Federal Practice-Civil § 42.10[4-5]).  There are no parties opposing consolidation, and the remaining factors all weigh in favor of consolidation.

The Court thereby GRANTS the Lee Group and Ash's Motions for Consolidation.

### III. LEAD PLAINTIFF AND SELECTION OF LEAD COUNSEL

The Court has received two competing applications for Lead Plaintiff.  One of these applications is from Gail Ash, an individual investor in ECG.  Ash purchased 9,675 shares of ECG stock during the class period at a cost of $16,681.50.  Ash Mot. at Exh. C.  She estimates her loss as of April 30, 2010 at $13,105.62.  *Id.*  The second application is from the Lee Group, a group of three investors in ECG: Dr. Thomas Lee, his wife Margaret Yu, and Scott Lovell.  Dr. Lee and his wife Yu purchased 600,000 shares of ECG stock at a cost of $632,150.00.  Lee Group's Opp. at 3.  They estimate their loss as of April 30, 2010 as $486,950.00.  *Id.*  Lovell purchased 209,225 shares of ECG stock at a cost of $292,905.00.  *Id.*  Lovell estimates his loss as of April 30, 2010 as $242,272.55.  *Id.*  The collective estimated loss for the Lee Group is $729,222.55.  *Id.*  Movant Ash did not file any opposition to the Lee Group's application and has not challenged their calculation of loss nor their ability to qualify as adequate or typical class representatives.

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the person that:

(aa)  has either filed the complaint or made a motion in response to a notice . . . ;

3

|||
|---|---|
|1|       (bb)  in the determination of the Court, has the largest financial interest in the relief|
|2|            sought by the class; and|

       (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

     When determining who should be appointed lead plaintiff, the court first looks to who has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 729-30. The Lee Group have a clearly larger loss than Ash, both individually and as a group.

     The Court next looks to whether it is appropriate to appoint the Lee Group as the Lead Plaintiff given that they are a group of individual investors. This is not a case where individual investors use aggregation to push ahead of an individual investor whom, taken individually, who have a greater financial loss than them. However, some courts have also looked to whether the individuals within the group have a preexisting relationship. *See In re Critical Path, Inc. Securities Litigation*, 156 F. Supp. 2d 1102, 1111 (N.D. Cal. 2001) (held that a group is not a proper Lead Plaintiff unless the constituents had preexisting relationship). While Lee and Yu are married and made their investment jointly, it does not appear that Lee and Yu had any relationship with Lovell prior to this litigation. Because Lee and Yu have the highest financial loss, we are faced with a situation like that in *In re Sunbeam Corp. Securities Litigation*, No. 03 CV 1721JM (POR), 2004 WL 5159061 (S.D. Cal. Jan. 5, 2005), where the court allowed a group of unrelated investors to serve as Lead Plaintiff where an individual within that group had highest financial loss. The Court is not concerned by the addition of Lovell to the Lee Group, as he also had a large financial loss and the group is small enough–only three people, two of whom are married to each other–that coordinated decision making is not a concern.

     Next, the court determines whether the movant with the largest financial interest also meets the typicality and adequacy requirements of Rule 23. *Cavanaugh*, 306 F.3d at 730. At this point, the court "must rely on the presumptive lead plaintiff's complaint and sworn

4

1  certification; there is no adversary process to test the substance of those claims." *Id.*  The Court
2  has reviewed the submission of the Lee Group, and finds that their claims are typical of other
3  investors and they appear to be adequate representatives of the class.  They all purchased ECG
4  stock at inflated prices and were damaged when the stock price fell.  They have also submitted
5  affidavits stating their willingness to serve.  If the movant does meet the typicality and adequacy
6  requirements, he becomes the "presumptively most adequate plaintiff." *Id.*  Finally, other
7  plaintiffs are given the opportunity to rebut the presumption that the movant satisfies the Rule 23
8  typicality and adequacy requirements. *Id.*  Noone has moved to rebut the presumption that the
9  Lee Group satisfies these requirements.  The Lee Group's Motion to be appointed as Lead
10 Plaintiff is thereby GRANTED.

11 Once Lead Plaintiff is selected, Lead Plaintiff selects Lead Counsel.  PSLRA's mandate is
12 that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain
13 counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  While this decision is subject to
14 court approval, the power to choose lies with the Lead Plaintiff. *Cohen v. U.S. Dist. Ct. For*
15 *Northern Dist. of Calif.*, 586 F.3d 703, 709 (9th Cir. 2009).  The Court's role in the process is
16 limited to approving or disapproving of the plaintiff's choice, not choosing new counsel on its
17 own initiative. *Id.* at 709-10.  The Lee Group seeks to have The Rosen Law Firm as Lead
18 Counsel.  The *Petrie* case was brought by The Rosen Law Firm.  The Court has reviewed The
19 Rosen Law Firm's qualifications and extensive experience in securities litigation and class
20 action, and approves Lead Plaintiff's choice.

21 **IV.    DISPOSITION**
22 For the foregoing reasons, the Motion of the Lee Group to Consolidate Related Actions,
23 for Appointment as Lead Plaintiff and Approval of Choice of Counsel is GRANTED and the
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1  Motion of Gail Ash for Consolidation, Appointment as Lead Plaintiff, and Approval as Lead
2  Counsel is GRANTED as to the Motion for Consolidation and DENIED in all other respects.
3
4
5
6  IT IS SO ORDERED.
7  DATED: June 4, 2010
8
9  _____
10  DAVID O. CARTER
    United States District Judge