Jonathan D. Dogan, Esq. (*Pro Hac Vice*)
KOBRE & KIM, LLP
800 Third Avenue
New York, New York 10022
Phone: (212) 488-1206
Email: Jonathan.Cogan@kobrekim.com

Christopher Kim (Bar No. 82080)
Lisa J. Yang (Bar No. 208971)
Norma Nava (Bar No. 266827)
LIM, RUGER & KIM, LLP
1055 West Seventh Street, Suite 2800
Los Angeles, California 90017
Phone: (213) 955-9500
Fax: (213) 955-9511
Email: Christopher.Kim@ limruger.com
          Lisa.Yang@limruger.com
          Norma.Nava@limruger.com

Attorneys for Defendant, Paul Farrell

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DALTON PETRIE, Individually And On Behalf Of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>        vs.<br><br>ELECTRONIC GAME CARD, INC.; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN; PAUL FARRELL; EUGENE CHRISTIANSEN; ANNA HOUSSELS; ESTATE OF LORD LEONARD STEINBERG AND BERYL STEINBERG AS ADMINISTRATOR/EXECUTOR OF ESTATE OF LORD STEINBERG,<br><br>                Defendants. | Case No.: SACV-10-00252-DOC (RNBx)<br><br>**DEFENDANT PAUL FARRELL'S ANSWER TO THE CONSOLIDATED SECOND AMENDED COMPLAINT** |

LIM, RUGER & KIM, LLP

Lim, Ruger & Kim, LLP

## INTRODUCTION

On September 13, 2010, Lead Plaintiffs Thomas Lee, Margaret Yu, and Scott Lovell ("Plaintiffs") filed a Consolidated Amended Complaint against Defendant Paul Farrell ("Farrell") and others, alleging violations by Farrell of Sections 10(b) and 20(a) of the Exchange Act. By separate motions, Farrell and Defendants Kevin Donovan, Eugene Christiansen, and Anna Houssels each moved to dismiss the Complaint. On January 12, 2011, this Court granted in part and denied in part the motions to dismiss, dismissing the Section 10(b) claims against each of these defendants but declining to dismiss the Section 20(a) claims, and granting Plaintiffs leave to amend. On February 11, 2011, Plaintiffs filed a Consolidated Second Amended Complaint (the "Complaint"), which alleges a cause of action against Farrell under Section 20(a), but does not allege a Section 10(b) claim against him.

Pursuant to the Court's Order Extending Time to Respond, dated February 23, 2011, Farrell, by his undersigned counsel, hereby answers as follows:

## RESPONSES

### I.   NATURE OF THE ACTION

1.      Farrell denies the allegations set forth in Paragraph 1 of the Complaint, except admits that this purports to be a federal securities class action as described therein.

2.      Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies the same.

3.      Farrell denies the allegations set forth in Paragraph 3 of the Complaint to the extent they relate to him and lacks knowledge or information sufficient to form a belief about the truth or falsity of the other allegations and, therefore, denies the same.

4.     Farrell denies the allegations set forth in Paragraph 4 of the Complaint to the extent they relate to him and lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations and, therefore, denies the same, but avers that the periodic reports filed with the SEC speak for themselves.

5.     The allegations in Paragraph 5 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same.

6.     Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the same.

7.     Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same.

8.     Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies the same.

9.     Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies the same, but avers that the 10-Q filed with the SEC on November 20, 2009 speaks for itself.

10.     Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same.

11.     Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies the same.

12.    Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same.

13.    Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same.

14.    The allegations in Paragraph 14 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same.

15.    Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies the same, but avers that the filing made with UK authorities on April 12, 2010 speaks for itself.

16.    Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies the same.

17.    Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies the same.

18.    Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the same.

19.    Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies the same.

LIM, RUGER & KIM, LLP

20.     Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same.

21.     Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the same.

## II.     JURISDICTION AND VENUE

22.     The allegations in Paragraph 22 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same.

23.     The allegations in Paragraph 23 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same.

24.     The allegations in Paragraph 24 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same.

25.     The allegations in Paragraph 25 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same.

## III.     PARTIES

26.     The allegations in Paragraph 26 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge

LIM, RUGER & KIM, LLP

PAUL FARRELL'S ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT

1   or information sufficient to form a belief about the truth or falsity of the allegations

2   and, therefore, denies the same.

3        27.    Farrell lacks knowledge or information sufficient to form a belief about

4   the truth or falsity of the allegations contained in Paragraph 27 of the Complaint

5   and, therefore, denies the same.

6        28.    Farrell lacks knowledge or information sufficient to form a belief about

7   the truth or falsity of the allegations contained in Paragraph 28 of the Complaint

8   and, therefore, denies the same.

9        29.    Farrell lacks knowledge or information sufficient to form a belief about

10   the truth or falsity of the allegations contained in Paragraph 29 of the Complaint

11   and, therefore, denies the same, but avers that the 10-Q filed with the SEC on April

12   20, 2005 speaks for itself.

13        30.    Farrell lacks knowledge or information sufficient to form a belief about

14   the truth or falsity of the allegations contained in Paragraph 30 of the Complaint

15   and, therefore, denies the same, but avers that the 10-Q filed with the SEC on April

16   5, 2007 speaks for itself.

17        31.    Farrell lacks knowledge or information sufficient to form a belief about

18   the truth or falsity of the allegations contained in Paragraph 31 and, therefore, denies

19   the same.

20        32.    Farrell denies the allegations contained in Paragraph 32 of the

21   Complaint except admits, upon information and belief, that Linden Boyne served as

22   the Company's CFO, Principal Accounting Officer, and Secretary and was a

23   Company Director at the time when Farrell began serving as a Company Director,

24   and that Boyne resigned from those positions while Farrell was still serving as a

25   Company Director.  As to the allegations regarding events before October 2, 2008 or

26   after October 28, 2009, Farrell lacks knowledge or information sufficient to form a

27   belief about the truth or falsity of the allegations and, therefore, denies the same.

28

LIM, RUGER & KIM, LLP

1      33.   Farrell denies the allegations contained in Paragraph 33 of the

2  Complaint except admits, upon information and belief, the allegations contained in

3  Paragraph 33 that Lee J. Cole served as a Company Director throughout Farrell's

4  tenure as a Company Director, and that Cole was also the Company's CEO at the

5  time when Farrell began serving as a Company Director, but that he was replaced as

6  CEO by Kevin Donovan sometime before Farrell resigned from the Company. As

7  to the allegations regarding events before October 2, 2008 or after October 28, 2009,

8  Farrell lacks knowledge or information sufficient to form a belief about the truth or

9  falsity of the allegations and, therefore, denies the same.

10      34.   Farrell denies the allegations contained in Paragraph 34 of the

11  Complaint except admits, upon information and belief, the allegations contained in

12  Paragraph 34 that Kevin Donovan began serving as the Company's CEO and

13  Company Director during the time when Farrell was serving as a Company Director,

14  and that Donovan was still serving in those capacities when Farrell resigned his

15  position. As to the allegations regarding events occurring after October 28, 2009,

16  Farrell lacks knowledge or information sufficient to form a belief about the truth or

17  falsity of the allegations and, therefore, denies the same.

18      35.   Farrell lacks knowledge or information sufficient to form a belief about

19  the truth or falsity of the allegations contained in Paragraph 35 and, therefore, denies

20  the same.

21      36.   Farrell denies the allegations contained in Paragraph 36 of the

22  Complaint except admits, upon information and belief, the allegations contained in

23  Paragraph 36 that Lord Leonard Steinberg served as the Company's Executive

24  Chairman for the duration Farrell's tenure as a Company Director and that Lord

25  Steinberg is now deceased. As to the other allegations regarding events before

26  October 2, 2008 or after October 28, 2009, Farrell lacks knowledge or information

27  sufficient to form a belief about the truth or falsity of the allegations and, therefore,

28  denies the same.

LIM, RUGER & KIM, LLP

37.     Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 37 and, therefore, denies the same.

38.     Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 38 and, therefore, denies the same, but avers that the Company's proxy statement filed with the SEC on August 27, 2009 speaks for itself.

39.     Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 39 and, therefore, denies the same.

40.     Farrell denies the allegations contained in Paragraph 40 of the Complaint except admits, upon information and belief, the allegations contained in Paragraph 40 that Eugene Christiansen served as a Company Director for the duration of the time when Farrell served as a Company Director.   As to the allegations regarding events before October 2, 2008 or after October 28, 2009, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same.

41.     Farrell denies the allegations contained in Paragraph 41 of the Complaint except admits, upon information and belief, the allegations contained in Paragraph 41 that Anna Houssels served as a Company Director for the duration of the time when Farrell served as a Company Director.   As to the allegations regarding events before October 2, 2008 or after October 28, 2009, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the letter filed with the SEC on April 9, 2010 speaks for itself.

42.     Farrell admits the allegations in Paragraph 42.

43.     Farrell admits the allegations in Paragraph 43 as they relate to the time he served as a Company Director.   As to the membership of others on the Audit

LIM, RUGER & KIM, LLP

1   Committee before October 2, 2008 or after October 28, 2009, Farrell lacks
2   knowledge or information sufficient to form a belief about the truth or falsity of the
3   allegation and, therefore, denies the same.

4        44.   Farrell lacks knowledge or information sufficient to form a belief about
5   the truth or falsity of the allegations contained in Paragraph 44 and, therefore, denies
6   the same, but avers that the Schedule 14C filed with the SEC on August 27, 2009
7   speaks for itself.

8        45.   Farrell denies that he was a managing director, co-portfolio manager, or
9   chief operative officer of the Scout Fund Group of Pequot at any time during his
10  tenure as Company Director. Farrell admits that he was one of the managing
11  directors of Pequot and served the functions of co-portfolio manager and chief
12  operating officer for the Scout Group prior to being named a Company Director, but
13  that he resigned from Pequot Capital Management on March 14, 2008 and held no
14  positions with Pequot or the Scout Group after that date. Farrell lacks knowledge or
15  information sufficient to form a belief about the truth or falsity of the remaining
16  allegations contained in Paragraph 45 of the Complaint and, therefore, denies the
17  same, but avers that the Schedule 14C filed with the SEC on August 27, 2009
18  speaks for itself.

19       46.   Farrell lacks knowledge or information sufficient to form a belief about
20  the truth or falsity of the allegations contained in Paragraph 46 and, therefore, denies
21  the same, but avers that the Schedule 13G/A filed with the SEC on February 13,
22  2009 speaks for itself.

23       47.   Farrell lacks knowledge or information sufficient to form a belief about
24  the truth or falsity of the allegations contained in Paragraph 47 and, therefore, denies
25  the same, but avers that the 2008 Annual Report filed with the SEC on March 24,
26  2009 speaks for itself.

27       48.   Farrell lacks knowledge or information sufficient to form a belief about
28  the truth or falsity of the allegations contained in Paragraph 48 and, therefore, denies

LIM, RUGER & KIM, LLP

1    the same, but avers that the Schedule 13 G/A filed with the SEC on July 1, 2009

2    speaks for itself.

3        49.    Farrell lacks knowledge or information sufficient to form a belief about

4    the truth or falsity of the allegations contained in Paragraph 49 and, therefore, denies

5    the same.

6        50.    Farrell lacks knowledge or information sufficient to form a belief about

7    the truth or falsity of the allegations contained in Paragraph 50 and, therefore, denies

8    the same but avers that the Schedule 14C filed with the SEC on August 27, 2009

9    speaks for itself.

10       51.    Farrell lacks knowledge or information sufficient to form a belief about

11   the truth or falsity of the allegation contained in Paragraph 51 and, therefore, denies

12   the same, except admits the allegation that he was not a manager of Manatuck's

13   Scout Fund.

14       52.    Farrell denies that he was ever a manager of Manatuck's Scout Fund.

15   As to all other allegations in Paragraph 52, Farrell lacks knowledge or information

16   sufficient to form a belief about the truth or falsity of the allegation and, therefore,

17   denies the same but avers that the Schedule 13 G/A filed with the SEC on February

18   11, 2010 speaks for itself.

19       53.    Farrell lacks knowledge or information sufficient to form a belief about

20   the truth or falsity of the allegations contained in Paragraph 53 and, therefore, denies

21   the same, except Farrell admits that he ceased serving as a director of the Company

22   on October 28, 2009.

23       54.    Farrell lacks knowledge or information sufficient to form a belief about

24   the truth or falsity of the allegation contained in Paragraph 54 and, therefore, denies

25   the same.

26       55.    The allegation in Paragraph 55 is a definition for which no response is

27   required.    To the extent a response is required, Farrell lacks knowledge or

28

LIM, RUGER & KIM, LLP

{00514688.DOC}

10

PAUL FARRELL'S ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT

1   information sufficient to form a belief about the truth or falsity of the allegation and,

2   therefore, denies the same.

3        56.   Farrell denies the allegations in Paragraph 56 to the extent they relate to

4   him.  As to the allegations that relate to other "Individual Defendants," Farrell lacks

5   knowledge or information sufficient to form a belief about the truth or falsity of the

6   allegations and, therefore, denies the same.

7        57.   The allegations in Paragraph 57 are legal conclusions for which no

8   response is required.  To the extent a response is required, Farrell lacks knowledge

9   or information sufficient to form a belief about the truth or falsity of the allegation

10  and, therefore, denies the same.

11       58.   The allegations in Paragraph 58 are legal conclusions for which no

12  response is required.  To the extent a response is required, Farrell denies the

13  allegations in Paragraph 58 to the extent they relate to him.  As to the allegations

14  related to other "Individual Defendants," Farrell lacks knowledge or information

15  sufficient to form a belief about the truth or falsity of the allegations and, therefore,

16  denies the same.

17  **Confidential Witness**

18       59.   Farrell denies knowledge or information sufficient to form a belief as to

19  the truth or falsity of the allegations contained in Paragraph 59 of the Complaint

20  and, therefore, denies the same, except admits that he was selected as a director

21  when Steinberg served as Executive Chairman of the Company.

22  **Board of Directors**

23       60.   Farrell lacks knowledge or information sufficient to form a belief as to

24  the truth of falsity of the allegations in the paragraph, except Farrell admits that he

25  along with others mentioned in the paragraph served as directors for part of the time

26  period referenced.

27       61.   Farrell denies knowledge or information sufficient to form a belief as to

28  the truth or falsity of the allegations contained in Paragraph 61 of the Complaint,

LIM, RUGER & KIM, LLP

1  except Farrell admits that he along with others mentioned in Paragraph 61 served as

2  directors of the Company during the time period referenced.

3      62.    Farrell lacks knowledge or information sufficient to form a belief about

4  the truth or falsity of the allegations contained in Paragraph 62 and, therefore, denies

5  the same, except that Farrell admits that he resigned his position as a Director on

6  October 28, 2009.

7      63.    Farrell lacks knowledge or information sufficient to form a belief about

8  the truth or falsity of the allegation contained in Paragraph 63 of the Complaint and,

9  therefore, denies the same.

10     64.    Farrell lacks knowledge or information sufficient to form a belief about

11  the truth or falsity of the allegation contained in Paragraph 64 and, therefore, denies

12  the same.

13

14  **IV.  DEFENDANTS' FALSE AND MISLEADING STATEMENTS[1]**

15      A.    <u>**Fiscal Year Ended December 31, 2006**</u>

16     65.    Farrell denies the allegations contained in Paragraph 65 to the extent

17  they are directed at him and lacks knowledge or information sufficient to form a

18  belief about the truth or falsity of the remaining allegations and, therefore, denies

19  the same, but avers that the Form 10KSB filed with the SEC on April 5, 2007 speaks

20  for itself.

21     66.    Farrell lacks knowledge or information sufficient to form a belief about

22  the truth or falsity of the allegations contained in Paragraph 66 and, therefore, denies

23  the same, but avers that the Form 10KSB speaks for itself.

24     67.    The allegations in Paragraph 67 are legal conclusions for which no

25  response is required.  To the extent a response is required, Farrell lacks knowledge

26

27  [1]  Farrell denies any allegation that he made, had knowledge of, controlled, or otherwise
participated in any alleged false or misleading statement of material fact.  Farrell also

28  objects to the argumentative section headings V and VI.

LIM, RUGER & KIM, LLP

1   or information sufficient to form a belief about the truth or falsity of the allegations

2   and, therefore, denies the same, but avers that the SEC and UK filings referenced

3   speak for themselves.

4       68.    Farrell lacks knowledge or information sufficient to form a belief about

5   the truth or falsity of the allegations contained in Paragraph 68 of the Complaint

6   and, therefore, denies the same.

7       69.    The allegations contained in Paragraph 69 of the Complaint are legal

8   conclusions for which no response is required.  To the extent a response is required,

9   Farrell lacks knowledge or information sufficient to form a belief about the truth or

10  falsity of the allegation and, therefore, denies the same.

11      70.    The allegations contained in Paragraph 70 of the Complaint are legal

12  conclusions for which no response is required.  To the extent a response is required,

13  Farrell lacks knowledge or information sufficient to form a belief about the truth or

14  falsity of the allegation and, therefore, denies the same, but avers that the Form

15  10KSB speaks for itself.

16      71.    The allegations in Paragraph 71 are legal conclusions for which no

17  response is required.  To the extent a response is required, Farrell denies the

18  allegations to the extent they relate to him and lacks knowledge or information

19  sufficient to form a belief about the truth or falsity of the allegations to the extent

20  they relate to others and, therefore, denies the same, but avers that the SEC filings

21  referenced therein speak for themselves.

22      72.    Farrell lacks knowledge or information sufficient to form a belief about

23  the truth or falsity of the allegations contained in Paragraph 72 and, therefore, denies

24  the same.

25      73.    Farrell lacks knowledge or information sufficient to form a belief about

26  the truth or falsity of the allegations contained in Paragraph 73 and, therefore, denies

27  the same, but avers that the Sarbanes-Oxley Act certifications speak for themselves.

28

Lim, Ruger & Kim, LLP

74.    Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 74 and, therefore, denies the same, but avers that the Sarbanes-Oxley Act certifications speak for themselves.

75.    The allegations in Paragraph 75 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the Sarbanes-Oxley Act certifications speak for themselves.

**B.    Quarterly Reports for 2007**

76.    Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 76 and, therefore, denies the same, but avers that the 10QSB filed with the SEC on May 15, 2007 speaks for itself.

77.    The allegations in Paragraph 77 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same.

78.    The allegations in Paragraph 78 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the Sarbanes-Oxley Act certifications speak for themselves.

79.    The allegations in Paragraph 79 are legal conclusions for which no response is required. To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the Forms 10QSB (and attached SOX certifications) referenced therein speak for themselves.

LIM, RUGER & KIM, LLP

80.   The allegations in Paragraph 80 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the Forms 10QSB and SOX certifications referenced therein speak for themselves.

C.   **Fiscal Year Ended December 31, 2007**

81.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 81 and, therefore, denies the same, but avers that the Form 10KSB filed with the SEC on March 26, 2008 speaks for itself.

82.   The allegations in Paragraph 82 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the Forms 10KSB referenced therein speak for themselves.

83.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 83 and, therefore, denies the same, but avers that the Form 10KSB referenced therein speaks for itself.

84.   The allegations in Paragraph 84 are legal conclusions for which no response is required  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the Form 10KSB referenced therein speaks for itself.

85.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained Paragraph 85 and, therefore, denies the same, but avers that the Sarbanes-Oxley Act certifications filed with the Company's 2007 Form 10KSB speak for themselves.

///

Lim, Ruger & Kim, LLP

**D.    Quarterly Reports for 2008**

86.    The allegations in Paragraph 86 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the Form 10Q filed with the SEC on May 14, 2008 speaks for itself.

87.    The allegations in Paragraph 87 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same.

88.    The allegations in Paragraph 88 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the Sarbanes-Oxley Act certifications referenced therein speak for themselves.

89.    The allegations in Paragraph 89 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the Forms 10Q (and attached SOX certifications) filed with the SEC on August 8, 2008 and November 17, 2008 speak for themselves.

**E.    Fiscal Year Ended December 31, 2008**

90.    Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 90 and, therefore, denies the same, but avers that the March 16, 2009 press release speaks for itself.

91.    Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 91 and, therefore, denies the same, but avers that the March 16, 2009 press release speaks for itself.

LIM, RUGER & KIM, LLP

92.   The allegations in Paragraph 92 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same.

93.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 93 and, therefore, denies the same, but avers that the Form 10-K filed with the SEC on March 24, 2009 speaks for itself.

94.   The allegations in Paragraph 94 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the Form 10-K speaks for itself.

95.   The allegations in Paragraph 95 are legal conclusions for which no response is required. Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same.

96.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 96 and, therefore, denies the same, but avers that the Sarbanes-Oxley Act certifications  referenced therein speak for themselves.

97.   The allegations in Paragraph 97 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation and, therefore, denies the same.

98.   The allegation in Paragraph 98 is a legal conclusion for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation and, therefore, denies the same.

/ / /

LIM, RUGER & KIM, LLP

LIM, RUGER & KIM, LLP

### F.   **Quarterly Reports for 2009**

99.   The allegation in Paragraph 99 is a legal conclusion for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation and, therefore, denies the same.

100.   The allegations in Paragraph 100 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same.

101.   The allegation in Paragraph 101 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the Form 10-Q fled with the SEC on May 15, 2009 speaks for itself.

102.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 102 and, therefore, denies the same, but avers that the Form 10-Q speaks for itself.

103.   The allegations in Paragraph 103 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation and, therefore, denies the same.

104.   The allegations in Paragraph 104 are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the Sarbanes-Oxley Act certifications speak for themselves.

105.   The allegation in Paragraph 105 is a legal conclusion for which no response is required.  To the extent a response is required, Farrell lacks knowledge

LIM, RUGER & KIM, LLP

1    or information sufficient to form a belief about the truth or falsity of the allegation
2    and, therefore, denies the same.

3         106.    The allegation in Paragraph 106 is a legal conclusion for which no
4    response is required.  To the extent a response is required, Farrell lacks knowledge
5    or information sufficient to form a belief about the truth or falsity of the allegation
6    and, therefore, denies the same.

7         107.    The allegation in Paragraph 107 is a legal conclusion for which no
8    response is required.  To the extent a response is required, Farrell lacks knowledge
9    or information sufficient to form a belief about the truth or falsity of the allegation
10   and, therefore, denies the same.

11        108.    The allegations in Paragraph 108 are legal conclusions for which no
12   response is required. To the extent a response is required, Farrell lacks knowledge or
13   information sufficient to form a belief about the truth or falsity of the allegation and,
14   therefore, denies the same.

15        109.    The allegation in Paragraph 109 is a legal conclusion for which no
16   response is required.  To the extent a response is required, Farrell lacks knowledge
17   or information sufficient to form a belief about the truth or falsity of the allegation
18   and, therefore, denies the same.

19        110.    Farrell lacks knowledge or information sufficient to form a belief about
20   the truth or falsity of the allegations contained in Paragraph 110 and, therefore,
21   denies the same.

22        111.    The allegation in Paragraph 111 is a legal conclusion for which no
23   response is required.  To the extent a response is required, Farrell lacks knowledge
24   or information sufficient to form a belief about the truth or falsity of the allegation
25   and, therefore, denies the same.

26        112.    The allegation in Paragraph 112 is a legal conclusion for which no
27   response is required.  To the extent a response is required, Farrell lacks knowledge

28

LIM, RUGER & KIM, LLP

1    or information sufficient to form a belief about the truth or falsity of the allegation

2    and, therefore, denies the same.

3        113.   The allegation in Paragraph 113 is a legal conclusion for which no

4    response is required.  To the extent a response is required, Farrell lacks knowledge

5    or information sufficient to form a belief about the truth or falsity of the allegation

6    and, therefore, denies the same.

7        **G.     Additional Materially False Statements Issued in 2009**

8        114.   The allegation in Paragraph 114 is a legal conclusion for which no

9    response is required.  Farrell lacks knowledge or information sufficient to form a

10   belief about the truth or falsity of the allegations and, therefore, denies the same, but

11   avers that the Form 8-K filed with the SEC on October 13, 2009 speaks for itself.

12       115.   The allegations in Paragraph 115 are legal conclusions for which no

13   response is required.  To the extent a response is required, Farrell lacks knowledge

14   or information sufficient to form a belief about the truth or falsity of the allegation

15   and, therefore, denies the same, but avers that the Form 8-K/A filed with the SEC on

16   April 22, 2010 speaks for itself.

17

18   **V.     TRUTH BEGINS TO EMERGE / LOSS CAUSATION**

19       116.   Farrell lacks knowledge or information sufficient to form a belief about

20   the truth or falsity of the allegations contained in Paragraph 116 and, therefore,

21   denies the same, but avers that the Form 12b-25 filed with the SEC on November

22   16, 2009 speaks for itself.

23       117.   Farrell lacks knowledge or information sufficient to form a belief about

24   the truth or falsity of the allegations contained in Paragraph 117 and, therefore,

25   denies the same.

26       118.   Farrell lacks knowledge or information sufficient to form a belief about

27   the truth or falsity of the allegations contained in Paragraph 118 and, therefore,

28   denies the same.

119.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 119 and, therefore, denies the same.

120.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 120 and, therefore, denies the same.

121.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 121 and, therefore, denies the same, but avers that the SEC release on February 19, 2010 speaks for itself.

122.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 122 and, therefore, denies the same.

123.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 123 and, therefore, denies the same, but avers that the Form 8-K filed with the SEC on February 19, 2010 speaks for itself.

124.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 124 and, therefore, denies the same, but avers that the Form 8-K speaks for itself.

125.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation contained in Paragraph 125 and, therefore, denies the same, but avers that the Company's February 24, 2010 press release speaks for itself.

126.   Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 126 and, therefore, denies the same.

LIM, RUGER & KIM, LLP

127. Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation contained in Paragraph 127 and, therefore, denies the same, but avers that the Company's March 5, 2010 press speaks for itself.

128. Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 128 and, therefore, denies the same.

129. The allegations in Paragraph 129 are legal conclusions for which no response is required. To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation and, therefore, denies the same.

130. Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 130 and, therefore, denies the same.

131. Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 131 and, therefore, denies the same, but avers that the Company's March 19, 2010 press speaks for itself.

132. Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation contained in Paragraph 132 and, therefore, denies the same, but avers that the Company's press release speaks for itself.

133. Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation contained in Paragraph 133 and, therefore, denies the same.

134. Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 134 and, therefore, denies the same but avers that the Company's press release on May 18, 2010 speaks for itself.

LIM, RUGER & KIM, LLP

1    135.   Farrell lacks knowledge or information sufficient to form a belief about

2    the truth or falsity of the allegation contained in Paragraph 135 and, therefore,

3    denies the same but avers that the Form 8-K filed with the SEC on May 19, 2010

4    speaks for itself.

5    136.   Farrell lacks knowledge or information sufficient to form a belief about

6    the truth or falsity of the allegations contained in Paragraph 136 and, therefore,

7    denies the same.

8    137.   Farrell lacks knowledge or information sufficient to form a belief about

9    the truth or falsity of the allegations contained in Paragraph 137 and, therefore,

10   denies the same.

11

## VI.   ADDITIONAL ALLEGATIONS DEMONSTRATING FALSITY

13   138.   The allegations in Paragraph 138 are legal conclusions for which no

14   response is required.  To the extent a response is required, Farrell lacks knowledge

15   or information sufficient to form a belief about the truth or falsity of the allegation

16   and, therefore, denies the same.

17   139.   Farrell lacks knowledge or information sufficient to form a belief about

18   the truth or falsity of the allegation contained in Paragraph 139 and, therefore,

19   denies the same.

20   140.   Farrell lacks knowledge or information sufficient to form a belief about

21   the truth or falsity of the allegations contained in Paragraph 140 and, therefore,

22   denies the same, but avers that the documents filed with the SEC and referenced

23   therein speak for themselves.

24   141.   The allegations in Paragraph 141 are legal conclusions for which no

25   response is required.  To the extent a response is required, Farrell lacks knowledge

26   or information sufficient to form a belief about the truth or falsity of the allegations

27   and, therefore, denies the same, but avers that the documents filed with the SEC and

28   referenced therein speak for themselves.

LIM, RUGER & KIM, LLP

142. The allegations in Paragraph 142 are legal conclusions for which no response is required. To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation and, therefore, denies the same, but avers that the documents filed with the SEC referenced therein speak for themselves.

143. Farrell denies the allegations in Paragraph 143 and its sub-paragraphs to the extent they relate to him. As to the allegations that relate to other defendants, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same, but avers that the press releases filed with the SEC and referenced therein speak for themselves.

144. Farrell denies that CW1 requested that Farrell conduct a forensic examination of the Company's financial statements and lacks knowledge or information sufficient to form a belief about the truth or falsity of the other allegations contained in Paragraph 144 and, therefore, denies the same.

145. The allegations in Paragraph 145 are legal conclusions for which no response is required. To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation and, therefore, denies the same.

146. Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation contained in Paragraph 146 and, therefore, denies the same.

147. The allegations in Paragraph 147 are legal conclusions for which no response is required. To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation and, therefore, denies the same, but avers that the documents referenced therein speak for themselves.

148. Farrell denies that the 2002 "Secret" Agreement was discussed, voted on, or recorded in the board minutes and resolutions of any EGC board minutes or

LIM, RUGER & KIM, LLP

1  resolutions to which he had access during his tenure as a Director.   Farrell also

2  denies that he knew of the 2002 "Secret" Agreement at any time during his tenure as

3  a director.   As to all other allegations in Paragraph 148, Farrell lacks knowledge or

4  information sufficient to form a belief about the truth or falsity of the allegations

5  and, therefore, denies the same.

6  149.   Farrell lacks knowledge or information sufficient to form a belief about

7  the truth or falsity of the allegations contained in Paragraph 149 and, therefore,

8  denies the same.

9

10  **VII.   CLASS ACTION ALLEGATIONS**

11  150.   The allegations contained in Paragraph 150 are legal conclusions for

12  which no response is required.   To the extent a response is required, Farrell denies

13  the allegations except admits that Plaintiffs purport to bring the action referenced

14  therein.

15  151.   The allegations contained in Paragraph 151 are legal conclusions for

16  which no response is required.   To the extent a response is required, Farrell lacks

17  knowledge or information sufficient to form a belief about the truth or falsity of the

18  allegations and, therefore, denies the same.

19  152.   The allegations contained in Paragraph 152 are legal conclusions for

20  which no response is required.   To the extent a response is required, Farrell denies

21  the allegations except admits that Plaintiffs purport to bring the action referenced

22  therein.

23  153.   The allegations contained in Paragraph 153 are legal conclusions for

24  which no response is required.   To the extent a response is required, Farrell denies

25  the allegations except admits that Plaintiffs purport to bring the action referenced

26  therein.

27  154.   The allegations contained in Paragraph 154 are legal conclusions for

28  which no response is required.   To the extent a response is required, Farrell denies

LIM, RUGER & KIM, LLP

1   the allegations except admits that Plaintiffs purport to bring the action referenced

2   therein.

3       155.  The allegations contained in Paragraph 155 are legal conclusions for

4   which no response is required.  To the extent a response is required, Farrell denies

5   the allegations except admits that Plaintiffs purport to bring the action referenced

6   therein.

7

8   **VIII.  RELIANCE PRESUMPTIONS**

9       A.      **Affiliated Ute**

10      156.  The allegations contained in Paragraph 156 are legal conclusions for

11  which no response is required.  To the extent a response is required, Farrell denies

12  the allegations except admits that Plaintiffs purport to bring the action referenced

13  therein.

14      B.      **Fraud-on-the-Market Presumption of Reliance**

15      157.  The allegations contained in Paragraph 157 are legal conclusions for

16  which no response is required.  To the extent a response is required, Farrell lacks

17  knowledge or information sufficient to form a belief about the truth or falsity of the

18  allegations and, therefore, denies the same, except that Farrell admits that the

19  Company was listed and traded on the NASDAQ Bulletin Board.

20      158.  The allegations contained in Paragraph 158 are legal conclusions for

21  which no response is required.  To the extent a response is required, Farrell lacks

22  knowledge or information sufficient to form a belief about the truth or falsity of the

23  allegations and, therefore, denies the same.

24

25  **IX.   NO SAFE HARBOR**

26      159.  The allegations contained in Paragraph 159 are legal conclusions for

27  which no response is required.  To the extent a response is required, Farrell lacks

28  knowledge or information sufficient to form a belief about the truth or falsity of the

LIM, RUGER & KIM, LLP

PAUL FARRELL'S ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT

allegations and, therefore, denies the same but avers that the statements made in SEC filings referenced therein speak for themselves.

## X.    FIRST CAUSE OF ACTION[2]

160.   Farrell repeats and re-asserts each and every response contained above as if fully set forth herein.

161.   Farrell denies the allegation in Paragraph 161 of the Complaint except admits that the Complaint does not assert a cause of action under Section 10(b) or Rule 10b-5 against him, Eugene Christiansen, or Anna Houssels.

162.   The allegations contained in Paragraph 162 of the Complaint are legal conclusions that do not purport to pertain to Farrell and for which no response from him is required.  To the extent a response is required, Farrell denies that he had knowledge of or participated in the activities described in Paragraph 162 and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against the Section 10(b) Defendants and, therefore, denies the same.

163.   The allegations contained in Paragraph 163 of the Complaint are legal conclusions that do not purport to pertain to Farrell and for which no response from him is required.  To the extent a response is required, Farrell denies that he had knowledge of or participated in the activities described in Paragraph 163 and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against the Section 10(b) Defendants and, therefore, denies the same.

164.   The allegations contained in Paragraph 164 of the Complaint are legal conclusions that do not purport to pertain to Farrell and for which no response from him is required.  To the extent a response is required, Farrell denies that he had knowledge of or participated in the activities described in Paragraph 164 and lacks

LIM, RUGER & KIM, LLP

---

[2]  The Complaint expressly excludes Farrell from the Section 10(b) and Rule 10b-5 claims brought pursuant to Count 1 of the Complaint.

1  knowledge or information sufficient to form a belief as to the truth or falsity of the

2  allegations against the Section 10(b) Defendants and, therefore, denies the same.

3      165.   The allegations contained in Paragraph 165 of the Complaint are legal

4  conclusions that do not purport to pertain to Farrell and for which no response from

5  him is required.  To the extent a response is required, Farrell denies that possessed

6  controlling person liability and lacks knowledge or information sufficient to form a

7  belief as to the truth or falsity of the allegations against the Section 10(b)

8  Defendants and, therefore, denies the same.

9      166.   The allegations contained in Paragraph 166 of the Complaint are legal

10  conclusions that do not purport to pertain to Farrell and for which no response from

11  him is required.  To the extent a response is required, Farrell denies that he had

12  knowledge of the alleged misrepresentations or omissions set forth in the Complaint

13  or that he acted in reckless disregard of their truth and lacks knowledge or

14  information sufficient to form a belief as to the truth or falsity of the allegations

15  against the Section 10(b) Defendants and, therefore, denies the same.

16      167.   The allegations contained in Paragraph 167 of the Complaint are legal

17  conclusions for which no response from him is required.  To the extent a response is

18  required, Farrell lacks knowledge or information sufficient to form a belief as to the

19  truth or falsity of the allegations against others and, therefore, denies the same.

20      168.   The allegations contained in Paragraph 168 of the Complaint are legal

21  conclusions for which no response from him is required.  To the extent a response is

22  required, Farrell lacks knowledge or information sufficient to form a belief as to the

23  truth or falsity of the allegations against others and, therefore, denies the same.

24      169.   The allegations contained in Paragraph 169 of the Complaint are legal

25  conclusions that do not purport to pertain to Farrell and for which no response from

26  him is required.  To the extent a response is required, Farrell denies that he violated

27  Section 10(b) or Rule 10b-5 and lacks knowledge or information sufficient to form a

28

LIM, RUGER & KIM, LLP

belief as to the truth or falsity of the allegations against the Section 10(b) Defendants and, therefore, denies the same.

170.   The allegations contained in Paragraph 170 of the Complaint are legal conclusions for which no response from him is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against others and, therefore, denies the same.

171.   The allegations contained in Paragraph 171 of the Complaint are legal conclusions for which no response from him is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against others and, therefore, denies the same.

## XI.   SECOND CAUSE OF ACTION

172.   Farrell repeats and re-asserts each and every response contained above as if fully set forth herein.

173.   Farrell denies the allegation in Paragraph 173 of the Complaint except admits that Plaintiff purports to assert the Second Claim against all the Individual Defendants.

174.   The allegations contained in Paragraph 174 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Farrell denies the allegations contained in Paragraph 174 that relate to him and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against others and, therefore, denies the same.

175.   The allegations contained in Paragraph 175 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Farrell denies the allegations contained in Paragraph 175 that relate to him and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against others and, therefore, denies the same.

LIM, RUGER & KIM, LLP

**LIM, RUGER & KIM, LLP**

176.   The allegations contained in Paragraph 176 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Farrell denies the allegations contained in Paragraph 176 that relate to him and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against others and, therefore, denies the same.  In addition, Farrell avers that the Complaint does not purport to state a claim against him for violation of Section 10(b) and Rule 10b-5.

177.   The allegations contained in Paragraph 177 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Farrell denies the allegations contained in Paragraph 177 that relate to him and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against others and, therefore, denies the same.

178.   The allegations contained in Paragraph 178 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Farrell lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and, therefore, denies the same.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

1.   Plaintiffs' cause of action is barred, in whole or in part, because Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.   Plaintiffs' cause of action is barred, in whole or in part, because Plaintiffs cannot demonstrate that any Defendant committed a primary violation of the Exchange Act.

/ / /

/ / /

/ / /

PAUL FARRELL'S ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

3.     Plaintiffs' cause of action is barred, in whole or in part, because Defendant Farrell lacked control over both any alleged primary violator(s) and any alleged primary violation(s).

**FOURTH AFFIRMATIVE DEFENSE**

4.     Plaintiffs' cause of action is barred, in whole or in part, because Defendant Farrell at all times acted in good faith and without scienter.

**FIFTH AFFIRMATIVE DEFENSE**

5.     Any liability attributed to Defendant Farrell pursuant to Plaintiffs' Section 20(a) cause of action is limited to that which is proportional to Farrell's actual fault.

**SIXTH AFFIRMATIVE DEFENSE**

6.     In the event Plaintiffs were to prevail in their cause of action against Defendant Farrell, Plaintiffs are not entitled to costs or attorneys fees associated with this action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LIM, RUGER & KIM, LLP

PAUL FARRELL'S ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT

## CONCLUSION

Defendant Paul Farrell hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent Farrell may share in or be entitled to assert such defenses.  Defendant Farrell also reserves the right to assert additional defenses that become evident during the course of discovery.

Nothing herein is intended to assume the burden of proof on any issue or element for which Defendant Farrell does not bear the burden of proof.

**WHEREFORE**, Defendant prays for relief as follows:

1.  That Plaintiff takes nothing by this action;

2.  For costs of suit; and

3.  For such other and further relief as is just.


Dated: March 14, 2011

LIM, RUGER & KIM, LLP
Christopher Kim
Lisa J. Yang
Norma Nava


By: _____
Christopher Kim
Attorneys for Defendant
Paul Farrell

Jonathan D. Dogan, Esq.
KOBRE & KIM, LLP
800 Third Avenue
New York, New York 10022
Phone: (212) 488-1206

LIM, RUGER & KIM, LLP