Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

-and-

Phillip Kim, Esq. (pro hac vice)
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

Lead Counsel for Plaintiffs and Class

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

DALTON PETRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

vs.

ELECTRONIC GAME CARD, INC.; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN, PAUL FARRELL, EUGENE CHRISTIANSEN, ANNA HOUSSELS, AND THE ESTATE OF LORD LEONARD STEINBERG AND, DOMINIC BURKE, LYNNE ROCHELLE ATTIAS, AND JONATHAN STEINBERG AS EXECUTORS/TRUSTEES/ REPRESENTATIVES OF THE ESTATE OF LORD STEINBERG,

Defendants.

Case No.: SACV-10-00252-DOC(RNBx)

CLASS ACTION

**PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT OF DEFENDANT LEE J. COLE**

Hon. David O. Carter

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Plaintiffs respectfully request that the Clerk enter the default of Defendant Lee J. Cole in the instant action as he has failed to appear or otherwise respond to the Consolidated Amended Complaint ("CAC") within the time prescribed by Federal Rule of Civil Procedure 12(a)(1).

As detailed in the Declaration of Timothy W. Brown in Support of Plaintiffs' Requests for Entry of Default of Defendants Lee J. Cole and Linden Boyne ("Brown Decl."), filed herewith, Defendant Cole was initially served with copies of the CAC and Summons by international registered mail, return receipt requested, on October 13, 2010. Brown Decl., ¶ 6(a). Furthermore, on November 30, 2010, Defendant Cole was served with copies of the CAC and Summons via international express mail by Federal Express. Brown Decl., ¶ 6(b).

Thereafter, Plaintiffs' counsel received a letter (the "Letter"), dated January 6, 2011, indicating: (1) that copies of the CAC and Summons were received on January 5, 2011; (2) that Defendant Cole was, as of that time, aware of the CAC; and (3) that any future correspondence and service of legal documents should be addressed to Greenfield Capital International Limited at an address specified in the Letter. Brown Decl., ¶ 7.

Pursuant to the Letter, on February 7, 2011, Defendant Cole was served with copies of the CAC and Summons by international registered mail, return receipt requested, at the address specified in the Letter. Brown Decl., ¶ 8(a). Then, on February 8, 2011, Defendant Cole was served with copies of the CAC and Summons via international express mail by Federal Express at the address specified in the Letter. Brown Decl., ¶ 8(b).

Despite the indications of the Letter, Defendant Cole failed to answer or otherwise respond to the CAC after Plaintiffs' receipt of the Letter in early January 2011.

On April 12, 2011, Plaintiff's counsel received a telephone call from a Mr. Kenneth R. Schachter, an attorney with the firm of Sills Cummis & Gross, P.C. Mr. Schachter indicated that he was in the process of memorializing a retainer agreement with Defendant Cole for representation in the instant action, and that Defendant Cole had stated that he was in receipt of the CAC. Since that initial conversation, however, Plaintiffs' counsel has not been contacted by either Mr. Schachter or Defendant Cole, nor has Mr. Schachter made an appearance on behalf of Defendant Cole. Brown Decl., ¶ 10.

In summary, Plaintiffs' counsel has undertaken herculean efforts to effectuate service of process upon Defendant Cole, and to provide him with notice of the instant action. Defendant Cole has had actual notice of the suit since October 2010 – more than six months ago – when he was served with copies of the CAC and Summons by international registered mail. Then, in January 2011 – more than three months ago – Plaintiffs' counsel received a letter indicating that Defendant Cole was in receipt of the CAC and Summons, and that he was thereby aware of the instant action pending against him. Indeed, in light of his attempt to obtain representation in the instant action, Defendant Cole is indubitably well apprised of the suit against him.

Nevertheless, as of April 28, 2011, Defendant Cole has not answered or otherwise responded to the CAC. Defendant Cole was initially served on October 13, 2010, and the time for him to respond expired on November 3, 2010. As a result, the default of Defendant Cole should be entered by the Clerk.

//

//

//

Dated: April 29, 2011

Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

/s/ Laurence Rosen, Esq.

Laurence Rosen, Esq. (SBN #219683)
**THE ROSEN LAW FIRM, P.A.**
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

-and-

Phillip Kim, Esq. (*pro hac vice*)
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

Lead Counsel for Plaintiffs and the Class

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On April 29, 2011, I electronically filed the foregoing **REQUEST FOR ENTRY OF DEFAULT OF DEFENDANT LEE J. COLE** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record. Service was also made via U.S. mail to persons on the attached service list.

Executed on April 29, 2011.

/s/ Laurence Rosen

**SERVICE LIST**

Linden Boyne
c/o Greenfield Capital International Limited
Suite 404 4th Floor
Albany House
324/326 Regent Street
London W1B 3HH
United Kingdom

Lee J. Cole
c/o Greenfield Capital International Limited
Suite 404 4th Floor
Albany House
324/326 Regent Street
London W1B 3HH
United Kingdom

Linden Boyne
Aberfoyle, Green Lane
Blackwater, Camberley
Surrey GU17 9DG