Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

-and-

Phillip Kim, Esq. (pro hac vice)
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

Lead Counsel for Plaintiffs and Class

*Additional counsel listed on signature pages*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| DALTON PETRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>          Plaintiff,<br><br>          vs.<br><br>ELECTRONIC GAME CARD, INC.; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN, PAUL FARRELL, EUGENE CHRISTIANSEN,  ANNA HOUSSELS, AND THE ESTATE OF LORD LEONARD STEINBERG AND, DOMINIC BURKE, LYNNE ROCHELLE ATTIAS, AND JONATHAN STEINBERG AS EXECUTORS/TRUSTEES/ REPRESENTATIVES OF THE ESTATE OF LORD STEINBERG,<br><br>          Defendants. | Case No.: SACV-10-00252-DOC(RNBx)<br><br>CLASS ACTION<br><br>**JOINT RULE 26(f) REPORT**<br><br>Hon. David O. Carter |

1

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's Order Setting Scheduling Conference ("Rule 26(f) Order"), counsel for Plaintiffs and the undersigned defendants ("Defendants") have conferred and hereby jointly submit this Rule 26(f) Report.

## I.   **ATTORNEYS OF RECORD**

Plaintiffs' Lead Counsel is The Rosen Law Firm, P.A.

Defendants Kevin Donovan ("Donovan") and Eugene Christiansen ("Christiansen") are represented by Shearman & Sterling LLP.

Defendant Paul Farrell ("Farrell") is represented by Lim, Ruger & Kim LLP and Kobre & Kim LLP.

Defendant Anna Houssels ("Houssels") is represented by O'Melveny & Myers LLP.

Defendant Electronic Game Card, Inc. ("EGC" or the "Company") filed for protection under Chapter 7 of the U.S. Bankruptcy Code on September 28, 2010 (*see* Docket No. 26); accordingly, all claims against EGC are stayed pursuant to 11 U.S.C. § 362(a).

According to Plaintiffs, defendants Linden Boyne ("Boyne") and Lee Cole ("Cole") have been served with the summons and complaint.  Boyne and Cole have not appeared in the action.  Requests for entry of default against Boyne and Cole are pending before the Court.  (*See* Docket Nos. 105-107.)

Plaintiffs contend that Jonathan Steinberg, as executor/trustee/representative of the estate of defendant Lord Leonard Steinberg (the "Steinberg Estate") was served on May 6, 2011.  (*See* Docket No. 112.) Unless extended, the Steinberg Estate's deadline to respond to the Consolidated Second Amended Complaint (the "Complaint") is May 27, 2011.

## II.   STATEMENT OF THE CASE

This is a putative class action for alleged violations of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5 brought on behalf of all persons and entities, other than defendants, who purchased the common stock of EGC between April 5, 2007, and May 18, 2010, inclusive. The Complaint alleges that defendants EGC, Boyne, Cole, Donovan, and the Steinberg Estate violated Section 10(b) of the Exchange Act and SEC Rule 10b-5 by failing to disclose material, adverse information about EGC's business and financial condition.  The Complaint also asserts claims under Section 20(a) of the Exchange Act against defendants Boyne, Cole, Donovan, Christiansen, Farrell, Houssels, and the Steinberg Estate as controlling persons.  If Plaintiffs prevail on their claims, Plaintiffs believe that provable damages may include damages suffered by putative class members in addition to Plaintiffs' attorneys' fees and costs and expenses. Plaintiffs believe that the total recoverable damages is in the eight-figure range.

Defendants deny the allegations in the Complaint.   Specifically, Defendants deny that any defendant violated the Exchange Act or SEC Rule 10b-5.  Defendants further deny that the Plaintiffs or any member of the putative class suffered any injury as a result of the conduct alleged in the Complaint.  Defendants believe that the Plaintiffs' claims are without merit and are subject to a variety of defenses, and that there are no triable issues of fact in this case.  Defendants expressly reserve the right to supplement this summary as appropriate or necessary and reserve all applicable rights, defenses and objections.

## III.   PRINCIPAL ISSUES

1.   Whether any material fact was misrepresented in any of Defendants' public statements during the Class Period.

2.   Whether any of the alleged misstatements or omissions were made with respect to a material fact.

3.   Whether the statutory safe harbor for forward-looking statements applies to any of the alleged misstatements.

4.   Whether defendants EGC, Boyne, Cole, Donovan, or the Steinberg Estate made any of the alleged misstatements or omissions with fraudulent intent.

5.   Whether the revelation of the alleged misstatements and omissions caused a decline in the price of EGC stock.

6.   Whether Plaintiffs or any member of the putative class relied on the alleged misstatements or omissions, and whether Plaintiffs are entitled to a presumption of reliance under *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), or the fraud-on-the-market doctrine.

7.   Whether defendants Boyne, Cole, Donovan, Christiansen, Farrell, Houssels, or the Steinberg Estate are "controlling persons" within the meaning of Section 20(a) of the Exchange Act, and whether such defendants acted in good faith.

8.   Whether the putative class and Lead Counsel satisfy the requirements for class certification under Federal Rule of Civil Procedure 23.

9.   The amount of damages, if any, suffered by the putative class as a result of the alleged misstatements and omissions.

10.   The proportionate liability, if any, of each defendant.

## IV.   **AMENDING THE PLEADINGS**

Plaintiffs may seek to amend the Complaint should the Court grant motions to dismiss filed by defendant Donovan or by defendants who have been served, but have yet to appear.  Additionally, Plaintiffs may seek to amend the pleadings to add additional defendants following initial document discovery.  Therefore, Plaintiffs request that the Court set the date for motions to join parties or for leave to amend to add additional parties as no later than 120 days from the commencement of discovery.

Defendants note that, as indicated in the Rule 26(f) Order (p. 2), the Court ordinarily sets a deadline of ninety (90) days after the date of the scheduling order (to be entered at or after the Rule 16 conference) for the joinder of parties and the amendment of pleadings, and any motions to join parties or for leave to amend must be filed within sixty (60) days of the day the Scheduling Order is issued to allow them to be determined prior to the 90-day deadline.

Defendants reserve the right to oppose any request by Plaintiffs to amend the pleadings or join additional parties.  If Plaintiffs amend the pleadings or join additional parties, Defendants reserve the right to request additional time for discovery.

## V.   **ANTICIPATED MOTIONS**

1.   <u>Default Judgment</u>: Plaintiffs' requests for entry of default against Boyne and Cole are pending before the Court.

Plaintiffs' counsel has been in negotiations with counsel for Cole and anticipate the filing of a stipulation providing for: (1) the withdrawal of Plaintiffs' request for default against Cole, (2) Cole's waiver to any purported defect of service and personal jurisdiction defenses; and (3) Cole's

agreement to file an answer to the Complaint rather than the filing of a motion to dismiss.

Should the Court permit entry of default against defendant Boyne, Plaintiffs intend to move for default judgment against Boyne on an individual basis within 21 days following entry of such default. Following certification of a class, Plaintiffs intend to move for a class-wide default judgment 30 days following the time for putative class members to opt-out of the class.

Defendants reserve their right to oppose Plaintiffs' motion(s) for default judgment.

2. <u>Class Certification</u>:   Plaintiffs intend to move for class certification on or before January 31, 2012.  This deadline was selected because of the Supreme Court's currently pending decision that will determine class certification standards in securities fraud cases, such as this one, in *Erica P. John Fund, Inc. v. Halliburton Co., et al.*, No. 09-1403. Arguments in this matter were completed on April 25, 2011.  In order to promote judicial economy, Plaintiffs request their motion for class certification motion be filed after issuance of the Supreme Court's decision which will provide a road map of the issues that are properly considered on class certification.

Defendants reserve the right to oppose Plaintiffs' contemplated motion for class certification.

3. <u>Summary Judgment</u>: Plaintiffs and Defendants anticipate filing separate motions for summary judgment and/or summary adjudication after the expert discovery cut-off date.

## VI. <u>SETTLEMENT</u>

Plaintiffs and Defendants have preliminarily discussed the possibility of early resolution of this litigation.   To the extent that Plaintiffs and Defendants are unable to resolve this litigation through negotiations by counsel,   Plaintiffs and Defendants select settlement procedure no. 3 set forth in local rule 16-15.4 (*i.e.*, non-judicial dispute resolution).   Plaintiffs and Defendants have not yet agreed on a neutral mediator to conduct the proceeding but do not anticipate difficulties in agreeing on a neutral mediator.

## VII. <u>PROPOSED DISCOVERY PLAN</u>

Defendants believe that, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), all discovery in this case is stayed until all motions to dismiss are resolved.  *See* 15 U.S.C. 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."); *In re Lantronix Sec. Litig.,* 2003 WL 22462393, at *1 (C.D. Cal. Sept. 26, 2003) (refusing to lift PSLRA stay with respect to defendant who conceded the sufficiency of 10(b) allegations while other defendants' motions to dismiss were pending); *In re JDS Uniphase Sec. Litig.*, 238 F. Supp. 2d 1127, 1133 (N.D. Cal. 2002) ("Thus, the Ninth Circuit has construed the Reform Act's discovery stay to apply not only during the pendency of a motion to dismiss, but until the Court has sustained the legal sufficiency of the complaint.") (citing *SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 910 (9th Cir. 1999)).  Accordingly, Defendants believe that discovery should not commence until after the Court has ruled upon the last motion to dismiss,

whether now pending or brought in the future.  As of the date of this report, Donovan's motion to dismiss is still pending.  In addition, the time for the Steinberg Estate to file a motion to dismiss has not yet expired.

Plaintiffs do not believe that discovery in this matter should be stayed in light of the current procedural posture of this action.  The PSLRA discovery stay is "intended to prevent unnecessary imposition of discovery costs on defendants." *SG Cowen Sec. Corp. v. U.S. Dist. Court. For N.D. Cal.*, 189 F.3d 909, 912 (9th Cir. 1999).  Congress noted that "[t]he cost of discovery often forces innocent parties to settle frivolous securities class actions." *Id.* (citations omitted).

Here, the Court has ruled that Plaintiffs pled viable claims against the defendants that have appeared: Donovan, Christiansen, Farrell, and Houssels.  *See Petrie v. Electronic Game Card, Inc.*, 2011 WL 165402 (C.D. Cal. Jan. 12, 2011).  In so doing, the Court had found that the Complaint states a viable primary violation of the Exchange Act against Electronic Game Card, Inc.  Therefore, allowing discovery to proceed, in this action filed on March 2, 2010, does not offend the purposes of the discovery stay.

Additionally, Defendants will not suffer any undue costs of discovery. All documents within defendants' possession custody and control have already been reviewed, collated and produced to the Bankruptcy trustee. Therefore, the cost of making copies and producing them to Plaintiffs does not result in any financial burden to defendants.

Additionally, Plaintiffs will suffer undue prejudice if discovery remains stayed.  There are serious concerns of whether evidence, especially documents located in the United Kingdom and elsewhere, are preserved. While defendant Cole has agreed to appear and file an answer, Boyne has yet to appear and is in default.  In light of the allegations of wrongdoing

amongst the defendants themselves, there is a clear and present danger that company documents located in the United Kingdom may be lost.

Under these unique circumstances, discovery should not be stayed. In the alternative, Plaintiffs request limited discovery of the materials defendants produced to the Bankruptcy trustee, or regulators in connection with any informal or formal investigation or inquiry; and limited third party discovery to the company's auditors. *See In re Metropolitan Sec. Litig.*, 2005 WL 940898, at * 1-* 3 (E.D. Wash. March 31, 2005) (lifting discovery stay to permit plaintiffs discovery relating of documents produced to bankruptcy examiner, and noting that the discovery requested did not constitute a fishing expedition based on the detailed complaint on file, and that unnecessary discovery costs were avoided as the documents requested were already compiled and produced to the Examiner);[1] *In re Enron Corp. Sec. Derivative & ERISA Litig.*, 2002 WL 3185114, at * 1-*2 (S.D. Tex. Aug. 16, 2002).

Defendants proposed that the issue of the PSLRA stay be briefed by the parties to give the Court the benefit of seeing all applicable authorities before deciding whether to lift the stay, but Plaintiffs rejected that proposal, stating that briefing was unnecessary. Defendants note that there is one motion to dismiss currently pending, and a high likelihood that another motion to dismiss will be filed by the Steinberg Estate in the near future. The plain language of the PSRLA bars discovery under these circumstances, and Plaintiffs have failed to show the "exceptional circumstances" that would warrant lifting the stay—indeed, they have expressly rejected the opportunity to explain to the Court and the Defendants why such

---

[1]   Based on Plaintiffs' counsel's prior communications with attorneys for the bankruptcy trustee, the bankruptcy trustee is willing to provide Plaintiffs access to the materials it has collected from defendants provided that this Court permits it in light of the PSLRA discovery stay.

circumstances exist. Accordingly, in the event that Plaintiffs make a formal motion to lift the PSLRA stay, Defendants respectfully request the opportunity to file a brief addressing the issue more fully.

### A.     Initial Disclosures

Plaintiffs propose that initial disclosures should be exchanged by June 20, 2011.

Defendants propose that initial disclosures should be exchanged 30 days after the Court rules upon the last motion to dismiss, whether now pending or brought in the future, in accordance with the Private Securities Litigation Reform Act; provided, however, that if the Court grants such motion(s) to dismiss without prejudice and Plaintiffs do not amend their pleading, initial disclosures should be exchanged within 30 days after the deadline for Plaintiffs to amend their pleading.

### B.     Discovery Schedule And Limits

1.     Plaintiffs propose the following schedule:

| | |
|---|---|
| Discovery begins: | June 6, 2011 |
| Plaintiffs' class certification motion: | January 31, 2012 |
| Opposition to class certification: | March 12, 2012 |
| Reply brief on class certification: | April 23, 2012 |
| Class certification hearing: | May 21, 2012 |
| Fact discovery cut off: | August 31, 2012 |
| Plaintiffs' expert report: | October 26, 2012 |
| Discovery motion filing deadline: | November 16, 2012 |
| Defendants' expert report(s) | November 30, 2012 |
| Expert discovery cut off: | January 14, 2013 |
| Dispositive motion hearing: | April 15, 2013 |
| Pretrial conference: | May 20, 2013 |

1  Trial:                                    May 28, 2013

2

3  2.      Defendants propose the following schedule:

4  Discovery begins:                         Upon entry of an order

5                                             denying (in whole) the

6                                             last motion to dismiss,

7                                             whether now pending or

8                                             brought in the future.

9  Class certification motion:               7 months from the date

10                                            discovery begins.

11 Opposition to class certification:        90 days after class

12                                            certification motion

13                                            deadline.

14 Reply brief on class certification:       45 days after opposition

15                                            to class certification

16                                            deadline.

17 Class certification hearing:              30 days after reply brief

18                                            on class certification

19                                            deadline.

20 Fact discovery cut-off:                   15 months after the start

21                                            of discovery.

22 Discovery motion deadline:                30 days after fact

23                                            discovery cut-off date.

24 Plaintiffs' expert report:                60 days after fact

25                                            discovery cut-off date, or

26                                            30 days after ruling on

27                                            any discovery motions.

28

JOINT RULE 26(f) REPORT--No. SACV 10-00252 DOC (RNBx)

| | |
|---|---|
| Defendants' expert report(s) | 45 days after submission of Plaintiffs' expert reports. |
| Expert discovery cut-off: | 45 days after submission of Defendants' expert report(s). |
| Dispositive motion filing cut-off: | 30 days after expert discovery cut-off date. |
| Opposition to dispositive motion: | 45 days after dispositive motion filing cut-off date. |
| Reply to dispositive motion: | 30 days after opposition to dispositive motion deadline. |
| Dispositive motion hearing: | The first Monday 30 days after reply to disposition motion deadline. |
| Pretrial conference: | The first Monday 60 days after resolution of last dispositive motion. |
| Trial: | The first Tuesday seven (7) days after the pretrial conference. |

Plaintiffs and Defendants reserve the right to seek from each other or the Court additional adjournments or extensions of the applicable foregoing deadlines.

### C.      Electronic Discovery

Plaintiffs and Defendants will discuss the format of retrieving any electronically stored information.

### D.      Privilege Issues

Plaintiffs and Defendants will propose a joint protective order for submission to the Court after discovery begins.

### E.      Changes in Discovery Limitations

Plaintiffs and Defendants do not anticipate modifications to the discovery limitations contained in the Rules.

## VIII.  TRIAL

Plaintiffs have requested a jury trial.  Plaintiffs estimate length of trial for both parties will be 6 days, excluding jury selection, opening statements and closing arguments.

Defendants believe that there are no triable issues in this case and that the scope of the case may be narrowed by pending or future dispositive motions; nevertheless, if the case were to proceed to trial, Defendants estimate that the trial may last from four to six days.

Dated:      May 23, 2011          Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

_____
Laurence M. Rosen (SBN # 219683)
Phillip Kim, Esq. (pro hac vice)

*Lead Counsel for Plaintiffs and Class*

JOINT RULE 26(f) REPORT--No. SACV 10-00252 DOC (RNBx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHEARMAN & STERLING LLP

Stephen D. Hibbard, Esq. (SBN 177865)
SHEARMAN & STERLING LLP
525 Market Street, Suite 1500
San Francisco, CA  94105
Telephone:  (415) 616-1100
Facsimile:  (415) 616-1199
Email:  shibbard@shearman.com


Jerome S. Fortinsky, Esq.
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY  10022
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179
Email:  jfortinsky@shearman.com
 (admitted *pro hac vice*)

*Counsel for Defendants Kevin Donovan
and Eugene Christiansen*

JOINT RULE 26(f) REPORT--No. SACV 10-00252 DOC (RNBx)

LIM, RUGER & KIM LLP

Christopher Kim (SBN 82080)
Lisa J. Yang (SBN 208971)
Norma Nava (SBN 266827)
LIM, RUGER & KIM LLP
1055 West Seventh Street, Suite 2800
Los Angeles, CA  90017
Telephone:  (213) 955-9500
Facsimile:  (213) 955-9511
Email:  Christopher.kim@limruger.com

-and-

Andrew M Meehan (pro hac vice)
Jonathan D Cogan (pro hac vice)
Steven G Kobre (pro hac vice)
KOBRE & KIM LLP
800 Third Avenue
New York, NY  10022
Telephone:  (212) 488-1200
Facsimile:  (212) 488-1220
Email:  andrew.meehan@kobrekim.com.hk

*Counsel for Defendant Paul Farrell*

1

O'MELVENY AND MYERS LLP

2

*Seth Aronson /smf*

3

Seth Aronson (SBN 100153)
O'MELVENY AND MYERS LLP

4

400 South Hope Street

5

Los Angeles, CA  90071-2899
Telephone:  (213) 430-6000

6

Facsimile:  (213) 430-6407

7

Email:  saronson@omm.com

8

-and-

9

10

Meredith Landy (SBN 136489)
Sara M. Folchi (SBN 228540)

11

O'MELVENY AND MYERS LLP

12

2765 Sand Hill Road
Menlo Park, CA  94025

13

Telephone:  (650) 473-2600

14

Facsimile:  (650) 473-2601
Email:  mlandy@omm.com

15

        sfolchi@omm.com

16

17

*Counsel for Defendant Anna Houssels*

18

19

20

MP1:1209278.3

21

22

23

24

25

26

27

28