Lawrence B. Steinberg, Esq.
  LSteinberg@buchalter.com
Buchalter Nemer, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (310) 460-4481
Facsimile: (310) 282-8213

-and-

Kenneth R. Schachter, Esq. (pro hac vice)
  kschachter@sillscymmis.com
A. Ross Pearlson, Esq. (pro hac vice)
  rpearlson@sillscummis.com
Sills Cummis & Gross P.C.
One Rockefeller Plaza, 25th floor
New York, New York 10020
Telephone: (212) 643-7000
Facsimile: (212) 643-6500

Lead Counsel for Defendant Lee J. Cole

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALTON PETRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.  SACV-10-00252-DOC (RNBx) |
| Plaintiff, | CLASS ACTION |
| v. | ANSWER OF DEFENDANT LEE J. COLE TO CONSOLIDATED SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |
| ELECTRONIC GAME CARD, INC.; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN, PAUL FARREL, EUGENE CHRISTIANSEN, ANNA HOUSSELS, AND THE ESTATE OF LORD LEONARD STEINBERG AND DOMINIC BURKE, LYNNE ROCHELLE ATTIAS, AND JOHATHAN STEINBERG AS EXECUTORS/TRUSTEES/ REPRESENTATIVES OF THE ESTATE OF LORD STEINBERG, | Hon. David O. Carter  DEMAND FOR JURY TRIAL |
| Defendants. | |

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

1
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

## ANSWER OF DEFENDANT LEE J. COLE TO CONSOLIDATED SECOND AMENDED COMPLAINT

Defendant Lee J. Cole ("Cole") hereby answers Plaintiffs' Consolidated Second Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"). All such responses are asserted as to plaintiffs and, in the event that this action is permitted to proceed on a class basis, as to any other member of the purported class (referred to collectively as "Plaintiffs"). To the extent not specifically admitted, each and every allegation in the Complaint is denied.

Answering the unnumbered Introductory Paragraphs, to the extent that any response is required to Plaintiffs' introductory statements, Cole denies each and every allegation contained therein.

## I.  NATURE OF THE ACTION

1.     Answering Paragraph 1, Cole asserts that this paragraph sets forth Plaintiffs' characterization of this action and legal conclusions to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Cole admits on information and belief that Plaintiffs assert that this is a securities class action involving claims for purported violations of the federal securities laws, and admits that Electronic Game Card, Inc. ("EGC" or "the Company"), and certain of is present and former directors and officers have been named as defendants. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 1.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

2
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

2.      Answering Paragraph 2, Cole admits that EGC was a small company with ten or fewer employees. Cole further admits that EGC designed and manufactured electronic "scratch off" devices through Electronic Game Card, Ltd. ("EGCL"), a company that Cole believed to be a wholly owned operating subsidiary of the Company. Cole further admits on information and belief that nearly all of the Company's reported revenues were derived from EGCL during the alleged Class Period.  Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 2.

3.      Answering Paragraph 3, Cole denies each and every allegation in Paragraph 3.

4.      Answering Paragraph 4, Cole asserts that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Cole admits on information and belief that the Company filed periodic reports with the SEC during the alleged Class Period, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 4 as to him, and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations with respect to his co-defendants and denies them on that basis.

5.      Answering Paragraph 5, Cole asserts that the allegations contained in Paragraph 5 constitute legal conclusions to which no response is required. To the

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 5 as to him, and is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations with respect to his co-defendants and denies them on that basis.

6.      Answering Paragraph 6, Cole admits on information and belief that the SEC issued a press release dated February 19, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 6.

7.      Answering Paragraph 7, Cole admits on information and belief that the Company issued a press release dated February 19, 2010, regarding Mendoza and Berger and Company, LLP's ("M&B") audits, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 7.

8.      Answering Paragraph 8, Cole asserts that no response is required as to the allegations in Paragraph 8 that purport to describe the contents of the Company's February 19, 2010, press release, which speak for themselves. To the extent this paragraph contains factual assertions that purport to require a response, Cole admits on information and belief that M&B informed the Company that it was withdrawing its audit opinions for the years ending December 31, 2006, 2007, and 2008. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 8.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

4
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

9.      Answering Paragraph 9, Cole asserts that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Cole admits on information and belief that the Company filed a Form 10-Q with the SEC on or about November 20, 2009, the contents of which speak for themselves. Cole further admits on information and belief that the Company issued a press release dated on or about March 19, 2010, the contents of which speak for themselves. Cole further asserts that he lacks knowledge sufficient to form a belief as to the truth or falsity of the Company's March 19, 2010, press release. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 9.

10.     Answering Paragraph 10, Cole admits on information and belief that the Company issued a press release dated on or about May 18, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 10.

11.     Answering Paragraph 11, Cole asserts that no response is required as to the allegations in Paragraph 11 that purport to describe the contents of the Company's May 18, 2010, press release, which speak for themselves. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 11.

12.     Answering Paragraph 12, Cole asserts that no response is required as to the allegations in Paragraph 12 that purport to describe the contents of the

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

5
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

Company's May 18, 2010, press release, which speak for themselves. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 12.

13.     Answering Paragraph 13, Cole admits on information and belief that the Company issued a press released dated on or about May 19, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 13.

14.     Answering Paragraph 14, Cole admits on information and belief that the Company filed various documents with the SEC and in the United Kingdom during the alleged Class Period, the contents of which speak for themselves. Cole further asserts that no response is required as to the remaining allegations in Paragraph 14 that constitute legal conclusions. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 14.

15.     Answering Paragraph 15, Cole admits on information and belief that the Company filed various documents in the United Kingdom during the alleged Class Period, the content of which speak for themselves.  Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 15.

16.     Answering Paragraph 16, Cole admits on information and belief that the Company's stock is no longer traded over the counter on the NASDAQ Bulletin Board. Cole further admits that he submitted his letter of resignation on February

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

6
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)
1923480 v1

25, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 16.

17.    Answering Paragraph 17, Cole asserts that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Cole denies each and every allegation in Paragraph 17.

18.    Answering Paragraph 18, Cole admits on information and belief that the Company issued a press release on or about May 19, 2010, the contents of which speak for themselves. Cole admits on information and belief that the Company filed a Form 8-K with the SEC on or about September 29, 2010, the contents of which speak for themselves, and on that basis denies the allegation that "[s]ince May 19, 2010, EGC has not issued a single press release or made a single SEC filing." Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18, and denies them on that basis. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 18.

19.    Answering Paragraph 19, Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in that paragraph, and denies them on that basis.

20.    Answering Paragraph 20, Cole asserts that this paragraph sets forth Plaintiffs' characterizations to which no response is required. To the extent that this

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

7
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

paragraph purports to contain factual assertions requiring a response, Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in that paragraph, and denies them on that basis.

21.     Answering Paragraph 21, Cole asserts that this paragraph sets forth Plaintiffs' characterizations to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Cole denies each and every allegation in Paragraph 21.

## II.  JURISDICTION AND VENUE

22.     Answering Paragraph 22, Cole asserts that the allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 22.

23.     Answering Paragraph 23, Cole asserts that the allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph purports to contain factual assertions requiring a response, Cole denies each and every allegation in Paragraph 23.

24.     Answering Paragraph 24, Cole asserts that the allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph purports to contains factual assertions requiring a response, Cole denies each and every allegation in Paragraph 24.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

8
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

25.     Answering Paragraph 25, Cole asserts that the allegations contained in Paragraph 25 constitute legal conclusions to which no response is required. To the extent this paragraph purports to contain factual assertions requiring a response, Cole denies each and every allegation as to him in Paragraph 25, and is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to his co-defendants and denies them on that basis.

### III.  PARTIES

26.     Answering Paragraph 26, Cole asserts that the allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph purports to contains factual assertions requiring a response, Cole admits on information and belief that Dr. Thomas Lee, Margaret Yu, and Scott Lovell were appointed lead plaintiffs by the Court. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 26.

27.     Answering Paragraph 27, Cole admits that EGC is a Nevada corporation with executive offices located at 5405 Alton Parkway, Suite A-353, Irvine, CA 92604, which is a mail drop. Cole further admits on information and belief that the Company's stock was traded over the counter on the NASDAQ Bulletin Board under the ticker "EGMI." Cole further admits on information and belief that the Company's stock is no longer traded over the counter on the NASDAQ Bulletin Board. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 27.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

9
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

28. Answering Paragraph 28, Cole admits on information and belief the allegations in Paragraph 28.

29. Answering Paragraph 29, Cole admits on information and belief that the Company filed a Form 10-KSB with the SEC on or about April 20, 2005, the contents of which speak for themselves. Except as specifically admitted herein, Cole lacks information and belief as to the truth or falsity of the allegations in this paragraph and on that basis denies each and every allegation in Paragraph 29.

30. Answering Paragraph 30, Cole admits on information and belief that the Company filed a Form 10-KSB with the SEC on or about April 5, 2007, the contents of which speak for themselves.

31. Answering Paragraph 31, Cole admits on information and belief the allegations in paragraph 31.[1]

32. Answering Paragraph 32, Cole admits on information and belief the allegations in Paragraph 32.

33. Answering Paragraph 33, Cole admits that he served as the Company's CEO until he was replaced by Kevin Donovan and that he was a Director of the Company and served on the Company's Audit and Compensation committees until he submitted a letter of resignation dated February 25, 2010.

---

[1] Answering Footnote 1, Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in Footnote 1, and on that basis denies each and every allegation in Footnote 1.

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

10
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)
1923480 v1

34.    Answering Paragraph 34, Cole admits on information and belief the allegations in Paragraph 34.

35.    Answering Paragraph 35, Cole denies each and every allegation in Paragraph 35.

36.    Answering Paragraph 36, Cole admits on information and belief that Lord Steinberg ("Steinberg") served as the Company's Executive Chairman during part of the purported class period, from September 2, 2008 to November 2, 2009. Cole further admits on information and belief that the Company issued an announcement on or about June 6, 2008 that Steinberg had agreed to serve as the Company's Executive Chairman, the contents of which speak for itself. Cole further admits on information and belief that the Company's Board nominated Houssels to EGC's Board of Directors. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 36.

37.    Answering Paragraph 37, Cole admits on information and belief that Steinberg served as the Chairman of the Company's Audit, Executive Compensation, and Nominations committees. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 37.

38.    Answering Paragraph 38, Cole admits on information and belief that the Company made various filings with the SEC, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 38.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

11
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

39.     Answering Paragraph 39, Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in that paragraph, and on that basis denies each and every allegation in Paragraph 39.

40.     Answering Paragraph 40, Cole admits on information and belief the allegations in Paragraph 40.

41.     Answering Paragraph 41, Cole admits on information and belief that Houssels served on the Company's Board of Directors from September 2008 until her resignation in February 2010. Cole further admits that, beginning on February 1, 2009, Houssels served as Executive Vice President of Sales, and that Houssels was a member of the Company's Executive Compensation and Nomination committees. Houssels further admits that on information and belief that Houssels submitted a letter dated January 25, 2010, to the Company's Board notifying them of her intent to resign, the contents of which speak for themselves, and that Houssels resigned from the Company's Board of Directors on February 11, 2010, and that the Company reported that her resignation became effective on February 21, 2010. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 41.

42.     Answering Paragraph 42, Cole admits on information and belief the allegations in Paragraph 42.

43.     Answering Paragraph 43, Cole admits that he was a member of EGC's Audit Committee and admits on information and belief that, during his tenure at

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

12
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

EGC, Farrell, Steinberg and Boyne were also members of EGC's Audit Committee. Except as specifically admitted herein, Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies each and every allegation in Paragraph 43.

44.     Answering Paragraph 44, Cole admits on information and belief that the Company filed a Schedule 14C with the SEC on or about August 27, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 44.

45.     Answering Paragraph 45, Cole admits on information and belief that the Company filed a Schedule 14C with the SEC on or about August 27, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 45.

46.     Answering Paragraph 46, Cole admits on information and belief that the Company filed a Schedule 13G/A with the SEC on or about February 13, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 46.

47.     Answering Paragraph 47, Cole admits on information and belief that the Company filed a Form 10-K with the SEC on or about March 24, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 47.

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

48.    Answering Paragraph 48, Cole admits on information and belief that the Company filed a Schedule 13G/A with the SEC on or about July 1, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 48.

49.    Answering Paragraph 49, Cole admits on information and belief that the SEC made an announcement on or about May 27, 2010, concerning Pequot Capital Management, Inc., the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 49.

50.    Answering Paragraph 50, Cole admits on information and belief that the Company filed a Schedule 14C with the SEC on or about August 27, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 50.

51.    Answering Paragraph 51, Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in that Paragraph, and on that basis denies each and every allegation in Paragraph 51.

52.    Answering Paragraph 52, Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in that Paragraph, and on that basis denies each and every allegation in Paragraph 52.

53.    Answering Paragraph 53, Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in that paragraph, and on that basis denies each and every allegation in Paragraph 53.

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

14
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

54.    Answering Paragraph 54, Cole asserts that this paragraph sets forth Plaintiffs' characterization of this action and legal conclusions, and does not purport to require a response from Cole. To the extent that this paragraph purports to contain factual assertions requiring a response, Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations relating to Pequot's and Manatuck's sales of EGC stock, and denies the allegations on that basis. Cole otherwise denies the allegations in Paragraph 54.

55.    Answering Paragraph 55, Cole asserts that this paragraph sets forth Plaintiffs' characterization of this action and legal conclusions, and does not purport to require a response from Cole. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 55.

56.    Answering Paragraph 56, Cole asserts as follows:

56(a).  Answering Sub-paragraph 56(a), Cole admits the allegations in Sub-paragraph 56(a) to the extent that any of the allegations relate to Cole. Otherwise, Cole denies each and every allegation in Subparagraph 56(a) for lack of knowledge sufficient to form a belief as to the truth or falsity of the allegations.

56(b).  Answering Sub-paragraph 56(b), Cole admits the allegations in Sub-paragraph 56(b) to the extent that any of the allegations relate to Cole. Otherwise, Cole denies each and every allegation in

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

15
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

Subparagraph 56(b) for lack of knowledge sufficient to form a belief as to the truth or falsity of the allegations.

56(c).  Answering Sub-paragraph 56(c), Cole admits the allegations in Sub-paragraph 56(c) to the extent that any of the allegations relate to Cole. Otherwise, Cole denies each and every allegation in Subparagraph 56(c) for lack of knowledge sufficient to form a belief as to the truth or falsity of the allegations.

56(d).  Answering Sub-paragraph 56(d), Cole denies each and every allegation in Sub-paragraph 56(d) to the extent that any of the allegations relate to Cole. Otherwise, Cole denies each and every allegation in Subparagraph 56(d) for lack of knowledge sufficient to form a belief as to the truth or falsity of the allegations.

56(e).  Answering Sub-paragraph 56(e), Cole denies each and every allegation in Sub-paragraph 56(e) to the extent that any of the allegations relate to Cole. Otherwise, Cole denies each and every allegation in Sub-paragraph 56(e) for lack of knowledge sufficient to form a belief as to the truth or falsity of the allegations.

56(f).  Answering Sub-paragraph 56(f), Cole denies each and every allegation in Sub-paragraph 56(f) to the extent that any of the allegations relate to Cole. Otherwise, Cole denies each and every

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

allegation in Sub-paragraph 56(f) for lack of knowledge sufficient to form a belief as to the truth or falsity of the allegations.

56(g).   Answering Sub-paragraph 56(g), asserts that the allegations in Paragraph 56(g) constitute legal conclusions to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Cole denies each and every allegation in Sub-paragraph 56(g) to the extent that any of the allegations relate to Cole. Otherwise, Cole denies each and every allegation in Sub-paragraph 56(g) for lack of knowledge sufficient to form a belief as to the truth or falsity of the allegations.

57.   Answering Paragraph 57, Cole asserts that the allegations in Paragraph 57 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 57.

58.   Answering Paragraph 58, Cole asserts that the allegations in Paragraph 58 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 58.

59.   Answering Paragraph 59, Cole lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs'

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

17
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

representatives, and on that basis denies each and every such allegation. Cole otherwise denies each and every allegations in Paragraph 59.

59(a).   Answering Sub-paragraph 59(a), Cole lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(a).

59(b).   Answering Sub-paragraph 59(b), Cole lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(b).

59(c).   Answering Sub-paragraph 59(c), Cole lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(c).

59(d).   Answering Sub-paragraph 59(d), Cole lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(d).

59(e).   Answering Sub-paragraph 59(e), Cole lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

18
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

denies each and every such allegation in Paragraph 59(e). Cole admits on information and belief that Steinberg was a Member of the British House of Lords and formerly led a betting company in the United Kingdom. Except as specifically admitted herein, Cole denies each and every allegation in Sub-paragraph 59(e).

59(f).   Answering Sub-paragraph 59(f), Cole lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Paragraph 59(f).

59(g).   Answering Sub-paragraph 59(g), Cole lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Paragraph 59(g). Cole admits on information and belief that defendants Paul Farrell, Eugene Christiansen, Kevin Donovan and Anna Houssels served on the Company's Board of Directors during part of the alleged Class Period. Cole further admits that he served as Director of the Company during part of the alleged Class Period.   Except as specifically admitted herein, Cole denies each and every allegation in Sub-paragraph 59(g).

59(h).   Answering Sub-paragraph 59(h), Cole lacks knowledge or information about the statements made by Plaintiffs' purported

Sills Cummis & Gross P.C.
Attorneys At Law
Newark

1923480 v1

19
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Paragraph 59(h).

59(i).    Answering Sub-paragraph 59(i), Cole lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Paragraph 59(i), except admits on information and belief that in 2009 the Company's mailing address was moved to Irvine, California.

59(j).    Answering Sub-paragraph 59(j), Cole lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Paragraph 59(j).

60.    Answering Paragraph 60, Cole lacks knowledge or information except admits that he, along with others mentioned in Paragraph 60, served as directors for part of the time period referenced. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 60.

61.    Answering Paragraph 61, Cole admits on information and belief the allegations in Paragraph 61.

62.    Answering Paragraph 62, Cole admits on information and belief the allegations in the first sentence of Paragraph 62. Cole further admits on information

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

20
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)
1923480 v1

and belief that Houssels resigned in February of 2010. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 62.

63.     Answering Paragraph 63, Cole admits on information and belief that on January 10, 2011, Plaintiffs filed a document purporting to be a letter dated January 6, 2011, from Greenfield Capital International Limited to Plaintiffs' representatives with this Court, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 63.

64.     Answering Paragraph 64, Cole admits on information and belief that Houssels resigned from the Company in February of 2010.

## IV.  DEFENDANTS' FALSE AND MISLEADING STATEMENTS OF MATERIAL FACT

### A.     <u>Fiscal Year Ended December 31, 2006</u>

65.     Answering Paragraph 65, Cole asserts that the first sentence of Paragraph 65 sets forth Plaintiffs' characterization of this action and legal conclusions, and does not purport to require a response from Cole. To the extent this sentence contains factual assertions that purport to require a response, Cole admits on information and belief that Plaintiffs purport to bring a class action and assert a class period from April 5, 2007, to May 18, 2010. Cole otherwise denies the allegations in the first sentence of Paragraph 65. Cole admits on information and belief that the Company filed a Form 10-KSB with the SEC on or about April

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

21
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

5, 2007, the contents of which speak for themselves. Except as otherwise admitted herein, Cole denies each and every allegation in Paragraph 65.

66.     Answering Paragraph 66, Cole asserts that no response is required to the allegations in Paragraph 66 that purport to quote the contents of the Company's Form 10-KSB filed with the SEC on or about April 5, 2007, which speak for themselves. Except as otherwise admitted herein, Cole denies each and every allegation in Paragraph 66.

67.     Answering Paragraph 67, Cole asserts that the allegations in Paragraph 67 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 67.

67(a).    Answering Sub-paragraph 67(a), Cole asserts that the first sentence of Sub-paragraph 67(a) contains legal conclusions to which no response is required. Cole further asserts that no response is required as to the allegations that purport to describe the contents of the Company's May 19, 2010 8-K, which speak for themselves. To the extent that this Sub-paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Sub-paragraph 67(a).

67(b).    Answering Sub-paragraph 67(b), Cole asserts that no response is required as to the allegations that purport to describe the contents of

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

22
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

the February 25, 2010 letter from Cole, filed with the SEC along with Form 8-K on or about April 9, 2010, or the contents of the Form 8-K, which speak for themselves. To the extent that this Subparagraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Sub-paragraph 67(b).

67(c).  Answering Sub-paragraph 67(c), Cole asserts that no response is required as to the allegations that purport to describe the contents of filings in the United Kingdom, which speak for themselves. To the extent that this Sub-paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Sub-paragraph 67(c).

68.  Answering Paragraph 68, Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in that paragraph, and on that basis denies each and every allegation in Paragraph 68.

69.  Answering Paragraph 69, Cole asserts that the allegations contained in Paragraph 69 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 69.

70.  Answering Paragraph 70, Cole asserts that the allegations contained in Paragraph 70 constitute legal conclusions and characterizations of the contents of the Company's Form 10-KSB, filed with the SEC on or about April 5, 2007, the

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

contents of which speak for themselves to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 70.

71.     Answering Paragraph 71, Cole asserts that the allegations contained in Paragraph 71 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 71.

71(a).   Answering Sub-paragraph 71(a), Cole admits on information and belief that the Company filed a Form 8-K with the SEC on or about February 19, 2010, the contents of which speak for themselves. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Subparagraph 71(a).[2]

71(b).   Answering Sub-paragraph 71(b), Cole admits on information and belief that the SEC made a statement on or about February 19, 2010, concerning temporarily halting trading of the Company's stock, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Sub-paragraph 71(b).

---

[2] Answering Footnote 2, Cole on information and belief admits that the Company filed a Form 8-K/A with the SEC on or about February 22, 2010, the contents of which speak for themselves.

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

24
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)
1923480 v1

71(c).   Answering Sub-paragraph 71(c), Cole admits on information and belief that the Company issued a press release dated on or about April 8, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Sub-paragraph 71(c).

71(d).   Answering Sub-paragraph 71(d), Cole admits on information and belief that the Company filed a Form 8-K with the SEC on or about May 19, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Sub-paragraph 71(d).

71(e).   Answering Sub-paragraph 71(e), Cole asserts that the allegations contained in Sub-paragraph 71(e) constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Sub-paragraph 71(e).

71(f).  Answering Sub-paragraph 71(f), Cole asserts that the allegations contained in Sub-paragraph 71(f) constitute legal conclusions to which no response is required or purport to describe the contents of the Statement of Financial Accounting 154, which speak for themselves. To the extent this paragraph contains factual assertions that purport to

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

25
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

require a response, Cole denies each and every allegation in Sub-paragraph 71(f).

71(g).    Answering Sub-paragraph 71(g), Cole asserts that the allegations in Sub-paragraph 71(g) constitute legal conclusions to which no response is required or purport to describe the contents of the Statement of Financial Accounting 154, which speak for themselves. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Sub-paragraph 71(g).

71(h).    Answering Sub-paragraph 71(h), Cole asserts that the allegations in Sub-paragraph 71(h) constitute legal conclusions to which no response is required or purport to describe the contents of the Statement of Financial Accounting 154, which speak for themselves. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Sub-paragraph 71(h).

71(i).  Answering Sub-paragraph 71(i), Cole admits on information and belief that the Company filed a Form 8-K with the SEC on or about May 19, 2010, the contents of which speak for themselves. Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

26
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

statement allegedly made by Boyne.  Except as specifically admitted herein, Cole denies each and every allegation in Sub-paragraph 71(i).

71(j).   Answering Sub-paragraph 71(j), Cole denies each and every allegation as to him in Sub-paragraph 71(j). Otherwise, Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations as to his co-defendants and on that basis denies each and every allegation in Sub-paragraph 71(j).

72.   Answering Paragraph 72, Cole asserts that the allegations contained in Paragraph 72 constitute Plaintiffs' characterizations to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole admits on information and belief that the Company filed a Form 8-K with the SEC on or about September 29, 2010, the contents of which speak for themselves, and on that basis denies the allegation that "the Company . . . has not issued any news release or filed any periodic reports with the SEC." Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 72.

73.   Answering Paragraph 73, Cole admits on information and belief that the Company's Form 10-KSB, filed with the SEC on or about April 5, 2007, contained Sarbanes-Oxley Act of 2002 ("SOX") certifications, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 73.

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

27
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

74.     Answering Paragraph 74, Cole asserts that the allegations contained in Paragraph 74 constitute Plaintiffs' characterizations of the contents of the SOX certifications filed with the Company's Form 10-KSB, which speak for themselves. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 74.

75.     Answering Paragraph 75, Cole asserts that the allegations contained in Paragraph 75 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 75.

**B.     Quarterly Reports for 2007**

76.     Answering Paragraph 76, Cole asserts that the allegations contained in Paragraph 76 constitute Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole admits on information and belief that the Company filed a Form 10-QSB for the quarter ending March 31, 2007, with the SEC on or about May 15, 2007, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 76.

77.     Answering Paragraph 77, Cole asserts that the allegations contained in Paragraph 77 constitute legal conclusions to which no response is required. To the

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

28
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 77.

78.     Answering Paragraph 78, Cole admits on information and belief that the Company's Form 10-QSB, filed with the SEC on or about May 15, 2007, contained SOX certifications, the contents of which speak for themselves. Cole asserts that the allegations that the certifications were "materially false and misleading" constitute legal conclusions to which no response is required. To the extent that this phrase contains factual assertions that purport to require a response, Cole denies each and every allegations related to that phrase. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 78.

79.     Answering Paragraph 79, Cole asserts that the allegations contained in Paragraph 79 constitute Plaintiffs' legal conclusions to which no response is required or purport to describe the contents of the Company's Form 10- QSBs for the quarters ended June 30, 2007 and September 30, 2007 and accompanying SOX certifications, the contents of which speak for themselves. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 79.

80.     Answering Paragraph 80, Cole admits on information and belief that the Company filed Form 10-QSBs for the quarters ending June 30, 2007, and September 30, 2007, and accompanying SOX certifications purportedly signed by he and Boyne, the contents of which speak for themselves. Cole asserts that the

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

remaining allegations in Paragraph 80 constitute legal conclusions to which not response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 80.

## C.      Fiscal Year Ended December 31, 2007

81.    Answering Paragraph 81, Cole admits on information and belief that the Company filed its Form 10-KSB for fiscal year 2007 with the SEC on or about March 26, 2008, purportedly signed by he and Boyne, the contents of which speak for themselves. Cole asserts that the allegations contained in the second sentence of Paragraph 81 constitute Plaintiffs' legal conclusions to which no response is required. To the extent that this sentence contains factual assertions that purport to require a response, Cole denies each and every allegation in the second sentence of Paragraph 81. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 81.

82.    Answering Paragraph 82, Cole asserts that the first sentence purports to describe the contents of the Company's Form 10-KSB, filed with the SEC on or about March 26, 2008, the contents of which speak for themselves. Cole admits on information and belief that the Company filed its Form 10-KSB for fiscal year 2007 with the SEC on or about March 26, 2008, the contents of which speak for themselves. Cole further asserts that the allegations contained in the second sentence of Paragraph 82 constitute legal conclusions to which no response is

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

30
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 82.

83.     Answering Paragraph 83, Cole asserts that the allegations in Paragraph 83 purport to describe the contents of the Company's Form 10-KSB, filed with the SEC on or about March 26, 2008, the contents of which speak for themselves. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 83.

84.     Answering Paragraph 84, Cole asserts that the allegations contained in Paragraph 84 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 84.

85.     Answering Paragraph 85, Cole admits on information and belief that the Company filed a Form 10-KSB for 2007 and accompanying SOX certifications purportedly signed by he and Boyne, the contents of which speak for themselves. Cole asserts that the remaining allegations in Paragraph 85 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 85.

### D.     Quarterly Reports for 2008

86.     Answering Paragraph 86, Cole admits on information and belief that on or about May 14, 2008, the Company filed with the SEC a Form 10-Q for the

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

first quarter of 2008, purportedly signed by he and Boyne, the contents of which speak for themselves. Cole asserts that the allegations in the second sentence of Paragraph 86 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 86.

87.    Answering Paragraph 87, Cole asserts that the allegations contained in Paragraph 87 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 87.

88.    Answering Paragraph 88, Cole admits on information and belief that the Company's SOX certifications for the first quarter of 2008 purport to contain the signatures of he and Boyne and that their contents speak for themselves. Cole asserts that the remaining allegations in Paragraph 88 constitute legal conclusions to which not response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 88.

89.    Answering Paragraph 89, Cole admits on information and belief that the Company filed with the SEC a Form 10-Q and accompanying SOX certifications for the second quarter of 2008 on or about August 8, 2008, the contents of which speak for themselves. Cole further admits on information and belief that the Company filed with the SEC a Form 10-Q and accompanying SOX

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

32
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

certifications for the third quarter of 2008 on or about November 17, 2008, the contents of which speak for themselves. Cole asserts that the remaining allegations in Paragraph 89 constitute legal conclusion to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 89.

### E.    Fiscal Year Ended December 31, 2008

90.    Answering Paragraph 90, Cole admits on information and belief that the Company issued a press release on or about March 16, 2009, regarding its results for the fiscal year ended December 31, 2008, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 90.

91.    Answering Paragraph 91, Cole admits on information and belief that the Company issued a press release on or about March 16, 2009, regarding its results for the fiscal year ended December 31, 2008, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 91.

92.    Answering Paragraph 92, Cole admits on information and belief that the Company held an investor earnings conference call on or about March 16, 2009, regarding the results for the fiscal year ended December 31, 2008, and that a transcript was made of the conference call, the contents of which speaks for

Sills Cummis & Gross P.C.
Attorneys At Law
Newark

1923480 v1

33
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 92.

93.     Answering Paragraph 93, Cole admits on information and belief that the Company filed with the SEC a Form 10-K for the 2008 fiscal year on or about March 24, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 93.

94.     Answering Paragraph 94, Cole asserts that the allegations contained in the first sentence of Paragraph 94 constitute Plaintiffs' legal conclusions to which no response is required Cole further asserts that the allegations contained in the second sentence of Paragraph 94 purport to describe the contents of the Company's Form 10-K for the 2008 fiscal year, the contents of which speak for themselves. To the extent that this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 94.

95.     Answering Paragraph 95, Cole asserts that the allegations contained in Paragraph 95 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 95.

96.     Answering Paragraph 96, Cole admits on information and belief that separate SOX certifications purportedly signed by he and Boyne were filed with the Company's Form 10-K for the 2008 fiscal year, the contents of which speak for

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

34
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)
1923480 v1

themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 96.

97.    Answering Paragraph 97, Cole asserts that the allegations contained in Paragraph 97 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 97.

98.    Answering Paragraph 98, Cole asserts that the allegations contained in Paragraph 98 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 98.

### F.    Quarterly Reports for 2009

99.    Answering Paragraph 99, Cole admits on information and belief that the Company held an investor conference call on or about May 14, 2009 regarding the results for the quarter ending March 31, 2009, and that a transcript was made of the conference call, the contents of which speaks for themselves. Cole asserts that the allegations contained in the first sentence of Paragraph 99 constitute Plaintiffs' legal conclusions to which no response is required. To the extent that this sentence contains factual assertions that purport to require a response, Cole denies each and every allegation in the first sentence of Paragraph 99. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 99.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

35
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

100.   Answering Paragraph 100, Cole asserts that the allegations contained in Paragraph 100 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 100.

101.   Answering Paragraph 101, Cole admits on information and belief that on or about May 15, 2009, the Company filed with the SEC a Form 10-Q for the quarter ending March 31, 2009, purportedly signed by he and Boyne, the contents of which speak for themselves. Cole asserts that the allegations contained in the second sentence of Paragraph 101 constitute Plaintiffs' legal conclusions to which no response is required. To the extent that this sentence contains factual assertions that purport to require a response, Cole denies each and every allegation in the second sentence of Paragraph 101. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 101.

102.   Answering Paragraph 102, Cole asserts that the allegations contained in Paragraph 102 purport to describe the contents of the Company's 10-Q for the quarter ending March 31, 2009, the contents of which speak for themselves, and no response is required. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 102.

103.   Answering Paragraph 103, Cole asserts that the allegations contained in Paragraph 103 constitute legal conclusions to which no response is required. To

Sills Cummis & Gross P.C.
Attorneys At Law
Newark

36
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 103.

104.   Answering Paragraph 104, Cole admits on information and belief that the Company filed SOX certifications purportedly signed by he and Boyne with its Form 10-Q for the quarter ending March 31, 2009, the contents of which speak for themselves. Cole asserts that the remaining allegations in Paragraph 104 constitute legal conclusion to which no response is required.

105.   Answering Paragraph 105, Cole asserts that the allegations contained in Paragraph 105 constitute legal conclusion to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 105.

106.   Answering Paragraph 106, Cole admits on information and belief that the Company filed Form 10-Qs and accompanying SOX certifications purportedly signed by he and Boyne, for the quarters ending June 30, 2009, and September 30, 2009, on or about August 14, 2009, and November 20, 2009, respectively, the contents of which speak for themselves. Cole asserts that the remaining allegations in Paragraph 106 constitute legal conclusions to which no response is required. To the extent that the remaining allegations contain factual assertions that purport to require a response, Cole denies each and every allegation.

107.   Answering Paragraph 107, Cole asserts that the allegations contained in Paragraph 107 constitute legal conclusion to which no response is required.

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

37
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

108.   Answering Paragraph 108, Cole admits on information and belief that the Company held an investor conference call on or about August 6, 2009, regarding the results for the quarter ending June 30, 2009, and that a transcript was made of the conference call, the contents of which speaks for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 108.

109.   Answering Paragraph 109, Cole asserts that the allegations contained in Paragraph 109 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 109.

110.   Answering Paragraph 110, Cole admits on information and belief that the Company issued a press release on or about August 6, 2009, regarding the results for the quarter ending June 30, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 110.

111.   Answering Paragraph 111, Cole asserts that the allegations contained in Paragraph 111 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 111.

112.   Answering Paragraph 112, Cole admits on information and belief that the Company held an investor conference call on or about November 12, 2009,

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

38
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

regarding the results for the quarter ending September 30, 2009, and that a transcript was made of the conference call, the contents of which speaks for themselves. Cole asserts that the allegations contained in the first sentence of Paragraph 112 constitute Plaintiffs' legal conclusions to which no response is required. To the extent that this sentence contains factual assertions that purport to require a response, Cole denies each and every allegation in the first sentence of Paragraph 112. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 112.

113.   Answering Paragraph 113, Cole asserts that the allegations contained in Paragraph 113 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 113.

### G.   <u>Additionally Materially False Statements Issued in 2009</u>

114.   Answering Paragraph 114, Cole asserts that the allegations contained in Paragraph 105 constitute Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole admits on information and belief that the Company filed with the SEC a Form 8-K on or about October 13, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 114.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

115.   Answering Paragraph 115, Cole asserts that the allegations contained in the first sentence of Paragraph 115 constitute Plaintiffs' characterizations and legal conclusions to which no response is required.  Cole admits that he wrote a letter that, upon information and belief, was filed with the SEC on or about April 22, 2010, the contents of which speak for themselves.    Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 115.

## V.  TRUTH BEGINS TO EMERGE/LOSS CAUSATION

116.   Answering Paragraph 116, Cole admits on information and belief that on or about November 16, 2009, the Company filed with the SEC a Form 12b- 25 for the quarter ending September 30, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 116.

117.   Answering Paragraph 117, Cole asserts that the allegations contained in Paragraph 117 constitute Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole admits on information and belief that the Company's stock closed at $1.70 a share on November 17, 2009. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 117.

118.   Answering Paragraph 118, Cole admits on information and belief that the Company issued press releases dated on or about February 1, 2010, and

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

40
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)
1923480 v1

February 10, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 118.

119.   Answering Paragraph 119, Cole asserts that the allegations contained in Paragraph 119 constitute Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole admits on information and belief that the Company's stock closed at $.90 a share on February 10, 2010. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 119.

120.   Answering Paragraph 120, Cole asserts that the allegations contained in Paragraph 120 constitute Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole lacks knowledge sufficient to form a belief as to any announcement made by Merriman Curhan Ford & Co.'s issued an analyst report covering the Company, the contents of which speak for themselves. Cole further admits on information and belief that the Company's stock closed at $.91 a share on February 12, 2010. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 120.

121.   Answering Paragraph 121, Cole admits on information and belief that the SEC issued a press release on or about February 19, 2010, temporarily

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

41
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

suspending trading in the Company's stock, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 121.

122.    Answering Paragraph 122, Cole admits on information and belief the allegations in Paragraph 122.

123.    Answering Paragraph 123, Cole admits on information and belief that the Company filed a Form 8-K on or about February 19, 2010, regarding its auditor withdrawing its audit opinions for the years ended December 31, 2006, 2007, and 2008, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 123.[3]

124.    Answering Paragraph 124, Cole asserts that the allegations contained in Paragraph 124 purport to describe the contents of the Company's Form 8-K, which speak for themselves, and no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 124.

125.    Answering Paragraph 125, Cole admits on information and belief that the Company issued a press release on or about February 24, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 125.

---

[3] Answering Footnote 3, Cole repeats and realleges his responses to Footnote 2 of the Complaint as if fully set forth herein.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

42
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

126.   Answering Paragraph 126, Cole admits on information and belief the allegations in Paragraph 126.

127.   Answering Paragraph 127, Cole admits on information and belief that the Company issued a press release on or about March 5, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 127.

128.   Answering Paragraph 128, Cole admits on information and belief that the Company's stock closed at $.44 a share on March 5, 2010 and fell an additional $.10 per share the following day. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 128.

129.   Answering Paragraph 129, Cole asserts that the allegations contained in Paragraph 129 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation as to him in Paragraph 129 and lacks knowledge to form a belief as to the truth or falsity of the allegations as to his co-defendants and on that basis denies those allegations.

130.   Answering Paragraph 130, Cole admits the allegations in Paragraph 130.

131.   Answering Paragraph 131, Cole admits on information and belief that the Company issued a press release on or about March 19, 2010, the contents of

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

43
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)
1923480 v1

which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 131.

132.   Answering Paragraph 132, Cole asserts that the allegations contained in Paragraph 132 purport to describe the contents of the Company's March 19, 2010, press release, which speak for themselves, and no response is required. To the extent that the paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 132.

133.   Answering Paragraph 133, Cole asserts that the allegations contained in Paragraph 133 constitute Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole admits on information and belief that the Company's stock closed at $.18 a share on March 19, 2010. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 133.

134.   Answering Paragraph 134, Cole admits on information and belief that the Company issued a press release on or about May 18, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 134.

135.   Answering Paragraph 135, Cole admits on information and belief that the Company filed with the SEC a Form 8-K on or about May 19, 2010, the

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

44
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 135.

136.   Answering Paragraph 136, Cole asserts that the allegations contained in Paragraph 136 constitute Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole admits on information and belief that the Company's stock closed at $.03 a share on May 19, 2010. Except as specifically admitted herein, Cole denies each and every allegation in paragraph 136.

137.   Answering Paragraph 137, Cole asserts that Paragraph 137 contain Plaintiffs' characterizations of this action to which no response is required. To the extend that this paragraph contains factual assertions that purport to require a response, Cole admits on information and belief that the Company filed a Form 8-K with the SEC on or about September 29, 2010, the contents of which speak for themselves, and on that basis denies the allegation that "[t]he Company has not issued a single press release or made any SEC filings" since May 19, 2010. Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 137, and on that basis denies each and every remaining allegation in Paragraph 137. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 137.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

45
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

# VI.  ADDITIONAL ALLEGATIONS DEMONSTRATING FALSITY AND SCIENTER

138.   Answering Paragraph 138, Cole asserts that the allegations in Paragraph 138 consists of Plaintiffs' characterization of this action and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 138.

139.   Answering Paragraph 139, Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139, and denies them on that basis.

140.   Answering Paragraph 140, Cole admits that he has submitted letters to the Company's Board, the contents of which speak for themselves. Cole further admits on information and belief that the Company has filed a letter from Boyne with the SEC, the contents of which speak for itself. Except as specifically admitted, Cole denies each and every allegation in Paragraph 140.

140(a).   Answering Sub-paragraph 140(a), Cole asserts that no response is required as to the allegations in Sub-paragraph 140(a) that purport to describe the contents of an April 20, 2010, letter from Cole to EGC' Board of Directors, filed with the SEC on Form 8-K/A on April 22, 2010, the contents of which speak for themselves.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

46
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

140(b).   Answering Sub-paragraph 140(b), Cole asserts that no response is required as to the allegations in Sub-paragraph 140(b) that purport to describe the contents of an undated letter from Boyne to Christiansen and Donovan, filed with the SEC on Form 8-K/A on April 22, 2010, the contents of which speak for themselves.

140(c).   Answering Sub-paragraph 140(c), Cole admits on information and belief that Houssels submitted a resignation letter to the EGC's Board on January 25, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Sub-paragraph 140(c).

141.   Answering Paragraph 141, Cole asserts that the allegations in Paragraph 141 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 141.

141(a).   Answering Sub-paragraph 141(a), Cole admits that EGC was a small company with ten or fewer employees. Cole asserts that no response is required as to the allegations in Sub-paragraph 141(a) that purport to describe the contents of "the Company's most recent 10-K," whose contents speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Sub-paragraph 141(a).

ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

141(b).   Answering Sub-paragraph 141(b), Cole asserts that no response is required as to the allegations in Sub-paragraph 141(b) that purport to describe the contents of the Company's alleged May 18, 2010, and May 19, 2010, announcements, as well as the Company's Form 10-Q for the quarter ending September 30, 2009, which speak for themselves. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Sub-paragraph 141(b).

141(c).   Answering Sub-paragraph 141(c), Cole asserts that the allegations contained in Sub-paragraph 141(c) constitute legal conclusions to which no response is required. Cole further asserts that the second and third sentences of Sub-paragraph 141(c) purport to describe the contents of the Company's Form 10-KSB for FY 2006 and Form 10-KSB for FY 2007, the contents of which speak for themselves. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Sub-paragraph 141(c).

141(d).   Answering Sub-paragraph 141(d), Cole asserts that this paragraph contains Plaintiffs' characterizations of this action and conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response,

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

Cole admits on information and belief that the Company's auditor withdrew its audit opinions for the years ended December 31, 2006, 2007, and 2008. Cole further admits on information and belief that the Company filed a Form 8-K with the SEC on or about February 19, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Cole denies each and every allegation in Sub-paragraph 141(d).

141.(e)    Answering Sub-paragraph 141(e), Cole asserts that no response is required as to the allegations in Sub-paragraph 141(e) that purport to describe the contents of the Company's Form 8-K filed with the SEC on or about May 19, 2010, the contents of which speak for themselves. As to the remaining allegations in Sub-paragraph 141(e), Cole lacks knowledge sufficient to form a belief as to the truth or falsity of those allegations, and denies them on that basis.

142.   Answering Paragraph 142, Cole asserts that the allegations contained in Paragraph 142 constitute Plaintiffs' characterizations and legal conclusions to which no response is required. Cole further asserts that no response is required as to the allegations in Paragraph 142 that purport to describe the contents of the Company's Form 8-K for fiscal year 2007, Form 10-KSB for fiscal year 2007, and Form 10-Q for the first quarter of 2008, which speak for themselves. To the extent that a response is required, Cole denies each and every allegation in Paragraph 142.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

49
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)
1923480 v1

143.   Answering Paragraph 143, Cole denies each and every allegation in Paragraph 143 to the extent any of the allegations relate to Cole. Otherwise, Cole denies each and every allegation in Paragraph 143 for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

143(a).   Answering Sub-paragraph 143(a), Cole asserts that the allegations in Sub-paragraph 143(a) purport to describe the contents of the Company's alleged March 16, 2009 press release, which speak for themselves, and no response is required. To the extent that any response is required, Cole denies each and every allegation in Sub-paragraph 143(a).

143(b).   Answering Sub-paragraph 143(b), Cole asserts that allegations in Sub-paragraph 143(b) purport to describe the contents of the Company's alleged August 6, 2009, press release, which speak for themselves, and no response is required. To the extent that any response is required, Cole denies each and every allegation in Sub-paragraph 143(b).

143(c).   Answering Sub-paragraph 143(c), Cole asserts that the allegations in Sub-paragraph 143(c) purport to describe the contents of the Company's alleged November 12, 2008, press release, which speak for themselves, and no response is required. To the extent that any

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

response is required, Cole denies each and every allegation in Sub-paragraph 143(c).

144.   Answering Paragraph 144, Cole lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation. Cole otherwise denies each and every allegations in Paragraph 144.

145.   Answering Paragraph 145, Cole asserts that the allegations contained in Paragraph 145 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 145.

146.   Answering Paragraph 146, Cole lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146, and denies them on that basis.

147.   Answering Paragraph 147, Cole asserts that the allegations contained in Paragraph 147 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 147.

147(a).   Answering Sub-paragraph 147(a), Cole asserts that the allegations contained in Sub-paragraph 147(a) constitute Plaintiffs' characterization of this action and legal conclusions to which no

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

51
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

response is required.  To the extent this paragraph contains factual assertions that purport to require a response, Cole lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statement concerning Houssels' inability to obtain bank confirmations. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 147(a).

147(b).     Answering Sub-paragraph 147(b), Cole asserts that the allegations contained in Sub-paragraph 147(b) constitute Plaintiffs' characterization of this action and legal conclusions to which no response is required.  To the extent this paragraph contains factual assertions that purport to require a response, Cole lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements made by Donovan.  Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 147(b).

147(c).     Answering Sub-paragraph 147(c), Cole asserts that the allegations contained in Sub-paragraph 147(c) constitute Plaintiffs' characterization of this action and legal conclusion to which no response is required. Cole further asserts that the allegations in this paragraph purport to describe the contents of Cole's February 25, 2010, letter and the Company's investor conference call on or about November 12, 2009, which speak for themselves, and no response is

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

required. To the extent this paragraph contains factual assertions that purport to require a response, Cole lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements made by Donovan.  Except as specifically admitted herein, denies each and every allegation in Paragraph 147(c).

147(d).   Answering Sub-paragraph 147(d), Cole asserts that the allegations contained in Sub-paragraph 147(d) constitute Plaintiffs' characterization of this action and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 147(d).

148.   Answering Paragraph 148, Cole asserts that the allegations contained in Paragraph 148 constitute Plaintiffs' characterization of this action, suppositions, and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole admits upon information and belief that the board minutes and resolutions of EGC were available to him and all board members and that the 2002 Agreement was the subject of board discussions and approval and recorded in EGC's board minutes and resolutions. Otherwise, Cole denies each and every allegation in Paragraph 148 for lack of information sufficient to form a belief as to the truth or falsity of the allegations.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

53
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

149.   Answering Paragraph 149, Cole asserts that the allegations contained in Paragraph 149 constitute Plaintiffs' characterization of this action and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 149.

## VII.  CLASS ACTION ALLEGATIONS

150.   Answering Paragraph 150, Cole asserts that this paragraph sets forth Plaintiffs' characterization of this action and legal conclusions, and does not purport to require a response from Cole. To the extent that this paragraph purports to contain factual assertions requiring a response, Cole admits on information and belief that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a putative class defined in the Complaint. Except as specifically admitted herein, Cole denies each and every allegation in Paragraph 150.

151.   Answering Paragraph 151, Cole asserts that the allegations contained in Paragraph 151 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 151.

152.   Answering Paragraph 152, Cole asserts that the allegations contained in Paragraph 152 constitute legal conclusions to which no response is required. To

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

54
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 152.

153.   Answering Paragraph 153, Cole asserts that the allegations contained in Paragraph 153 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 153.

154.   Answering Paragraph 154, Cole asserts that the allegations contained in Paragraph 154 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 154.

154(a).   Answering Sub-paragraph 154(a), Cole asserts that the allegations contained in Sub-paragraph 154(a) constitute Plaintiffs' characterization of the action and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Sub-paragraph 154(a).

154(b).   Answering Sub-paragraph 154(b), Cole asserts that the allegations contained in Sub-paragraph 154(b) constitute Plaintiffs' characterization of the action and legal conclusions to which no response is required. To the extent this paragraph contains factual

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

assertions that purport to require a response, Cole denies each and every allegation in Sub-paragraph 154(b).

154(c).    Answering Sub-paragraph 154(c), Cole asserts that the allegations contained in Sub-paragraph 154(c) constitute Plaintiffs' characterization of the action and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Sub-paragraph 154(c).

155.   Answering Paragraph 155, Cole asserts that the allegations contained in Paragraph 155 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 155.

## VIII.  RELIANCE PRESUMPTIONS

### A.    Affiliated Ute

156.   Answering Paragraph 156, Cole asserts that the allegations contained in Paragraph 156 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 156.

### B.    Fraud -- on-the Market Presumption of Reliance

157.   Answering Paragraph 157, Cole asserts that the allegations contained in Paragraph 157 constitute legal conclusions to which no response is required. To

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

56
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 157.

157(a).    Answering Sub-paragraph 157(a), Cole asserts that the allegations contained in Sub-paragraph 157(a) contain Plaintiffs' legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole admits on information and belief that the Company's stock was traded over the counter on the NASDAQ Bulletin Board. Except as specifically admitted herein, Cole denies each and every allegation in Sub-paragraph 157(a).

157(b).  Answering Sub-paragraph 157(b), Cole admits on information and belief that the Company's stock was traded over the counter on the NASDAQ Bulletin Board. Cole lacks knowledge sufficient to form a basis as to the truth or falsity of the remaining allegations in Sub-paragraph 157(b), and on that basis denies each and every allegation in Sub-paragraph 157(b). Cole further asserts that to the extent the second sentence of Sub-paragraph 157(b) purports to describe the contents of the Company's fiscal year 2008 10-K, they speak for themselves. Cole further asserts that the third sentence of Subparagraph 157(b) contains Plaintiffs' legal conclusions to which no response is required. Except

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

57
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

as specifically admitted herein, Cole denies each and every allegation in Sub-paragraph 157(b).

157(c).  Answering Sub-paragraph 157(c), Cole admits on information and belief that the Company issued press releases related to investors and held investor conference calls from time to time. Except as specifically admitted herein, Cole denies each and every allegation in Sub-paragraph 157(c).

157(d).   Answering Sub-paragraph 157(d), Cole lacks knowledge sufficient to form a basis as to the truth or falsity of the allegations in this subparagraph, and denies them on that basis.

157(e).   Answering Sub-paragraph 157(e), Cole lacks knowledge sufficient to form a basis as to the truth or falsity of the allegations in this subparagraph, and denies them on that basis.

157(f).   Answering Sub-paragraph 157(f), Cole asserts that the allegations contained in Sub-paragraph 157(f) constitute Plaintiffs' characterization of the action and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Sub-paragraph 157(f).

158.  Answering Paragraph 158, Cole asserts that the allegations contained in Paragraph 158 constitute legal conclusions to which no response is required. To

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

58
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 158.

## IX.  NO SAFE HARBOR

159.   Answering Paragraph 159, Cole asserts that the allegations contained in Paragraph 159 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 159.

## X.  FIRST CAUSE OF ACTION

160.   Answering Paragraph 160, Cole repeats and realleges his responses to Paragraph 1 through 159 of the Complaint as if fully set forth herein.

161.   Answering Paragraph 161, Cole admits on information and belief that Plaintiffs purport to bring a claim under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against all defendants other than Eugene Christiansen, Paul Farrell, and Anna Houssels. Cole otherwise denies each and every allegation in Paragraph 161.

162.   Answering Paragraph 162, Cole asserts that the allegations contained in Paragraph 162 constitute legal conclusions to which no response is required. To the extent any response is required, Cole denies each and every allegation in Paragraph 162 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the remaining alleged "Section 10(b) Defendants".

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

59
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

163.   Answering Paragraph 163, Cole asserts that the allegations contained in Paragraph 163 constitute legal conclusions to which no response is required. To the extent any response is required, Cole denies each and every allegation in Paragraph 163 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the remaining alleged "Section 10(b) Defendants".

164.   Answering Paragraph 164, Cole asserts that the allegations contained in Paragraph 164 constitute legal conclusions to which no response is required. To the extent any response is required, Cole denies each and every allegation in Paragraph 164 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the remaining alleged "Section 10(b) Defendants".

165.   Answering Paragraph 165, Cole asserts that the allegations contained in Paragraph 165 constitute legal conclusions to which no response is required. To the extent any response is required, Cole denies each and every allegation in Paragraph 165 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the remaining alleged "Section 10(b) Defendants".

166.   Answering Paragraph 166, Cole asserts that the allegations contained in Paragraph 166 constitute legal conclusions to which no response is required. To the extent any response is required, Cole denies each and every allegation in

Sills Cummis & Gross P.C.
Attorneys At Law
Newark

60
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)
1923480 v1

Paragraph 166 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the remaining alleged "Section 10(b) Defendants".

167.   Answering Paragraph 167, Cole asserts that the allegations contained in Paragraph 167 constitute legal conclusions to which no response is required. To the extent any response is required, Cole denies each and every allegation in Paragraph 167 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the remaining alleged "Section 10(b) Defendants".

168.   Answering Paragraph 168, Cole asserts that the allegations contained in Paragraph 168 constitute legal conclusions to which no response is required. To the extent any response is required, Cole denies each and every allegation in Paragraph 168 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the remaining alleged "Section 10(b) Defendants".

169.   Answering Paragraph 169, Cole asserts that the allegations contained in Paragraph 169 constitute legal conclusions to which no response is required. To the extent any response is required, Cole denies each and every allegation in Paragraph 169 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the remaining alleged "Section 10(b) Defendants".

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

61
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

170.   Answering Paragraph 170, Cole asserts that the allegations contained in Paragraph 170 constitute legal conclusions to which no response is required. To the extent any response is required, Cole denies each and every allegation in Paragraph 170 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the remaining alleged "Section 10(b) Defendants".

171.   Answering Paragraph 171, Cole asserts that the allegations contained in Paragraph 171 constitute legal conclusions to which no response is required. To the extent any this paragraph contains factual assertions that purport to require a response, Cole lacks information sufficient to determine the truth or falsity of the allegations and on that basis denies each and every allegation in Paragraph 171.

## XI.  SECOND CAUSE OF ACTION

172.   Answering Paragraph 172, Cole repeats and realleges his responses to Paragraph 1 through 171 of the Complaint as if fully set forth herein.

173.   Answering Paragraph 173, Cole asserts that the allegations in Paragraph 173 constitute Plaintiffs' characterization of the action to which no response is required. To the extent any response is required, Cole admits on information and belief that Plaintiffs purport to bring a claim under Section 20(a) of the Securities Exchange Act of 1934 against all defendants. Cole otherwise denies each and every allegation in Paragraph 173.

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

62
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

174.   Answering Paragraph 174, Cole asserts that the allegations contained in Paragraph 174 constitute legal conclusions to which no response is required. To the extent any this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 174 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the other defendants.

175.   Answering Paragraph 175, Cole asserts that the allegations contained in Paragraph 175 constitute legal conclusions to which no response is required. To the extent any this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 175 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the other defendants.

176.   Answering Paragraph 176, Cole asserts that the allegations contained in Paragraph 176 constitute legal conclusions to which no response is required. To the extent any this paragraph contains factual assertions that purport to require a response, Cole denies each and every allegation in Paragraph 176 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the other defendants.

177.   Answering Paragraph 177, Cole asserts that the allegations contained in Paragraph 177 constitute legal conclusions to which no response is required. To the extent any this paragraph contains factual assertions that purport to require a

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

63
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

response, Cole denies each and every allegation in Paragraph 177 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the other defendants.

178.   Answering Paragraph 178, Cole asserts that the allegations contained in Paragraph 178 constitute legal conclusions to which no response is required. To the extent any this paragraph contains factual assertions that purport to require a response, Cole lacks information sufficient to determine the truth or falsity of the allegations and on that basis denies each and every allegation in Paragraph 178.

## **PRAYER FOR RELIEF**

To the extent that any response is required to Plaintiffs' prayer for relief and judgment, Cole denies each and every allegation contained therein.

## **JURY DEMAND COLE DEMANDS A JURY TRIAL.**

## **GENERAL DENIAL**

Except as otherwise expressly stated in Paragraphs 1 through 178 above, Cole denies each and every allegation of wrongdoing by him contained in Paragraphs 1 through 178 of the Complaint, including, without limitation, the introductory paragraphs, headings, subheadings and footnotes contained in the Complaint, and specifically denies liability to Plaintiffs and the putative class, or that Plaintiffs or the putative class have suffered any legally cognizable damages for which Cole is responsible. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, allegations in the Complaint to which no responsive pleading is required

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

64
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

shall be deemed denied. Cole expressly reserves the right to amend and/or supplement this Answer, including, but not limited to, the defenses and affirmative defenses set forth herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Cole or any Defendant, and without admitting that Plaintiffs suffered any loss, damage, or injury, Cole alleges the following affirmative defenses to the Complaint. By designating the following as affirmative defenses, Cole does not in any way waive or limit any defenses that are or may be raised by his denials, allegations, and averments set forth herein. Cole also does not, by alleging any affirmative defense, admit that Plaintiffs do not have the burden of proof for any or all facts underlying any of those defenses. These defenses are pleaded in the alternative, and are raised to preserve the rights of Cole to assert such defenses, and are without prejudice to his ability to raise other and further defenses. All such affirmative defenses are asserted as to Plaintiffs and, in the event that this action is permitted to proceed on a class basis, as to any other member of the purported class.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted against Cole.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

65
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead their claims with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and by the Private Securities Litigation Reform Act of 1995.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because EGC did not make any false or misleading statements of material fact or omit to state any material facts.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Cole, alleged to be a control person under Section 20(a) of the Exchange Act, acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation and causes of action.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Cole acted in good faith and in conformity with all applicable federal statutes, including the Securities Exchange Act of 1934, as amended, the Private Securities Litigation Reform Act of 1995, and all applicable rules and regulations promulgated thereunder.

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

66
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Cole acted in good faith and did not materially assist in any violation of law or directly or indirectly induce any act or acts constituting any alleged violations or causes of action.

### SEVENTH AFFIRMATIVE DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which Cole denies, then every act or omission was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission and, therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

### EIGHTH AFFIRMATIVE DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which Cole denies, then Cole and/or EGC did not act with the state of mind required to support liability under Section 10(b) of the Securities Exchange Act of 1934, Rule 10(b)-5 promulgated thereunder, and/or Section 20(a) of the Securities Exchange Act of 1934.

### NINTH AFFIRMATIVE DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

67
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

omitted, which Cole denies, then no such statement caused Plaintiffs to engage in any transaction supporting any claim alleged herein.

## TENTH AFFIRMATIVE DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which Cole denies, then some or all of such statements were not reasonably relied upon by Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which Cole denies, then some or all of such statements were not material or otherwise legally actionable on any theory.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class have not suffered any injury or harm as a result of any action, conduct, statement or omission by Cole.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the depreciation in the price of EGC stock resulted from factors other than any conduct of Cole; no action or inaction by Cole is the cause, in law or fact, of any injury Plaintiffs and

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

the putative class may have suffered, and their alleged losses were not actually or proximately caused by Cole.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, ratification, in pari delicto, laches, unclean hands, and/or other related equitable doctrines.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because to the extent, if any, that Plaintiffs and the putative class have suffered injury or loss, such injury or loss is the result of factors, events, actions or occurrences unrelated to any actions or alleged failures to act on the part of Cole and outside of and beyond the control of Cole, including the conduct, actions, omissions, negligence and contributory and/or comparative fault of Plaintiffs, the putative class members and/or other persons over whom Cole had no control.

## SIXTEENTH AFFIRMATIVE DEFENSE

Cole is not liable to Plaintiffs and the putative class because any alleged misstatements made were forward-looking statements and/or contained sufficient cautionary language and risk disclosures, such that they are rendered non-actionable by the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995 or the bespeaks caution doctrine.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

69
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, if any, is limited to the percentage of responsibility of Cole in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to Plaintiffs' alleged damages, pursuant to the Proportionate Liability provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-4(f)(3)(A).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute(s) of limitations, including 28 U.S.C. § 1658.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Cole because the substance of the material information now claimed by the Complaint to have been omitted or misrepresented was in fact publicly disclosed in EGC's public filings and other public releases, and/or was otherwise publicly available or widely known to the market and the investing community.

Sills Cummis & Gross P.C.
Attorneys At Law
Newark

70
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The Plaintiffs and putative class members had a duty to take reasonable action to minimize any damage allegedly sustained as a result of the conduct alleged in the Complaint, each failed to comply with that duty, and therefore each is barred from recovering any damages that might have been reasonably avoided.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs failed to undertake a prompt and reasonable investigation of EGC's business and financial condition, and such a prompt and reasonable investigation would have prevented damages, if any. Plaintiffs therefore are estopped from recovering any relief.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs were negligent and did not exercise due care to discover the existence of some or all of the purported facts alleged in the Complaint upon which they assert liability against Cole. Thus, the actual and proximate cause of the damage to Plaintiffs, if any, in whole or in part, is Plaintiffs' negligence and their failure to exercise reasonable care.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs would have acquired EGC stock even if, when acquired, Plaintiffs would have known of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which the Cole' purported liability rests.

Sills Cummis & Gross P.C.
Attorneys At Law
Newark

1923480 v1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Cole is entitled to receive contribution and/or indemnity from others for any liability he incurs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, if any, is subject to offset in the amount of any tax benefits actually received by Plaintiffs through their investments.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot satisfy the requirements for certification of the putative class.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for "control person" liability are barred in whole or in part because Plaintiffs cannot establish the primary liability necessary to support such claims.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other actions were not material to the investment decisions of a reasonable investor.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class did not reasonably rely on any conduct, statements or actions of Cole.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and other members of the alleged class did not rely on the market in making their purchases or sales of EGC stock.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs would be unjustly enriched if they were allowed to recover anything in this action.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Cole because Cole and/or EGC were under no duty to disclose any of the information allegedly omitted.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Cole because Cole and/or EGC were under no duty to revise, update, and/or correct any previously made statements challenged in the Complaint.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

An insufficient number of traders in EGC stock relied on the alleged misstatements or omissions set forth in the Complaint to affect the market price of EGC stock.

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

73
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Certain members of the purported class did not make investment decisions with respect to EGC stock and lacked standing as purchasers or sellers of EGC stock.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Cole adopts by reference any applicable defense plead by any other defendant not expressly set forth herein.

### ADDITIONAL AFFIRMATIVE DEFENSES

Cole may have additional, as yet unidentified defenses available. Cole reserves the right to assert additional defenses that are revealed by further investigation or through discovery. Cole may have other affirmative defenses against the named Plaintiffs and/or purported class members and thus reserves the right to assert such defenses in a timely fashion after the facts to support such defenses become known to him.

WHEREFORE, Cole prays that this Court enter judgment as follows:

1.     That judgment be entered in favor of Cole;

2.     That Plaintiffs and the purported class take nothing from Cole by their Complaint, and that the same be dismissed with prejudice;

3.     For costs, attorneys' fees, expert witness fees, and court costs incurred herein; and

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

74
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1

4.      For such other and further relief as this Court deems just and proper.

Dated: June 10, 2011                BUCHALTER NEMER
                                    A Professional Corporation


                                    By:_____/s/_____
                                             Lawrence B. Steinberg
                                    1000 Wilshire Blvd., Suite 1500
                                    Los Angeles, CA  90017
                                    Telephone: (213) 891-0700
                                    Facsimile: (213) 896-0400
                                    Email: lsteinberg@buchalter.com
                                    Attorneys for Defendant Lee J. Cole

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

1923480 v1

75
ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1

## DEMAND FOR JURY TRIAL

2

3      5.      Pursuant to Fed. R. Civ. P.38(b), Defendant David J. Cole hereby

4 demands a trial by jury of all issues so triable.

5
Dated: June 10, 2011              BUCHALTER NEMER
6                                 A Professional Corporation

7

8                                 By:_____/s/_____

9                                       Lawrence B. Steinberg
                                  1000 Wilshire Blvd., Suite 1500
10                                Los Angeles, CA  90017
                                  Telephone: (213) 891-0700
11                                Facsimile: (213) 896-0400
                                  Email: lsteinberg@buchalter.com
12                                Attorneys for Defendant Lee J. Cole

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT
No. SACV-10-002552-DOC(RNBx)

1923480 v1