SACV 10-0252 DOC - 6/6/2011 - Item No. 1

1

1          **UNITED STATES DISTRICT COURT**

2          **CENTRAL DISTRICT OF CALIFORNIA**

3      **HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

4                  - - - - - - -

5    DALTON PETRIE,                    )
                                        )
6          Plaintiff,                  )
                                        )
7        vs.                           ) No. SACV 10-0252 DOC
                                        )     Item No. 1
8    ELECTRONIC GAME CARD, INC., et    )
     al.,                              )
9                                       )
          Defendants.                  )
10   _____)

11

12

13

14          REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                 Scheduling Conference

16                Santa Ana, California

17                Monday, June 6, 2011

18

19

20

21   Debbie Gale, CSR 9472, RPR , CCRR
     Federal Official Court Reporter
22   United States District Court
     411 West 4th Street, Room 1-053
23   Santa Ana, California 92701
     (714) 558-8141
24

25   10cv0252 Petrie 2011-06-06 Item 1

1 **APPEARANCES OF COUNSEL:**

2 FOR PLAINTIFFS:

3           THE ROSEN LAW FIRM
          BY:  Laurence M. Rosen
4               Attorney at Law
          333 S. Grand Avenue
5         25th Floor
          Los Angeles, California 90071
6         (213) 226-4684

7

   FOR DEFENDANTS KEVIN DONOVAN AND EUGENE CHRISTIANSEN:

8

          SHEARMAN & STERLING LLP
9         BY:  Jerome S. Fortinsky
               Attorney at Law
10        599 Lexington Avenue
          New York, New York 10022
11        (212) 848-4000

12

   FOR DEFENDANT ANNA HOUSSELS:

13

          O'MELVENY & MYERS
14        BY:  Seth Aronson
               Kelsey M. Larson
15             Attorneys at Law
          400 South Hope Street
16        Suite 1002
          Los Angeles, California 90071
17        (213) 430-6000

18

19 FOR DEFENDANT PAUL FARRELL:

20        LIM, RUGER & KIM, LLP
          BY:  Christopher Kim
21             Attorney at Law
          1055 West Seventh Street
22        Suite 2800
          Los Angeles, California 90017
23        (213) 955-9500

24

25

DEBBIE GALE, U.S. COURT REPORTER

1    **APPEARANCES OF COUNSEL (Continued):**

2

3    FOR DEFENDANT ESTATE OF LEONARD STEINBERG AND BERYL STEINBERG,
     LORD STEINBERG:

4
              MANNING & KASS, ELLROD, RAMIREZ, TRESTER, LLP
5             BY:  Anthony J. Ellrod
                   Attorney at Law
6             801 South Figueroa Street
              15th Floor - 801 Tower
7             Los Angeles, California 90017
              (213) 430-2612
8

9

10   FOR DEFENDANT LEE J. COLE:

11            SILLS CUMMIS & GROSS
              BY:  Kenneth R. Schachter
12                 Attorney at Law
              One Rockefeller Plaza
13            New York, New York 10020
              (212) 500-7000
14

15            -AND-

16            BUCHALTER NEMER
              BY:  Lawrence B. Steinberg
17                 Attorney at Law
              1000 Wilshire Boulevard
18            Suite 1500
              Los Angeles, California 90017
19            (310) 460-4481

20

21

22

23

24

25

DEBBIE GALE, U.S. COURT REPORTER

SACV 10-0252 DOC - 6/6/2011 - Item No. 1

4

1                          **I N D E X**

2       **PROCEEDINGS**                                    **PAGE**

3       Scheduling conference                                5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEBBIE GALE, U.S. COURT REPORTER

|    |    |
|----|----|
| | 1 |
| | 2 |
| | 3 |
| 09:04 | 4 |
| 09:04 | 5 |
| 09:04 | 6 |
| 09:04 | 7 |
| 09:04 | 8 |
| 09:04 | 9 |
| 09:04 | 10 |
| 09:04 | 11 |
| 09:04 | 12 |
| 09:04 | 13 |
| 09:05 | 14 |
| 09:05 | 15 |
| 09:05 | 16 |
| 09:05 | 17 |
| 09:05 | 18 |
| 09:05 | 19 |
| 09:05 | 20 |
| 09:05 | 21 |
| 09:05 | 22 |
| 09:05 | 23 |
| 09:05 | 24 |
| 09:05 | 25 |

1        **SANTA ANA, CALIFORNIA, MONDAY, JUNE 6, 2011**

2                           **Item No. 1**

3                         (9:04 a.m.)

4              THE COURT:  In Petrie v. Electronic Game Card,

5    Inc.

6              MR. KIM:  Good morning, Your Honor.  Chris Kim for

7    defendant.

8              THE COURT:  Good morning.  Go back there now.  I

9    want to hear from the plaintiffs first.  And I slowly want

10   to get your name and the order of your appearance on behalf

11   of the plaintiffs.

12             MR. ROSEN:  Good morning, Your Honor.  Laurence

13   Rosen on behalf of lead plaintiffs in the class.

14             THE COURT:  All right.  Thank you.

15             Plaintiffs?

16             MR. ROSEN:  Yes, Your Honor.

17             THE COURT:  They have names.  Who else is with

18   you?

19             MR. ROSEN:  Dalton Petrie is the named plaintiff.

20             THE COURT:  Who are you?

21             MR. FORTINSKY:  I'm Jerry Fortinsky with Sherman

22   and Sterling.  I'm here on behalf of Kevin Donovan and

23   Eugene Christiansen.

24             THE COURT:  Okay.  So everybody else are

25   defendants?  All defendants?

DEBBIE GALE, U.S. COURT REPORTER

SACV 10-0252 DOC - 6/6/2011 - Item No. 1

6

| | | |
|---|---|---|
| 09:05 | 1 | MR. FORTINSKY: I think so. |
| 09:05 | 2 | THE COURT: Then you're on that side of the |
| 09:05 | 3 | courtroom. Okay? I don't know why you're sitting over |
| 09:05 | 4 | there. It must be comfortable. That's the plaintiff's |
| 09:05 | 5 | side. |
| 09:05 | 6 | All right. Now your name again. |
| 09:05 | 7 | MR. FORTINSKY: I'm sorry, Your Honor. Jerry |
| 09:05 | 8 | Fortinsky. |
| 09:05 | 9 | THE COURT: On behalf of Mr. Donovan? |
| 09:05 | 10 | MR. FORTINSKY: Yes, Your Honor. And |
| 09:05 | 11 | Mr. Christiansen, as well. |
| 09:05 | 12 | THE COURT: Thank you. If you will have a seat in |
| 09:05 | 13 | the first chair, please. |
| 09:05 | 14 | MR. ARONSON: Good morning, Your Honor. Seth |
| 09:05 | 15 | Aronson and Kelsey Larson of O'Melveny & Myers here for |
| 09:06 | 16 | Defendant Anna Houssels. |
| 09:06 | 17 | THE COURT: Just a moment. |
| 09:06 | 18 | And who else is with you? |
| 09:06 | 19 | MR. ARONSON: Kelsey Larson. |
| 09:06 | 20 | THE COURT: Kelsey. |
| 09:06 | 21 | And who do you represent? |
| 09:06 | 22 | MR. ARONSON: Anna Houssels, H-O-U-S-S-E-L-S. |
| 09:06 | 23 | THE COURT: Thank you. |
| 09:06 | 24 | MR. KIM: Good morning, Your Honor. Christopher |
| 09:06 | 25 | Kim for Defendant Paul Farrell. |

SACV 10-0252 DOC - 6/6/2011 - Item No. 1

7

| | | |
|---|---|---|
| 09:06 | 1 | THE COURT:  Mr. Kim, thank you very much. |
| 09:07 | 2 | MR. ELLROD:  Anthony Ellrod, E-L-L-R-O-D, on |
| 09:07 | 3 | behalf of Defendant Estate of Steinberg. |
| 09:07 | 4 | THE COURT:  Just a moment. |
| 09:07 | 5 | Thank you very much. |
| 09:07 | 6 | MR. SCHACHTER:  Kenneth Schacter on behalf of |
| 09:07 | 7 | defendant Lee Cole.  And with me is my co-counsel, Lawrence |
| 09:07 | 8 | Steinberg. |
| 09:07 | 9 | THE COURT:  And your first name is Kenneth? |
| 09:07 | 10 | MR. SCHACHTER:  Yes, Kenneth Schachter, |
| 09:07 | 11 | S-C-H-A-C-H-T-E-R.  And with me is my co-counsel, Lawrence |
| 09:07 | 12 | Steinberg. |
| 09:07 | 13 | THE COURT:  Where's Mr. Steinberg? |
| 09:07 | 14 | MR. STEINBERG:  Buchalter, Your Honor. |
| 09:08 | 15 | THE COURT:  And who do you gentlemen represent? |
| 09:08 | 16 | MR. SCHACHTER:  Mr. Lee Cole. |
| 09:08 | 17 | THE COURT:  All right. |
| 09:08 | 18 | Now, I'm going to call out some names, because |
| 09:08 | 19 | here's typically what happens to a court.  With initial |
| 09:08 | 20 | filings, I get a bunch of associates or people who've |
| 09:08 | 21 | changed, so you can't imagine how confusing our records get, |
| 09:08 | 22 | which is why I'm slowing you down. |
| 09:08 | 23 | Who's Stephen Hibbard? |
| 09:08 | 24 | MR. FORTINSKY:  Stephen Hibbard is my partner.  He |
| 09:08 | 25 | is not here today. |

SACV 10-0252 DOC - 6/6/2011 - Item No. 1

8

| | | |
|---|---|---|
| 09:08 | 1 | THE COURT:  And you're lead counsel? |
| 09:08 | 2 | MR. FORTINSKY:  I am lead counsel, and I'm here. |
| 09:08 | 3 | THE COURT:  Excellent. |
| 09:08 | 4 | Who's Norma Nava? |
| 09:08 | 5 | MR. KIM:  She's an associate of mine, Your Honor. |
| 09:08 | 6 | THE COURT:  I don't know who "mine" is. |
| 09:08 | 7 | MR. KIM:  Chris Kim for Defendant Paul Farrell. |
| 09:08 | 8 | THE COURT:  Okay.  And you're lead counsel? |
| 09:08 | 9 | MR. KIM:  Yes, Your Honor. |
| 09:08 | 10 | THE COURT:  Who's Meredith Landy? |
| 09:08 | 11 | MR. ARONSON:  Your Honor, this is Seth Aronson. |
| 09:08 | 12 | Meredith Landy is my partner in our Silicon Valley office. |
| 09:08 | 13 | I'm the lead lawyer on this case for O'Melveny. |
| 09:08 | 14 | THE COURT:  Okay.  Thank you very much. |
| 09:08 | 15 | Who's Sara Folchi? |
| 09:08 | 16 | MR. ARONSON:  She's an associate or counsel in our |
| 09:08 | 17 | Silicon Valley office, as well. |
| 09:09 | 18 | THE COURT:  So you have a lot of names you wanted |
| 09:09 | 19 | to get on the pleadings?  I'm just kidding you, Counsel. |
| 09:09 | 20 | MR. ARONSON:  Well, I'd like to give them credit |
| 09:09 | 21 | for the work they did. |
| 09:09 | 22 | THE COURT:  All right.  But you can see how |
| 09:09 | 23 | confusing it gets. |
| 09:09 | 24 | Andrew Meehan.  Who's Andrew Meehan? |
| 09:09 | 25 | MR. KIM:  Andrew Meehan is co-lead counsel. |

DEBBIE GALE, U.S. COURT REPORTER

SACV 10-0252 DOC - 6/6/2011 - Item No. 1

9

09:09    1              THE COURT:  I don't know you.  And I want you on
09:09    2   your feet now.  Stand up.
09:09    3              MR. KIM:  I'm sorry, Your Honor.  Chris Kim.
09:09    4   Andrew Meehan is with -- our co-counsel with the firm Kobre
09:09    5   and Kim.
09:09    6              THE COURT:  Jonathan Cogan.
09:09    7              MR. KIM:  Same situation, Your Honor.  This is
09:09    8   Chris Kim.
09:09    9              THE COURT:  Steven Kobre, K-O-B-R-E.
09:09   10              MR. KIM:  He's with the firm Kobre and Kim.  Same
09:09   11   firm, Your Honor.
09:09   12              THE COURT:  Why do I have all of these
09:09   13   appearances?
09:09   14              MR. KIM:  Their names are on the pleadings,
09:09   15   Your Honor.
09:09   16              THE COURT:  Why?  Why can't I do this with one
09:09   17   attorney?
09:09   18              MR. KIM:  We can, Your Honor.
09:09   19              THE COURT:  All right.  Start consolidating this
09:09   20   down.  This is a waste of time, frankly.  Lisa Yang.
09:09   21              MR. KIM:  She's with my firm also.
09:10   22              THE COURT:  All right.  You've got the message.
09:10   23              MR. KIM:  Yes, Your Honor.
09:10   24              THE COURT:  All right.  Okay.  Here's my
09:10   25   understanding.  Concerning the 10(b)(5), has EGC been

DEBBIE GALE, U.S. COURT REPORTER

09:10　　1　served?

09:10　　2　　　　　　　MR. FORTINSKY:  Your Honor, Electronic Game Card

09:10　　3　itself is in bankruptcy.  It filed a Chapter 7 petition a

09:10　　4　few months ago.  To my knowledge, there's been no attempt to

09:10　　5　serve it in light of the bankruptcy stay.

09:10　　6　　　　　　　THE COURT:  How are we going to resolve that when

09:10　　7　we've got a number of defendants who may be going to trial?

09:10　　8　How do we keep these cases joined and not scattered?

09:10　　9　　　　　　　MR. ROSEN:  Your Honor, I think what will probably

09:10　　10　happen, since they're in liquidation, our claim against the

09:10　　11　company will either -- either they'll -- this is -- it's a

09:10　　12　difficult concept.  So they might give us -- eventually give

09:10　　13　us relief from the stay to proceed here.  But then, if the

09:10　　14　entity is liquidated, I don't know how that affects our

09:11　　15　standing.

09:11　　16　　　　　　　THE COURT:  All right.  Let's set the standard

09:11　　17　now.  I want these cases kept together for those defendants

09:11　　18　who are validly served and going forward.

09:11　　19　　　　　　　What I don't want is separation so later on I have

09:11　　20　to vacate a date because there's been a bankruptcy or

09:11　　21　inability to serve.  That's the goal.

09:11　　22　　　　　　　MR. ROSEN:  Your Honor, we -- bottom line, I don't

09:11　　23　think it's going to be necessary to pursue a claim against

09:11　　24　the company that's in bankruptcy because we have the

09:11　　25　individuals.  So I think it's likely that we'll probably

Case 8:10-cv-00252-DOC-RNB   Document 154   Filed 08/12/11   Page 11 of 24   Page ID
#:2378
SACV 10-0252 DOC - 6/6/2011 - Item No. 1

11

09:11    1    find a way to, you know, eliminate that as a claim.  But I

09:11    2    just -- there's -- I haven't seen the insurance policy.

09:11    3            Until I see the insurance policy and see how that

09:11    4    would affect coverage, I don't want to make any statements

09:11    5    as to our absolute intentions.

09:11    6            THE COURT:  I'm going to keep these cases

09:11    7    together.  Understood?

09:11    8            MR. ROSEN:  Yes, Your Honor.

09:11    9            THE COURT:  Okay.  Boyne.  There's a motion for

09:11   10    default.  That's been a clerk matter up to this point.

09:12   11            What's happening with Boyne.  Boyne?

09:12   12            MR. ROSEN:  Your Honor, we moved for default

09:12   13    against Mr. Cole and Mr. Boyne.  Mr. Cole, we agreed to

09:12   14    withdraw that request.

09:12   15            THE COURT:  I'm going to stay with Boyne.  Boyne?

09:12   16            MR. ROSEN:  As to Mr. Boyne, we've heard nothing.

09:12   17    And we just would ask the Court to enter the default.

09:12   18            The clerk -- I believe, Your Honor, the clerk

09:12   19    asked the Court to address the default because it was a

09:12   20    foreign service issue.  In other words, she was served in

09:12   21    England.  And I think the clerk may have referred the matter

09:12   22    to Your Honor.

09:12   23            THE COURT:  Yes.  And the question we had was

09:12   24    whether service was valid.  The governing rule for foreign

09:13   25    service of process is Federal Rule of Civil Procedure 4(f);

DEBBIE GALE, U.S. COURT REPORTER

09:13    1    and, in turn, that refers the Court to the Hague Convention

09:13    2    and treaties between various countries.  And because this is

09:13    3    a rather complicated issue, I'm going to require you to

09:13    4    submit supplemental briefing regarding whether your service

09:13    5    of process attempts on Boyne complied with Federal Rule of

09:13    6    Civil Procedure 4(f).

09:13    7                 If you can think of any other way to proceed, I'm

09:13    8    open to that.  But I'd like a fairly good record in this

09:13    9    matter.

09:13   10                 MR. ROSEN:  Yes, Your Honor.  We can submit

09:13   11    additional briefing.

09:13   12                 I would also -- just for your reference,

09:13   13    Your Honor, there was a letter from a representative of the

09:13   14    two individuals who acknowledged that he had seen the

09:13   15    complaint and --

09:14   16                 THE COURT:  It's not sufficient.

09:14   17                 MR. ROSEN:  I understand.  But just so you know,

09:14   18    Your Honor, this is not a -- there's no surprises here.

09:14   19                 THE COURT:  When is a comfortable time for you?

09:14   20                 MR. ROSEN:  Two weeks, Your Honor?

09:14   21                 THE COURT:  Two weeks is fine.  What date is

09:14   22    convenient for you?

09:14   23                 I've got a calendar.  What about by the 20th?

09:14   24    Would that be convenient?

09:14   25                 MR. ROSEN:  Yes, Your Honor.

09:14  1          THE COURT:  Then I can hand that down as a written

09:14  2  ruling.  Hopefully you've got jurisdiction, and hopefully

09:14  3  we''ll resolve it quickly.

09:14  4          All right.  Mr. Cole.  Rather confusing to the

09:14  5  Court concerning Cole.  Apparently there's some negotiation

09:14  6  going on.

09:14  7          Who represents Mr. Cole?

09:14  8          MR. SCHACHTER:  Kenneth Schachter.

09:14  9          THE COURT:  Go to the lectern, along with

09:14  10  plaintiff's counsel.  I want you two to tell me what's going

09:14  11  on.  This seems rather up in the air.

09:14  12          MR. SCHACHTER:  We had submitted a stipulation,

09:15  13  Your Honor, where Mr. Cole agreed to answer.  At that time,

09:15  14  it was a second amended complaint.  Plaintiff had withdrawn

09:15  15  his request for a default.

09:15  16          Now, there will be a third amended complaint, so I

09:15  17  think that will be the active pleading in the case that

09:15  18  Mr. Cole will need to respond to, as provided for in the

09:15  19  rules.

09:15  20          THE COURT:  So is the default request then

09:15  21  withdrawn?

09:15  22          MR. ROSEN:  Yes, Your Honor.

09:15  23          THE COURT:  Has that been formally noticed with

09:15  24  the Court?

09:15  25          MR. ROSEN:  I believe it was with a stipulation.

DEBBIE GALE, U.S. COURT REPORTER

09:15   1        MR. STEINBERG:  Your Honor, Lawrence Steinberg,

09:15   2   also for Mr. Cole.

09:15   3        THE COURT:  Come to the lectern, please.  Thank

09:15   4   you.

09:15   5        MR. STEINBERG:  Lawrence Steinberg of Buchalter

09:15   6   Nemer, Your Honor, local counsel for Mr. Cole.  We submitted

09:15   7   an order, which Your Honor has signed, withdrawing the

09:15   8   request for default.

09:15   9        THE COURT:  All right.  Thank you very much.  I

09:15   10  appreciate that.

09:15   11       Mr. Donovan.  The motion to dismiss?

09:16   12       MR. FORTINSKY:  Your Honor granted Mr. Donovan's

09:16   13  motion to dismiss on Friday.  And I understand the status

09:16   14  now is that, pursuant to the Court's order, the plaintiffs

09:16   15  are to submit, if they choose to, a third amended complaint.

09:16   16       THE COURT:  Right.

09:16   17       And Steinberg Estate?

09:16   18       MR. ELLROD:  Yes, Your Honor.  Anthony Ellrod.

09:16   19       There's a stipulation and order pending before for

09:16   20  the Court for an extension of time to respond to the second

09:16   21  amended complaint, which was probably moot in light of the

09:16   22  apparent filing of a third amended complaint.

09:16   23       THE COURT:  Okay.  And concerning the 20(a), there

09:16   24  were a number of persons who were added.

09:16   25       I think Christiansen -- I know I'd already handed

09:16  1   down a ruling on Christiansen.

09:16  2          MR. FORTINSKY:  Yes, Your Honor.

09:16  3          THE COURT:  Okay.  Farrell.

09:16  4          MR. KIM:  Yes, Your Honor.  We filed an answer to

09:16  5   the second amended complaint.

09:16  6          THE COURT:  Okay.  And Houssels?

09:17  7          MR. ARONSON:  Yes, Your Honor.  Seth Aronson on

09:17  8   behalf of Defendant Anna Houssels.  And we have filed an

09:17  9   answer.

09:17  10         THE COURT:  All right.  Now, who do I keep -- what

09:17  11  I don't want to do is start setting dates and then have

09:17  12  other parties come in and start disturbing those dates,

09:17  13  either because the automatic stay was listed in

09:17  14  bankruptcy -- and I didn't know the status of that -- or the

09:17  15  negotiations going on with Mr. Cole.

09:17  16         In other words, it's a nightmare right at the

09:17  17  beginning, in terms of logistics.  And I intend to resolve

09:17  18  that.  I'm very patient.  I'm going to meet you again at

09:17  19  11:00 o'clock, 3:00 o'clock, 6:00 o'clock.  Look at the

09:17  20  clock up there.  9:00 o'clock.  12:00 o'clock.  You won't

09:17  21  believe the hours I keep.  You're going to go out and put

09:17  22  all this in written form for me, okay? -- the status of

09:17  23  every case.

09:17  24         I'm not going to go back through my files and

09:17  25  waste my time.  You're going to tell me every single case,

DEBBIE GALE, U.S. COURT REPORTER

09:17  1   how it stands, how you're going to keep these cases

09:17  2   together, and then I'll set the dates.  And then I'll set

09:18  3   the dates that you agree on.

09:18  4           Remember this:  If you've got vacation, children,

09:18  5   another paying client, move the dates.  Make it convenient

09:18  6   for you.

09:18  7           Now, what time do you want to meet me?

09:18  8           All right.  1:30, then, this afternoon.  Thank you

09:18  9   Counsel.  You're all ordered back at that time.

09:18  10          MR. ROSEN:  Your Honor, can we do it

09:18  11  11:00 o'clock, please?

09:18  12          THE COURT:  I don't know who's addressing me.

09:18  13          MR. ROSEN:  Laurence Rosen.  I have to be

09:18  14  somewhere this afternoon.

09:18  15          THE COURT:  No, you don't.  You're in my court,

09:18  16  unless that judge is senior.

09:18  17          MR. ROSEN:  No, Your Honor.  I just would request

09:18  18  we do it at 11:00, if it's okay.

09:18  19          THE COURT:  Well, how quickly can you get this

09:18  20  done?

09:18  21          MR. ROSEN:  We can do it very quickly.

09:18  22          THE COURT:  Then get out there and do it.

09:18  23          MR. SCHACHTER:  Your Honor, this is Kenneth

09:18  24  Schachter.  If it gets delayed but I'm here for the meeting,

09:18  25  can my local counsel appear?

DEBBIE GALE, U.S. COURT REPORTER

| | | |
|---|---|---|
| 09:18 | 1 | THE COURT:  No.  You're lead counsel.  Lead |
| 09:18 | 2 | counsel are here at all times.  It won't get delayed. |
| 09:18 | 3 | Now, Counsel, how soon?  In other words, I'm going |
| 09:18 | 4 | to get off the bench.  I'm not wasting time. |
| 09:19 | 5 | MR. ROSEN:  We'll be back by 10:30. |
| 09:19 | 6 | THE COURT:  Okay.  I'll come to the bench at |
| 09:19 | 7 | 10:30.  That will be your time.  Otherwise, it goes over and |
| 09:19 | 8 | you'll remain.  Thank you. |
| 09:19 | 9 | *(Proceedings recessed at 9:19 a.m.)* |
| 10:31 | 10 | *(Proceedings resumed at 10:32 a.m.)* |
| 10:32 | 11 | THE COURT:  All right.  Dalton Petrie v. |
| 10:32 | 12 | Electronic Game Card.  Let's see if we can get you on your |
| 10:32 | 13 | way. |
| 10:32 | 14 | All counsel are present? |
| 10:32 | 15 | Okay.  Counsel. |
| 10:32 | 16 | MR. ROSEN:  Good morning again, Your Honor. |
| 10:32 | 17 | Laurence Rosen, Rosen Law Firm, on behalf of lead plaintiff |
| 10:32 | 18 | in the class. |
| 10:32 | 19 | THE COURT:  Well, I don't need your appearances. |
| 10:32 | 20 | I just need the resolution.  All of you are here? |
| 10:32 | 21 | MR. ROSEN:  Yes, Your Honor. |
| 10:33 | 22 | MR. FORTINSKY:  Your Honor, we met and reached an |
| 10:33 | 23 | agreement, which is reflected on a piece of paper. |
| 10:33 | 24 | THE COURT:  Read it to me. |
| 10:33 | 25 | MR. FORTINSKY:  We'd be happy to it hand up. |

| | | |
|---|---|---|
| 10:33 | 1 | The dates are -- we have specific dates, which are |
| 10:33 | 2 | as follows: |
| 10:33 | 3 | Rule 26 initial disclosures by August 15th. |
| 10:33 | 4 | We will mediate by August 15th.  Our objective is |
| 10:33 | 5 | to do the mediation before we get -- we end up spending a |
| 10:33 | 6 | lot of lawyers' fees unnecessarily. |
| 10:33 | 7 | Then a class cert motion:  December 15th. |
| 10:33 | 8 | Opposition to class cert:  March 12th, 2012. |
| 10:33 | 9 | The reply on class cert:  April 23rd, 2012. |
| 10:33 | 10 | The hearing:  May 21st, 2012. |
| 10:33 | 11 | THE COURT:  I'm sorry.  I apologize.  The date |
| 10:33 | 12 | again for the hearing? |
| 10:33 | 13 | MR. FORTINSKY:  May 21st, 2012. |
| 10:34 | 14 | THE COURT:  Thank you. |
| 10:34 | 15 | MR. FORTINSKY:  Fact discovery cutoff: |
| 10:34 | 16 | August 31st, 2012. |
| 10:34 | 17 | Plaintiff's expert report:  October 26, 2012. |
| 10:34 | 18 | THE COURT:  I'm sorry.  Plaintiff's expert report? |
| 10:34 | 19 | MR. FORTINSKY:  October 26th. |
| 10:34 | 20 | THE COURT:  What date? |
| 10:34 | 21 | MR. FORTINSKY:  October 26th. |
| 10:34 | 22 | THE COURT:  October 26th, 2012? |
| 10:34 | 23 | MR. FORTINSKY:  Yes, Your Honor. |
| 10:34 | 24 | THE COURT:  Okay. |
| 10:34 | 25 | MR. FORTINSKY:  Discovery motion filing deadline: |

| | | |
|---|---|---|
| 10:34 | 1 | November 16th. |
| 10:34 | 2 | Defendant's expert report:  November 30th. |
| 10:34 | 3 | Expert discovery cutoff:  January 14th, 2013. |
| 10:35 | 4 | Dispositive motion hearing:  April 15th, 2013. |
| 10:35 | 5 | Pretrial conference -- final pretrial conference: |
| 10:35 | 6 | May 20th, 2013. |
| 10:35 | 7 | Trial:  May 28th, 2013. |
| 10:35 | 8 | This is also -- |
| 10:35 | 9 | THE COURT:  May 28th? |
| 10:35 | 10 | MR. FORTINSKY:  MAY 28th, 2013. |
| 10:35 | 11 | THE COURT:  Let me read those dates back to you to |
| 10:35 | 12 | make certain I have them. |
| 10:35 | 13 | Initial discovery cutoff:  April 15, 2011.  Also |
| 10:35 | 14 | the date for mediation. |
| 10:35 | 15 | You're filing -- |
| 10:35 | 16 | MR. FORTINSKY:  I'm sorry, Your Honor.  Can I just |
| 10:35 | 17 | cut in? |
| 10:35 | 18 | That August 15th, 2011, was the initial |
| 10:35 | 19 | disclosures. |
| 10:35 | 20 | THE COURT:  Initial disclosures, and also your |
| 10:35 | 21 | mediation? |
| 10:35 | 22 | MR. FORTINSKY:  On or before that date, |
| 10:35 | 23 | Your Honor. |
| 10:35 | 24 | THE COURT:  Okay.  August 15, 2011.  Thank you. |
| 10:35 | 25 | Your class certification motion is going to be |

SACV 10-0252 DOC   6/6/2011 - Item No. 1

| | | |
|---|---|---|
| 10:36 | 1 | filed by December 15th, 2011. |
| 10:36 | 2 | MR. FORTINSKY:  Yes, Your Honor. |
| 10:36 | 3 | THE COURT:  The opposition by March 12th, 2012. |
| 10:36 | 4 | The reply by April 23rd, 2012. |
| 10:36 | 5 | The hearing for class certification on May 21st, |
| 10:36 | 6 | 2012. |
| 10:36 | 7 | If the class is certified, the agreed dates are: |
| 10:36 | 8 | Discovery cutoff August 31st, 2012. |
| 10:36 | 9 | So let's make certain.  Is that a Monday? |
| 10:36 | 10 | It's a Friday, isn't it, Counsel? |
| 10:36 | 11 | MR. FORTINSKY:  I don't have the days of the week |
| 10:36 | 12 | on this piece of paper.  I don't know.  I can look it up. |
| 10:36 | 13 | THE COURT:  Well, these have to be on Mondays. |
| 10:37 | 14 | Let's make sure that your hearing date is on a |
| 10:37 | 15 | Monday.  May 21st of 2011. |
| 10:37 | 16 | MR. FORTINSKY:  That's 2012. |
| 10:37 | 17 | THE COURT:  2012.  My apologies.  May 21st, 2012. |
| 10:37 | 18 | It's a Monday. |
| 10:37 | 19 | The discovery cutoff, I don't care if that's on a |
| 10:37 | 20 | Monday, so August 31st is fine. |
| 10:37 | 21 | Your expert -- plaintiff's expert report: |
| 10:37 | 22 | October 26, 2012. |
| 10:37 | 23 | Your discovery cutoff:  November 16, 2012.  I |
| 10:37 | 24 | don't care if that's a Monday either. |
| 10:37 | 25 | MR. FORTINSKY:  That's a motion filing deadline, |

Case 8:10-cv-00252-DOC-RNB   Document 154   Filed 08/12/11   Page 21 of 24   Page ID #:2388
SACV 10-0252 DOC - 6/6/2011 - Item No. 1

21

10:37   1   Your Honor.

10:37   2           THE COURT:  Now I'm really confused.

10:37   3           Discovery cutoff is August 31st, 2012; is that

10:37   4   correct?

10:37   5           MR. FORTINSKY:  That's correct, Your Honor.

10:38   6           THE COURT:  Your plaintiff's expert attorneys --

10:38   7   or your -- I'm sorry.  The plaintiff's expert report is due

10:38   8   October 26, 2012?

10:38   9           MR. FORTINSKY:  Yes, Your Honor.

10:38   10          THE COURT:  What's your November 16th, 2012 date?

10:38   11          MR. FORTINSKY:  That was a date that was written

10:38   12  down for the deadline for filing any motions in the event of

10:38   13  discovery disputes.

10:38   14          THE COURT:  Oh, it's a filing date.  All right.

10:38   15          And then the defense expert report's due

10:38   16  December 30th, 2012.

10:38   17          MR. FORTINSKY:  November 30th, 2012.

10:38   18          THE COURT:  November 30th, 2012.

10:38   19          And then what's your January 14th, 2013 date?

10:38   20          MR. FORTINSKY:  That was the cutoff date for

10:38   21  expert discovery.

10:38   22          THE COURT:  Okay.  Thank you.

10:38   23          And your April 15th date is the day I'm actually

10:38   24  going to hear your motions.

10:38   25          MR. FORTINSKY:  Correct, Your Honor.

DEBBIE GALE, U.S. COURT REPORTER

SACV 10-0252 DOC - 6/6/2011 - Item No. 1

22

| | | |
|---|---|---|
| 10:38 | 1 | THE COURT:  And is that a Monday? |
| 10:39 | 2 | MR. FORTINSKY:  I believe it is. |
| 10:39 | 3 | THE CLERK:  It is. |
| 10:39 | 4 | THE COURT:  It is.  Okay.  Thank you. |
| 10:39 | 5 | Your pretrial:  May 20th, 2013.  Is that also a |
| 10:39 | 6 | Monday? |
| 10:39 | 7 | THE CLERK:  It is. |
| 10:39 | 8 | THE COURT:  And then your jury trial, May 28th, |
| 10:39 | 9 | which is a Tuesday, is that acceptable to all the parties? |
| 10:39 | 10 | COUNSEL IN UNISON:  Yes, Your Honor. |
| 10:39 | 11 | MR. FORTINSKY:  I would add, Your Honor, that this |
| 10:39 | 12 | schedule which we've discussed is premised on the statement |
| 10:39 | 13 | by the plaintiffs that they do not intend to file a third |
| 10:39 | 14 | amended complaint, and also reflects an understanding -- |
| 10:39 | 15 | Mr. Rosen can say this more precisely, if necessary -- but |
| 10:39 | 16 | the understanding that the action against the company which |
| 10:39 | 17 | is now in Chapter 7 will be dismissed without prejudice. |
| 10:39 | 18 | Is that correct? |
| 10:39 | 19 | MR. ROSEN:  Yes, that's correct. |
| 10:39 | 20 | THE COURT:  All right.  We'd set the date for your |
| 10:40 | 21 | briefing concerning Civil Rule of Procedure 4(f). |
| 10:40 | 22 | MR. FORTINSKY:  Yes, Your Honor. |
| 10:40 | 23 | Then what else remains today for the parties? |
| 10:40 | 24 | Okay.  Thank you very much. |
| 10:40 | 25 | MR. ROSEN:  Thank you. |

SACV 10-0252 DOC - 6/6/2011 - Item No. 1

23

| 10:40 | 1 | MR. FORTINSKY:  Thank you, Your Honor. |
| 10:40 | 2 | COUNSEL IN UNISON:  Thank you, Your Honor. |
| 10:40 | 3 | *(At 10:40 a.m., proceedings were adjourned.)* |
| 10:40 | 4 | -oOo- |
| 10:40 | 5 | |
| | 6 | |
| | 7 | |
| | 8 | |
| | 9 | |
| | 10 | |
| | 11 | |
| | 12 | |
| | 13 | |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

-oOo-

CERTIFICATE

        I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  August 12, 2011


                        /s/ Debbie Gale
                _____
                DEBBIE GALE, U.S. COURT REPORTER
                CSR NO. 9472, RPR