Jonathan D. Cogan, Esq. (*Pro Hac Vice*)
KOBRE & KIM, LLP
800 Third Avenue
New York, New York 10022
Phone: (212) 488-1206
Email: Jonathan.Cogan@kobrekim.com

Christopher Kim (Bar No. 82080)
Lisa J. Yang (Bar No. 208971)
Norma Nava (Bar No. 266827)
LIM, RUGER & KIM, LLP
1055 West Seventh Street, Suite 2800
Los Angeles, California 90017
Phone: (213) 955-9500
Fax: (213) 955-9511
Email: Christopher.Kim@ limruger.com
         Lisa.Yang@limruger.com
         Norma.Nava@limruger.com

Attorneys for Defendant, Paul Farrell

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DALTON PETRIE, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ELECTRONIC GAME CARD, INC.; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN; PAUL FARRELL; EUGENE CHRISTIANSEN; ANNA HOUSSELS; ESTATE OF LORD LEONARD STEINBERG AND BERYL STEINBERG AS ADMINISTRATOR/EXECUTOR OF ESTATE OF LORD STEINBERG,<br><br>    Defendants. | Case No.: SACV-10-00252-DOC (RNBx)<br><br>**DEFENDANT PAUL FARRELL'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

{00665285.DOC}

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Federal Rules") Defendant Paul Farrell ("Farrell"), by and through his attorneys, Kobre & Kim LLP and Lim Ruger & Kim LLP, makes the following initial disclosures. Farrell's initial disclosures are based on the information reasonably available to him at this time and are made without waiving any objections as to the competency, relevance, materiality or admissibility of evidence in the above-captioned action (the "Action") or in any other action or proceeding. These disclosures shall not be deemed to waive any of Farrell's applicable rights or privileges with respect to any individual, document, thing or information. Farrell reserves all such rights and privileges, including, but not limited to, the following: the right to revise, correct, supplement, or clarify these disclosures consistent with Rule 26(e) of the Federal Rules; and the right to seek discovery and offer testimony from individuals other than those identified in these disclosures.

### A.   Individuals likely to have discoverable information

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules, the following individuals and entities are likely to have discoverable information that Farrell may use to support his claims or defenses, unless solely for impeachment. Farrell also incorporates by reference the individuals and/or entities likely to have discoverable information identified in the initial disclosures of the other named Defendants in the Action.

1. Paul Farrell
   c/o Jonathan D. Cogan, Esq.
   Kobre & Kim LLP
   800 Third Avenue
   New York, New York 10022
   Telephone: (212) 488-1200;

2. Other Named Defendants in the Action;

3. Tom Schiff;

{00665285.DOC}

4. Confidential Witness No. 1, as identified in Paragraph 59 et al. of the Consolidated Second Amended Complaint, filed February 11, 2011;

5. Other unidentified persons, including but not limited to present and former officers, directors, employees, and agents of:

    a. Manatuck Hill Partners;

    b. Pequot Capital Management, Inc.;

    c. Electronic Game Card, Ltd.;

    d. Greenfield Capital International, Ltd.;

    e. EPN Advisory Limited.

**B.   Documents Relevant to Disputed Facts**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules, the following categories of documents in Farrell's possession, custody or control may be used to support his defenses and any claims in the Action, unless solely for impeachment:

    A. Documents regarding Farrell's participation on the Electronic Game Card, Inc. board of directors as an outside director.

    B. Correspondence between Farrell and other named Defendants in the Action.

    C. Documents and correspondence related to Farrell's employment with and/or ownership interest in Pequot Capital Management, Inc., or any of its related funds or entities.

Upon proper demand, the foregoing shall be made available to Plaintiffs for inspection, subject to any proper objections to disclosure upon entry of an appropriate confidentiality stipulation and order ("Confidentiality Order").

Neither the identification above of a particular document or category of documents nor the production of any particular document constitutes a waiver of the attorney-client privilege, the work-product doctrine, or any other relevant privileges.

{00665285.DOC}

In addition, the identification of a category of documents does not constitute a representation as to the existence of any particular document within such category.

### C. Computation of Damages

Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules, Farrell discloses that he is not seeking damages in this Action at this time.

### D. Insurance Agreements

Pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules, Farrell will make available, for copying and inspection, insurance agreements under which he may be liable to satisfy part or all of a judgment which may be entered in this Action, or to indemnify or reimburse for payments made to satisfy a judgment which may be entered in this Action, upon entry of a Confidentiality Order.

Dated: August 15, 2011

LIM, RUGER & KIM, LLP
Christopher Kim
Lisa J. Yang
Norma Nava

By: /s/ Norma Nava
Norma Nava

KOBRE & KIM, LLP
Jonathan D. Cogan

By: /s/ Jonathan D. Cogan
Jonathan D. Cogan

Counsel for Defendant, Paul Farrell

{00665285.DOC}