Lawrence B. Steinberg, Esq.
Buchalter Nemer, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (310) 460-4481
Facsimile: (310) 282-8213

-and-

Jeffrey J. Greenbaum, Esq. (pro hac vice)
Hervé Gouraige, Esq. (pro hac vice)
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500

Kenneth R. Schachter, Esq. (pro hac vice)
Sills Cummis & Gross P.C.
30 Rockefeller Plaza, 29th floor
New York, New York 10112
Telephone: (212) 643-7000
Facsimile: (212) 643-6500

Counsel for Defendant Lee J. Cole

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALTON PETRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC GAME CARD, INC.; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN, PAUL FARREL, EUGENE CHRISTIANSEN, ANNA HOUSSELS, AND THE ESTATE OF LORD LEONARD STEINBERG AND DOMINIC BURKE, LYNNE ROCHELLE ATTIAS, AND JOHATHAN STEINBERG AS EXECUTORS/TRUSTEES/ REPRESENTATIVES OF THE ESTATE OF LORD STEINBERG, DEFENDANTS,<br><br>Defendant. | Case No. SACV-10-00252-DOC(RNBx)<br><br><u>CLASS ACTION</u><br><br>NOTICE OF MOTION AND MOTION OF DEFENDANT LEE J. COLE TO CONFIRM THE EXISTENCE OF A STAY OF DISCOVERY UNDER THE PSLRA PENDING DETERMINATION OF COLE'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)<br><br>(Memorandum Of Points And Authorities and Declaration Of Jeffrey J. Greenbaum, Esq., Filed Under Separate Cover)<br><br>Hearing: September 26, 2011<br>Time: 8:30 a.m.<br>Judge: The Hon. David O. Carter |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on September 26, 2011 at 8:30 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable David O. Carter, United States District Judge for the Central District of California, Room 9D, located at 411 West Fourth Street, Santa Ana, California, defendant Lee J. Cole ("Cole") will and hereby does move the Court for an order pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), confirming that the stay of discovery mandated by the PSLRA pending "any motion to dismiss" is in effect in this action as a result of Cole's having filed a motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings, dismissing all claims against him in the above-captioned proceeding on the grounds that the Consolidated Second Amended Complaint for Violations of the Federal Securities Laws, dated February 11, 2011, fails to state a claim upon which relief can be granted and does not meet the requirements of the PSLRA. The Motion applies to all claims against defendant Lee J. Cole in all actions that have been consolidated in the above-captioned proceeding. The Motion is based on this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities and the Declaration of Jeffrey J. Greenbaum, Esq. and exhibits thereto, and on such other further written and oral argument as may be presented at or before the time the Court makes a ruling on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place telephonically on August 12, 2011, as well as previous e-mail exchanges between counsel on August 9, 2011.

| | |
|---|---|
| DATED: August 29, 2011 | Respectfully submitted, |
| | By: *s/ Lawrence B. Steinberg* <br> Lawrence B. Steinberg, Esq. <br> Buchalter Nemer, a Professional Corporation <br> 1000 Wilshire Boulevard, Suite 1500 <br> Los Angeles, CA 90017-2457 <br> Telephone: (310) 460-4481 <br> Facsimile: (310) 282-8213 |
| | -and- |
| Kenneth R. Schachter, Esq. (pro hac vice) <br> Sills Cummis & Gross P.C. <br> 30 Rockefeller Plaza, 29th floor <br> New York, New York 10112 <br> Telephone: (212) 643-7000 <br> Facsimile: (212) 643-6500 | Jeffrey J. Greenbaum, Esq. (pro hac vice) <br> Hervé Gouraige, Esq. (pro hac vice) <br> Sills Cummis & Gross P.C. <br> One Riverfront Plaza <br> Newark, New Jersey 07102 <br> Telephone: (973) 643-7000 <br> Facsimile: (973) 643-6500 |
| | Counsel for Defendant Lee J. Cole |

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

3

DEFENDANT LEE J. COLE NOTICE OF MOTION AND MOTION
TO CONFIRM EXISTENCE OF STAY PURSUANT TO PSLRA

No. SACV-10-002552-DOC(RNBx)

Lawrence B. Steinberg, Esq.
Buchalter Nemer, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (310) 460-4481
Facsimile: (310) 282-8213

-and-

Jeffrey J. Greenbaum, Esq. (pro hac vice)
Hervé Gouraige, Esq. (pro hac vice)
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500

Kenneth R. Schachter, Esq. (pro hac vice)
Sills Cummis & Gross P.C.
30 Rockefeller Plaza, 29th floor
New York, New York 10112
Telephone: (212) 643-7000
Facsimile: (212) 643-6500

Counsel for Defendant Lee J. Cole

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALTON PETRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC GAME CARD, INC.; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN, PAUL FARREL, EUGENE CHRISTIANSEN, ANNA HOUSSELS, AND THE ESTATE OF LORD LEONARD STEINBERG AND DOMINIC BURKE, LYNNE ROCHELLE ATTIAS, AND JOHATHAN STEINBERG AS EXECUTORS/TRUSTEES/ REPRESENTATIVES OF THE ESTATE OF LORD STEINBERG, DEFENDANTS,<br><br>Defendant. | Case No.  SACV-10-00252-DOC(RNBx)<br><br>CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LEE J. COLE'S MOTION TO CONFIRM THE EXISTENCE OF A STAY OF DISCOVERY UNDER THE PSLRA PENDING DETERMINATION OF COLE'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)<br><br>Hearing:  September 26, 2011<br>Time:     8:30 a.m.<br>Judge:    The Hon. David O. Carter |

## **PRELIMINARY STATEMENT**

Defendant Lee J. Cole ("Cole") has filed a motion, pursuant to Fed. R. Civ. 12(c), for dismissal of the claims against him based on the pleadings, the functional equivalent of a motion to dismiss under Rule 12(b)(6). Under the PSLRA, this type of motion mandates a stay of all discovery while the Court determines whether the plaintiffs have sufficiently alleged a violation of the federal securities laws. The stay is particularly appropriate here, where the Court has already held (before Cole appeared) that the very same allegations failed to adequately state a claim under Section 10(b) and Rule 10b-5 as to four other defendants. If the Court grants Cole's motion for judgment on the pleadings, there will be nothing left of plaintiffs' Second Amended Complaint.

Congress enacted the automatic stay of discovery as part of the PSLRA in order to prevent defendants from having to spend substantial sums in legal fees and costs in discovery until there was a threshold determination that a complaint is legally sufficient to withstand dismissal as a matter of law. The only difference between this motion and one to dismiss under Rule 12(b)(6) is that the latter is made before an answer; the legal standard on the motions is the same. Accordingly, Courts have recognized that both types of motions implicate the PSLRA mandate to stay discovery.

In our view, the PSLRA mandated stay came into effect on August 8, 2011, when Cole's counsel first contacted lead plaintiffs' counsel to meet and confer and to advise that, absent agreement, Cole would shortly be filing his motion for judgment on the pleadings. Plaintiffs' counsel disagreed with Cole's position that all discovery is stayed, and within days of the first "meet and confer" contact plaintiffs' counsel rushed out fifty-seven requests for production of documents to all defendants.

Since plaintiffs assert that the time to respond to the document requests is

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LEE J. COLE'S MOTION TO CONFIRM DISCOVERY STAY

No. SACV-10-002552-DOC(RNBx)

running, Cole respectfully asks this Court to declare and confirm that all discovery is stayed under the PSLRA pending a determination of Cole's motion.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs brought this action under the federal securities laws in March 2010. After lead plaintiffs were appointed on June 4, 2010, a Consolidated First Amended Complaint was filed on September 13, 2010. [Docket Entry nos. 11, 22.] On January 12, 2011, the Court dismissed plaintiffs' claims under Section 10(b) and Rule 10b-5 against defendants Kevin Donovan, Eugene Christiansen, Paul Farrell and Anna Houssels. [Docket Entry no. 80.] In response, plaintiffs filed a Second Amended Complaint ("SAC") on February 11, 2011. [Docket Entry no. 83.] In the SAC, plaintiffs abandoned their Section 10(b) claims against Christiansen, Farrell and Houssels. [*Id.*] Donovan again moved to dismiss, and on May 26, 2011, the Court again dismissed the Section 10(b) claims against Donovan. [Docket Entry no. 121.] Plaintiffs declined the Court's leave to file a third amended complaint. [Docket Entry no. 121, at 5 (dismissing Section 10(b) claims in SAC against defendant Kevin Donovan and granting plaintiffs until June 17, 2011 to file further amended complaint); Docket Entry no. 154, at 22 (representation by plaintiffs' counsel that plaintiffs do not intend to file third amended complaint).]

Following a dispute between plaintiffs and Cole over whether service of process was properly effected upon him outside the United States, on May 20, 2011, the parties entered into a stipulation extending Cole's time to answer the SAC. [Docket Entry no. 113.] At that time, the Court already had under consideration defendant Kevin Donovan's second motion to dismiss, and plaintiffs were seeking a default against Cole. To avoid litigating the default motion, Cole agreed to answer without making a pre-answer motion. The stipulation did not preclude a post-answer motion for judgment on the pleadings pursuant to Fed. R.

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LEE J. COLE'S MOTION TO CONFIRM DISCOVERY STAY

No. SACV-10-002552-DOC(RNBx)

Civ. P. 12(c). [*Id.*] Cole filed his answer on June 10, 2011. [Docket Entry no. 125.]

As detailed in the accompanying Declaration of Jeffrey Greenbaum, Esq., counsel for Cole, from August 8 to 12, 2011, in accordance with L. Civ. R. 7-3, the parties engaged in unsuccessful "meet and confer." Plaintiffs' counsel refused to acknowledge a discovery stay under the PSLRA and made clear that they expected responses to their document requests, e-mailed after they were informed of Cole's planned motion to dismiss under Rule 12(c).

## ARGUMENT

### UNDER THE PSLRA, ALL DISCOVERY MUST BE STAYED PENDING THE COURT'S DISPOSITION OF COLE'S MOTION FOR JUDGMENT ON THE PLEADINGS

The PSLRA was enacted to reform "abusive practices committed in private securities litigation." H.R. Rep. No. 104-369, at 31 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730. One area of abuse that was specifically targeted was "the abuse of the discovery process to impose costs so burdensome that it is often economical for the victimized party to settle." *Id.* Accordingly, the PSLRA provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). The Ninth Circuit has observed that "[t]he 'Stay of Discovery' provision of the [PSLRA] clearly contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint.*" *SG Cowen Sec. Corp. v. United States Dist. Court*, 189 F.3d 909, 912-913 (9th Cir. 1999) (quoting S. Rep. No. 104-98, at 14, *reprinted in* 1995 U.S.C.C.A.N. 693) (emphasis added).

The stated policy behind the PSLRA of protecting defendants from

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LEE J. COLE'S MOTION TO CONFIRM DISCOVERY STAY
No. SACV-10-002552-DOC(RNBx)

burdensome and potentially unnecessary discovery is so strong that courts have imposed the statutory stay of discovery *even before* a dispositive motion based on the pleadings has been made, as long as a defendant has announced an intention to file such a motion, as Cole's counsel did here, on August 8 and 9, 2011. *See In re Cardinal Health Sec. Litig.*, 365 F. Supp.2d 866, 870 n.3 (S.D. Ohio 2005); *In re Crompton Corp. Sec. Litig.*, No. 03-cv-1293, 2005 U.S. Dist. LEXIS 23001, *6 n.2 (D. Conn. July 25, 2005); *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 543-544 (N.D. Ohio 2004); *In re DPL Inc. Sec. Litig.*, 247 F. Supp. 2d 946, 947 (S.D. Ohio 2003); *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 681 (D. Md. 2000).

There is no question that a motion for judgment on the pleadings pursuant to Rule 12(c) is "functionally identical" to a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *Cardenas v. McLane Foodservice, Inc.*, No. CV 10-473-DOC (FFMx), 2011 U.S. Dist. LEXIS 13126, 4-5 (C.D. Cal. Jan. 31, 2011). Both motions are evaluated according to the same legal standard, *see id.*, and are subject to the same standard of review on appeal. *See Cafasso, supra*, 637 F.3d at 1054 n.4. Fed. R. Civ. P. 12(h)(2) expressly provides that "failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)." Moreover, the Ninth Circuit allows courts to treat a Rule 12(b)(6) motion as a Rule 12(c) motion if it was made after an answer was filed. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Indeed, the Ninth Circuit has found that the "principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

The PSLRA's stay of discovery applies to motions for judgment on the pleadings is such a basic and non-controversial proposition that there is a paucity of cases in which defendants have been forced to seek a court ruling to effectuate the

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LEE J. COLE'S MOTION TO CONFIRM DISCOVERY STAY

No. SACV-10-002552-DOC(RNBx)

clear language and intent of the PSLRA. What little case law exists, not surprisingly, confirms that a motion for judgment on the pleadings under Rule 12(c) stays discovery pursuant to the PSLRA for both types of motions. In *Brown v. Kinross Gold USA, Inc.,* Case No. 02-cv-0605-PMP-RJJ (D. Nev. Sept. 23, 2003), the court held that the stay provision of the PSLRA applied to stay discovery as well as consideration of the plaintiffs' motion for class certification until the resolution of the defendant's Rule 12(c) motion for judgment on the pleadings, noting that a Rule 12(c) motion "is in all practicality the same" as a Rule 12(b)(6) motion. *See id.,* slip op. at 3 (attached as Exhibit 2 to the Greenbaum Declaration). The *Kinross* court explained that "Congress intended proceedings such as this to wait until adjudication of preliminary pleadings." *Id.*

Similarly, in *Lewis v. Straka,* Case No. 05C1008, 2007 U.S. Dist. LEXIS 59054 (E.D. Wis. Aug. 13, 2007), the court denied a motion to lift the PSLRA-imposed discovery stay even though it disposed of the only pending motion to dismiss under Rule 12(b)(6). The court noted that there was still a pending motion for judgment on the pleadings that had not been fully briefed. Accordingly, "[t]he stay on discovery will remain in place until such motion is resolved." *Id.* at *14.

Enforcing the PSLRA's discovery stay in this instance is also consistent with the heightened pleading requirements of the statute. Under the PSLRA, the sufficiency of a plaintiff's allegations of securities fraud must be evaluated based on the pleadings, as well as any publicly available documents and documents attached or referred to in the complaint. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *Schwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000). The very purpose of the discovery stay was to prevent plaintiffs from filing "frivolous lawsuits in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint." S. Rep. No. 104-98, at 14, *reprinted in* 1995 U.S.C.C.A.N. 693.

The Ninth Circuit views that legislative purpose with the utmost seriousness.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LEE J. COLE'S MOTION TO CONFIRM DISCOVERY STAY

No. SACV-10-002552-DOC(RNBx)

In *SG Cowen, supra,* 189 F.3d 909, the court granted the "extraordinary remedy" of issuing a writ of mandamus to vacate a district court's order granting limited discovery to plaintiffs. The court held that "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *Id.* at 912. *See also Medhekar v. United States Dist. Court,* 99 F.3d 325, 328 (9th Cir. 1996) (granting writ of mandamus to vacate district court's order that defendants produce Rule 26(a)(1) initial disclosures during pendency of motion to dismiss).

There is every reason to enforce the PSLRA discovery stay in this case. The pleadings have only recently closed for Cole. Defendant Linden Boyne has only recently appeared and has until September 2, 2011 to file his answer. [Docket Entry no. 151.] Discovery has not begun in earnest, other than the exchange of initial disclosures,[1] except for certain third-party subpoenas served by plaintiffs and the document requests just served on defendants by plaintiffs after this dispute regarding the PSLRA's discovery stay arose. The parties have agreed to mediate this dispute on October 5, 2011. Discovery would detract from that effort and impose unnecessary costs and burdens.

Moreover, as already noted, Cole's motion for judgment on the pleadings challenges the legal sufficiency of the SAC. Specifically, as explained fully in those motion papers, the SAC fails to adequately allege falsity or scienter as to Cole, grounds that lead to the complete dismissal of the SAC.

It also bears remembering that plaintiffs now have had three chances to state

---

[1] Cole served his initial disclosures without prejudice to his position that discovery is stayed pursuant to the PSLRA as a result of his motion for judgment on the pleadings, after plaintiffs refused to consent to extend the deadline in view of the planned motion. Indeed, the only reason he served those disclosures was that there was not sufficient time to file this motion before the Court-ordered deadline for making the disclosures. [Greenbaum Dec. ¶ 7.]

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LEE J. COLE'S MOTION TO CONFIRM DISCOVERY STAY

No. SACV-10-002552-DOC(RNBx)

their claim, in their original complaint, the Consolidated First Amended Complaint, and the SAC, and, to date, the Court has dismissed the Section 10(b) and 10b-5 claims as to every defendant that has moved to dismiss those claims. Moreover, the Court gave plaintiffs yet another chance to amend their complaint, but plaintiffs have opted to stand or fall on the SAC.

Consistent with Congress's legislative purpose in enacting the PSLRA, with both heightened pleading requirements and a mandatory stay of discovery, the Court should evaluate the SAC as it stands now. It should not subject Cole and all parties to huge fees and expenses in discovery when plaintiffs have already failed to sustain their Section 10(b) claims against any parties who have challenged the SAC to date. Plaintiffs must rest on their third opportunity to state a claim, not on their frantic efforts to take discovery to see if they can find one.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LEE J. COLE'S MOTION TO CONFIRM DISCOVERY STAY

No. SACV-10-002552-DOC(RNBx)

## CONCLUSION

For the foregoing reasons, defendant Lee Cole respectfully requests that the Court grant his motion and confirm that all discovery is stayed pending the Court's resolution of Cole's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

DATED: August 29, 2011

Respectfully submitted,

By: *s/ Lawrence B. Steinberg*
Lawrence B. Steinberg, Esq.
Buchalter Nemer, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (310) 460-4481
Facsimile: (310) 282-8213

-and-

Kenneth R. Schachter, Esq. (pro hac vice)
Sills Cummis & Gross P.C.
30 Rockefeller Plaza, 29th floor
New York, New York 10112
Telephone: (212) 643-7000
Facsimile: (212) 643-6500

Jeffrey J. Greenbaum, Esq. (pro hac vice)
Hervé Gouraige, Esq. (pro hac vice)
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500

Counsel for Defendant Lee J. Cole

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LEE J. COLE'S MOTION TO CONFIRM DISCOVERY STAY

No. SACV-10-002552-DOC(RNBx)