Lawrence B. Steinberg, Esq.
Buchalter Nemer, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (310) 460-4481
Facsimile: (310) 282-8213

-and-

Jeffrey J. Greenbaum, Esq. (pro hac vice)
Hervé Gouraige, Esq. (pro hac vice)
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500

Kenneth R. Schachter, Esq. (pro hac vice)
Sills Cummis & Gross P.C.
30 Rockefeller Plaza, 29th floor
New York, New York 10112
Telephone: (212) 643-7000
Facsimile: (212) 643-6500

Counsel for Defendant Lee J. Cole

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALTON PETRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC GAME CARD, INC.; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN, PAUL FARREL, EUGENE CHRISTIANSEN, ANNA HOUSSELS, AND THE ESTATE OF LORD LEONARD STEINBERG AND DOMINIC BURKE, LYNNE ROCHELLE ATTIAS, AND JOHATHAN STEINBERG AS EXECUTORS/TRUSTEES/ REPRESENTATIVES OF THE ESTATE OF LORD STEINBERG, DEFENDANTS,<br><br>Defendant. | Case No. SACV-10-00252-DOC(RNBx)<br><br>CLASS ACTION<br><br>DECLARATION OF JEFFREY J. GREENBAUM IN SUPPORT OF DEFENDANT LEE J. COLE'S MOTION TO CONFIRM THE EXISTENCE OF A STAY OF DISCOVERY UNDER THE PSLRA PENDING DETERMINATION OF COLE'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)<br><br>Hearing:  September 26, 2011<br>Time:     8:30 a.m.<br>Judge:    The Hon. David O. Carter |

Jeffrey J. Greenbaum, a member of the law firm of Sills Cummis & Gross P.C., admitted to this Court *pro hac vice* as counsel for defendant Lee J. Cole ("Cole") in this action, declares as follows:

1.      I make this declaration in support of Cole's motion to confirm the existence of a stay of all discovery pursuant to the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B), pending a determination of Cole's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

2.      On Monday, August 8, 2011, I telephoned plaintiffs' counsel, Laurence Rosen, Esq., to advise him that, absent agreement, Cole would shortly be filing a motion for judgment on the pleadings pursuant to Rule 12(c) and to confer with counsel regarding the motion in accordance with L. Civ. R. 7-3, but was told that Mr. Rosen was out of the office that week.

3.      The next day, I e-mailed Mr. Rosen and his co-counsel, Phillip Kim, Esq., and asked one of them to call so that they could discuss Cole's proposed Rule 12(c) motion.

4.      Mr. Rosen declined to speak at that time but in e-mail exchanges that followed, I also advised Mr. Rosen that, in Cole's view, his Rule 12(c) motion resulted in a statutory stay of discovery under the PSLRA.  Mr. Rosen would not acknowledge the discovery stay.

5.      Two days later, on Thursday, August 11, 2011, Mr. Rosen's co-counsel Mr. Kim e-mailed a set of Requests for Production of Documents to all defendants, with fifty-seven separately numbered requests.  A true and correct copy of those Requests and Mr. Kim's transmittal e-mail is attached hereto as Ex. 1.

6.      Since Mr. Kim was available (even if Mr. Rosen was not), I called Mr. Kim on August 12, 2011 in order not to unduly delay the filing of Cole's motion for judgment on the pleadings, and to meet and confer on a proposed motion to confirm the PSLRA stay if plaintiffs continued to refuse to acknowledge it.  We discussed Cole's impending dispositive motion as well as its impact on discovery.  Mr. Kim

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

2

DECLARATION OF JEFFREY GREENBAUM IN SUPPORT OF DEFENDANT
COLE'S MOTION TO CONFIRM EXISTENCE OF PSLRA DISCOVERY STAY                No. SACV-10-002552-DOC(RNBx)

1  refused to acknowledge any stay and made clear he expected discovery responses in

2  thirty days.

3       7.    On August 15, 2011, in accordance with the Court's Scheduling Order,

4  Cole served his Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  Cole's

5  disclosures were made without prejudice to his position that discovery is stayed

6  pursuant to the PSLRA as a result of his announced intention to file his motion for

7  judgment on the pleadings.  Cole served his disclosures because plaintiffs' counsel

8  refused to acknowledge the PSLRA stay and there was not sufficient time to file

9  this motion before the Court-ordered deadline for making the disclosures.

10       8.    A true and correct copy of the decision and Order of the District Court

11  for the District of Nevada (Hon. Kent J. Dawson, U.S.D.J.) dated September 23,

12  2003, in the case of *Brown v. Kinross Gold USA, Inc.*, No. CV-S-02-0605-KJD

13  (RJJ), which is referred to in the accompanying Memorandum of Points and

14  Authorities, is attached hereto as Exhibit 2.

15       I declare under penalty of perjury that the foregoing is true and correct.

16

17  Executed on August 18, 2011

18

19  _____

20  JEFFREY J. GREENBAUM

21

22

23

24

25

26

27

28

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

DECLARATION OF JEFFREY GREENBAUM IN SUPPORT OF DEFENDANT
COLE'S MOTION TO CONFIRM EXISTENCE OF PSLRA DISCOVERY STAY     No. SACV-10-002552-DOC(RNBx)

# EXHIBIT 1

Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Street, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

-and-

Phillip Kim, Esq. (pro hac vice)
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

Lead Counsel for Plaintiffs and Class

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| DALTON PETRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br>     Plaintiff, <br><br>     vs. <br><br> ELECTRONIC GAME CARD, INC.; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN, PAUL FARRELL, EUGENE CHRISTIANSEN,  ANNA HOUSSELS, AND THE ESTATE OF LORD LEONARD STEINBERG AND, DOMINIC BURKE, LYNNE ROCHELLE ATTIAS, AND JONATHAN STEINBERG AS EXECUTORS/TRUSTEES/ REPRESENTATIVES OF THE ESTATE OF LORD STEINBERG, <br><br>     Defendants. | Case No.: SACV-10-00252-DOC(RNBx) <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS** <br><br> <u>Hon. David O. Carter</u> |

1

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)

EXHIBIT "1"  4

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN, PAUL FARRELL, EUGENE CHRISTIANSEN, ANNA HOUSSELS, AND THE ESTATE OF LORD LEONARD STEINBERG AND, DOMINIC BURKE, LYNNE ROCHELLE ATTIAS, AND JONATHAN STEINBERG AS EXECUTORS/TRUSTEES/ REPRESENTATIVES OF THE ESTATE OF LORD STEINBERG**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26 and 34 of the Local Civil Rules of the United States District Court for the Central District of California, Lead Plaintiffs Dr. Thomas Lee, his wife Margaret Yu, and Scott Lovell (collectively, "Plaintiffs") request that defendants Lee J. Cole, Linden Boyne, Kevin Donovan, Paul Farrell, Eugene Christiansen, Anna Houssels, and the Estate of Lord Leonard Steinberg and, Dominic Burke, Lynne Rochelle Attias, and Jonathan Steinberg as Executors/Trustees/Representatives of the Estate of Lord Steinberg (collectively, "Defendants") each produce, within thirty (30) days of service hereof, for inspection and copying the Documents described herein which are in the possession, custody or control of said Defendants or their officers, agents, employees, attorneys, or any and all persons acting on its or their behalf, at the offices of the Rosen Law Firm, P.A. located at 275 Madison Avenue, 34th Floor, New York, New York, 10016.   Defendants shall supplement their responses under Rule 26(e).

The following definitions and instructions shall apply to each and every part of this First Request for Production of Documents (the "Request"), as if fully set forth therein:

## DEFINITIONS

1. "All/Each." The terms "all" and "each" shall be construed as all and each.

2

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)

EXHIBIT "1"  5

2. "And/Or."   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. "EGC" means Electronic Game Card, Inc., a Nevada Corporation, as well as any of its directors, officers, agents (including, but not limited to, attorneys, accountants, experts, consultants, investment advisors or bankers), employees, representatives, divisions, branches, parents, subsidiaries, affiliates, and any other person or entity purporting to act on its behalf and any predecessor or successor company; and all current and prior purported subsidiaries of Electronic Game Card, Inc., including, but in no way limited to, Electronic Game Card Marketing, Inc. (previously Electronic Game Card, Inc., a privately held Delaware Corporation), Electronic Game Card, Ltd., a United Kingdom company, as well as two Delaware entities, Electronic Game Card, Inc. and Electronic Game Card Manufacturing, Inc., cited by Defendant Anna Houssels in her January 25, 2010 resignation letter (*See* Complaint ¶140c).

4. "Concerning" means relating to, referring to, describing, evidencing or constituting.

5. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6. "Complaint" means, collectively, the Consolidated Second Amended Class Complaint for Violations of the Federal Securities Laws filed in this action on February 11, 2011, the Notice of Errata Regarding Consolidated Second Amended For Violations of the Federal Securities Laws, filed on February 17, 2011, the Second Notice of Errata Regarding Consolidated Second Amended Complaint For Violations of the Federal Securities Laws, filed on March 23, 2011, and all contents, exhibits, and documents incorporated by reference therein.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)                    EXHIBIT "1"  6

7. "Defendants" mean all persons who are defendants in this case.

8. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

9. "Electronically Stored Information" or "ESI" includes e-mail and other electronic Documents stored on a party's shared server or a custodian's local computer.

10. "Individual Defendants" means Lee J. Cole ("Cole"), Linden Boyne ("Boyne"), Kevin Donovan ("Donovan"), Paul Farrell ("Farrell"), Eugene Christiansen ("Christiansen"), Anna Houssels ("Houssels'), and the Estate of Lord Leonard Steinberg and, Dominic Burke, Lynne Rochelle Attias, and Jonathan Steinberg as Executors/Trustees/Representatives of the Estate of Lord Steinberg (collectively referred to as "Steinberg").

11. "M&B" means Mendoza and Berger and Company, LLP and its directors, officers, agents (including, but not limited to, attorneys, accountants, experts, consultants, investment advisors or bankers), employees, representatives, divisions, branches, subsidiaries, parents, affiliates, and any other person or entity purporting to act on its behalf and any predecessor or successor company.

12. "R&H" means Robison, Hill & Co. and its directors, officers, agents (including, but not limited to, attorneys, accountants, experts, consultants, investment advisors or bankers), employees, representatives, divisions, branches, subsidiaries, parents, affiliates, and any other person or entity purporting to act on its behalf and any predecessor or successor company.

13. "PwC" means PricewaterhouseCoopers LLP, and its directors, officers, agents (including, but not limited to, attorneys, accountants, experts, consultants, investment advisors or bankers), employees, representatives, divisions,

4

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)

EXHIBIT "1"  7

branches, subsidiaries, parents, affiliates, and any other person or entity purporting to act on its behalf and any predecessor or successor company.

14. "G.C. Anderson" means G.C. Anderson Partners, and its directors, officers, agents (including, but not limited to, attorneys, accountants, experts, consultants, investment advisors or bankers), employees, representatives, divisions, branches, subsidiaries, parents, affiliates, and any other person or entity purporting to act on its behalf and any predecessor or successor company.

15. "Pequot" means Pequot Capital Management, and its directors, officers, agents (including, but not limited to, attorneys, accountants, experts, consultants, investment advisors or bankers), employees, representatives, divisions, branches, subsidiaries, parents, affiliates, and any other person or entity purporting to act on its behalf and any predecessor or successor company.

16. "Manatuck" means Manatuck Hill Partners, and its directors, officers, agents (including, but not limited to, attorneys, accountants, experts, consultants, investment advisors or bankers), employees, representatives, divisions, branches, subsidiaries, parents, affiliates, and any other person or entity purporting to act on its behalf and any predecessor or successor company.

17. The use of the singular form of any word includes the plural and vice versa.

18. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

19. "Person" is defined as any natural person or any business, legal or governmental entity or association.

20. "You" and "Your" refers to EGC and the Individual Defendants, and each of them, and includes their counsel, representatives, agents, contractors,

5

successors, predecessors, subsidiaries, affiliates, employees, servants, investigators and consultants.

## **INSTRUCTIONS**

You shall respond to these Document Requests in a manner consistent with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Central District of California, and the following instructions:

1. Unless otherwise indicated, each request in these Document Requests encompasses all responsive Documents that were created, modified or reviewed on or after January 1, 2001 (the "Relevant Time Period").

2. You should construe these requests as follows: (a) the singular includes the plural and the plural includes the singular; (b) the masculine, feminine, or neuter pronoun includes the other genders; (c) the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (d) the words "any" and "all" shall include each and every; and (e) the present tense of a verb includes its past tense and vice versa.

3. Documents attached to each other should not be separated.

4. Documents not otherwise responsive to this discovery request shall be produced if such Documents mention, discuss, refer to or explain the Documents which are called for by this Document Request, or if such Documents are attached to or accompany Documents called for by this Document Request.

5. You should either produce the requested Documents as they are kept in the usual course of business or organize and label them to correspond to the categories in the request.

6. Documents produced to us must meet the following requirements. We require delivery of:

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)

EXHIBIT "1"  9

a. single page TIFFs at a 300 DPI resolution which are named for the Bates number of the page;

b. not more than 1000 images per folder;

c. a data file that contains all of the metadata fields (both system and application – see list below) from the original native Documents, provided:

    i. the data file of extracted metadata should be delimited with the Concordance default characters – ASCII 020 for the comma character and ASCII 254 for the quote character. The use of commas and quotes as delimiters is not acceptable, and

    ii. the database field name should be included in the first line of the metadata file listed in the order they appear in the file;

b. a Summation Viewer image load file, provided:

    i. the D boundary flag should be used for parent emails and the C boundary flag for any email attachments,

    ii. mail folders should be denoted with the F boundary flag, and

    iii. loose Documents from servers and other locations should be classified as a document (D flag). Any embedded Documents (Documents found within Documents) should be classified as attachments (C flag) to the Document in which they are found;

c. extracted text in Document-level text files named to match the BEGDOCNO value, provided:

    i. the text files should be organized in a separate folder from the images and the data and image load files,

7

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)

EXHIBIT "1"  10

ii.          there should not be more than 1000 text files per folder, and

iii.          a load file containing the BEGDOCNO and the path to the appropriate text file should also be included; and

d.          for electronic Documents created in Excel (spreadsheets) or Access (databases), copies of those Documents in native format.

| Field | Field Name | Format | Description |
|---|---|---|---|
| 1 | BEGDOCNO | Text | Image key of first page of Document |
| 2 | ENDDOCNO | Text | Image key of last page of Document |
| 3 | BEGATTACH | Text | For emails/attachments ONLY: Image key of the first page of the parent email. Please DO NOT populate these fields for emails with no attachments. |
| 4 | ENDATTACH | Text | For emails/attachments ONLY: Image key of the last page of the last attachment. Please DO NOT populate these fields for emails with no attachments. |
| 5 | CUSTODIAN | Text | Custodian from whom Documents were collected |
| 6 | AUTHOR | Text | Email "From" data or user/author name from electronic files |

8

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)

EXHIBIT "1"  11

| Field | Field Name | Format | Description |
|-------|-----------|--------|-------------|
| 7 | RECIPIENT | Text | Email "To" data (semi-colon delimited, if multiple entries) |
| 8 | CC | Text | Email "CC" data (semi-colon delimited, if multiple entries) |
| 9 | BCC | Text | Email "BCC" data (semi-colon delimited, if multiple entries) |
| 10 | MAILSUBJECT | Text | Email subject.  This value should be populated down to any children/attachments of the parent email. |
| 11 | MAILDATE | MM/DD/Y | Email date sent.  This value should be populated down to any children/attachments of the parent email. |
| 12 | MAILTIME | HH:MM:SS | Email time sent, in military time.  This value should be populated down to any children/attachments of the parent email. |
| 13 | ATTACHMENTS | Text | Semi-colon delimited list of the **original file names** of any attachments to an email |
| 14 | FILENAME | Text | For emails:  Mail subject<br>For attachments and e-files:  File name from source media |
| 15 | HASH_VALUE | Text | Hash value generated for purposes of deduplication if performed |

9

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)

EXHIBIT "1"  12

7. Preservation of ESI as Ordinarily Maintained: ESI shall be preserved in the form in which it is ordinarily maintained.

8. Not Reasonably Accessible ESI: If you decline to search or produce ESI on the grounds that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost you claim is associated with the search or production of such ESI including, but not limited to, the specific media on which the ESI is stored, the software used to store such ESI, the date(s) on which you assert the ESI became not reasonably accessible, all instances in which the ESI was restored to a more accessible form for reasons other than disaster recovery, and indices and catalogues of such ESI.

9. Identification of Sources Not Searched: If you decline to search any sources of potentially relevant ESI without asserting that such ESI is not reasonably accessible, identify such sources and explain why you are not searching such sources.

10. De-Duplication: For each individual custodian, the responding party shall carry out electronic de-duplication of the ESI within each custodian's email account or file directory(ies) and will produce one electronic copy of each Document, except insofar as electronic de-duplication does not eliminate multiple copies or a duplicate Document is an email attachment, in which case the duplicate Document shall be produced in conjunction with the parent email.

11. Search Terms: Use of search terms, date restrictions and/or file types shall be disclosed and subject to review and approval by the requesting party.

12. All Documents or things that respond in whole or in part to any portion of these requests are to be produced in their entirety, including attachments and enclosures.

10

13. If you object to any part of these Document Requests, please (a) state each objection you assert in sufficient detail to permit the Court to determine the validity of the objection; and (b) produce all responsive Documents (or portions of Documents) to which your objection does not apply.

14. If you claim that all or any part of any Document Request is vague or ambiguous, please identify the specific language you consider vague or ambiguous and state the interpretation of the language in question you used to frame your response.

15. If you redact information or otherwise withhold information or Documents (including attachments to Documents) responsive to these Document Requests based upon any claim of privilege, or for any other reason, provide a log that includes at least the following information on a Document-by-Document basis: (a) the specific privilege asserted or other particular reason you rely upon for not producing the Document or information; (b) the date of the Document and any different date when it was prepared; (c) the author, addressee(s) and copyee(s) of each Document; (d) the subject matter of the Document or information withheld; (e) the medium (*e.g.*, paper or electronic), type (*e.g.*, letter, memorandum, presentation) and length of the Document as well as the existence of any attachments if they are also being withheld as privileged.

16. The requests contained in these Document Requests are continuing and require supplemental responses as provided for in the Federal Rules of Civil Procedure if you (or any person acting on your behalf) should obtain additional information called for by the requests between the time of the original responses and the time set for trial. Each supplemental response shall be served on Plaintiff no later than thirty (30) days after the discovery of the further information.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)
EXHIBIT "1"   14

17. One copy of each requested Document should be produced. A Document that varies in any way from the original or from any other copy, including drafts or a Document with handwritten notations or deletions, constitutes a separate Document and must be produced, whether or not the original is in your possession, custody, or control. Color (*i.e.*, not black and white) originals should be produced in color. If an identical copy cannot be produced for any reason (*e.g.*, faint writing, erasures, *etc.*), produce the original. **Indicate the origin of each Document and number each Document with consecutive Bates numbers.**

## DOCUMENTS REQUESTED

**DOCUMENT REQUEST NO. 1:**  All Documents concerning EGC's Securities and Exchange Commission ("SEC") filings including all Documents used, reviewed, or relied upon in drafting these filings and including Communications with any Individual Defendant, EGC, M&B, R&H, and PwC employee, agent, consultant, attorney, expert, advisor or any other person concerning the SEC filings.

**DOCUMENT REQUEST NO. 2:**  To the extent not produced in response to any other request herein, all Documents concerning a purported 2002 agreement (the "2002 Agreement") between EGC, Electronic Game Card, Ltd, and other parties as described in ¶ 67 of the Complaint.

**DOCUMENT REQUEST NO. 3:**  To the extent not produced in response to any other request herein, all Documents concerning any and all Communications involving, either individually or jointly, any one of the Individual Defendants, M&B, R&H, PwC, and any other person regarding the 2002 Agreement.

**DOCUMENT REQUEST NO. 4:**  To the extent not produced in response to any other request herein, all Documents concerning one or more purported or actual bank accounts or other financial accounts with R.I.C. Asset

12

Management Limited purportedly or actually owned, controlled, and/or accessed by EGC, Electronic Game Card, Ltd, another EGC subsidiary, and/or one or more of the Individual Defendants.

**DOCUMENT REQUEST NO. 5:**   To the extent not produced in response to any other request herein, all Documents concerning the reversion of Electronic Game Card, Ltd. to a master license as described by Defendant Cole in his letter dated February 25, 2010 and referenced in ¶67b of the Complaint.

**DOCUMENT REQUEST NO. 6:**   To the extent not produced in response to any other request herein, all Documents concerning the ownership and control, or lack thereof, of Electronic Game Card, Ltd., a United Kingdom company, by EGC, any Individual Defendant, and/or any other person.

**DOCUMENT REQUEST NO. 7:**   To the extent not produced in response to any other request herein, all Documents concerning the transfer of ownership and control of Electronic Game Card, Ltd., as well as its cash and assets.

**DOCUMENT REQUEST NO. 8:**   To the extent not produced in response to any other request herein, all Documents concerning (a) the nature of EGC's ownership and control of the companies identified in the Company's periodic reports filed with the SEC as being a subsidiary or otherwise owned or controlled by EGC, and/or (b) whether EGC's ownership and control of such subsidiaries is predicated and/or dependent on one or more agreements, covenants, contracts, or the like.

**DOCUMENT REQUEST NO. 9:**   To the extent not produced in response to any other request herein, all Documents referenced in PwC's July 22, 2011 response, attached hereto as Exhibit 1, to Plaintiffs' subpoena, served on July 15, 2011.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)   EXHIBIT "1"   16

**DOCUMENT REQUEST NO. 10:**  To the extent not produced in response to any other request herein, all Documents concerning the resignation of Defendant Houssels and/or her January 25, 2010 resignation letter to EGC.

**DOCUMENT REQUEST NO. 11:**  To the extent not produced in response to any other request herein, all Documents concerning Steinberg's: (a) appointment and selection of EGC employees, including directors and officers, (b) Steinberg's meetings with one or more Individual Defendants regarding Steinberg's interest in investing in and managing EGC, and/or (c) his eventual assumption of the role of Executive Chairman of the Board of Directors of EGC.

**DOCUMENT REQUEST NO. 12:**  To the extent not produced in response to any other request herein, all Documents concerning Steinberg's hiring of a forensic accountant to perform due diligence of EGC, and/or the results of said due diligence.

**DOCUMENT REQUEST NO. 13:**  To the extent not produced in response to any other request herein, all Documents concerning EGC'S retention of G.C. Anderson, and the services provided to EGC by G.C. Anderson.

**DOCUMENT REQUEST NO. 14:**  To the extent not produced in response to any other request herein, all Documents concerning the purported passing of board control to Defendants Donovan and Christiansen in November 2009 as described in ¶ 63 of the Complaint.

**DOCUMENT REQUEST NO. 15:**  To the extent not produced in response to any other request herein, all Documents concerning EGC's filing, or lack of filing, of a certificate of designation with the Secretary of State of Nevada establishing the terms of EGC's Series A Convertible Preferred Stock.

**DOCUMENT REQUEST NO. 16:**  To the extent not produced in response to any other request herein, all Documents concerning the activity in, and holders of, EGC's Series A Convertible Preferred Stock.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)   EXHIBIT "1"  17

**DOCUMENT REQUEST NO. 17:** To the extent not produced in response to any other request herein, all Documents concerning the amount of EGC common stock outstanding, and/or any request(s) to EGC's transfer agent for a copy of the master control for EGC common stock.

**DOCUMENT REQUEST NO. 18:** To the extent not produced in response to any other request herein, all Documents concerning M&B's audit and/or review of EGC's financial statements and filings with the Securities Exchange Commission ("SEC"), and opinions expressed by M&B therein.

**DOCUMENT REQUEST NO. 19:** To the extent not produced in response to any other request herein, all Documents concerning R&H's audit and/or review of EGC's financial statements and filings with the SEC, and opinions expressed by R&H therein.

**DOCUMENT REQUEST NO. 20:** To the extent not produced in response to any other request herein, all Documents concerning M&B's communications to EGC and/or one or more of the Individual Defendants expressing any concerns or questions regarding the Company's cash and cash equivalents, revenues, accounts receivable, ownership of subsidiaries, and/or bank account confirmations.

**DOCUMENT REQUEST NO. 21:** To the extent not produced in response to any other request herein, all Documents concerning R&H's communications to EGC and/or one or more of the Individual Defendants expressing any concerns or questions regarding the Company's cash and cash equivalents, revenues, accounts receivable, ownership of subsidiaries, and/or bank account confirmations.

**DOCUMENT REQUEST NO. 22:** To the extent not produced in response to any other request herein, all Documents concerning M&B's advisement to the Company, as well as all Communications related thereto, that M&B had

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)    EXHIBIT "1"  18

become aware of irregularities in the audit confirmations of a bank account represented to M&B as having been held by Electronic Game Card, Ltd.

**DOCUMENT REQUEST NO. 23:** To the extent not produced in response to any other request herein, all Documents concerning EGC's indication in its May 18, 2010 press release, cited in ¶ 134 of the Complaint, that "preliminary findings have raised significant concerns as to the integrity of audited financial statements for the fiscal years ended December 31, 2006, 2007, and 2008," including, but in no way limited to, Documents concerning the preliminary findings referenced in said statement, as well as any Communications between the Individuals Defendants and/or third parties regarding said preliminary findings.

**DOCUMENT REQUEST NO. 24:** To the extent not produced in response to any other request herein, all Documents concerning Defendant Donovan's failure to certify EGC's 10-Q for the quarter ended March 31, 2009, filed May 15, 2009, and/or EGC's 10-Q for the quarter ended June 30, 2009, filed August 14, 2009, as indicated in ¶¶ 105 and 107 of the Complaint.

**DOCUMENT REQUEST NO. 25:** To the extent not produced in response to any other request herein, all Documents concerning any and all Communications between EGC and/or one or more of the Individual Defendants, and the SEC in reference to the February 19, 2010 trading halt.

**DOCUMENT REQUEST NO. 26:** To the extent not produced in response to any other request herein, all Documents concerning any SEC investigation into and/or legal against EGC and/or one or more of the Individual Defendants, including any SEC subpoenas issued to EGC and/or one or more of the Individual Defendants.

**DOCUMENT REQUEST NO. 27:** To the extent not produced in response to any other request herein, all Documents concerning EGC's inability to

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)

EXHIBIT "1"  19

1   timely file its 10-Q for the quarter ended September 30, 2009, as described

2   in ¶ 116 of the Complaint.

3   **DOCUMENT REQUEST NO. 28:**   To the extent not produced in response to

4   any other request herein, all Documents concerning the SEC's institution of

5   a trading halt in EGC stock on February 19, 2010.

6   **DOCUMENT REQUEST NO. 29:**   To the extent not produced in response to

7   any other request herein, all Documents concerning any and all agreements,

8   contracts, or the like between EGC and Poken Holding AG ("Poken"), a

9   privately held Switzerland company, including, but in no way limited to,

10   any and all Communications between two or more of the Individual

11   Defendants regarding the relationship between EGC and Poken.

12   **DOCUMENT REQUEST NO. 30:**   To the extent not produced in response to

13   any other request herein, all Documents concerning the agreements,

14   covenants, contracts, or the like between Sterling FCS and EGC, referenced

15   in Defendant Cole's April 20, 2010 letter to EGC (cited at ¶ 140a of the

16   Complaint).

17   **DOCUMENT REQUEST NO. 31:**   To the extent not produced in response to

18   any other request herein, all Documents concerning the existence,

19   membership, operations, and/or purpose of EGC's audit committee.

20   **DOCUMENT REQUEST NO. 32:**   To the extent not produced in response to

21   any other request herein, all Documents identifying any personnel who

22   performed work in connection with EGC's SEC filings.

23   **DOCUMENT REQUEST NO. 33:**   To the extent not produced in response to

24   any other request herein, all Documents, including all attachments,

25   evidencing the finding of any investigation or inquiry, whether conducted

26   by EGC employees or by others, into any type of possible wrongdoing

27   whatsoever by EGC related to the subject matter of this litigation, or by any

28   of its current or former directors, officers, employees or agents.   This

17

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)   EXHIBIT "1"  20

request encompasses, but is not limited to, both informal and formal investigations and inquiries and formal and informal reports of the findings of such investigations or inquiries, including notes and other records of oral presentations that set forth such findings.

**DOCUMENT REQUEST NO. 34:**   To the extent not produced in response to any other request herein, all Documents or Electronically Stored Information collected or reviewed in the course of any investigation or inquiry, whether conducted by EGC employees or by others, into any type of possible wrongdoing by EGC related to the subject matter of this litigation, or by any of its current or former directors, officers, employees or agents.

**DOCUMENT REQUEST NO. 35:**   To the extent not produced in response to any other request herein, all minutes of all meetings of EGC's Board of Directors and of its subcommittees, including but not limited to agendas, presentation materials, and drafts of such minutes.

**DOCUMENT REQUEST NO. 36:**   To the extent not produced in response to any other request herein, all briefing materials prepared for any EGC director in preparation for any meeting of EGC's Board of Directors or any of its subcommittees.

**DOCUMENT REQUEST NO. 37:**   To the extent not produced in response to any other request herein, all Documents sufficient to show the current holdings of any EGC securities and all prior transactions in such securities by each Defendant, their immediate families or any entity controlled by a Defendant or his immediate family.

**DOCUMENT REQUEST NO. 38:**   To the extent not produced in response to any other request herein, all Documents sufficient to show what brokerage accounts each Individual Defendant had during his or her tenure at EGC.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)
EXHIBIT "1"  21

**DOCUMENT REQUEST NO. 39:**   To the extent not produced in response to any other request herein, all Documents concerning the adequacy of EGC's internal controls in April and May 2008.

**DOCUMENT REQUEST NO. 40:**   To the extent not produced in response to any other request herein, all Documents concerning Defendant Farrell's relationship with Pequot and/or Manatuck, including, but in no way limited to, Farrell's Communications with Pequot and/or Manatuck during, prior, and/or after Farrell's tenure as an EGC employee.

**DOCUMENT REQUEST NO. 41:**   To the extent not produced in response to any other request herein, all Documents concerning Defendant Farrell's involvement with the Scout Fund Group of Pequot during, prior, and/or after his tenure as an EGC employee.

**DOCUMENT REQUEST NO. 42:**   To the extent not produced in response to any other request herein, all Documents concerning the purchase, sale, and/or transfer by Pequot and/or Manatuck of EGC securities, including, but in no way limited to, any Communications between EGC, Pequot, Manatuck and/or one or more of the Individual Defendants regarding the same.

**DOCUMENT REQUEST NO. 43:**   To the extent not produced in response to any other request herein, all Documents concerning any and all requests for bank account confirmations made by any one or more of the Individual Defendants to verify the funds in EGC's purported or actual bank accounts, including but not limited to the actual bank confirmations.

**DOCUMENT REQUEST NO. 44:**   To the extent not produced in response to any other request herein, all Documents concerning the "25-30" requests for Confirmation of Funds referenced in Houssels' January 25, 2010 resignation letter and cited in ¶ 140c of the Complaint.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)   EXHIBIT "1"   22

**DOCUMENT REQUEST NO. 45:**   To the extent not produced in response to any other request herein, all Documents concerning EGC's purported or actual license deals, agreements, covenants, contracts or the like with Sovereign Game Card.

**DOCUMENT REQUEST NO. 46:**   To the extent not produced in response to any other request herein, all Documents concerning EGC's purported or actual license deals, agreements, covenants, contracts or the like with Scientific Games.

**DOCUMENT REQUEST NO. 47:**   To the extent not produced in response to any other request herein, all Documents concerning the amount and/or status of EGC's – including any one of EGC's purported or actual subsidiaries' – accounts receivable between December 31, 2008 and October 12, 2010.

**DOCUMENT REQUEST NO. 48:**   To the extent not produced in response to any other request herein, all Documents concerning EGC's announcement on May 18, 2010 that its financial statements for the fiscal years ended December 31, 2006, 2007, and 2008 should no longer be relied upon.

**DOCUMENT REQUEST NO. 49:**   To the extent not produced in response to any other request herein, all Documents concerning any and all purported or actual internal investigations conducted by, at the behest of, under the direction or, or otherwise sought by EGC and/or one or more of the Individual Defendants.

**DOCUMENT REQUEST NO. 50:**   To the extent not produced in response to any other request herein, all Documents concerning (a) EGC's February 25, 2010 statement that it was "working diligently with its independent auditor to address the situation and will update investors as soon as possible"; (b) the work cited in the February 25, 2010 statement as performed by EGC,

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)   EXHIBIT "1"   23

the Independent Defendants, and/or the independent auditor; and/or (c) the products of said work.

**DOCUMENT REQUEST NO. 51:**   To the extent not produced in response to any other request herein, all Documents concerning Defendant Boyne and Cole's employment with EGC.

**DOCUMENT REQUEST NO. 52:**   To the extent not produced in response to any other request herein, all Documents concerning any federal, state or other regulatory investigation concerning EGC.

**DOCUMENT REQUEST NO. 53:**   To the extent not produced in response to any other request herein, all Documents concerning the information contained or referred to in any Defendant's Initial Disclosures provided pursuant to Fed. R. Civ. P. 26(a)(1).

**DOCUMENT REQUEST NO. 54:**   Any insurance agreement under which any Person carrying on an insurance business may be liable to satisfy part or all of a judgment against You that may be entered in this action or to indemnify or reimburse You for payments made to satisfy any judgment against You in this action.

**DOCUMENT REQUEST NO. 55:**   To the extent not produced in response to any other request herein, all Documents supporting any defense that You assert in Your Answer to the Complaint in this litigation.

**DOCUMENT REQUEST NO. 56:**   All Documents concerning EGC or any Individual Defendant's document retention or destruction policy, including but not limited to any document retention or destruction policy with respect to ESI.

**DOCUMENT REQUEST NO. 57:**   All   expert   opinions   and   extracts Defendants intend to rely on in this case in support of any claim or defense, including but not limited to, copies of the actual expert opinion or report,

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)

EXHIBIT "1"   24

1    all Communications and Documents exchanged, received, and/or requested

2    in connection with each such expert relied upon by any such Defendant(s).

3

4    Dated:   August 11, 2011

5

6                                    THE ROSEN LAW FIRM, P.A.

7

8    BY: _____

9    Phillip Kim, Esq. (*pro hac vice*)
     Laurence Rosen, Esq. (SBN #219683)

10

11                                   Lead Counsel for Plaintiffs and the Class

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)      EXHIBIT "1"   25

## CERTIFICATE OF SERVICE

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am an attorney with the Rosen Law Firm, P.A.. I am over the age of eighteen.

On August 11, 2011, I served counsel of record for defendants the following **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** by email to counsel of record for defendants.

Executed on August 11, 2011.

Phillip Kim

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
No. SACV 10-00252 DOC (RNBx)

EXHIBIT "1"  26

# EXHIBIT 1



**pwc**

Via Fax and Mail

Phillip Kim
The Rosen Law Firm
275 Madison Avenue, 34th Floor
New York, NY
10016

*Fax: 212-202-3827*

22 July 2011

*Re: Subpoena to PwC in Petrie v. Electronic Game Card*

Dear Mr. Kim:

In response to your July 15 subpoena to PricewaterhouseCoopers LLP (PwC-US), PwC-US did not perform a forensic review of Electronic Game Card (EGC). In or around April 2010, at the request of the PricewaterhouseCoopers partnership in the United Kingdom (PwC-UK), an employee of PwC-US prepared the enclosed inventory of documents in the possession of Kevin Donovan. Aside from the enclosed inventory, we do not possess information on the work performed by PwC-UK regarding EGC. I do not have a copy of the press release described in your subpoena and I do not know if the reference to PricewaterhouseCoopers LLP in that press release could be a reference to PwC-UK.

Please call me if you have any questions.

Very truly yours,

Theodore P. Senger

*PricewaterhouseCoopers LLP, Office of the General Counsel, Three Embarcadero Center, San Francisco, CA 94111*
*T: (415) 498 7894, F: (813) 329 8283, EM: ted.senger@us.pwc.com*

EXHIBIT "1"  28

Electronic Game Card, Inc
Kevin Donovan's Documents

| Critical Stack | File Name | Description |
|---|---|---|
| "Critical Stack A" | Tak Shun - China Manufacture | Email correspondence from Tak Shun to EGC re: "we have invested much costs...on EGC projects and received no orders." Termination of agreement |
| "Critical Stack A" | Materials Sent to FedEx London re: SEC | List of requested documents for the SEC and SEC Subpoena for 2/18/2010 |
| "Critical Stack A" | Lee Cole Cash Transfers 2009-2010 | Email correspondences re: "$225K of expenses that Linden had not been informed of before" |
| "Critical Stack A" | Sterling Financial Contract | Consulting Agreement/Contract dated 3/2/2008 |
| "Critical Stack A" | Sterling Breaches | List of 19 items about breaches made by Sterling Financial including: failure to collect payments for stock option exercises, failure to disclose in SEC filing the existence of the Innovative Pro situation that was entered into on January 2007, failure to maintain a stock register for Series A, and failure to reconcile the common stock outstanding with the Transfer Agent. |
| "Critical Stack A" | Credit Suisse Gibraltar | Letter confirming EGC has an account with Credit Suisse, ended on 1/13/2010; Stand Form to Confirm Account Balance Information with Financial Institutions; EGC and Credit Suisse 3/14/2008; Letter from Credit Suisse saying that account number 207103 is not an account for EGC. |
| "Critical Stack A" | Clydesdale Bank | Docs proving opening of a bank account at Clydesdale Bank under EGC name |
| "Critical Stack A" | Rutan and Tucker | Letter from Rutan to Kevin Donovan re: Engagement Agreement and Conflict Wavier 8/21/2009 |
| "Critical Stack A" | Linden Boyne and Lee Cole Letters | Lee Cole resignation letter 2/26/2010; Linden Boyne dismissal letter and EGC 8k |
| "Critical Stack A" | Mendoza and Barger | "What still troubles me is the fact that the Credit Suisse confirmation were for an account that was not in the name of EGC...This morning's call" 3/10/2010 |
| "Critical Stack A" | SEC and Meredith & Co | Letter from SEC to EGC re: In the Matter of Robert R Meredith & Co. and Meredith Portfolio Management Inc; SEC Subpoena and Investigation 2/4/2010 |
| "Critical Stack A" | First Republic Bank | EGC Unanimous Consent of the Board of Directors Removal from Office; First Republic Bank Corporate Resolution to Open Account |
| "Critical Stack A" | Consulting - Conley | Independent Contractor Services Agreement between EGC and Sean Conley 11/2/2009 |
| "Critical Stack A" | EGC Accounts Payable Info | EGC Open Accountants Payable ledger 2/28/2010; AP Aging Summary and Invoice including: Synergy Financials, Rutan and Tucker and Sean Conley as of 3/19/2010 |
| "Critical Stack A" | Lord Steinberg | Letter from Lord Steinberg to Directors re: Meeting with Lee Cole concerning points made by Rutan and Tucker |
| "Critical Stack A" | RIC Asset Mgmt | Bank of America confirmation on Kevin Donovan holding an account in good standing; Fixed Assets Investment Valuation for RIC Asset Management Limited 2/26/2010 |
| "Critical Stack A" | Monitor D&O Insurance | Monitor Liability Managers letter of proof of D&O Insurance and coverage detail |
| "Critical Stack A" | Class Action Lawsuit | Dalton Petrie v. EGC |
| "Critical Stack A" | G.C. Andersen Partners | Terms and Agreement between EGC and GC Andersen Partners 3/18/2010 |
| "Critical Stack A" | Sherman and Sterling | Scope of Legal Services and Engagement Letters |
| "Critical Stack A" | Lewis and Roca | Invoices for legal services 2/2010 - 3/2010 |
| "Critical Stack A" | PwC London | PwC Engagement Letter |
| "Critical Stack A" | NDA BBS Capital | Confidentiality Agreement for BBS Capital 3/29/2010 |
| "Critical Stack A" | Chartis Insurance | Loss Control Survey Appointment - Product Liability Insurance 3/25/2010 |
| "Critical Stack A" | Pokan Holding AG | Pokan Board Meeting 3/18/2010 |
| "Critical Stack A" | Pokan Agreement | Invoice for Pokan and agreement to Joint Venture 12/12/2009 |
| "Critical Stack A" | Sundance 2010 | Pokan promotional material |
| "Critical Stack A" | Statement of Delaware Tax Report | Annual Franchise Tax Report 2004-2006 |
| "Critical Stack A" | Admiral - Tom Lynch Info | Questionnaire for Directors and Officers in Connection with 2009 Annual Meeting of Stockholders |
| "Critical Stack A" | Gary Simon | Letter confirming Gary Simon as non-Executive Director of EGC |
| "Critical Stack A" | NDA's | Non Disclosure Agreements and Confidentiality Agreement with 4Kids Entertainment 7/23/2009 |
| "Critical Stack A" | NDA 4Kids Entertainment | Confidentiality Agreement with 4Kids Entertainment 7/23/2009 |
| "Critical Stack A" | NDA HAVI | Vendor Mutual Confidentiality Agreement with Perseco and HAVI Global 8/20/2009 |
| "Critical Stack A" | 8k Forms | 8K Forms from 2009 |
| "Critical Stack A" | Wollmuth Maher and Deutsch | Agreement to act as Counsel with EGC in regards to SEC Investigation 2/26/2010 |
| "Critical Stack A" | John Flynn and Kevin Greene | Non Disclosure Agreement between EGC and John Flynn 3/7/2010 |
| "Critical Stack A" | EGC Journal | Daily Transfer Journal - Journal Entries/Debits and Credits |
| "Critical Stack A" | Deutsche Bank | Global Market Research regarding Activision - Blizzard |

EXHIBIT "1"  29

Electronic Game Card, Inc
Kevin Donovan's Documents

| Container | File Name | Description |
|---|---|---|
| "Critical Stack B" | Bank of America Account | EGC Bank of America account information - monthly statements from 1/2010 - 3/2010 and unused checks |
| "Critical Stack B" | FedEx Shipments | FedEx invoice from 2009 |
| "Critical Stack B" | Manatuck Hill Partners | Investor Agreement dated 3/12/2010 |
| "Critical Stack B" | Poken Board Docs | Invitation to the Extraordinary General Meeting of Shareholders of Poken Holding |
| "Critical Stack B" | Richard Baldwin | Mutual Confidentiality Agreement between EGC and Richard Baldwin 12/11/2009 |
| "Critical Stack B" | Lewis and Roca | Engagement Letter for Lewis and Roca 3/17/2009 |
| "Critical Stack B" | State of Michigan Gaming Control Board | State of Michigan Exemption Certification 1/28/2010 |
| "Critical Stack B" | SEC Subpoenas and Letters | SEC Subpoena 2/2/2010 and correspondence between EGC and SEC |
| "Critical Stack B" | Bingham Lawyers | Letter from Bingham to EGC re: SEC Subpoena/Demand for indemnity 2/23/2010 |
| "Critical Stack B" | Dalton Petrie Lawsuit | Carlton DiSante and Freudenberger letter re: Dalton Petrie v. EGC lawsuit |
| "Critical Stack B" | Gamma Opportunity Partners | Letter to EGC re: EGC CUSIP inquiry on Outstanding Shares due to Gamma Opportunity Capital Partners 2/17/2010 |
| "Critical Stack B" | Bank of America Jan 2010 | Bank of America EGC Check Detail for January 2010 |
| "Critical Stack B" | Janssen Partners | Shane Henty Sutton, Proposed Transfer of shares of EGC in the name of Peter Janssen 1/7/2009 |
| "Critical Stack B" | Shane Henty Sutton | Shane Henty Sutton, Proposed Transfer of shares of EGC |
| "Critical Stack B" | Continental Stock Transfer | Invoice for Continental Stock Transfer 2/26/2010 |
| "Critical Stack B" | Continental Stock Transfer | Invoice for Continental Stock Transfer 1/31/2010 |
| "Critical Stack B" | Perello & Co | Perello Work Review 2009 and 2010 |
| "Critical Stack B" | PCAOB 2010 Accounting Fee | PCAOB 2010 Accounting Support Fee Invoice |
| "Critical Stack B" | Stoddard Bookkeeping | Copy of checks from EGC to Stoddard 3/2010 |
| "Critical Stack B" | Hastings Law Firm | EGC Securities Litigation Letter 3/11/2010 |
| "Critical Stack B" | Jeffrey Green Russell Law Firm | Invoice for outstanding amount for Jeffrey Green Russell Solicitors 3/17/2010 |
| "Critical Stack B" | Orrick Law Firm | Letter from Orrick to EGC re: Securities Class Action Lawsuit 3/8/2010 |

EXHIBIT "1"  30

**Electronic Game Card, Inc**
**Kevin Donovan's Documents**

| Container | File Name | Description |
|---|---|---|
| "Blue Crate" | EGC USA to London Shipment | EGC Board of Directors Agreement; Employment Agreements; Mendoza and Berger Engagement Letter; Peralto and Co PR Agreement Letters; Grannus Management Consulting Agreements; Sean Conely Sales Consultant Contract Agreement; Poken; SSD Company; Keller, Rusen; Allen Maxwell Agreements |
| "Blue Crate" | D&O Insurance | Berkeley Insurance Forms and Brochures |
| "Blue Crate" | Bank of America Merchant Services | Merchant Processing Application and Agreement |
| "Blue Crate" | VirikMedia | Sales Leads Generation and Shared Commissions |
| "Blue Crate" | Written Resolutions | Written/Special Resolution for EGC 12/28/2009 |
| "Blue Crate" | Grannus Financial Advisors | Management Consulting Agreement with EGC and Grannus |
| "Blue Crate" | Company House | Jeffrey Green Russell Appointment of director 12/28/2009 for Kevin Donovan |
| "Blue Crate" | Sundance 2010 | Platform Media and Sundance 2010 Marketing Material |
| "Blue Crate" | Shelly's Restaurant | Shelly's Trattoria La Tranizionale Contract Agreement |
| "Blue Crate" | Prize Mobile | Admission to Trading on Plus Corporate Advisers |
| | | |
| "Blue Crate" | 2008 Option Plan | Letter of Grant EGC 2008 Share Option Scheme |
| "Blue Crate" | BoD Meeting | Notes and Agenda from Board of Directors Meeting on 1/7/2010 |
| "Blue Crate" | BoD Meeting | Draft Resolution and Broad of Directors Meeting Minutes and Agenda for 2/12/2010 |
| "Blue Crate" | BoD Meeting | Notes and Agenda from Board of Directors Meeting on 3/15/2010 |
| "Blue Crate" | EGC By Laws | EGC By Laws of Quezon Corp |
| "Blue Crate" | 8k Filings | EGC 8K printouts from EDGAR database |
| "Blue Crate" | Anna Houssels | Rosenthal Law Corporation defining Anna Houssels against EGC |
| "Blue Crate" | Anna Houssels | Anna Houssels' employee personnel file |
| "Blue Crate" | ChinaLot Synergy | Memo of Understanding among EGC and ChinaLotSynergy Limited |
| "Blue Crate" | D&O Insurance | 2009 Director and Officer Questionnaire for Kevin Donovan |
| "Blue Crate" | Q3 2009 PR Filing | EGC Files 10Q for Period Ending 9/30/2009 News Article |
| "Blue Crate" | EGC Warrant | Warrant 8.0001 Common Stock for EGC 10/30/2009 |
| "Blue Crate" | Ledgemont Capital Group | Ledgemont Capital Group Draft 10/4/2007 |
| "Blue Crate" | Street Virus/Poken | Letter from StreetVirus to EGC discussing possible sales opportunity |
| "Blue Crate" | Street Virus/Poken | Exhibits on Services and Compensation for Nate Hahn |
| "Blue Crate" | Poken NFL Business Plan | Promotional Material on Poken and EGC working with the NFL |
| "Blue Crate" | Poken Misc | More Poken brand materials, promotional items, and brochures including items from Sundance |
| | | |
| "Blue Crate" | Critical Poken | Poken invoices and copies of checks |
| "Blue Crate" | Poken Agreement | Reseller Terms and Conditions between Poken to EGC |
| "Blue Crate" | EGC Inc Board Meeting | EGC Board Meeting Minutes and Agenda for 5/28/2009 |
| "Blue Crate" | EGC Inc Board Meeting | EGC Board Meeting Minutes and Agenda for 5/11/2009 |

**Electronic Game Card, Inc**
**Kevin Donovan's Documents**

| Container | Title | Contents |
|---|---|---|
| Box 1 | Tak Shun – China Manufacture | Proforma Invoice for $3.6 million 8/1/2003 |
| Box 1 | Tak Shun – China Manufacture | Commercial Invoice for $12.00 4/30/2005 |
| Box 1 | EGC Purchase Order | PO to Tak Shun for 22,000 Game Cards on 11/24/2003 |
| Box 1 | EGC Board Meeting 2/23/2009 | EGC Board Meeting 2/23/2009 |
| Box 1 | EGC Data File #02 | EGC Financial Projections 2009-2010; List of Officers; HGF Assignments of Patent Application; Certificate of Change of Resident Agent and Location of Registered Office |
| Box 1 | EGC Les Cole | EGC Financials; Code of Business Ethics; Corporate Governance; Price List; Client Contact List; Key Events; Moxira Presentation |
| Box 1 | EGC Data File #01 | Certificate of Qualification; Form 85-4; USA SEC Letter; Corporate Records; Certificate of Existence; Probability plc; Exclusive Distribution Agreement; Clegg Industries |
| Box 1 | EGC Data File #02 | EGC Financial Projections 2009-2010; List of Officers; HGF Assignments of Patent Application; Certificate of Change of Resident Agent and Location of Registered Office |
| Box 1 | EGC Marketing Data File | EGC Marketing Delaware; Corporate Records; EGC Marketing Code Is; Corporate Compliance Documents; Change of Address Form Marketing Corporate Summary |

EXHIBIT "1"  32

Electronic Game Card, Inc
Kevin Donovan's Documents

| CONTAINER | FILE NAME | DESCRIPTION |
|---|---|---|
| Box 2 | EGC Docs | Legal Agreements; Joint Venture Agreements with Scientific Games and Invoices; Policies and Procedures; Stock Info |
| Box 2 | EGC Private Placement of Common Stock and Warrants | Placement Documents (including: IRS Form W-9, Subscriber Acknowledgement, Subscription Agreement); Closing Documents; Escrow Documents and Placement Agent Documents |
| Box 2 | EGM 1 PIPE 1st Close, 2nd Close | Confidential Purchaser Questionnaire; Security Purchase Agreement; Registered Rights Agreement; Certificate of Designations; Preferences and Rights; Warrants; Other securities docs at EGC conception |
| Box 2 | EGC Data File #01 | Certificate of Qualification; Form SS-4; USA SEC Letter; Corporate Records; Certificate of Existence; Probability plc; Exclusive Distribution Agreement; Clegg Industries |
| Box 2 | EGC Series A (Blue Binder) | Preferred Stock Fund Raising with copies of stock certificates; Stock purchasers: ACT Capital Partners, Rodd Friedman, Richard Dickey, Zenobia International |
| Box 2 | EGC Series A (Green Binder) | Continuation of EGC Series A (Blue Binder) |

EXHIBIT "1"  33

Electronic Game Card, Inc
Kevin Donovan's Documents

| Container/Source | File Name | Description |
|---|---|---|
| Box 3 | Brander Parsons | EGC and Poken Sundance 2010 materials |
| Box 3 | Fred Segal Sundance 2010 | Fred Segal Fun; Santa Monica at Village at the Yard; 2010 Sponsorship Agreement |
| Box 3 | Kevin Donovan | Personnel File for Kevin Donovan |
| Box 3 | SEC Subpoena Docs | Documents requested by the SEC in conjunction with the subpoena |
| Box 3 | Corporate Governance | EGC Corporate Governance |
| Box 3 | BOD Matters Nov 2009 | Approval in Lieu of Special Meeting: Proposed Transfer of Securities |
| Box 3 | 2009 Shareholders Meeting | Training materials for Annual Meetings from Continental Stock Transfer and Trust Company |
| Box 3 | Mendoza and Berger | Engagement Letter for Mendoza and Berger CPA 1/11/2009 |
| Box 3 | Manaluck Hill Partners | Restricted Stock Transfer Group and Warrant for Series a Preferred Stock |
| Box 3 | 2008 Option Plan Grants | 2008 Share Option Scheme and EGC Letter of Grant for Share sells |
| Box 3 | Wall Street Transcripts | Invoices for Wall Street Transcripts |
| Box 3 | Gamma Capital Advisors | Inquiry on remaining shares due to Gamma |
| Box 3 | CFRR Holdings | Series A stock Certificate for CFRR Holdings; Share Issuance - Richard Viscovitch - Compliance Department |
| Box 3 | Proposed Transfer of Preferred Stock to Entities | Entities: Ralph Robman, Grantley Ltd., Dickey, Warrant Exer Osborn, Legend Removal Hermance, Warrant Exercise, Barkadale, Molinsky, Friedman, Morton, Trapalst Delta, Ledgemont Capital |
| Box 3 | 2008 Stockholder Meeting | Annual Meeting of Stockholders for EGC 9/9/2008 |
| Box 3 | Morgan | Morgan Investments Invoice for December 2009 |
| Box 3 | Invoice Files | Invoices from: PR Newsletter, PublicEase, Rutan and Tucker, Thomson |
| Box 3 | Personnel File | Personnel Files for: Lord Steinberg, John Perraco, Eugene Chritzelnson, Anna Housells |
| Box 3 | Board Meeting | Board of Directors Meeting for 9/15/2009 |
| Box 3 | Grannus Financial Advisors | Management Consulting Agreement with EGC and Grannus |
| Box 3 | Schiff Employment Agreements | Thomas Schiff Personnel File |
| Box 3 | Thomson Financial | Thomson Financial Contract and Invoices |
| Box 3 | Kellof Inc. | License Agreement between EGC and Kellof Korean Inc. |
| Box 3 | Sovereign Game Card | Sovereign Game Card Invoice and License Agreement |
| Box 3 | Thomson Financial | Thomson Financial Invoices |
| Box 3 | Lewis and Roca | Lewis and Roca Invoices and proof of payments |
| Box 3 | The Lift Inc | Invoice and proof of payments for The Lift |
| Box 3 | Cosca | Distribution License Agreement between EGC and SSD for COSCA technology |
| Box 3 | Perello & Co | License Agreement between EGC and Perello & Co |
| Box 3 | Conley | Invoices from Sean Conley for December 2009 |
| Box 3 | Creative Package | Invoice for Creative Packaging Jan 2010 |

EXHIBIT "1"  34

**Electronic Game Card, Inc**
**Kevin Donovan's Documents**

| | | |
|---|---|---|
| Box 4 | EGMI SEC Filing Year 2009 | Documents for the 2009 Year End SEC Filing |
| Box 4 | EGC Inc Bank Account January 2009 | Copies of bank account monthly statements from Bank of America - All 2009 |
| Box 4 | EGC Game Spec Translation in Chinese | Vendor Game Cards specifications in Chinese |
| Box 4 | EGC Design and Manufacture | Misc documents about the design and manufacturing of the game cards |

**Electronic Game Card, Inc.**
**Kevin Donovan's Documents**

| Container | File Name | Description |
|---|---|---|
| Box 5 | Bally | Licensing Agreement between EGC and Bally Gaming |
| Box 5 | BDA | Supplier Information Sheet with Agreement for BDA |
| Box 5 | Econation | Licensing Agreement between EGC and Econation |
| Box 5 | EGC Brand Evolution | Marketing Material for EGC 2/23/2009 |
| Box 5 | Patents Part 1 | Copy of Patents from US, Europe, and Japan |
| Box 5 | Patents Part 2 | Copy of Patents from US, Europe, and Japan |
| Box 5 | Confidential Subpoena Data | Misc documents about SEC subpoena |
| Box 5 | Website | Printouts of EGC website pages |
| Box 5 | 10k | Bounded copies of the EGC 10Ks |
| Box 5 | Kansas Poker | Electronic Game Card K5700 Poker Night Kansas Lottery |
| Box 5 | EGC Series A Preferred Stock Fund Raising | Preferred Stock Fund Raising with copies of stock certificates; Stock purchasers: ACT Capital Partners, Rodd Friedman, Richard Dickey, Zenobia International |
| Box 5 | EGC Accounts Payable Binder | Correspondences with various vendors and bank statement detail and invoices |
| Box 5 | EGC Specs | Detailed specifications sheets about EGC game cards |

**Electronic Game Card, Inc**
**Kevin Donovan's Documents**

| | | |
|---|---|---|
| Box 8 | EGC Series A Preferred Stock Fund Raising II | Copies of Stock Certificates and Initial sets of Preferred Stock when EGC started |
| Box 8 | EGC Private Placement of Common Stock and Warrants | Placement Documents (including: IRS Form W-9, Subscriber Acknowledgement, Subscription Agreement); Closing Documents; Escrow Documents and Placement Agent Documents |
| Box 8 | EGM 1 PIPE 1st Close, 2nd Close | Confidential Purchaser Questionnaire; Security Purchase Agreement; Registered Rights Agreement; Certificate of Designation; Preferences and Rights; Warrants; 8Ks; Closing Documents; Other securities docs at EGC conception |
| Box 8 | EGC Marketing Data File | EGC Marketing Delaware; Corporate Records; EGC Marketing Code Ia; Corporate Compliance Documents Change of Address Form Marketing Corporate Summary; Corporate Compliance docs |
| Box 8 | EGC Inc Bank Account January 2009 | Copies of bank account monthly statements from Bank of America - All 2009 |

**Electronic Game Card, Inc**
**Kevin Donovan's Documents**

| Container/Box #No. | Contents | Description |
|---|---|---|
| Box 7 | EGMI SEC Filing Year 2003-2004 | Copies of 10Q, 10K, SC 13, 8K and other docs required for SEC filing for 2003-2004 |
| Box 7 | EGMI SEC Filing Year 2005 | Copies of 10Q, 10K, SC 13, 8K and other docs required for SEC filing for 2005 |
| Box 7 | EGMI SEC Filing Year 2006 | Copies of 10Q, 10K, SC 13, 8K and other docs required for SEC filing for 2006 |
| Box 7 | EGMI SEC Filing Year 2007 | Copies of 10Q, 10K, SC 13, 8K and other docs required for SEC filing for 2007 |
| Box 7 | EGMI SEC Filing Year 2008 | Copies of 10Q, 10K, SC 13, 8K and other docs required for SEC filing for 2008 |
| Box 7 | EGC Inc 2008  Q1 Q2 Q3 10Q | Quarterly reports (10Q) with supporting schedules and documentation from 2008 |
| Box 7 | EGC Inc 10K 2007 | Yearly reports (10Q) with supporting schedules and documentation from 2007 |

EXHIBIT "1"  38

# EXHIBIT 2

2003 SEP 23   A 7:41

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|   |   |
|---|---|
| ROBERT A. BROWN; GLENBROOK CAPITAL LP; GEORGE P. DRAKE; and CN&L INVESTMENT CORPORATION, | Case Nos. CV-S-02-0605-KJD (RJJ) |
| | CV-S-02-0726-KJD (RJJ) |
| Plaintiffs, | |
| | **ORDER** |
| v. | |
| KINROSS GOLD U.S.A.; INC., KINAM GOLD INC.; KINROSS GOLD CORPORATION; and ROBERT M. BUCHAN, | |
| Defendants. | |
| PETER TSUREKIDIS, | |
| Plaintiff, | |
| v. | |
| KINROSS GOLD U.S.A.; INC., KINAM GOLD INC.; KINROSS GOLD CORPORATION; and ROBERT M. BUCHAN, | |
| Defendants. | |

66

EXHIBIT "2" 39

1   Presently the court has before it Plaintiffs Robert A. Brown, Glenbrook Capital LP; George P.

2   Drake; and CN&L Investment Corporation's ("Plaintiffs") Motion for Class Certification (# 23) filed

3   originally in Case No. CV-S-02-0726-KJD (RJJ).  In response, Defendants filed their Motion to Stay

4   Class Certification (# 56) and Memorandum in Support of Defendants' Motion to Stay Class

5   Certification and in Opposition to Motion for Class Certification (#57, 58).  In reply, Plaintiffs filed

6   their Opposition to Defendants' Motion to Stay Class Certification, Reply to Opposition to Motion

7   for Class Certification and Memorandum of Points and Authorities in Support (#60, 61).

8   **I. Background.**

9   Currently pending are two consolidated class action securities lawsuits.  Defendants answered

10  Plaintiffs' complaints and then moved for judgment on the pleadings as well as a stay of discovery.

11  The magistrate judge granted the stay until resolution of Defendants' Rule 12(c) motion.  Previously,

12  Plaintiffs filed a Motion for Class Certification (#23).

13  **II. Analysis.**

14  In their motion to stay class certification, Defendants argue that under 15 U.S.C. § 78u-

15  4(b)(3)(B), proceedings should be stayed until resolution of their Motion for Judgment on the

16  Pleadings.  In response, Plaintiffs argue that the plain language of 15 U.S.C. § 78u-4(b)(3)(B) only

17  permits a stay in proceedings when defendants file a motion to dismiss.  They assert a judgment on

18  the pleadings is not the same as a motion to dismiss and therefore a stay in class certification should

19  not be granted.

20  The Reform Act specifically reads: "all discovery and other proceedings shall be stayed

21  during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B).  Various courts have

22  stayed class certification procedures while ruling on a motion to dismiss.  See Schlagel v. Learning

23  Tree Int'l, No. CV 98-6384 ABC (EX), 1999 WL 672306, at *2 (C.D. Cal. Feb. 23, 1999); In re

24  Valujet, Inc., 984 F. Supp. 1472, 1481-82 (N.D. Ga. 1997).  The question is thus whether

25  Defendants' Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of

26  Civil Procedure requires a stay of Plaintiffs' Motion for Class Certification under § 78u-4(b)(3)(B).

2

1      The Court finds that it does. First, consistency requires that the class certification motion be

2  stayed. The Court has already stayed discovery based on Defendants' Rule 12(c) motion. § 78u-

3  4(b)(3)(B) requires the stay of all discovery as well as other proceedings. Plaintiffs' class

4  certification motion qualifies as an "other proceeding." It follows that class certification should also

5  await the same determination.

6      Second, a Rule 12(c) motion for failure to state a claim is in all practicality the same as a

7  Rule 12(b)(6) motion to dismiss in that they both challenge the sufficiency of the pleadings. Rule

8  12(h)(2) allows the same failure to state a claim upon which relief can be granted defense to be plead

9  or raised in a Rule 12(c) motion. Plaintiffs assert that the semantical difference between a 12(b)(6)

10  motion to dismiss and a 12(c) motion for judgment on the pleadings is ample justification for the

11  Court not to stay their class certification motion. This assertion, however, lacks support in the Ninth

12  Circuit. The Ninth Circuit has found that the principal difference between a Rule 12(b)(6) motion

13  and a 12(c) motion based on failure to state a claim is the time of filing. See Dworkin v. Hustler

14  Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Moreover, the Ninth Circuit has allowed

15  courts to treat a Rule 12(b)(6) motion as a Rule 12(c) motion if the Rule 12(b)(6) motion was made

16  after the answer was filed. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980). Finally, the

17  Ninth Circuit reviews district courts' rulings on these two types of motions in the same fashion. See

18  Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir. 1993) (stating that both

19  motions are reviewed de novo on appeal and all material allegations in the complaint are accepted as

20  true).

21  **III. Conclusion**

22      The Reform Act clearly states all proceedings must halt pending resolution of a motion to

23  dismiss. See 15 U.S.C. § 78u-4(b)(3)(B). Congress intended proceedings such as this to wait until

24  adjudication of preliminary pleadings. Granting a stay on class certification until the resolution of

25  Defendants' Rule 12(c) motion will not unduly prejudice the Plaintiffs. This Court will allow

26

EXHIBIT "2" 41

1   Plaintiffs to resubmit their motion for class certification upon the Court's determination of

2   Defendants' Rule 12(c) motion.

3       Accordingly, IT IS ORDERED that Plaintiffs' Motion for Class Certification (# 23) is

4   **DENIED WITHOUT PREJUDICE.**

5       IT IS FURTHER ORDERED that Defendants' Motion to Stay Class Certification (# 56) is

6   **GRANTED**.

7       IT IS FURTHER **ORDERED** that Plaintiffs have leave to submit a motion for class

8   certification, if necessary, upon resolution of Defendants' motion for judgment on the pleadings.

9       DATED this __22nd__ day of September 2003.

10

11

12   Kent J. Dawson
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4

EXHIBIT "2" 42