Michael L. Cypers (State Bar. No. 100641)
 mcypers@crowell.com
Julia Roberson (State Bar No. 264071)
 jroberson@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 662-4750
Facsimile: (213) 662-2690

Attorneys for Defendant
LINDEN BOYNE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| DALTON PETRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>ELECTRONIC GAME CARD, INC.; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN, PAUL FARRELL, EUGENE CHRISTIANSEN, ANNA HOUSSELS, AND THE ESTATE OF LORD LEONARD STEINBERG AND DOMINIC BURKE, LYNNE ROCHELLE ATTIAS, AND JONATHAN STEINBERG AS EXECUTORS/TRUSTEES/ REPRESENTATIVES OF THE ESTATE OF LORD STEINBERG,<br><br>Defendants. | CASE NO: SACV-10-00252-DOC(RNBx)<br><br><u>CLASS ACTION</u><br><br>DEFENDANT LINDEN BOYNE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO DISMISS THE CONSOLIDATED SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS PURSUANT TO FED. R. CIV. P. 12(b)(6)<br><br>Hearing: September 26, 2011<br>Time: 8:30 a.m.<br>Judge: The Hon. David. O. Carter<br>Courtroom: 9D |

    Defendant Linden Boyne ("Boyne") hereby requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following document(s) in connection with his Motion to Dismiss the Consolidated Second Amended Complaint for Violations of the Federal Securities Laws Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss").

    Attached as exhibits to the Declaration of Michael L. Cypers in Support of Boyne's Motion to Dismiss ("Cypers Dec.") are true and correct copies of Form 8-K filings that Electronic Game Card, Inc. ("EGCI") filed with the United States Securities and Exchange Commission ("SEC"). (*See* Cypers Dec., Exhibits A & B.)

    Also attached to the Cypers Declaration are true and correct copies of documents that EGCI's former subsidiary, Electronic Game Card (UK), Limited, formerly known as Electronic Game Card, Limited ("EGCL"), has filed with Companies House, an Executive Agency of the Department for Business, Innovation and Skills of the Government of the United Kingdom ("Companies House"). (*See* Cypers Dec., Exhibits C, D, E, F, G, & H.) These documents are available for download by the public at wck2.companieshouse.gov.uk.

    And, attached to the Declaration of Linden Boyne in Support of His Motion to Dismiss ("Boyne Dec.") is a true and correct copy of EGCI company minutes of the meeting of the board of directors dated February 1, 2006. (*See* Boyne Dec., Exhibit A.)

    The Court may take judicial notice of facts contained in publicly available documents from governmental sources, such as SEC filings, as well as publicly available documents from foreign countries. *See, e.g., Meltzer Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (SEC filings), *abrogated on other grounds as recognized in South Ferry LP , No. 2 v. Killinger*, 542 F.3d 776 (9th Cir. 2008); *Vathana v. EverBank,* No. C 09-02338 RS, 2010 WL

934219, *2 n.3 (N.D. Cal. Mar. 15, 2010) (taking judicial notice of information available for public review on website of Central Bank of Iceland); *CP Solutions PTE, Ltd. v. Gen. Elec. Co.,* 470 F. Supp. 2d 151, 152 n.1 (D.C. Conn. 2007) (taking judicial notice of provisions of Canadian Business Corporations Act); *A.I. Trade Fin. v. Centro Internationale Handelsbank AG,* 926 F. Supp. 378, 387-88 (S.D.N.Y. 1996) (taking judicial notice of Austrian judgment). Plaintiffs agree that this Court may take judicial notice of EGCL's public filings in the United Kingdom. *See* Docket Entry No. 50, at 3-4 (Plaintiffs' Request for Judicial Notice included request to take judicial notice of EGCL's public filings with Companies House).

Moreover, the Ninth Circuit has acknowledged that a district court can take judicial notice of a private company's board minutes when the plaintiffs in a securities fraud complaint rely on such board minutes to support allegations of scienter. *Burroughs v. Northrop Grumman Corp.*, 32 Fed. Appx. 360, 361 (9th Cir. 2002). Here, Plaintiffs rely on the existence of board minutes to argue that all defendants would have known of the purportedly "secret" 2002 Agreement at the center of this case, *see* SAC ¶ 148, making it appropriate for the Court to take judicial notice of Exhibit A to the Boyne Declaration.

Furthermore, the Court may properly consider facts and documents subject to judicial notice, as well as documents attached to or incorporated by reference in the complaint, without converting a motion brought under Rule 12(b)(6) into a motion for summary judgment. *United States v. Richie,* 342 F.3d 903, 908 (9th Cir. 2003). The foregoing documents are "not subject to reasonable dispute in that [the facts contained therein are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." Fed. R. Evid. 201(b).

//

//

1         For the foregoing reasons, defendant Linden Boyne requests that the Court
2   take judicial notice of the above-referenced publicly available facts and documents
3   in connection with its consideration of Boyne's Motion to Dismiss Pursuant to Fed.
4   R. Civ. P. 12(b)(6).

Dated:  August 29, 2011                           Respectfully submitted,

                                                         CROWELL & MORING LLP
                                                        Michael Cypers
                                                        Julia Roberson

                                                        By:  /s/ Michael Cypers
                                                             Michael Cypers

                                                        Attorneys for Defendant
                                                        LINDEN BOYNE

# PROOF OF SERVICE

## State of California, County of Los Angeles

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 515 S. Flower Street, 40th Floor, Los Angeles, CA 90071.

On August 29, 2011 , I served true copies of the document(s) described as follows on the interested parties in this action:

**DEFENDANT LINDEN BOYNE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO DISMISS THE CONSOLIDATED SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**BY CM/ECF NOTICE OF ELECTRONIC FILING**: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 29, 2011, at Los Angeles, California.

*/ S/  Lucy DelValle*

LUCY DELVALLE