Michael L. Cypers (State Bar. No. 100641)
  mcypers@crowell.com
Julia Roberson (State Bar No. 264071)
  jroberson@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA  90071
Telephone:   (213) 662-4750
Facsimile:    (213) 662-2690

Attorneys for Defendant
LINDEN BOYNE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALTON PETRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC GAME CARD, INC.; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN, PAUL FARREL, EUGENE CHRISTIANSEN, ANNA HOUSSELS, AND THE ESTATE OF LORD LEONARD STEINBERG AND DOMINIC BURKE, LYNNE ROCHELLE ATTIAS, AND JONATHAN STEINBERG AS EXECUTORS/TRUSTEES/ REPRESENTATIVES OF THE ESTATE OF LORD STEINBERG, DEFENDANTS,<br><br>Defendant. | Case No.  SACV-10-00252-DOC(RNBx)<br><br><u>CLASS ACTION</u><br><br>ANSWER OF DEFENDANT LINDEN BOYNE TO CONSOLIDATED SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br><u>Hon. David O. Carter</u> |

## <u>ANSWER OF DEFENDANT LINDEN BOYNE TO CONSOLIDATED SECOND AMENDED COMPLAINT</u>

Defendant Linden Boyne ("Boyne") hereby answers Plaintiffs' Consolidated Second Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"). All such responses are asserted as to plaintiffs and, in the event that this action is permitted to proceed on a class basis, as to any other member of the purported class (referred to collectively as "Plaintiffs"). To the extent not specifically admitted, each and every allegation in the Complaint is denied.

Answering the unnumbered Introductory Paragraphs, to the extent that any response is required to Plaintiffs' introductory statements, Boyne denies each and every allegation contained therein.

## I. NATURE OF THE ACTION

1. Answering Paragraph 1, Boyne asserts that this paragraph sets forth Plaintiffs' characterization of this action and legal conclusions to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Boyne admits on information and belief that Plaintiffs assert that this is a securities class action involving claims for purported violations of the federal securities laws, and admits that Electronic Game Card, Inc. ("EGC" or "the Company"), and certain of its present and former directors and officers have been named as defendants. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 1.

2. Answering Paragraph 2, Boyne admits that EGC was a small company with ten or fewer employees. Boyne further admits that EGC designed and manufactured electronic "scratch off" devices through Electronic Game Card, Ltd. ("EGCL"), a company that Boyne believed to be a wholly owned operating subsidiary of the Company. Boyne further admits on information and belief that nearly all of the Company's reported revenues were derived from EGCL during the

alleged Class Period.  Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 2.

3.      Answering Paragraph 3, Boyne asserts that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Boyne denies each and every allegation in Paragraph 3.

4.      Answering Paragraph 4, Boyne asserts that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Boyne admits on information and belief that the Company filed periodic reports with the SEC during the alleged Class Period, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 4.

5.      Answering Paragraph 5, Boyne asserts that the allegations contained in Paragraph 5 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 5.

6.      Answering Paragraph 6, Boyne admits on information and belief that the SEC issued a press release dated February 19, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 6.

7.      Answering Paragraph 7, Boyne admits on information and belief that the Company issued a press release dated February 19, 2010, regarding Mendoza and Berger and Company, LLP's ("M&B") audits, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 7.

8.      Answering Paragraph 8, Boyne asserts that no response is required as to the allegations in Paragraph 8 that purport to describe the contents of the

CROWELL & MORING LLP
ATTORNEYS AT LAW

1   Company's February 19, 2010, press release, which speak for themselves. To the
2   extent this paragraph contains factual assertions that purport to require a response,
3   Boyne admits on information and belief that M&B informed the Company that it
4   was withdrawing its audit opinions for the years ending December 31, 2006, 2007,
5   and 2008. Except as specifically admitted herein, Boyne denies each and every
6   allegation in Paragraph 8.

7          9.     Answering Paragraph 9, Boyne asserts that this paragraph sets forth
8   Plaintiffs' characterizations to which no response is required. To the extent that this
9   paragraph purports to contain factual assertions requiring a response, Boyne admits
10  on information and belief that the Company filed a Form 10-Q with the SEC on or
11  about November 20, 2009, the contents of which speak for themselves. Boyne
12  further admits on information and belief that the Company issued a press release
13  dated on or about March 19, 2010, the contents of which speak for themselves.
14  Boyne further asserts that he lacks knowledge sufficient to form a belief as to the
15  truth or falsity of the Company's March 19, 2010, press release. Except as
16  specifically admitted herein, Boyne denies each and every allegation in Paragraph
17  9.

18         10.    Answering Paragraph 10, Boyne admits on information and belief that
19  the Company issued a press release dated on or about May 18, 2010, the contents of
20  which speak for themselves. Except as specifically admitted herein, Boyne denies
21  each and every allegation in Paragraph 10.

22         11.    Answering Paragraph 11, Boyne asserts that no response is required as
23  to the allegations in Paragraph 11 that purport to describe the contents of the
24  Company's May 18, 2010, press release, which speak for themselves. To the extent
25  this paragraph contains factual assertions that purport to require a response, Boyne
26  denies each and every allegation in Paragraph 11.

27         12.    Answering Paragraph 12, Boyne asserts that no response is required as
28  to the allegations in Paragraph 12 that purport to describe the contents of the

Company's May 18, 2010, press release, which speak for themselves. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 12.

13.     Answering Paragraph 13, Boyne admits on information and belief that the Company issued a press release dated on or about May 19, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 13.

14.     Answering Paragraph 14, Boyne admits on information and belief that the Company filed various documents with the SEC and in the United Kingdom during the alleged Class Period, the contents of which speak for themselves. Boyne further asserts that no response is required as to the remaining allegations in Paragraph 14 that constitute Plaintiffs' characterizations and legal conclusions. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 14.

15.     Answering Paragraph 15, Boyne admits on information and belief that the Company filed various documents in the United Kingdom during the alleged Class Period, the contents of which speak for themselves.  Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 15.

16.     Answering Paragraph 16, Boyne admits on information and belief that the Company's stock is no longer traded over the counter on the NASDAQ Bulletin Board. Boyne further admits that former executives of the Company submitted letters of resignation, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 16.

17.     Answering Paragraph 17, Boyne asserts that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Boyne denies each and every allegation in Paragraph 17.

18.     Answering Paragraph 18, Boyne admits on information and belief that the Company issued a press release on or about May 19, 2010, the contents of which speak for themselves. Boyne admits on information and belief that the Company filed a Form 8-K with the SEC on or about September 29, 2010, the contents of which speak for themselves, and on that basis denies the allegation that "[s]ince May 19, 2010, EGC has not issued a single press release or made a single SEC filing." Boyne lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18, and denies them on that basis. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 18.

19.     Answering Paragraph 19, Boyne lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and denies them on that basis.

20.     Answering Paragraph 20, Boyne asserts that this paragraph sets forth Plaintiffs' characterizations to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Boyne lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and denies them on that basis.

21.     Answering Paragraph 21, Boyne asserts that this paragraph sets forth Plaintiffs' characterizations to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Boyne denies each and every allegation in Paragraph 21.

## II.  JURISDICTION AND VENUE

22.     Answering Paragraph 22, Boyne asserts that the allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 22.

23.     Answering Paragraph 23, Boyne asserts that the allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph purports to contain factual assertions requiring a response, Boyne denies each and every allegation in Paragraph 23.

24.     Answering Paragraph 24, Boyne asserts that the allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph purports to contains factual assertions requiring a response, Boyne denies each and every allegation in Paragraph 24.

25.     Answering Paragraph 25, Boyne asserts that the allegations contained in Paragraph 25 constitute legal conclusions to which no response is required. To the extent this paragraph purports to contain factual assertions requiring a response, Boyne denies each and every allegation as to him in Paragraph 25, and is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to his co-defendants and denies them on that basis.

## III.  PARTIES

26.     Answering Paragraph 26, Boyne asserts that the allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph purports to contains factual assertions requiring a response, Boyne admits on information and belief that Dr. Thomas Lee, Margaret Yu, and Scott Lovell were appointed lead plaintiffs by the Court. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 26.

27.     Answering Paragraph 27, Boyne admits that EGC is a Nevada corporation with executive offices located at 5405 Alton Parkway, Suite A-353, Irvine, CA 92604, which is a mail drop. Boyne further admits on information and belief that the Company's stock was traded over the counter on the NASDAQ Bulletin Board under the ticker "EGMI." Boyne further admits on information and belief that the Company's stock is no longer traded over the counter on the

1    NASDAQ Bulletin Board. Except as specifically admitted herein, Boyne denies
2    each and every allegation in Paragraph 27.

3        28.    Answering Paragraph 28, Boyne admits on information and belief the
4    allegations in Paragraph 28.

5        29.    Answering Paragraph 29, Boyne admits on information and belief that
6    the Company filed a Form 10-KSB with the SEC on or about April 20, 2005, the
7    contents of which speak for themselves. Except as specifically admitted herein,
8    Boyne denies each and every allegation in Paragraph 29.

9        30.    Answering Paragraph 30, Boyne admits on information and belief that
10   the Company filed a Form 10-KSB with the SEC on or about April 5, 2007, the
11   contents of which speak for themselves. Except as specifically admitted herein,
12   Boyne denies each and every allegation in Paragraph 30.

13       31.    Answering Paragraph 31, Boyne admits on information and belief the
14   allegations in paragraph 31.[1]

15       32.    Answering Paragraph 32, Boyne admits on information and belief the
16   allegations in Paragraph 32.

17       33.    Answering Paragraph 33, Boyne admits on information and belief that
18   Cole served as the Company's CEO until he was replaced by Kevin Donovan and
19   that Cole was a Director of the Company and served on the Company's Audit and
20   Compensation committees until he submitted a letter of resignation dated February
21   25, 2010.  Except as specifically admitted herein, Boyne denies each and every
22   allegation in Paragraph 33.

23       34.    Answering Paragraph 34, Boyne admits on information and belief the
24   allegations in Paragraph 34.

25

26

27   _____
     [1] Answering Footnote 1, Boyne admits on information and belief that Greenfield Capital made filings in
28   the UK, the contents of which speak for themselves.  Except as specifically admitted herein, Boyne denies
     each and every allegation in Footnote 1.

35.     Answering Paragraph 35, Boyne asserts that this paragraphs sets forth Plaintiffs' characterizations to which no response is required.  To the extent this paragraph contains factual assertions that purport to require a response, Boyne admits on information and belief that Boyne, Greenfield Capital International Limited, Donovan, and Christiansen each served as directors of EGCL during parts of the purported class period.  Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 35.

36.     Answering Paragraph 36, Boyne admits on information and belief that Lord Steinberg ("Steinberg") served as the Company's Executive Chairman during part of the purported class period, from September 2, 2008 to November 2, 2009. Boyne further admits on information and belief that the Company issued an announcement on or about June 6, 2008 that Steinberg had agreed to serve as the Company's Executive Chairman, the contents of which speak for themselves. Boyne further admits on information and belief that the Company's Board nominated Houssels and Christiansen to EGC's Board of Directors. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 36.

37.     Answering Paragraph 37, Boyne admits on information and belief that Steinberg served as the Chairman of the Company's Audit, Executive Compensation, and Nominations committees. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 37.

38.     Answering Paragraph 38, Boyne admits on information and belief that the Company made various filings with the SEC, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 38.

39.     Answering Paragraph 39, Boyne lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis denies each and every allegation in Paragraph 39.

40.     Answering Paragraph 40, Boyne admits on information and belief the allegations in Paragraph 40.

41.     Answering Paragraph 41, Boyne admits on information and belief that Houssels served on the Company's Board of Directors from September 2008 until her resignation in February 2010. Boyne further admits that, beginning on February 1, 2009, Houssels served as Executive Vice President of Sales, and that Houssels was a member of the Company's Executive Compensation and Nomination committees. Houssels further admits on information and belief that Houssels submitted a letter dated January 25, 2010, to the Company's Board notifying them of her intent to resign, the contents of which speak for themselves, that Houssels resigned from the Company's Board of Directors on February 11, 2010, and that the Company reported that her resignation became effective on February 21, 2010. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 41.

42.     Answering Paragraph 42, Boyne admits on information and belief the allegations in Paragraph 42.

43.     Answering Paragraph 43, Boyne admits that he was a member of EGC's Audit Committee and admits on information and belief that, during his tenure at EGC, Farrell, Steinberg and Cole were also members of EGC's Audit Committee. Except as specifically admitted herein, Boyne lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies each and every allegation in Paragraph 43.

44.     Answering Paragraph 44, Boyne admits on information and belief that the Company filed a Schedule 14C with the SEC on or about August 27, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 44.

45.     Answering Paragraph 45, Boyne admits on information and belief that the Company filed a Schedule 14C with the SEC on or about August 27, 2009, the

CROWELL & MORING LLP
ATTORNEYS AT LAW

contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 45.

46.     Answering Paragraph 46, Boyne admits on information and belief that the Company filed a Schedule 13G/A with the SEC on or about February 13, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 46.

47.     Answering Paragraph 47, Boyne admits on information and belief that the Company filed a Form 10-K with the SEC on or about March 24, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 47.

48.     Answering Paragraph 48, Boyne admits on information and belief that the Company filed a Schedule 13G/A with the SEC on or about July 1, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 48.

49.     Answering Paragraph 49, Boyne admits on information and belief that the SEC made an announcement on or about May 27, 2010 concerning Pequot Capital Management, Inc., the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 49.

50.     Answering Paragraph 50, Boyne admits on information and belief that the Company filed a Schedule 14C with the SEC on or about August 27, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 50.

51.     Answering Paragraph 51, Boyne lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis denies each and every allegation in Paragraph 51.

52.     Answering Paragraph 52, Boyne admits on information and belief that the Company filed a Schedule 13 G/A on or about February 11, 2010, the contents

1  of which speak for themselves.  Except as specifically admitted herein, Boyne lacks
2  knowledge sufficient to form a belief as to the truth or falsity of the allegations in
3  this paragraph, and on that basis denies each and every allegation in Paragraph 52.

4      53.    Answering Paragraph 53, Boyne lacks knowledge sufficient to form a
5  belief as to the truth or falsity of the allegations in this paragraph, and on that basis
6  denies each and every allegation in Paragraph 53.

7      54.    Answering Paragraph 54, Boyne asserts that this paragraph sets forth
8  Plaintiffs' characterization of this action and legal conclusions, and does not
9  purport to require a response from Boyne. To the extent that this paragraph purports
10 to contain factual assertions requiring a response, Boyne lacks knowledge sufficient
11 to form a belief as to the truth or falsity of the allegations relating to Pequot's and
12 Manatuck's sales of EGC stock, and denies the allegations on that basis. Boyne
13 otherwise denies the allegations in Paragraph 54.

14     55.    Answering Paragraph 55, Boyne asserts that this paragraph sets forth
15 Plaintiffs' characterization of this action and legal conclusions, and does not
16 purport to require a response from Boyne. Except as specifically admitted herein,
17 Boyne denies each and every allegation in Paragraph 55.

18     56.    Answering Paragraph 56, Boyne asserts as follows:

19         56(a).  Answering Sub-paragraph 56(a), Boyne admits the allegations
20         in Sub-paragraph 56(a) to the extent that any of the allegations relate to
21         Boyne.  Otherwise, Boyne denies each and every allegation in
22         Subparagraph 56(a) for lack of knowledge sufficient to form a belief as
23         to the truth or falsity of the allegations.

24         56(b).  Answering Sub-paragraph 56(b), Boyne admits the allegations
25         in Sub-paragraph 56(b) to the extent that any of the allegations relate to
26         Boyne.  Otherwise, Boyne denies each and every allegation in
27         Subparagraph 56(b) for lack of knowledge sufficient to form a belief as
28         to the truth or falsity of the allegations.

56(c).  Answering Sub-paragraph 56(c), Boyne admits the allegations in Sub-paragraph 56(c) to the extent that any of the allegations relate to Boyne.  Otherwise, Boyne denies each and every allegation in Subparagraph 56(c) for lack of knowledge sufficient to form a belief as to the truth or falsity of the allegations.

56(d).    Answering Sub-paragraph 56(d), Boyne asserts that the allegations in Sub-paragraph 56(d) constitute legal conclusions to which no response is required.  To the extent that this Sub-paragraph purports to contain factual assertions requiring a response, Boyne denies each and every allegation in Sub-paragraph 56(d) to the extent that any of the allegations relate to Boyne. Otherwise, Boyne denies each and every allegation in Sub-paragraph 56(d) for lack of knowledge sufficient to form a belief as to the truth or falsity of the allegations.

56(e).  Answering Sub-paragraph 56(e), Boyne denies each and every allegation in Sub-paragraph 56(e) to the extent that any of the allegations relate to Boyne. Otherwise, Boyne denies each and every allegation in Sub-paragraph 56(e) for lack of knowledge sufficient to form a belief as to the truth or falsity of the allegations.

56(f).    Answering Sub-paragraph 56(f), Boyne asserts that the allegations in Sub-paragraph 56(f) constitute legal conclusions to which no response is required.  To the extent that this Sub-paragraph purports to contain factual assertions requiring a response, Boyne denies each and every allegation in Sub-paragraph 56(f) to the extent that any of the allegations relate to Boyne. Otherwise, Boyne denies each and every allegation in Sub-paragraph 56(f) for lack of knowledge sufficient to form a belief as to the truth or falsity of the allegations.

56(g).    Answering Sub-paragraph 56(g), Boyne asserts that the allegations in Sub-paragraph 56(g) constitute legal conclusions to which no response is required. To the extent that this Sub-paragraph purports to contain factual assertions requiring a response, Boyne denies each and every allegation in Sub-paragraph 56(g) to the extent that any of the allegations relate to Boyne. Otherwise, Boyne denies each and every allegation in Sub-paragraph 56(g) for lack of knowledge sufficient to form a belief as to the truth or falsity of the allegations.

57.    Answering Paragraph 57, Boyne asserts that the allegations in Paragraph 57 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 57.

58.    Answering Paragraph 58, Boyne asserts that the allegations in Paragraph 58 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 58.

59.    Answering Paragraph 59, Boyne lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation. Boyne otherwise denies each and every allegation in Paragraph 59.

59(a).    Answering Sub-paragraph 59(a), Boyne lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(a).

59(b).    Answering Sub-paragraph 59(b), Boyne lacks knowledge or information about the statements made by Plaintiffs' purported

CROWELL
& MORING LLP
ATTORNEYS AT LAW

confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(b).

59(c).   Answering Sub-paragraph 59(c), Boyne lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(c).

59(d).   Answering Sub-paragraph 59(d), Boyne lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(d).

59(e).   Answering Sub-paragraph 59(e), Boyne lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(e), except that Boyne admits on information and belief that Steinberg was a Member of the British House of Lords and formerly led a betting company in the United Kingdom.

59(f).   Answering Sub-paragraph 59(f), Boyne lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(f).

59(g).   Answering Sub-paragraph 59(g), Boyne lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(g), except that Boyne admits on information and belief that defendants Paul Farrell, Eugene Christiansen, Kevin Donovan and Anna Houssels served on the Company's Board of Directors during part of the alleged

Class Period, and that Cole served as Director of the Company during part of the alleged Class Period.

59(h).   Answering Sub-paragraph 59(h), Boyne lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(h).

59(i).   Answering Sub-paragraph 59(i), Boyne lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(i), except that Boyne admits on information and belief that in 2009 the Company's mailing address was moved to Irvine, California.

59(j).   Answering Sub-paragraph 59(j), Boyne lacks knowledge or information about the statements made by Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that basis denies each and every such allegation in Sub-paragraph 59(j).

60.   Answering Paragraph 60, Boyne lacks knowledge or information except admits that he, along with others mentioned in Paragraph 60, served as directors for part of the time period referenced. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 60.

61.   Answering Paragraph 61, Boyne admits that he resigned from the Company on August 31, 2009.  Except as specifically admitted herein, Boyne lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies each and every allegation in Paragraph 61.

62.   Answering Paragraph 62, Boyne admits on information and belief the allegations in the first sentence of Paragraph 62. Boyne further admits on information and belief that Houssels resigned in February of 2010. Except as

CROWELL & MORING LLP
ATTORNEYS AT LAW

specifically admitted herein, Boyne denies each and every allegation in Paragraph 62.

63.     Answering Paragraph 63, Boyne admits on information and belief that Greenfield sent a letter dated January 6, 2011, the contents of which speak for themselves.  Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 63.

64.     Answering Paragraph 64, Boyne admits on information and belief that Houssels resigned from the Company in February of 2010.

## IV.  DEFENDANTS' FALSE AND MISLEADING STATEMENTS OF MATERIAL FACT

### A.     <u>Fiscal Year Ended December 31, 2006</u>

65.     Answering Paragraph 65, Boyne asserts that the first sentence of Paragraph 65 sets forth Plaintiffs' characterization of this action and legal conclusions, and does not purport to require a response from Boyne. To the extent this sentence contains factual assertions that purport to require a response, Boyne admits on information and belief that Plaintiffs purport to bring a class action and assert a class period from April 5, 2007, to May 18, 2010. Boyne otherwise denies the allegations in the first sentence of Paragraph 65. Boyne admits on information and belief that the Company filed a Form 10-KSB with the SEC on or about April 5, 2007, the contents of which speak for themselves. Except as otherwise admitted herein, Boyne denies each and every allegation in Paragraph 65.

66.     Answering Paragraph 66, Boyne asserts that no response is required to the allegations in Paragraph 66 that purport to quote the contents of the Company's Form 10-KSB filed with the SEC on or about April 5, 2007, which speak for themselves. Except as otherwise admitted herein, Boyne denies each and every allegation in Paragraph 66.

67.     Answering Paragraph 67, Boyne asserts that the allegations in Paragraph 67 constitute legal conclusions to which no response is required. To the

extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 67.

67(a).   Answering Sub-paragraph 67(a), Boyne asserts that the first sentence of Sub-paragraph 67(a) contains legal conclusions to which no response is required. Boyne further asserts that no response is required as to the allegations that purport to describe the contents of the Company's May 19, 2010 8-K, which speak for themselves. To the extent that this Sub-paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Sub-paragraph 67(a).

67(b).  Answering Sub-paragraph 67(b), Boyne asserts that no response is required as to the allegations that purport to describe the contents of the February 25, 2010 letter from Cole, filed with the SEC along with Form 8-K on or about April 9, 2010, or the contents of the Form 8-K, which speak for themselves. To the extent that this Sub-paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Sub-paragraph 67(b).

67(c).  Answering Sub-paragraph 67(c), Boyne asserts that no response is required as to the allegations that purport to describe the contents of filings in the United Kingdom, which speak for themselves. To the extent that this Sub-paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Sub-paragraph 67(c).

68.     Answering Paragraph 68, Boyne asserts that the allegations contained in Paragraph 68 constitute characterizations and legal conclusions to which no response is required.  To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 68.

69. Answering Paragraph 69, Boyne asserts that the allegations contained in Paragraph 69 constitute characterizations and legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 69.

70. Answering Paragraph 70, Boyne asserts that the allegations contained in Paragraph 70 constitute legal conclusions and characterizations of the contents of the Company's Form 10-KSB, filed with the SEC on or about April 5, 2007, the contents of which speak for themselves to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 70.

71. Answering Paragraph 71, Boyne asserts that the allegations contained in Paragraph 71 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 71.

71(a). Answering Sub-paragraph 71(a), Boyne admits on information and belief that the Company filed a Form 8-K with the SEC on or about February 19, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Sub-paragraph 71(a).[2]

71(b). Answering Sub-paragraph 71(b), Boyne admits on information and belief that the SEC made a statement on or about February 19, 2010, concerning temporarily halting trading of the Company's stock, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Sub-paragraph 71(b).

---

[2] Answering Footnote 2, Boyne on information and belief admits that the Company filed a Form 8-K/A with the SEC on or about February 22, 2010, the contents of which speak for themselves.

CROWELL & MORING LLP
ATTORNEYS AT LAW

71(c).  Answering Sub-paragraph 71(c), Boyne admits on information and belief that the Company issued a press release dated on or about April 8, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Sub-paragraph 71(c).

71(d).  Answering Sub-paragraph 71(d), Boyne admits on information and belief that the Company filed a Form 8-K with the SEC on or about May 19, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Sub-paragraph 71(d).

71(e).  Answering Sub-paragraph 71(e), Boyne asserts that the allegations contained in Sub-paragraph 71(e) constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Sub-paragraph 71(e).

71(f).  Answering Sub-paragraph 71(f), Boyne asserts that the allegations contained in Sub-paragraph 71(f) constitute legal conclusions to which no response is required or purport to describe the contents of the Statement of Financial Accounting 154, which speak for themselves. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Sub-paragraph 71(f).

71(g).  Answering Sub-paragraph 71(g), Boyne asserts that the allegations in Sub-paragraph 71(g) constitute legal conclusions to which no response is required or purport to describe the contents of the Statement of Financial Accounting 154, which speak for themselves. To the extent this paragraph contains factual assertions that purport to

require a response, Boyne denies each and every allegation in Sub-paragraph 71(g).

71(h).    Answering Sub-paragraph 71(h), Boyne asserts that the allegations in Sub-paragraph 71(h) constitute legal conclusions to which no response is required or purport to describe the contents of the Statement of Financial Accounting 154, which speak for themselves. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Sub-paragraph 71(h).

71(i).  Answering Sub-paragraph 71(i), Boyne admits on information and belief that the Company filed a Form 8-K with the SEC on or about May 19, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Sub-paragraph 71(i).

71(j).    Answering Sub-paragraph 71(j), Boyne asserts that the allegations contained in Sub-paragraph 71(j) constitute Plaintiffs' characterizations and legal conclusions to which no response is required.   To the extent that this sub-paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Sub-paragraph 71(j).

72.    Answering Paragraph 72, Boyne asserts that the allegations contained in Paragraph 72 constitute Plaintiffs' characterizations to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne admits on information and belief that the Company filed a Form 8-K with the SEC on or about September 29, 2010, the contents of which speak for themselves, and on that basis denies the allegation that "the Company . . . has not issued any news release or filed any periodic reports with the SEC." Except

as specifically admitted herein, Boyne denies each and every allegation in Paragraph 72.

73.     Answering Paragraph 73, Boyne asserts that the allegations contained in Paragraph 73 constitute Plaintiffs' legal conclusions to which no response is required.  To the extent that this paragraph contains factual assertions that purport to require a response, Boyne admits on information and belief that the Company's Form 10-KSB, filed with the SEC on or about April 5, 2007, contained Sarbanes-Oxley Act of 2002 ("SOX") certifications, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 73.

74.     Answering Paragraph 74, Boyne asserts that the allegations contained in Paragraph 74 constitute Plaintiffs' legal conclusions and characterizations of the contents of the SOX certifications filed with the Company's Form 10-KSB, which speak for themselves. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 74.

75.     Answering Paragraph 75, Boyne asserts that the allegations contained in Paragraph 75 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 75.

**B.     Quarterly Reports for 2007**

76.     Answering Paragraph 76, Boyne asserts that the allegations contained in Paragraph 76 constitute Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne admits on information and belief that the Company filed a Form 10-QSB for the quarter ending March 31, 2007 with the SEC on or about May 15, 2007, the contents of which speak for

themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 76.

77.    Answering Paragraph 77, Boyne asserts that the allegations contained in Paragraph 77 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 77.

78.    Answering Paragraph 78, Boyne admits on information and belief that the Company's Form 10-QSB, filed with the SEC on or about May 15, 2007, contained SOX certifications, the contents of which speak for themselves. Boyne asserts that the allegations that the certifications were "materially false and misleading" constitute legal conclusions to which no response is required. To the extent that this phrase contains factual assertions that purport to require a response, Boyne denies each and every allegation related to that phrase. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 78.

79.    Answering Paragraph 79, Boyne asserts that the allegations contained in Paragraph 79 constitute Plaintiffs' legal conclusions to which no response is required or purport to describe the contents of the Company's Form 10-QSBs for the quarters ended June 30, 2007 and September 30, 2007 and accompanying SOX certifications, the contents of which speak for themselves. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 79.

80.    Answering Paragraph 80, Boyne admits on information and belief that the Company filed Form 10-QSBs for the quarters ending June 30, 2007, and September 30, 2007, and accompanying SOX certifications purportedly signed by he and Cole, the contents of which speak for themselves. Boyne asserts that the remaining allegations in Paragraph 80 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions

that purport to require a response, Boyne denies each and every allegation in Paragraph 80.

### C.   Fiscal Year Ended December 31, 2007

81.   Answering Paragraph 81, Boyne admits on information and belief that the Company filed its Form 10-KSB for fiscal year 2007 with the SEC on or about March 26, 2008, purportedly signed by he and Cole, the contents of which speak for themselves. Boyne asserts that the allegations contained in the second sentence of Paragraph 81 constitute Plaintiffs' legal conclusions to which no response is required. To the extent that this sentence contains factual assertions that purport to require a response, Boyne denies each and every allegation in the second sentence of Paragraph 81. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 81.

82.   Answering Paragraph 82, Boyne asserts that the first sentence purports to describe the contents of the Company's Form 10-KSB, filed with the SEC on or about March 26, 2008, the contents of which speak for themselves. Boyne admits on information and belief that the Company filed its Form 10-KSB for fiscal year 2007 with the SEC on or about March 26, 2008, the contents of which speak for themselves. Boyne further asserts that the allegations contained in the second sentence of Paragraph 82 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 82.

83.   Answering Paragraph 83, Boyne asserts that the allegations in Paragraph 83 purport to describe the contents of the Company's Form 10-KSB, filed with the SEC on or about March 26, 2008, the contents of which speak for themselves. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 83.

84.   Answering Paragraph 84, Boyne asserts that the allegations contained in Paragraph 84 constitute legal conclusions to which no response is required. To

the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 84.

85.     Answering Paragraph 85, Boyne admits on information and belief that the Company filed a Form 10-KSB for 2007 and accompanying SOX certifications purportedly signed by he and Cole, the contents of which speak for themselves. Boyne asserts that the remaining allegations in Paragraph 85 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 85.

### D.     Quarterly Reports for 2008

86.     Answering Paragraph 86, Boyne admits on information and belief that on or about May 14, 2008, the Company filed with the SEC a Form 10-Q for the first quarter of 2008, purportedly signed by he and Cole, the contents of which speak for themselves. Boyne asserts that the allegations in the second sentence of Paragraph 86 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 86.

87.     Answering Paragraph 87, Boyne asserts that the allegations contained in Paragraph 87 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 87.

88.     Answering Paragraph 88, Boyne admits on information and belief that the Company's SOX certifications for the first quarter of 2008 purport to contain the signatures of he and Cole and that their contents speak for themselves. Boyne asserts that the remaining allegations in Paragraph 88 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 88.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

89.     Answering Paragraph 89, Boyne admits on information and belief that the Company filed with the SEC a Form 10-Q and accompanying SOX certifications for the second quarter of 2008 on or about August 8, 2008, the contents of which speak for themselves. Boyne further admits on information and belief that the Company filed with the SEC a Form 10-Q and accompanying SOX certifications for the third quarter of 2008 on or about November 17, 2008, the contents of which speak for themselves. Boyne asserts that the remaining allegations in Paragraph 89 constitute legal conclusions to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 89.

### E.     Fiscal Year Ended December 31, 2008

90.     Answering Paragraph 90, Boyne admits on information and belief that the Company issued a press release on or about March 16, 2009, regarding its results for the fiscal year ended December 31, 2008, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 90.

91.     Answering Paragraph 91, Boyne admits on information and belief that the Company issued a press release on or about March 16, 2009, regarding its results for the fiscal year ended December 31, 2008, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 91.

92.     Answering Paragraph 92, Boyne admits on information and belief that the Company held an investor earnings conference call on or about March 16, 2009, regarding the results for the fiscal year ended December 31, 2008, and that a transcript was made of the conference call, the contents of which speaks for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 92.

93.     Answering Paragraph 93, Boyne admits on information and belief that the Company filed with the SEC a Form 10-K for the 2008 fiscal year on or about March 24, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 93.

94.     Answering Paragraph 94, Boyne asserts that the allegations contained in the first sentence of Paragraph 94 constitute Plaintiffs' legal conclusions to which no response is required. Boyne further asserts that the allegations contained in the second sentence of Paragraph 94 purport to describe the contents of the Company's Form 10-K for the 2008 fiscal year, the contents of which speak for themselves. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 94.

95.     Answering Paragraph 95, Boyne asserts that the allegations contained in Paragraph 95 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 95.

96.     Answering Paragraph 96, Boyne admits on information and belief that separate SOX certifications purportedly signed by he and Cole were filed with the Company's Form 10-K for the 2008 fiscal year, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 96.

97.     Answering Paragraph 97, Boyne asserts that the allegations contained in Paragraph 97 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 97.

98.     Answering Paragraph 98, Boyne asserts that the allegations contained in Paragraph 98 constitute legal conclusions to which no response is required.

### F.    Quarterly Reports for 2009

99.    Answering Paragraph 99, Boyne admits on information and belief that the Company held an investor conference call on or about May 14, 2009 regarding the results for the quarter ending March 31, 2009, and that a transcript was made of the conference call, the contents of which speaks for themselves. Boyne asserts that the allegations contained in the first sentence of Paragraph 99 constitute Plaintiffs' legal conclusions to which no response is required. To the extent that this sentence contains factual assertions that purport to require a response, Boyne denies each and every allegation in the first sentence of Paragraph 99. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 99.

100.    Answering Paragraph 100, Boyne asserts that the allegations contained in Paragraph 100 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 100.

101.    Answering Paragraph 101, Boyne admits on information and belief that on or about May 15, 2009, the Company filed with the SEC a Form 10-Q for the quarter ending March 31, 2009, purportedly signed by he and Cole, the contents of which speak for themselves. Boyne asserts that the allegations contained in the second sentence of Paragraph 101 constitute Plaintiffs' legal conclusions to which no response is required. To the extent that this sentence contains factual assertions that purport to require a response, Boyne denies each and every allegation in the second sentence of Paragraph 101. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 101.

102.    Answering Paragraph 102, Boyne asserts that the allegations contained in Paragraph 102 purport to describe the contents of the Company's 10-Q for the quarter ending March 31, 2009, the contents of which speak for themselves, and no response is required. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 102.

103.   Answering Paragraph 103, Boyne asserts that the allegations contained in Paragraph 103 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 103.

104.   Answering Paragraph 104, Boyne admits on information and belief that the Company filed SOX certifications purportedly signed by he and Cole with its Form 10-Q for the quarter ending March 31, 2009, the contents of which speak for themselves. Boyne asserts that the remaining allegations in Paragraph 104 constitute legal conclusions to which no response is required. To the extent that the remaining allegations contain factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 104.

105.   Answering Paragraph 105, Boyne asserts that the allegations contained in Paragraph 105 constitute legal conclusions to which no response is required.

106.   Answering Paragraph 106, Boyne admits on information and belief that the Company filed Form 10-Qs and accompanying SOX certifications purportedly signed by he and Cole, for the quarters ending June 30, 2009, and September 30, 2009, on or about August 14, 2009, and November 20, 2009, respectively, the contents of which speak for themselves. Boyne asserts that the remaining allegations in Paragraph 106 constitute legal conclusions to which no response is required. To the extent that the remaining allegations contain factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 106.

107.   Answering Paragraph 107, Boyne asserts that the allegations contained in Paragraph 107 constitute legal conclusions to which no response is required.

108.   Answering Paragraph 108, Boyne admits on information and belief that the Company held an investor conference call on or about August 6, 2009, regarding the results for the quarter ending June 30, 2009, and that a transcript was made of the conference call, the contents of which speaks for themselves. Boyne

CROWELL
& MORING LLP
ATTORNEYS AT LAW

asserts that the allegations contained in the first sentence of Paragraph 108 constitute Plaintiffs' legal conclusions to which no response is required.  To the extent that this sentence contains factual assertions that purport to require a response, Boyne denies each and every allegation in the first sentence of Paragraph 108. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 108.

109.   Answering Paragraph 109, Boyne asserts that the allegations contained in Paragraph 109 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 109.

110.   Answering Paragraph 110, Boyne admits on information and belief that the Company issued a press release on or about August 6, 2009, regarding the results for the quarter ending June 30, 2009, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 110.

111.   Answering Paragraph 111, Boyne asserts that the allegations contained in Paragraph 111 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 111.

112.   Answering Paragraph 112, Boyne admits on information and belief that the Company held an investor conference call on or about November 12, 2009, regarding the results for the quarter ending September 30, 2009, and that a transcript was made of the conference call, the contents of which speaks for themselves. Boyne asserts that the allegations contained in the first sentence of Paragraph 112 constitute Plaintiffs' legal conclusions to which no response is required. To the extent that this sentence contains factual assertions that purport to require a response, Boyne denies each and every allegation in the first sentence of

CROWELL & MORING LLP
ATTORNEYS AT LAW

1 Paragraph 112. Except as specifically admitted herein, Boyne denies each and every
2 allegation in Paragraph 112.

3     113. Answering Paragraph 113, Boyne asserts that the allegations contained
4 in Paragraph 113 constitute legal conclusions to which no response is required. To
5 the extent this paragraph contains factual assertions that purport to require a
6 response, Boyne denies each and every allegation in Paragraph 113.

7     **G.**     **Additional Materially False Statements Issued in 2009**

8     114. Answering Paragraph 114, Boyne asserts that the allegations contained
9 in Paragraph 114 constitute Plaintiffs' characterizations and legal conclusions to
10 which no response is required. To the extent this paragraph contains factual
11 assertions that purport to require a response, Boyne admits on information and
12 belief that the Company filed with the SEC a Form 8-K on or about October 13,
13 2009, the contents of which speak for themselves. Except as specifically admitted
14 herein, Boyne denies each and every allegation in Paragraph 114.

15     115. Answering Paragraph 115, Boyne asserts that the allegations contained
16 in the first sentence of Paragraph 115 constitute Plaintiffs' characterizations and
17 legal conclusions to which no response is required. Boyne admits on information
18 and belief that Cole wrote a letter that was filed with the SEC on or about April 22,
19 2010, the contents of which speak for themselves. Except as specifically admitted
20 herein, Boyne denies each and every allegation in Paragraph 115.

21     **V. TRUTH BEGINS TO EMERGE/LOSS CAUSATION**

22     116. Answering Paragraph 116, Boyne admits on information and belief
23 that on or about November 16, 2009, the Company filed with the SEC a Form 12b-
24 25 for the quarter ending September 30, 2009, the contents of which speak for
25 themselves. Except as specifically admitted herein, Boyne denies each and every
26 allegation in Paragraph 116.

27     117. Answering Paragraph 117, Boyne asserts that the allegations contained
28 in Paragraph 117 constitute Plaintiffs' characterizations and legal conclusions to

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1   which no response is required. To the extent this paragraph contains factual

2   assertions that purport to require a response, Boyne admits on information and

3   belief that the Company's stock closed at $1.70 a share on November 17, 2009.

4   Except as specifically admitted herein, Boyne denies each and every allegation in

5   Paragraph 117.

6       118.   Answering Paragraph 118, Boyne admits on information and belief

7   that the Company issued press releases dated on or about February 1, 2010, and

8   February 10, 2010, the contents of which speak for themselves. Except as

9   specifically admitted herein, Boyne denies each and every allegation in Paragraph

10  118.

11      119.   Answering Paragraph 119, Boyne asserts that the allegations contained

12  in Paragraph 119 constitute Plaintiffs' characterizations and legal conclusions to

13  which no response is required. To the extent this paragraph contains factual

14  assertions that purport to require a response, Boyne admits on information and

15  belief that the Company's stock closed at $.90 a share on February 10, 2010. Except

16  as specifically admitted herein, Boyne denies each and every allegation in

17  Paragraph 119.

18      120.   Answering Paragraph 120, Boyne asserts that the allegations contained

19  in Paragraph 120 constitute Plaintiffs' characterizations and legal conclusions to

20  which no response is required. To the extent this paragraph contains factual

21  assertions that purport to require a response, Boyne lacks knowledge sufficient to

22  form a belief as to any announcement that Merriman Curhan Ford & Co. issued an

23  analyst report covering the Company, the contents of which speak for themselves.

24  Boyne further admits on information and belief that the Company's stock closed at

25  $.91 a share on February 12, 2010. Except as specifically admitted herein, Boyne

26  denies each and every allegation in Paragraph 120.

27      121.   Answering Paragraph 121, Boyne admits on information and belief

28  that the SEC issued a press release on or about February 19, 2010, temporarily

suspending trading in the Company's stock, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 121.

122.   Answering Paragraph 122, Boyne admits on information and belief the allegations in Paragraph 122.

123.   Answering Paragraph 123, Boyne admits on information and belief that the Company filed a Form 8-K on or about February 19, 2010, regarding its auditor withdrawing its audit opinions for the years ended December 31, 2006, 2007, and 2008, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 123.[3]

124.   Answering Paragraph 124, Boyne asserts that the allegations contained in Paragraph 124 purport to describe the contents of the Company's Form 8-K, which speak for themselves, and no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 124.

125.   Answering Paragraph 125, Boyne admits on information and belief that the Company issued a press release on or about February 24, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 125.

126.   Answering Paragraph 126, Boyne admits on information and belief the allegations in Paragraph 126.

127.   Answering Paragraph 127, Boyne admits on information and belief that the Company issued a press release on or about March 5, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 127.

---

[3] Answering Footnote 3, Boyne repeats and realleges his responses to Footnote 2 of the Complaint as if fully set forth herein.

CROWELL & MORING LLP
ATTORNEYS AT LAW

No. SACV-10-002552-DOC(RNBx)                    ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT

128.   Answering Paragraph 128, Boyne admits on information and belief that the Company's stock closed at $.44 a share on March 5, 2010 and fell an additional $.10 per share the following day. Boyne asserts that the allegations contained in the first sentence of Paragraph 128 constitute Plaintiffs' characterizations and legal conclusions to which no response is required.  Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 128.

129.   Answering Paragraph 129, Boyne asserts that the allegations contained in Paragraph 129 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation as to him in Paragraph 129 and lacks knowledge to form a belief as to the truth or falsity of the allegations as to his co-defendants and on that basis denies those allegations.

130.   Answering Paragraph 130, Boyne admits the allegations in Paragraph 130.

131.   Answering Paragraph 131, Boyne admits on information and belief that the Company issued a press release on or about March 19, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 131.

132.   Answering Paragraph 132, Boyne asserts that the allegations contained in Paragraph 132 purport to describe the contents of the Company's March 19, 2010, press release, which speak for themselves, and no response is required. To the extent that the paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 132.

133.   Answering Paragraph 133, Boyne asserts that the allegations contained in Paragraph 133 constitute Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne admits on information and

CROWELL
& MORING LLP
ATTORNEYS AT LAW

belief that the Company's stock closed at $.18 a share on March 19, 2010. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 133.

134.   Answering Paragraph 134, Boyne admits on information and belief that the Company issued a press release on or about May 18, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 134.

135.   Answering Paragraph 135, Boyne admits on information and belief that the Company filed with the SEC a Form 8-K on or about May 19, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 135.

136.   Answering Paragraph 136, Boyne asserts that the allegations contained in Paragraph 136 constitute Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne admits on information and belief that the Company's stock closed at $.03 a share on May 19, 2010. Except as specifically admitted herein, Boyne denies each and every allegation in paragraph 136.

137.   Answering Paragraph 137, Boyne asserts that the allegations in Paragraph 137 constitute Plaintiffs' characterizations of this action to which no response is required. To the extent that this paragraph contains factual assertions that purport to require a response, Boyne admits on information and belief that the Company filed a Form 8-K with the SEC on or about September 29, 2010, the contents of which speak for themselves, and on that basis denies the allegation that "[t]he Company has not issued a single press release or made any SEC filings" since May 19, 2010. Boyne lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 137, and on that basis

denies each and every remaining allegation in Paragraph 137. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 137.

## VI.  ADDITIONAL ALLEGATIONS DEMONSTRATING FALSITY AND SCIENTER

138.  Answering Paragraph 138, Boyne asserts that the allegations in Paragraph 138 consist of Plaintiffs' characterization of this action and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 138.

139.  Answering Paragraph 139, Boyne lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139, and denies them on that basis.

140.  Answering Paragraph 140, Boyne admits on information and belief that Cole has submitted letters to the Company's Board, the contents of which speak for themselves. Boyne further admits on information and belief that the Company has filed a letter from Boyne with the SEC, the contents of which speak for themselves. Except as specifically admitted, Boyne denies each and every allegation in Paragraph 140.

140(a).   Answering Sub-paragraph 140(a), Boyne asserts that no response is required as to the allegations in Sub-paragraph 140(a) that purport to describe the contents of an April 20, 2010, letter from Cole to EGC's Board of Directors, filed with the SEC on Form 8-K/A on April 22, 2010, the contents of which speak for themselves.

140(b).   Answering Sub-paragraph 140(b), Boyne asserts that no response is required as to the allegations in Sub-paragraph 140(b) that purport to describe the contents of an undated letter from Boyne to Christiansen and Donovan, filed with the SEC on Form 8-K/A on April 22, 2010, the contents of which speak for themselves.

140(c).      Answering Sub-paragraph 140(c), Boyne admits on information and belief that Houssels submitted a resignation letter to the EGC's Board on January 25, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Sub-paragraph 140(c).

141.  Answering Paragraph 141, Boyne asserts that the allegations in Paragraph 141 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 141.

141(a).  Answering Sub-paragraph 141(a), Boyne admits that EGC was a small company with ten or fewer employees. Boyne asserts that no response is required as to the allegations in Sub-paragraph 141(a) that purport to describe the contents of "the Company's most recent 10-K," whose contents speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Sub-paragraph 141(a).

141(b).   Answering Sub-paragraph 141(b), Boyne asserts that no response is required as to the allegations in Sub-paragraph 141(b) that purport to describe the contents of the Company's alleged May 18, 2010, and May 19, 2010, announcements, as well as the Company's Form 10-Q for the quarter ending September 30, 2009, which speak for themselves. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Sub-paragraph 141(b).

141(c).   Answering Sub-paragraph 141(c), Boyne asserts that the allegations contained in Sub-paragraph 141(c) constitute legal conclusions to which no response is required. Boyne further asserts that the second and third sentences of Sub-paragraph 141(c) purport to

CROWELL
& MORING LLP
ATTORNEYS AT LAW

describe the contents of the Company's Form 10-KSB for FY 2006 and Form 10-KSB for FY 2007, the contents of which speak for themselves. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Sub-paragraph 141(c).

141(d).   Answering Sub-paragraph 141(d), Boyne asserts that this paragraph contains Plaintiffs' characterizations of this action and conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne admits on information and belief that the Company's auditor withdrew its audit opinions for the years ended December 31, 2006, 2007, and 2008. Boyne further admits on information and belief that the Company filed a Form 8-K with the SEC on or about February 19, 2010, the contents of which speak for themselves. Except as specifically admitted herein, Boyne denies each and every allegation in Sub-paragraph 141(d).

141.(e)   Answering Sub-paragraph 141(e), Boyne asserts that no response is required as to the allegations in Sub-paragraph 141(e) that purport to describe the contents of the Company's Form 8-K filed with the SEC on or about May 19, 2010, the contents of which speak for themselves. As to the remaining allegations in Sub-paragraph 141(e), Boyne lacks knowledge sufficient to form a belief as to the truth or falsity of those allegations, and denies them on that basis.

142.   Answering Paragraph 142, Boyne asserts that the allegations contained in Paragraph 142 constitute Plaintiffs' characterizations and legal conclusions to which no response is required. Boyne further asserts that no response is required as to the allegations in Paragraph 142 that purport to describe the contents of the Company's Form 8-K for fiscal year 2007, Form 10-KSB for fiscal year 2007, and

CROWELL & MORING LLP
ATTORNEYS AT LAW

1   Form 10-Q for the first quarter of 2008, which speak for themselves. To the extent
2   that a response is required, Boyne denies each and every allegation in Paragraph
3   142.

4       143.   Answering Paragraph 143, Boyne denies each and every allegation in
5   Paragraph 143 to the extent any of the allegations relate to Boyne. Otherwise,
6   Boyne denies each and every allegation in Paragraph 143 for lack of knowledge or
7   information sufficient to form a belief as to the truth or falsity of the allegations.

8           143(a).   Answering Sub-paragraph 143(a), Boyne asserts that the
9           allegations in Sub-paragraph 143(a) purport to describe the contents of
10          the Company's alleged March 16, 2009 press release, which speak for
11          themselves, and no response is required. To the extent that any
12          response is required, Boyne denies each and every allegation in Sub-
13          paragraph 143(a).

14          143(b).   Answering Sub-paragraph 143(b), Boyne asserts that
15          allegations in Sub-paragraph 143(b) purport to describe the contents of
16          the Company's alleged August 6, 2009, press release, which speak for
17          themselves, and no response is required. To the extent that any
18          response is required, Boyne denies each and every allegation in Sub-
19          paragraph 143(b).

20          143(c).   Answering Sub-paragraph 143(c), Boyne asserts that the
21          allegations in Sub-paragraph 143(c) purport to describe the contents of
22          the Company's alleged November 12, 2008, press release, which speak
23          for themselves, and no response is required. To the extent that any
24          response is required, Boyne denies each and every allegation in Sub-
25          paragraph 143(c).

26      144.   Answering Paragraph 144, Boyne lacks knowledge or information
27   sufficient to form a belief as to the truth or falsity of the statements made by
28   Plaintiffs' purported confidential witness to Plaintiffs' representatives, and on that

basis denies each and every such allegation. Boyne otherwise denies each and every allegation in Paragraph 144.

145. Answering Paragraph 145, Boyne asserts that the allegations contained in Paragraph 145 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 145.

146. Answering Paragraph 146, Boyne lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146, and denies them on that basis.

147. Answering Paragraph 147, Boyne asserts that the allegations contained in Paragraph 147 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 147.

147(a). Answering Sub-paragraph 147(a), Boyne asserts that the allegations contained in Sub-paragraph 147(a) constitute Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne asserts that the allegations contained in Sub-paragraph 147(a) purport to describe the contents of various documents filed with the SEC and in the United Kingdom, which speak for themselves. Boyne further asserts that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statement concerning certain Company directors' inability to obtain bank confirmations. Except as specifically admitted herein, Boyne denies each and every allegation in Sub-paragraph 147(a).

147(b). Answering Sub-paragraph 147(b), Boyne asserts that the allegations contained in Sub-paragraph 147(b) constitute Plaintiffs' characterizations and legal conclusions to which no response is

CROWELL & MORING LLP
ATTORNEYS AT LAW

No. SACV-10-002552-DOC(RNBx)                    ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT

required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne asserts that the allegations contained in Sub-paragraph 147(b) purport to describe the contents of various documents filed with the SEC and in the United Kingdom, which speak for themselves.  Boyne further asserts that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements made by Donovan.  Except as specifically admitted herein, Boyne denies each and every allegation in Sub-paragraph 147(b).

147(c).   Answering Sub-paragraph 147(c), Boyne asserts that the allegations contained in Sub-paragraph 147(c) constitute Plaintiffs' characterizations and legal conclusions to which no response is required. Boyne further asserts that the allegations in this paragraph purport to describe the contents of Cole's February 25, 2010, letter and the Company's investor conference call on or about November 12, 2009, which speak for themselves, and no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements made by Donovan. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 147(c).

147(d).   Answering Sub-paragraph 147(d), Boyne asserts that the allegations contained in Sub-paragraph 147(d) constitute Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 147(d).

148.   Answering Paragraph 148, Boyne asserts that the allegations contained in Paragraph 148 constitute Plaintiffs' characterizations, suppositions, and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne admits upon information and belief that the board minutes and resolutions of EGC were available to him and all board members and that the 2002 Agreement was the subject of board discussions and approval and recorded in EGC's board minutes and resolutions. Otherwise, Boyne denies each and every allegation in Paragraph 148 for lack of information sufficient to form a belief as to the truth or falsity of the allegations.

149.   Answering Paragraph 149, Boyne asserts that the allegations contained in Paragraph 149 constitute Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 149.

## VII.  CLASS ACTION ALLEGATIONS

150.   Answering Paragraph 150, Boyne asserts that this paragraph sets forth Plaintiffs' characterization of this action and legal conclusions, and does not purport to require a response from Boyne. To the extent that this paragraph purports to contain factual assertions requiring a response, Boyne admits on information and belief that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a putative class defined in the Complaint. Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 150.

151.   Answering Paragraph 151, Boyne asserts that the allegations contained in Paragraph 151 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne admits on information and belief that the Company's stock was

traded over the counter on the NASDAQ Bulletin Board.  Except as specifically admitted herein, Boyne denies each and every allegation in Paragraph 151.

152.   Answering Paragraph 152, Boyne asserts that the allegations contained in Paragraph 152 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 152.

153.   Answering Paragraph 153, Boyne asserts that the allegations contained in Paragraph 153 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 153.

154.   Answering Paragraph 154, Boyne asserts that the allegations contained in Paragraph 154 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 154.

154(a).   Answering Sub-paragraph 154(a), Boyne asserts that the allegations contained in Sub-paragraph 154(a) constitute Plaintiffs' characterization of the action and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Sub-paragraph 154(a).

154(b).   Answering Sub-paragraph 154(b), Boyne asserts that the allegations contained in Sub-paragraph 154(b) constitute Plaintiffs' characterization of the action and legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Sub-paragraph 154(b).

154(c).   Answering Sub-paragraph 154(c), Boyne asserts that the allegations contained in Sub-paragraph 154(c) constitute Plaintiffs'

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1    characterization of the action and legal conclusions to which no

2    response is required. To the extent this paragraph contains factual

3    assertions that purport to require a response, Boyne denies each and

4    every allegation in Sub-paragraph 154(c).

5    155.   Answering Paragraph 155, Boyne asserts that the allegations contained

6    in Paragraph 155 constitute legal conclusions to which no response is required. To

7    the extent this paragraph contains factual assertions that purport to require a

8    response, Boyne denies each and every allegation in Paragraph 155.

9    ## VIII.  RELIANCE PRESUMPTIONS

10   ### A.    <u>Affiliated Ute</u>

11   156.   Answering Paragraph 156, Boyne asserts that the allegations contained

12   in Paragraph 156 constitute Plaintiffs' characterizations and legal conclusions to

13   which no response is required. To the extent this paragraph contains factual

14   assertions that purport to require a response, Boyne denies each and every

15   allegation in Paragraph 156.

16   ### B.    <u>Fraud-on-the-Market Presumption of Reliance</u>

17   157.   Answering Paragraph 157, Boyne asserts that the allegations contained

18   in Paragraph 157 constitute legal conclusions to which no response is required. To

19   the extent this paragraph contains factual assertions that purport to require a

20   response, Boyne denies each and every allegation in Paragraph 157.

21   157(a).   Answering Sub-paragraph 157(a), Boyne asserts that the

22   allegations contained in Sub-paragraph 157(a) contain Plaintiffs' legal

23   conclusions to which no response is required. To the extent this

24   paragraph contains factual assertions that purport to require a response,

25   Boyne admits on information and belief that the Company's stock was

26   traded over the counter on the NASDAQ Bulletin Board. Except as

27   specifically admitted herein, Boyne denies each and every allegation in

28   Sub-paragraph 157(a).

157(b).    Answering Sub-paragraph 157(b), Boyne admits on information and belief that the Company's stock was traded over the counter on the NASDAQ Bulletin Board. Boyne lacks knowledge sufficient to form a basis as to the truth or falsity of the remaining allegations in Sub-paragraph 157(b), and on that basis denies each and every allegation in Sub-paragraph 157(b). Boyne further asserts that to the extent the second sentence of Sub-paragraph 157(b) purports to describe the contents of the Company's fiscal year 2008 10-K, they speak for themselves. Boyne further asserts that the third sentence of Sub-paragraph 157(b) contains Plaintiffs' legal conclusions to which no response is required. Except as specifically admitted herein, Boyne denies each and every allegation in Sub-paragraph 157(b).

157(c).    Answering Sub-paragraph 157(c), Boyne admits on information and belief that the Company issued press releases related to investors and held investor conference calls from time to time. Except as specifically admitted herein, Boyne denies each and every allegation in Sub-paragraph 157(c).

157(d).    Answering Sub-paragraph 157(d), Boyne lacks knowledge sufficient to form a basis as to the truth or falsity of the allegations in this subparagraph, and denies them on that basis.

157(e).    Answering Sub-paragraph 157(e), Boyne lacks knowledge sufficient to form a basis as to the truth or falsity of the allegations in this subparagraph, and denies them on that basis.

157(f).    Answering Sub-paragraph 157(f), Boyne asserts that the allegations contained in Sub-paragraph 157(f) constitute Plaintiffs' characterization of the action and legal conclusions to which no response is required. To the extent this paragraph contains factual

assertions that purport to require a response, Boyne denies each and every allegation in Sub-paragraph 157(f).

158.   Answering Paragraph 158, Boyne asserts that the allegations contained in Paragraph 158 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 158.

## IX.  NO SAFE HARBOR

159.   Answering Paragraph 159, Boyne asserts that the allegations contained in Paragraph 159 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 159.

## X.  FIRST CAUSE OF ACTION

160.   Answering Paragraph 160, Boyne repeats and realleges his responses to Paragraph 1 through 159 of the Complaint as if fully set forth herein.

161.   Answering Paragraph 161, Boyne admits on information and belief that Plaintiffs purport to bring a claim under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against all defendants other than Eugene Christiansen, Paul Farrell, and Anna Houssels. Boyne otherwise denies each and every allegation in Paragraph 161.

162.   Answering Paragraph 162, Boyne asserts that the allegations contained in Paragraph 162 constitute legal conclusions to which no response is required. To the extent any response is required, Boyne denies each and every allegation in Paragraph 162 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the remaining alleged "Section 10(b) Defendants".

163.   Answering Paragraph 163, Boyne asserts that the allegations contained in Paragraph 163 constitute legal conclusions to which no response is required. To the extent any response is required, Boyne denies each and every allegation in

1    Paragraph 163 as to him, and lacks knowledge or information sufficient to form a

2    belief as to the truth or falsity of the statements as to the remaining alleged "Section

3    10(b) Defendants".

4         164.   Answering Paragraph 164, Boyne asserts that the allegations contained

5    in Paragraph 164 constitute legal conclusions to which no response is required. To

6    the extent any response is required, Boyne denies each and every allegation in

7    Paragraph 164 as to him, and lacks knowledge or information sufficient to form a

8    belief as to the truth or falsity of the statements as to the remaining alleged "Section

9    10(b) Defendants".

10        165.   Answering Paragraph 165, Boyne asserts that the allegations contained

11   in Paragraph 165 constitute legal conclusions to which no response is required. To

12   the extent any response is required, Boyne denies each and every allegation in

13   Paragraph 165 as to him, and lacks knowledge or information sufficient to form a

14   belief as to the truth or falsity of the statements as to the remaining alleged "Section

15   10(b) Defendants".

16        166.   Answering Paragraph 166, Boyne asserts that the allegations contained

17   in Paragraph 166 constitute legal conclusions to which no response is required. To

18   the extent any response is required, Boyne denies each and every allegation in

19   Paragraph 166 as to him, and lacks knowledge or information sufficient to form a

20   belief as to the truth or falsity of the statements as to the remaining alleged "Section

21   10(b) Defendants".

22        167.   Answering Paragraph 167, Boyne asserts that the allegations contained

23   in Paragraph 167 constitute legal conclusions to which no response is required. To

24   the extent any response is required, Boyne denies each and every allegation in

25   Paragraph 167 as to him, and lacks knowledge or information sufficient to form a

26   belief as to the truth or falsity of the statements as to the remaining alleged "Section

27   10(b) Defendants".

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

No. SACV-10-002552-DOC(RNBx)                    ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT

168.   Answering Paragraph 168, Boyne asserts that the allegations contained in Paragraph 168 constitute legal conclusions to which no response is required. To the extent any response is required, Boyne denies each and every allegation in Paragraph 168 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the remaining alleged "Section 10(b) Defendants".

169.   Answering Paragraph 169, Boyne asserts that the allegations contained in Paragraph 169 constitute legal conclusions to which no response is required. To the extent any response is required, Boyne denies each and every allegation in Paragraph 169 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the remaining alleged "Section 10(b) Defendants".

170.   Answering Paragraph 170, Boyne asserts that the allegations contained in Paragraph 170 constitute legal conclusions to which no response is required. To the extent any response is required, Boyne denies each and every allegation in Paragraph 170 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the remaining alleged "Section 10(b) Defendants".

171.   Answering Paragraph 171, Boyne asserts that the allegations contained in Paragraph 171 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne lacks information sufficient to determine the truth or falsity of the allegations and on that basis denies each and every allegation in Paragraph 171.

## XI.  SECOND CAUSE OF ACTION

172.   Answering Paragraph 172, Boyne repeats and realleges his responses to Paragraph 1 through 171 of the Complaint as if fully set forth herein.

173.   Answering Paragraph 173, Boyne asserts that the allegations in Paragraph 173 constitute Plaintiffs' characterization of the action to which no

CROWELL
& MORING LLP
ATTORNEYS AT LAW

response is required. To the extent any response is required, Boyne admits on information and belief that Plaintiffs purport to bring a claim under Section 20(a) of the Securities Exchange Act of 1934 against all defendants. Boyne otherwise denies each and every allegation in Paragraph 173.

174.   Answering Paragraph 174, Boyne asserts that the allegations contained in Paragraph 174 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 174 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the other defendants.

175.   Answering Paragraph 175, Boyne asserts that the allegations contained in Paragraph 175 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 175 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the other defendants.

176.   Answering Paragraph 176, Boyne asserts that the allegations contained in Paragraph 176 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 176 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the other defendants.

177.   Answering Paragraph 177, Boyne asserts that the allegations contained in Paragraph 177 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne denies each and every allegation in Paragraph 177 as to him, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements as to the other defendants.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

No. SACV-10-002552-DOC(RNBx)                    ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT

178.   Answering Paragraph 178, Boyne asserts that the allegations contained in Paragraph 178 constitute legal conclusions to which no response is required. To the extent this paragraph contains factual assertions that purport to require a response, Boyne lacks information sufficient to determine the truth or falsity of the allegations and on that basis denies each and every allegation in Paragraph 178.

## PRAYER FOR RELIEF

To the extent that any response is required to Plaintiffs' prayer for relief and judgment, Boyne denies each and every allegation contained therein.

## GENERAL DENIAL

Except as otherwise expressly stated in Paragraphs 1 through 178 above, Boyne denies each and every allegation of wrongdoing by him contained in Paragraphs 1 through 178 of the Complaint, including, without limitation, the introductory paragraphs, headings, subheadings and footnotes contained in the Complaint, and specifically denies liability to Plaintiffs and the putative class, or that Plaintiffs or the putative class have suffered any legally cognizable damages for which Boyne is responsible. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, allegations in the Complaint to which no responsive pleading is required shall be deemed denied. Boyne expressly reserves the right to amend and/or supplement this Answer, including, but not limited to, the defenses and affirmative defenses set forth herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Boyne or any Defendant, and without admitting that Plaintiffs suffered any loss, damage, or injury, Boyne alleges the following affirmative defenses to the Complaint. By designating the following as affirmative defenses, Boyne does not in any way waive or limit any defenses that are or may be raised by his denials, allegations, and averments set forth herein. Boyne also does not, by alleging any affirmative defense, admit that Plaintiffs do not have the burden of proof for any or all facts

CROWELL
& MORING LLP
ATTORNEYS AT LAW

underlying any of those defenses. These defenses are pleaded in the alternative, and are raised to preserve the rights of Boyne to assert such defenses, and are without prejudice to his ability to raise other and further defenses. All such affirmative defenses are asserted as to Plaintiffs and, in the event that this action is permitted to proceed on a class basis, as to any other member of the purported class.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted against Boyne.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead their claims with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and by the Private Securities Litigation Reform Act of 1995.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Boyne or EGC did not make any false or misleading statements of material fact or omit to state any material facts.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Boyne, alleged to be a control person under Section 20(a) of the Exchange Act, acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation and causes of action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Boyne acted in good faith and in conformity with all applicable federal statutes, including the Securities Exchange Act of 1934, as amended, the Private Securities Litigation Reform Act of 1995, and all applicable rules and regulations promulgated thereunder.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Boyne acted in good faith and did not materially assist in any violation of law or directly or indirectly induce any act or acts constituting any alleged violations or causes of action.

## SEVENTH AFFIRMATIVE DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which Boyne denies, then every act or omission was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission and, therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

## EIGHTH AFFIRMATIVE DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which Boyne denies, then Boyne or EGC did not act with the state of mind required to support liability under Section 10(b) of the Securities Exchange Act of 1934, Rule 10(b)-5 promulgated thereunder, or Section 20(a) of the Securities Exchange Act of 1934.

## NINTH AFFIRMATIVE DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which Boyne denies, then no such statement or omission caused Plaintiffs to engage in any transaction supporting any claim alleged herein.

## TENTH AFFIRMATIVE DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was

omitted, which Boyne denies, then some or all of such statements or omissions were not reasonably relied upon by Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which Boyne denies, then some or all of such statements or omissions were not material or otherwise legally actionable on any theory.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class have not suffered any injury or harm as a result of any action, conduct, statement or omission by Boyne.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the depreciation in the price of EGC stock resulted from factors other than any conduct of Boyne; no action or inaction by Boyne is the cause, in law or fact, of any injury Plaintiffs and the putative class may have suffered, and their alleged losses were not actually or proximately caused by Boyne.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, ratification, in pari delicto, laches, unclean hands, or other related equitable doctrines.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because to the extent, if any, that Plaintiffs and the putative class have suffered injury or loss, such injury or loss is the result of factors, events, actions or occurrences unrelated to any actions or alleged failures to act on the part of Boyne and outside of and beyond the control of Boyne, including the conduct, actions, omissions, negligence and contributory or

CROWELL
& MORING LLP
ATTORNEYS AT LAW

comparative fault of Plaintiffs, the putative class members or other persons over whom Boyne had no control.

## SIXTEENTH AFFIRMATIVE DEFENSE

Boyne is not liable to Plaintiffs and the putative class because any alleged misstatements made were forward-looking statements or contained sufficient cautionary language and risk disclosures, such that they are rendered non-actionable by the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995 or the bespeaks caution doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the lack of transaction causation or loss causation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, if any, is limited to the percentage of responsibility of Boyne in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to Plaintiffs' alleged damages, pursuant to the Proportionate Liability provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-4(f)(3)(A).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute(s) of limitations, including 28 U.S.C. § 1658.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Boyne because the substance of the material information now claimed by the Complaint to have been omitted or misrepresented was in fact publicly disclosed in EGC's public filings and other public releases, or was otherwise publicly available or widely known to the market and the investing community.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

No. SACV-10-002552-DOC(RNBx)          ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and putative class members had a duty to take reasonable action to minimize any damage allegedly sustained as a result of the conduct alleged in the Complaint, each failed to comply with that duty, and therefore each is barred from recovering any damages that might have been reasonably avoided.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs failed to undertake a prompt and reasonable investigation of EGC's business and financial condition, and such a prompt and reasonable investigation would have prevented damages, if any. Plaintiffs therefore are estopped from recovering any relief.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs were negligent and did not exercise due care to discover the existence of some or all of the purported facts alleged in the Complaint upon which they assert liability against Boyne. Thus, the actual and proximate cause of the damage to Plaintiffs, if any, in whole or in part, is Plaintiffs' negligence and their failure to exercise reasonable care.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs would have acquired EGC stock even if, when acquired, Plaintiffs would have known of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which Boyne's purported liability rests.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Boyne is entitled to receive contribution or indemnity from others for any liability he incurs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, if any, is subject to offset in the amount of any tax benefits actually received by Plaintiffs through their investments.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot satisfy the requirements for certification of the putative class.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for "control person" liability are barred in whole or in part because Plaintiffs cannot establish the primary liability necessary to support such claims.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other actions were not material to the investment decisions of a reasonable investor.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class did not reasonably rely on any conduct, statements or actions of Boyne.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and other members of the alleged class did not rely on the market in making their purchases or sales of EGC stock.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs would be unjustly enriched if they were allowed to recover anything in this action.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Boyne because Boyne or EGC were under no duty to disclose any of the information allegedly omitted.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Boyne because Boyne or EGC were under no duty to revise, update, or correct any previously made statements challenged in the Complaint.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

No. SACV-10-002552-DOC(RNBx)          ANSWER TO CONSOLIDATED SECOND AMENDED COMPLAINT

1

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

2     An insufficient number of traders in EGC stock relied on the alleged

3   misstatements or omissions set forth in the Complaint to affect the market price of

4   EGC stock.

5

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

6     Certain members of the purported class did not make investment decisions

7   with respect to EGC stock and lacked standing as purchasers or sellers of EGC

8   stock.

9

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

10    Plaintiffs' claims are barred because Boyne acted in good faith and

11  reasonable reliance on the opinion and advice of counsel, Stephen Albright.

12

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

13    Boyne adopts by reference any applicable defense plead by any other

14  defendant not expressly set forth herein.

15

### ADDITIONAL AFFIRMATIVE DEFENSES

16    Boyne may have additional, as yet unidentified defenses available. Boyne

17  reserves the right to assert additional defenses that are revealed by further

18  investigation or through discovery. Boyne may have other affirmative defenses

19  against the named Plaintiffs or purported class members and thus reserves the right

20  to assert such defenses in a timely fashion after the facts to support such defenses

21  become known to him.

22  //

23

24

25  //

26

27

28  //

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1    WHEREFORE, Boyne prays that this Court enter judgment as follows:

2    1.  That judgment be entered in favor of Boyne;

3    2.  That Plaintiffs and the purported class take nothing from Boyne by

4 their Complaint, and that the same be dismissed with prejudice; and

5    3.  For such other and further relief as this Court deems just and proper.

6

7 Dated:  September 2, 2011     Crowell & Moring LLP

8

9             By: /s/ Michael L. Cypers

10             Michael L. Cypers
              Attorneys for Defendant

11             Linden Boyne

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

### State of California, County of Los Angeles

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 515 S. Flower Street, 40th Floor, Los Angeles, CA 90071.

On September 2, 2011 , I served true copies of the document(s) described as follows on the interested parties in this action:

**ANSWER OF DEFENDANT LINDEN BOYNE TO CONSOLIDATED SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

**BY CM/ECF NOTICE OF ELECTRONIC FILING**:  I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 2, 2011, at Los Angeles, California.

*/ S/  Lucy DelValle*

_____

LUCY DELVALLE