Laurence Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
lrosen@rosenlegal.com

-and-

Phillip Kim (*pro hac vice*)
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
pkim@rosenlegal.com

Lead Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| DALTON PETRIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>ELECTRONIC GAME CARD, INC., LEE J. COLE, LINDEN BOYNE, KEVIN DONOVAN, PAUL FARRELL, EUGENE CHRISTIANSEN, ANNA HOUSSELS, LYNNE ROCHELLE ATTIAS AND JONATHAN STEINBERG AS EXECUTORS OF THE ESTATE OF LORD LEONARD STEINBERG,<br><br>Defendants. | Case No.: SACV-10-00252 DOC (RNBx)<br><br>CLASS ACTION<br><br>PLAINTIFFS' COMBINED OPPOSITION TO THE REQUESTS FOR JUDICIAL NOTICE IN DEFENDANTS COLE'S AND BOYNE'S MOTIONS TO DISMISS<br><br>Judge: Hon. David O. Carter<br>Courtroom: 9D<br>Hearing Date: September 26, 2011<br>Hearing Time: 8:30 a.m. |

**MEMORANDUM OF LAW**

**Introduction**

Defendants Lee Cole and Linden Boyne have filed requests for judicial notice in support of their motions to dismiss the second amended complaint (the "Complaint") (Dkt. #83). Their requests for judicial notice as to certain of these documents should be denied as improper.

While public corporation filings can be judicially noticed as having been filed in the public record. The Court cannot judicially notice them for the truth of the matter asserted. This is the impermissible purpose Defendants have submitted the documents for. In particular, Defendants' company filings with the United Kingdom's Companies house which Defendants created and filed *after* the filing of the first amended complaint alleging that Electronic Game Card's U.K. subsidiary did not have any cash in its bank accounts cannot be judicially noticed to disprove well-pleaded facts in that complaint (Dkt. # 22, ¶14), which were repeated verbatim in the second amended complaint. (Dkt. # 83, ¶14).

Second, Defendants have submitted what they claim are the "secret" 2002 contract along with previously unknown amendments to that purported contract. Because that contract was never publicly disclosed and even their co-defendants claim not to have known about it, the authenticity of this contract is questionable and therefore not judicially noticeable.

Third, Defendants submit board minutes of Electronic Game Card which have not been specifically relied upon in the Complaint. The Complaint alleges that defendants had access to board minutes, but it does not quote from or incorporate by reference any specific board minutes. (Dkt. #83, ¶148).

Defendants, while denying Plaintiffs any discovery, have essentially filed motions for summary judgment. This unfairly gives Defendants a tremendous

evidentiary advantage, by denying Plaintiffs the opportunity to cross-examine Defendants on these purportedly authentic documents. The Court should deny Defendants motions for judicial notice and strike any statements in Defendants' respective Motion to Dismiss and Motion for Judgment on the Pleadings that rely on these documents.

**Argument**

Generally, on a motion to dismiss for failure to state a claim, the Court may not consider any extraneous material outside a complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). Extraneous material can be considered by a district court without conversion to summary judgment if the plaintiffs' claim depends on these documents and the plaintiff does not challenge the document's authenticity. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "[M]ere mention of the existence of a document is insufficient to incorporate a document by reference". *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), *citing* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 (2d ed.1990). Extraneous material from public documents, such as SEC filings, can only be considered to establish the fact that such documents were filed, and not for the truth of their contents. *Lee*, 250 F.3d at 68-90. Otherwise, if materials outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. *Ritchie*, 342 F.3d at 908.

Further, only documents that are capable of accurate and ready determination may be judicially noticed. The courts have interpreted this to require, at a minimum, that no party reasonably question the authenticity of the documents to be judicially noticed. *In re Easysaver Rewards Litigation*, 737 F.

Supp. 2d 1159, 1166 (S.D. Cal. 2010) *citing Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994).

**A. <u>EGCL's U.K. Companies House Filings and Purported Audited Financial Statements are inadmissible for the truth of their contents</u>**

Defendant seeks to have this Court take judicial notice of its own filings with the U.K. Companies House for the truth of their contents. They submit these purportedly audited financial statements, which were filed well after the filing of the First Amended Complaint to disprove allegations made in that complaint and in the Second Amended Complaint. Specifically, on September 13, 2010, Plaintiffs filed the First Amended Complaint alleging that Electronic Game Card's U.K. subsidiary had filed financial statements with the U.K. Companies House showing only **£**768, instead of the $8.3 million that Electronic Game Card claimed it had. (Dkt. #22, ¶¶14). These allegations were repeated in the Second Amended Complaint. (Dkt. #83, ¶14). Now Defendants submit purportedly amended financial statements for EGCL, the U.K. subsidiary, that show £6.8 million. These amended financial statements were created and filed after Plaintiffs had submitted prior U.K. Companies House filings by EGCL showing only **£**768 in cash. (Dkt. # 22, ¶14). And Defendants would have the Court believe that their later financial statements are truthful. Yet, they cannot offer a reasonable explanation why the prior financial statements would be false. And, if Defendants did file false financial statements previously, they are liable for those false statements, and their admission that they previously filed false financial statements with the U.K. Companies House creates a strong inference that Defendants have acted with fraudulent intent.

It is black-letter law that public filings, such as SEC filings are admissible to show that a statement was made, but are not admissible for the truth of that statement. *E.g. Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (Judicially noticed documents "should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents"); *Patel v. Parnes*, 253 F.R.D. 531, 545-546 (C.D. Cal. 2008) ("Therefore, the court will take judicial notice of the [individual defendants'] Forms 4 filed with the SEC, but only to the extent defendants ask that it judicially notice the content of the documents and the fact of their filing [rather than their accuracy]") (citing many authorities).

The U.K. Companies House filings are akin to SEC filings. Thus, if a plaintiff misrepresented the contents of an SEC filing in a complaint, say by attributing to an SEC filed document authored by defendant a statement the defendant never made, the defendant could seek judicial notice to correct this misrepresentation. But a defendant faced with well-pled allegations that their SEC filings are <u>false</u> cannot dismiss a case simply by creating a new document after the lawsuit is filed and insisting that on the contrary the filings are <u>true</u>. *Id.* Otherwise there could be no such thing as securities fraud litigation. An enterprising defendant, such as this one, could simply file corrective financial statements with the U.K. Companies House denying well-pled allegations, as Defendant did here.

These U.K. Companies House financial statements and all statements that rely on them for the truth of their contents should be stricken. *Batwin v. Occam Networks, Inc.*, No. CV-07-2750, 2008 WL 2676364, at *2 n.3 (C.D. Cal. July 1, 2008) (Snyder, J.) ("The Court takes judicial notice of the content of all SEC filings provided to the Court as well as the fact that they were filed with the

agency. However, the Court does not take judicial notice of the truth of the content of these filings").

**B. <u>Defendants' Contracts and Board Minutes are inadmissible because they are not authenticated and Plaintiffs reasonably dispute their authenticity</u>**

Boyne and Cole request judicial notice of what they claim are copies of the 2002 "secret" agreement, which Defendants concealed from investors and ultimately caused the bankruptcy of Electronic Game Card. Boyne also attaches certain board minutes for Electronic Game Card. Defendants rely extensively on the documents. Defendants seek to have this Court take judicial notice of the truth of the contents of these documents based on the "incorporation by reference" doctrine.

It is well established that the incorporation by reference doctrine is limited to documents "whose authenticity no party questions." *Easysaver*, 737 F. Supp. 2d at 1166 *citing Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994); *accord Cole v. Asurion Corp*., No. CV 06-6649, 2008 WL 5423859, at *7 (C.D. Cal. Dec. 30, 2008) ("Plaintiff disputes the authenticity of [certain documents;] [a]ccordingly, the Court may not consider them"); *Boles v. Merscorp, Inc.*, No. CV 08-1959, 2008 WL 5246038, at *3 n. 3 (C.D. Cal. Dec. 12, 2008) (declining to take judicial notice of a document bearing plaintiff's signature because plaintiff disputed its authenticity).

These documents have never been filed publicly. The other defendants in this action claimed these documents were a "secret" from them until 2010. Plaintiffs have never seen these contracts and have never had an opportunity to test their authenticity. Courts are generally skeptical of these types of eleventh hour documents, and for good reason. *U.S. v. De Jongh* 937 F.2d 1, 5 (1st Cir. 1991)

(when … the document surfaces at the eleventh hour, the dispute about its authenticity does not appear to be frivolous); *Gulden v. U.S.*, 278 F. Supp. 1019, 1122 (S.D.N.Y. 1967). Plaintiffs reasonably dispute the documents' authenticity and the Court should not take judicial notice of them.

### C. Board Minutes are inadmissible because they are not incorporated by reference into the Complaint

Defendants seek judicial notice of Electronic Game Card's board minutes in 2006. The Complaint never incorporated by reference these board minutes. It simply alleged that Defendants had access to all of Electronic Game Card's board minutes. (Dkt. #83, ¶148). The Complaint never specifically references these, or any other, board minutes. "[M]ere mention of the existence of a document is insufficient to incorporate a document by reference." *United States v. Ritchie*, 342 F.3d at 908, *citing* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 (2d ed.1990). Under these circumstances, judicial notice is improper.

## Conclusion

For the reasons stated above, the Court should deny judicial notice of the EGCL's financial statements, the purported EGC board minutes and the purported 2002 agreement and its purported amendments.

Dated: September 2, 2011

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence Rosen
Laurence Rosen (SBN 219683)

355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684

-and-

**THE ROSEN LAW FIRM, P.A**.
Phillip Kim (*pro hac vice*)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, Timothy W. Brown, hereby declare under penalty of perjury as follows: I am an attorney with the Rosen Law Firm, P.A., with offices at 275 Madison Avenue, 34th Floor, NY, NY 10016. I am over the age of eighteen.

On September 2, 2011, I electronically filed the following PLAINTIFFS' COMBINED OPPOSITION TO THE REQUESTS FOR JUDICIAL NOTICE IN DEFENDANTS COLE AND BOYNE'S MOTIONS TO DISMISS with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on September 2, 2011

/s/ Timothy W. Brown