☑001/003

*STEVE VALDES*



May 15, 2007

Mendoza Berger & Company, LLP
9838 Research Drive
Irvine, CA 92618

We are providing this letter in connection with your review of the condensed consolidated balance sheet of Electronic Game Card, Inc. as of March 31, 2007 and the related condensed consolidated statements of operations, changes in stockholders' deficit, and comprehensive loss and cash flows for the three months then ended for the purpose of determining whether any material modifications should be made to the interim consolidated financial information for it to conform with accounting principles generally accepted in the United States of America. We confirm that we are responsible for the fair presentation of the interim financial information in conformity with generally accepted accounting principles in the United States of America. We are also responsible for establishing and maintaining effective internal control over financial reporting.

Certain representations in this letter are described as being limited to matters that are material. Items are considered material, regardless of size, if they involve an omission or misstatement of accounting information that, in light of surrounding circumstances, makes it probable that the judgment of a reasonable person relying on the information would be changed or influenced by the omission or misstatement.

We confirm, to the best of our knowledge and belief, as of May 15, 2007, the following representations made to you during your review.

1.      The interim consolidated financial information referred to above has been prepared and presented in conformity with generally accepted accounting principles applicable to interim consolidated financial information and with the instructions to Form 10-QSB and Item 310 (b) of Regulation S-B. The interim financial information has been prepared on a basis consistent with prior interim periods and years and includes all disclosures necessary and required to be included by the laws and regulations to which the Company is subject.

2.      We have designed our internal control over financial reporting to provide reasonable assurance regarding the reliability of financial reporting and the preparation of interim consolidated financial information for external purposes in accordance with generally accepted accounting principles.

3.      There are no significant deficiencies, including material weaknesses, in the design or operation of internal control over financial reporting that are reasonably likely to adversely affect the Company's



ability to authorize, record, process, summarize, and report external financial data reliably in accordance with generally accepted accounting principles in the United States of America.

4.      We have made available to you all—
a.      Financial records and related data.
b.      Minutes of the meetings of stockholders, directors, and committees of directors, or summaries of actions of recent meetings for which minutes have not yet been prepared. All significant board and committee actions are included in the summaries.

5.      There have been no communications from the SEC or other regulatory agencies regarding noncompliance with, or deficiencies, in financial reporting practices.

6.      There are no material transactions that have not been properly recorded in the accounting records underlying the interim consolidated financial information.

7.      We believe that the effects of any uncorrected financial statement misstatements aggregated by you during the current review engagement relating to the interim periods of the current year are immaterial, both individually and in the aggregate, to the interim consolidated financial information taken as a whole.

8.      We acknowledge our responsibility for the design and implementation of programs and controls to prevent and detect fraud.

9.      We have no knowledge of any fraud or suspected fraud affecting the Company involving:
a.      Management;
b.      Employees who have significant roles in internal control over financial reporting; or
c.      Others where the fraud could have a material effect on the interim consolidated financial information.

10.     We have no knowledge of any allegations of fraud or suspected fraud affecting the Company received in communications from employees, former employees, analysts, regulators, short sellers, or others.

11.     The Company has no plans or intentions that may materially affect the carrying value or classification of assets and liabilities.

12.     The following have been properly recorded or disclosed in the interim financial information:
a.      Related-party transactions, including sales, purchases, loans, transfers, leasing arrangements, and guarantees, and amounts receivable from or payable to related parties.
b.      Guarantees, whether written or oral, under which the Company is contingently liable.
c.      Significant estimates and material concentrations known to management that are required to be disclosed in accordance with the AICPA Statement of Position 94-6, Disclosure of Certain Significant Risks and Uncertainties.

13.     There are no:

a.      Violations or possible violations of laws or regulations whose effects should be considered for disclosure in the interim financial information or as a basis for recording a loss contingency.
b.      Unasserted claims or assessments that are probable of assertion and must be disclosed in accordance with FASB Statement No. 5, Accounting for Contingencies.
c.      Other liabilities or gain or loss contingencies that are required to be accrued or disclosed by FASB Statement No. 5.

14.    The Company has appropriately reconciled its general ledger accounts to their related supporting information. All reconciling items considered to be material were identified and included on the reconciliations and were appropriately adjusted in the interim financial information. All intracompany (and intercompany) accounts have been eliminated or appropriately measured and considered for disclosure in the interim consolidated financial information.

15.    The Company has satisfactory title to all owned assets, and there are no liens or encumbrances on such assets, nor has any asset been pledged as collateral.

16.    We have complied with all aspects of contractual agreements that would have a material effect on the interim consolidated financial information in the event of noncompliance.

17.    Arrangements with financial institutions involving compensating balances or other arrangements involving restrictions on cash balances, lines of credit, or similar arrangements have been properly disclosed.

18.    Capital stock repurchase options or agreements or capital stock reserved for options, warrants, conversions, or other requirements have been properly disclosed.

To the best of our knowledge and belief, no events have occurred subsequent to the balance sheet date and through the date of this letter that would require adjustment to or disclosure in the interim financial consolidated information referred to above.

_____
Chief Executive Officer

_____
Chief Financial Officer

# Exhibit 15



March 29, 2007

Mendoza Berger & Company, LLP

9838 Research Drive

Irvine, CA 92618

We are providing this letter in connection with your audits of the balance sheets of Electronic Game Cards, Inc. as of December 31, 2006 and the related statements of operations, stockholders' equity and comprehensive income, and cash flows for the year ending December 31, 2006 for the purpose of expressing an opinion as to whether the financial statements present fairly, in all material respects, the financial position, results of operations, and cash flows of Electronic Game Card, Inc. in conformity with U.S. generally accepted accounting principles. We confirm that we are responsible for the fair presentation in the financial statements of financial position, results of operations, and cash flows in conformity with generally accepted accounting principles. We are also responsible for adopting sound accounting policies, establishing and maintaining internal control, and preventing and detecting fraud.

Certain representations in this letter are described as being limited to matters that are material. Items are considered material if they involve an omission or misstatement of accounting information that, in light of surrounding circumstances, makes it probable that the judgment of a reasonable person relying on the information would be changed or influenced by the omission or misstatement. An omission or misstatement that is monetarily small in amount could be considered material as a result of qualitative factors.

We confirm, to the best of our knowledge and belief, as of March 29, 2007 the following representations made to you during your audit.

1. The financial statements referred to above are fairly presented in conformity with U.S. generally accepted accounting principles, and include all disclosures necessary for such fair presentation and disclosures required to be included therein by the laws and regulations to which the Company is subject.

2. We have made available to you all—

   a. Financial records and related data.

   b. Minutes of the meetings of stockholders, directors, and committees of directors, or summaries of actions of recent meetings for which minutes have not yet been prepared.

3. There have been no communications from the SEC or other regulatory agencies concerning noncompliance with, or deficiencies in, financial reporting practices.

4. There are no material transactions that have not been properly recorded in the accounting records underlying the financial statements.

5. We believe that the effects of the uncorrected financial statement misstatements summarized in the attached schedule are immaterial, both individually and in the aggregate, to the financial statements taken as a whole.

6. There are no significant deficiencies, including material weaknesses, in the design or operation of internal control over financial reporting that are reasonably likely to adversely affect the Company's ability to initiate, authorize, record, process, and report financial data reliably in accordance with generally accepted accounting principles.



Electronic Game Card
712 Fifth Avenue
19th Floor
New York, NY 10019-4108

Tel:   +1 646 789 0036
Fax:   +1 212 751 1936
www.electronicgamecard.com

7. We acknowledge our responsibility for the design and implementation of programs and controls to prevent and detect fraud.

8. We have no knowledge of any fraud or suspected fraud affecting the Company involving:

   a. Management,

   b. Employees who have significant roles in internal control, over financial reporting, or

   c. Others where the fraud could have a material effect on the financial statements.

9. We have no knowledge of any allegations of fraud or suspected fraud affecting the Company received in communications from employees, former employees, regulators, or others.

10. The Company has no plans or intentions that may materially affect the carrying value or classification of assets and liabilities.

11. The following, if material, have been properly recorded or disclosed in the financial statements:

   a. Related party transactions and related accounts receivable or payable, including sales, purchases, loans, transfers, leasing arrangements, and guarantees.

   b. Guarantees, whether written or oral, under which the company is contingently liable.

12. There are no estimates that may be subject to a material change in the near term that have not been properly disclosed in the financial statements. We understand that *near term* means the period within one year of the date of the financial statements. In addition, we have no knowledge of concentrations existing at the date of the financial statements that make the company vulnerable to the risk of severe impact that have not been properly disclosed in the financial statements.

13. There are no:

   a. Violations or possible violations of laws or regulations whose effect should be considered for disclosure in the financial statements or as a basis for recording a loss contingency.

   b. Unasserted claims or assessments that our lawyer has advised us are probable of assertion and must be disclosed in accordance with *Statement of Financial Accounting Standards No. 5.*

   c. Other liabilities or gain or loss contingencies that are required to be accrued or disclosed by *Statement of Financial Accounting Standards No. 5.*

14. The Company has satisfactory title to all owned assets, and there are no liens or encumbrances on such assets nor has any asset been pledged as collateral. [If the company has pledged assets, add "except as disclosed in the notes to the financial statements)."]

15. The Company has complied with all aspects of contractual agreements that would have a material effect on the financial statements in the event of noncompliance.

16. The Company has appropriately reconciled its general ledger accounts to their related supporting information. All related reconciling items considered to be material were identified and included on the reconciliations and were appropriately adjusted in the financial statements. All intracompany (and intercompany) accounts have been eliminated or appropriately measured and considered for disclosure in the financial statements.

17. The unaudited interim financial information has been prepared and presented in conformity with accounting principles generally accepted in the United States of America applicable to interim financial information and with Item 302(a) of Regulation S-K and has been prepared on a basis consistent with prior interim periods and years.

18. The Company does not owe the PCAOB outstanding past-due accounting support fees.

No events have occurred subsequent to the balance sheet date and through the date of this letter that would require adjustment to, or disclosure in, the financial statements.

Lee J Cole
Chief Executive Officer

Linden J Boyne
Chief Financial Officer

# Exhibit 16

REGISTERED NUMBER: 03966151 (England and Wales)

ABBREVIATED UNAUDITED ACCOUNTS FOR THE YEAR ENDED 31 DECEMBER 2008

FOR

ELECTRONIC GAME CARD (UK) LIMITED

TUESDAY

*LQNWZIQ1*

LD5          30/03/2010          95
COMPANIES HOUSE

**ELECTRONIC GAME CARD LIMITED**

**CONTENTS OF THE ABBREVIATED ACCOUNTS
FOR THE YEAR ENDED 31 DECEMBER 2008**

|  | Page |
|---|---|
| Company Information | 1 |
| Abbreviated Balance Sheet | 2 |
| Notes to the Abbreviated Accounts | 4 |

**ELECTRONIC GAME CARD LIMITED**

**COMPANY INFORMATION**
**FOR THE YEAR ENDED 31 DECEMBER 2008**

| | |
|---|---|
| **DIRECTORS:** | L J H Boyne |
| **SECRETARY:** | L J H Boyne |
| **REGISTERED OFFICE:** | Norfolk House LG Floor<br>31 St James Square<br>LONDON<br>SW1Y 4JR |
| **REGISTERED NUMBER:** | 03966151 (England and Wales) |

**ELECTRONIC GAME CARD LIMITED**

**ABBREVIATED BALANCE SHEET**
**31 DECEMBER 2008**

| | Notes | 2008 £ | 2007 £ |
|---|---|---|---|
| **FIXED ASSETS** | | | |
| Tangible assets | 2 | 6,858 | 9,144 |
| | | | |
| **CURRENT ASSETS** | | | |
| Debtors | | 17,908 | 15,794 |
| Cash at bank | | 763 | 823 |
| | | 18,671 | 16,617 |
| **CREDITORS** | | | |
| Amounts falling due within one year | | (178,135) | (85,085) |
| **NET CURRENT LIABILITIES** | | (159,464) | (68,468) |
| **TOTAL ASSETS LESS CURRENT LIABILITIES** | | (152,606) | (59,324) |
| **CREDITORS** | | | |
| Amounts falling due after more than one year | | (2,449,964) | (2,350,130) |
| **NET LIABILITIES** | | (2,602,570) | (2,409,454) |
| | | | |
| **CAPITAL AND RESERVES** | | | |
| Called up share capital | 3 | 99 | 99 |
| Profit and loss account | | (2,602,669) | (2,409,553) |
| **SHAREHOLDERS' FUNDS** | | (2,602,570) | (2,409,454) |

The company is entitled to exemption from audit under Section 249A(1) of the Companies Act 1985 for the year ended 31 December 2008

The members have not required the company to obtain an audit of its financial statements for the year ended 31 December 2008 in accordance with Section 249B(2) of the Companies Act 1985

The directors acknowledge their responsibilities for
(a)   ensuring that the company keeps accounting records which comply with Section 221 of the Companies Act 1985 and
(b)   preparing financial statements which give a true and fair view of the state of affairs of the company as at the end of each financial year and of its profit or loss for each financial year in accordance with the requirements of Section 226 and which otherwise comply with the requirements of the Companies Act 1985 relating to financial statements, so far as applicable to the company

The notes form part of these abbreviated accounts

continued

**ELECTRONIC GAME CARD LIMITED**

**ABBREVIATED BALANCE SHEET - continued**
**31 DECEMBER 2008**

These abbreviated accounts have been prepared in accordance with the special provisions of Part VII of the Companies Act 1985 relating to small companies

The financial statements were approved by the Board of Directors on   24/3/10   and were signed on its behalf by

Director

The notes form part of these abbreviated accounts

Page 3

ELECTRONIC GAME CARD LIMITED

NOTES TO THE ABBREVIATED ACCOUNTS
FOR THE YEAR ENDED 31 DECEMBER 2008

1    ACCOUNTING POLICIES

Accounting convention
The financial statements have been prepared under the historical cost convention and in accordance with the Financial Reporting Standard for Smaller Entities (effective January 2007)

The company is dependant on continuing finance being made available by its parent company to enable it to continue operating and to meet its liabilities as they fall due, until a time in the future where the company makes any sales   In the opinion of the directors, the company has necessary arrangements in place with its parent company, which guarantees to fulfil its obligation

Turnover
Turnover represents net invoiced sales of services, excluding value added tax

Tangible fixed assets
Depreciation is provided at the following annual rates in order to write off each asset over its estimated useful life

Plant and machinery etc                          - 25% on reducing balance

2    TANGIBLE FIXED ASSETS

|  | Total £ |
|---|---|
| COST | |
| At 1 January 2008 | |
| and 31 December 2008 | 25,753 |
| | |
| DEPRECIATION | |
| At 1 January 2008 | 16,609 |
| Charge for year | 2,286 |
| | |
| At 31 December 2008 | 18,895 |
| | |
| NET BOOK VALUE | |
| At 31 December 2008 | 6,858 |
| | |
| At 31 December 2007 | 9,144 |

3    CALLED UP SHARE CAPITAL

| Authorised Number | Class | Nominal value | 2008 £ | 2007 £ |
|---|---|---|---|---|
| 1,000 | Ordinary | £1 | 1,000 | 1,000 |

| Allotted, issued and fully paid Number | Class | Nominal value | 2008 £ | 2007 £ |
|---|---|---|---|---|
| 99 | Ordinary | £1 | 99 | 99 |

Page 4                                                              continued

**ELECTRONIC GAME CARD LIMITED**

**NOTES TO THE ABBREVIATED ACCOUNTS - continued**
**FOR THE YEAR ENDED 31 DECEMBER 2008**

4       ULTIMATE PARENT COMPANY

As at 31 December 2008 the directors consider the parent company to be Electronic Game Card Inc, registered in the State of  Nevada in the United States of America   Electronic Game Card Inc own 100% of share capital in Electronic Game Card Limited

# Exhibit 17



**Companies House**
—— *for the record* ——

# AR01 (ef)

| Annual Return |
|:---:|



*Received for filing in Electronic Format on the:*   **12/04/2010**

XFCFEJ33

| | |
|---|---|
| *Company Name:* | **ELECTRONIC GAME CARD (UK) LIMITED** |
| *Company Number:* | **03966151** |
| *Date of this return:* | **06/04/2010** |
| *SIC codes:* | **3002** |
| *Company Type:* | **Private company limited by shares** |
| *Situation of Registered Office:* | **NORFOLK HOUSE LG FLOOR**<br>**31 ST JAMES SQUARE**<br>**LONDON**<br>**SW1Y 4JR** |

## Officers of the company

*Service Address:*

---

| | |
|---|---|
| *Type:* | **Corporate** |
| *Name:* | **GREENFIELD CAPITAL INTERNATIONAL LIMITED** |
| *Registered or principal address:* | **SUITES 21 & 22 VICTORIA HOUSE 26 MAIN STREET GIBRALTAR** |

## *Non European Economic Area (EEA) Company*

| | |
|---|---|
| *Legal Form:* | **GREENFIELD CAPITAL INTERNATIONAL LIMITED** |
| *Law Governed:* | **BRITISH VIRGIN ISLAND LAW** |
| *Register Location:* | |
| *Registration Number:* | |

*Consented to Act:* **Y**      *Date authorised:*      *Authenticated:* **YES**

## *Company Director*      *1*

| | |
|---|---|
| *Type:* | **Person** |
| *Full forename(s):* | **MR LINDEN JAMES HASTINGS** |
| *Surname:* | **BOYNE** |
| *Former names:* | |

*Service Address recorded as Company's registered office*

*Country/State Usually Resident:* **UNITED KINGDOM**

*Date of Birth:* **1943-06-08**      *Nationality:* **BRITISH**
*Occupation:* **DIRECTOR**

---

## Statement of Capital (Share Capital)

| Class of shares | ORDINARY | Number allotted | 99 |
| | | Aggregate nominal value | 99 |
| Currency | GBP | Amount paid per share | 0 |
| | | Amount unpaid per share | 0 |
| Prescribed particulars | COMMON STOCK WITH NORMAL VOTING RIGHTS | | |

## Statement of Capital (Totals)

| Currency | GBP | Total number of shares | 99 |
| | | Total aggregate nominal value | 99 |

## Full Details of Shareholders

The details below relate to individuals / corporate bodies that were shareholders as at 06/04/2010 or that had ceased to be shareholders since the made up date of the previous Annual Return

*A full list of shareholders for a private or non-traded public company are shown below*

*Shareholding* : 1

**0 ORDINARY Shares held as at 06/04/2010**
**99 DISPOSED OF IN PERIOD ON 01/03/2010**

*Name:*     **E G C INC**

*Address:*

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

*Name:*           **EPN ADVISORY LIMITED**

*Address:*

---

## *Authorisation*

*Authenticated*

*This form was authorised by one of the following:*

Director, Secretary, Person Authorised, Charity Commission Receiver and Manager, CIC Manager, Judicial Factor.

---

## PROOF OF SERVICE

I am employed in the County of New York, State of New York. I am over the age of eighteen (18) years and not a party to the within action. My business address is 275 Madison Avenue, 34th Floor, New York, New York 10016.

On November 21, 2011, I served the following document described as:

**CONSOLIDATED THIRD AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

on the parties in this action, as stated on the attached service list by causing the foregoing document to be placed in a sealed envelope addressed as set forth on the attached service list and caused such envelope, with first class postage thereon fully prepaid, to be placed in the U.S. Mail at New York, NY and certify that such envelope was placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 21, 2011, in New York, New York.

Leonid Prilutskiy
The Rosen Law Firm, P.A.

## SERVICE LIST

Steven D. Hibbard, Esq.
SHEARMAN & STERLING, LLP
4 Embarcadero Center Suite 3800
San Francisco, CA 94111

*Counsel for Defendants Electronic
Game Card, Inc., Kevin Donovan and
Eugene Christiansen*

| | |
|---|---|
| Christopher Kim | Andrew M. Meehan |
| Norma Nava | Jonathan D. Cogan |
| Lisa J. Yang | Steven G. Kobre |
| LIM RUGER & KIM LLP | KOBRE & KIM LLP |
| 1055 West Seventh Street Suite 2800 | 800 Third Avenue Floor 6 |
| Los Angeles, CA 90017 | New York, NY 10022 |

*Counsel for Defendant Paul Farrell*          *Counsel for Defendant Paul Farrell*

| | |
|---|---|
| Seth A Aronson | Alan R Pearlson |
| Meredith N Landy | Herve Gouraige |
| Sara May Folchi | Jeffrey J Greenbaum |
| O'MELVENY AND MYERS LLP | Lawrence B Steinberg |
| 400 South Hope Street 15th Floor | SILLS CUMMIS & GROSS PC |
| Los Angeles, CA 90071 | One Riverfront Plaza |
| | Newark, NJ 07102 |

*Counsel for Defendant Anna Houssels*          *Counsel for Defendant Lee J Cole*

| | |
|---|---|
| Lawrence B Steinberg | Michael Lee Cypers |
| BUCHALTER NEMER | Julia Roberson |
| 1000 Wilshire Blvd Suite 1500 | Thy B Bui |
| Los Angeles, CA 90017-2457 | CROWELL AND MORING LLP |
| | 515 South Flower Street 40th Floor |
| *Counsel for Defendant Lee J Cole* | Los Angeles, CA 90071-2258 |

*Counsel for Defendants Linden Boyne*

1  Anthony J Ellrod
2  MANNING AND KASS ELLRDO
   RAMIREZ TRESTER LLP
3  801 South Figueroa Street 15th Floor
4  Los Angeles, CA 90017

5

6  *Counsel for Defendants Lynne Rochelle*
   *Attias and Jonathan Steinberg*
7