Lawrence B. Steinberg, Esq.
Buchalter Nemer, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (310) 460-4481
Facsimile: (310) 282-8213

-and-

Jeffrey J. Greenbaum, Esq. (pro hac vice)
Hervé Gouraige, Esq. (pro hac vice)
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500

Kenneth R. Schachter, Esq. (pro hac vice)
Sills Cummis & Gross P.C.
30 Rockefeller Plaza, 29th floor
New York, New York 10112
Telephone: (212) 643-7000
Facsimile: (212) 643-6500

Counsel for Defendant Lee J. Cole

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALTON PETRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC GAME CARD, INC.; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN, PAUL FARREL, EUGENE CHRISTIANSEN, ANNA HOUSSELS, AND THE ESTATE OF LORD LEONARD STEINBERG AND DOMINIC BURKE, LYNNE ROCHELLE ATTIAS, AND JOHATHAN STEINBERG AS EXECUTORS/TRUSTEES/ REPRESENTATIVES OF THE ESTATE OF LORD STEINBERG, DEFENDANTS,<br><br>Defendants. | Case No. SACV-10-00252-DOC(RNBx)<br><br>CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LEE J. COLE'S MOTION TO STRIKE CERTAIN EXHIBITS AND ALLEGATIONS OF PLAINTIFFS' THIRD AMENDED COMPLAINT<br><br>Hearing: February 27, 2012<br>Time: 8:30 a.m.<br>Judge: The Hon. David O. Carter |

## PRELIMINARY STATEMENT

In plaintiffs' desperation to uncover some evidence that they could try to use to plead a legally sufficient claim, plaintiffs' counsel disregarded the letter and spirit of the PSLRA's automatic stay of discovery that came into effect once defendants Lee Cole ("Cole") and Linden Boyne ("Boyne") announced their intention to move for judgment on the pleadings and to dismiss, respectively, plaintiffs' Second Amended Complaint ("SAC").

Despite the clear language of the statute and the strong policy behind the stay provision, which is intended to halt discovery by plaintiffs while the Court considers the sufficiency of the complaint, plaintiffs' counsel continued to pursue their subpoena for documents from Mendoza & Berger ("M&B"), the firm that served as auditor for Electronic Game Card Inc. ("EGCI"), even after they became aware that both Cole and Boyne intended to seek dismissal of the SAC and, most likely, after Cole and Boyne's motions had been filed.

To make matters even worse, plaintiffs' counsel also disregarded Fed. R. Civ. P. 45, governing subpoenas, by failing to notify Cole's counsel that it had obtained documents from M&B pursuant to subpoena and making them available for inspection and copying. In fact, Cole first learned by happenstance that M&B had produced documents pursuant to the plaintiffs' subpoena at least a month, and possibly more, after plaintiffs received those documents. When Cole's counsel asked plaintiffs' counsel when it received the M&B documents to determine if the stay had been violated, plaintiffs' counsel refused to provide that basic information.

Although plaintiffs' counsel previously represented that the Third Amended Complaint ("TAC") would be largely based upon documents that were not obtained through discovery, plaintiffs now admit in the TAC (at footnote 4) that nearly all of the exhibits attached and referred to in the TAC were produced by M&B pursuant to plaintiff' subpoena. Out of seventeen exhibits, only five are publicly-filed

Sills Cummis & Gross P.C.
Attorneys At Law
Newark

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LEE J. COLE'S MOTION TO STRIKE

No. SACV-10-002552-DOC(RNBx)

documents from the U.K. and Gibraltar; the rest were produced by M&B.

Moreover, a review of the allegations in the TAC makes clear that virtually every purportedly "new" allegation in the TAC is based in whole or in large part on the interpretation of documents received from M&B pursuant to subpoena. Because plaintiffs obtained that information after the PSLRA was already in effect, and without providing fair notice to Cole that plaintiffs had received such documents, the Court should uphold the PSLRA policy and deny plaintiffs use of documents obtained in violation of that statute.

The Court should grant this motion to re-affirm the strong policy behind the PSLRA discovery stay of precluding the filing of a securities complaint and then conducting discovery to establish a claim instead of conducting relevant discovery of facts after a properly pleaded securities claim has been upheld by the Court. Whether or not the Court considers this motion, and even if it is denied, as set forth in Cole's accompanying motion to dismiss, the allegations of the TAC, even though based on improperly obtained documents, are still plainly insufficient to plead a claim for securities fraud. For these reasons, as set forth in greater length below, Cole asks that the Court dismiss the TAC with prejudice whether it grants or denies this motion to strike exhibits 1 through 9 and 13 through 15 of the TAC, strike paragraphs 4, 5, 8(a)-(l), 51-59, 73-75, 87-91, and 160 of the TAC in their entirety, and strike those portions of paragraphs 93, 94, 98, 100-102, 104, 105, 107-110, 115-118, 122, 124-126, 165, and 178-196 of the TAC that are based upon, refer to or rely on the improperly obtained documents.

## STATEMENT OF FACTS

On June 23, 2011, Plaintiffs' counsel issued a third-party subpoena to M&B. The subpoena was initially returnable on July 24, 2011, but documents were not produced at that time. [Greenbaum Dec. ¶ 2, Ex. A.]

On Monday, August 8, 2011, Cole's counsel telephoned plaintiffs' counsel,

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF          No. SACV-10-002552-DOC(RNBx)
DEFENDANT LEE J. COLE'S MOTION TO STRIKE

Laurence Rosen, Esq., to advise him that, absent agreement, Cole would shortly be filing a motion for judgment on the pleadings pursuant to Rule 12(c) as to the plaintiffs' Second Amended Complaint ("SAC"), and to confer with counsel regarding the motion, but was told that Mr. Rosen was out of the office that week. [Greenbaum Dec. ¶ 3.] The following day, Cole's counsel e-mailed Mr. Rosen and his co-counsel, Phillip Kim, Esq., and asked one of them to call so that they could discuss Cole's proposed Rule 12(c) motion. Mr. Rosen declined to speak at that time but in e-mail exchanges that followed, Cole's counsel also advised Mr. Rosen that, in Cole's view, his Rule 12(c) motion resulted in a statutory stay of discovery under the PSLRA. [Greenbaum Dec. ¶ 4.] Mr. Rosen refused to acknowledge the existence of the stay. Worse still, two days later, his colleague, Mr. Kim, sent out Requests for Production of Documents to all defendants, with 57 separately numbered requests. Cole's counsel advised plaintiffs' counsel that it was improper to serve discovery requests because of the PSLRA stay. [Greenbaum Dec. ¶ 5.] Because of plaintiffs' wrongful refusal to acknowledge the PSLRA stay, Cole had to make a motion to confirm the existence of the stay on August 29, 2011, together with his motion for judgment on the pleadings as to the SAC. [Greenbaum Dec. ¶ 8; Docket Entry no. 161.] Boyne's counsel similarly advised plaintiffs' counsel of Boyne's intent to file his motion to dismiss on August 19, 2011. [Greenbaum Dec. ¶ 6.]

As of August 22, 2011 – after the PSLRA discovery had come into effect – plaintiffs still had not received documents from M&B in response to the subpoena. [Greenbaum Dec. ¶ 7.]

Both Cole and Boyne filed their respective motions with respect to the SAC on August 29, 2011. Those motions were granted by Order dated October 19, 2011, which dismissed the SAC in its entirety, without prejudice. At the same time, the Court denied as moot the motion to confirm the existence of the PSLRA stay, but without prejudice to presenting further motions based on the issue. [Docket

Sills Cummis & Gross P.C.
Attorneys At Law
Newark

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LEE J. COLE'S MOTION TO STRIKE

No. SACV-10-002552-DOC(RNBx)

Entry no. 184 at 1 n.1.]

On or about October 20, 2011, Cole's counsel was advised by counsel for Donovan and Christiansen that, on or about September 27, 2011, he had received from plaintiffs' counsel a box containing some of the documents that plaintiffs' counsel had received from M&B pursuant to the subpoena served on it. Cole had not received any notice from plaintiffs that they had received any documents from M&B pursuant to subpoena, and had not received copies of those documents from plaintiffs. [Greenbaum Dec. ¶ 10.] Cole's counsel immediately wrote to plaintiffs' counsel, asking when the documents had been received and why Cole was not told that plaintiffs had received them, and advising that it appeared that the documents might have been obtained in violation of the PSLRA stay. [Greenbaum Dec. ¶ 11, Ex. B.] Having received no response, Cole's counsel wrote a second letter on October 26, 2011. [Greenbaum Dec. ¶ 12, Ex. C.]

Plaintiffs' counsel finally responded by letter dated October 27, 2011, only stating that the subpoena to M&B was served when no discovery stay was in effect. Plaintiffs' counsel stated that he was not aware of any requirement to provide Cole with copies of documents received pursuant to subpoena, refused to respond to the direct question of when the documents were received, and instead referred Cole's counsel to M&B for the answer to his questions as to when the documents were received. [Greenbaum Dec. ¶ 13, Ex. D.]

Following receipt of Mr. Kim's October 27, 2011 letter, Cole's counsel tried to contact M&B on multiple occasions to inquire as to when it produced documents and whether plaintiffs' counsel had advised it of the existence of the PSLRA stay of discovery by phone, e-mail, and finally by letter. M&B did not respond. [Greenbaum Dec. ¶ 14, Ex. E.]

On November 11, 2011, Cole notified plaintiffs of his intention to seek dismissal of any amended complaint that plaintiffs might file. In addition, Cole advised plaintiffs that he believed plaintiffs had obtained documents from M&B

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF         No. SACV-10-002552-DOC(RNBx)
DEFENDANT LEE J. COLE'S MOTION TO STRIKE

through discovery in violation of the PSLRA stay and, as a result, Cole would seek to strike any allegations based on such documents. [Greenbaum Dec. ¶ 15, Ex. F.]

Plaintiffs' counsel responded on November 16, 2011, asserting that "the majority of the documents in our possession and upon which our amended complaint will be based were not obtained pursuant to any subpoena or document request" and, therefore, the PSLRA discovery stay was "irrelevant" to plaintiffs' amended complaint. [Greenbaum Dec. ¶ 16, Ex. G.]

Nevertheless, the TAC concedes that the purportedly "new" allegations are based almost entirely on information received from M&B pursuant to subpoena. Plaintiffs admit in the TAC that "[u]nless otherwise indicated herein, the documents attached to the Complaint as exhibits, were obtained from M&B pursuant to a subpoena issued by Plaintiffs' counsel on June 23, 2011." [TAC ¶ 53 n.4.] Indeed, twelve out of seventeen exhibits are from the documents obtained from M&B pursuant to subpoena. [TAC Exs. 1-9, 13-15.] The five exceptions are public filings from the U.K. and a document prepared by Gibraltar Companies House. [TAC Exs. 10-12, 16-17.]

Moreover, the allegations concerning the central theory of fraud in the TAC, *i.e.,* that the cash balances reflected in EGCI's publicly-filed financial statements were fictitious and did not exist [TAC ¶¶ 4, 5, 8(a)-(l), 51-59, 73-75, 87-91, and 160], as well as all or part of the allegations concerning plaintiffs' alternative back-up theories [TAC ¶¶ 93, 94, 98, 100-102, 104, 105, 107-110, 115-118, 122, 124-126, 165, and 178-196], are largely, if not entirely, based on the improperly obtained documents and information. Stripped of those allegations, which are in any case insufficient to allege a securities fraud case, the TAC contains nothing other than the same theories and allegations in the SAC that were roundly rejected by the Court. Either way, the TAC should be dismissed.

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LEE J. COLE'S MOTION TO STRIKE

No. SACV-10-002552-DOC(RNBx)

## ARGUMENT

**THE COURT SHOULD STRIKE ALL EXHIBITS OBTAINED FROM M&B PURSUANT TO SUBPOENA AND ALL ALLEGATIONS BASED UPON OR REFERRING TO DOCUMENTS OBTAINED FROM M&B BECAUSE THE M&B DOCUMENTS WERE OBTAINED IN VIOLATION OF THE AUTOMATIC STAY OF DISCOVERY MANDATED BY THE PSLRA.[1]**

The PSLRA provides that, except in very limited circumstances, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). The Ninth Circuit has observed that "[t]he 'Stay of Discovery' provision of the [PSLRA] clearly contemplates that 'discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint." *SG Cowen Sec. Corp. v. United States Dist. Court*, 189 F.3d 909, 912-913 (9th Cir. 1999) (quoting S. Rep. No. 104-98, at 14, reprinted in 1995 U.S.C.C.A.N. 693). In *Cowen*, the Ninth Circuit, granting mandamus, held that it was a violation of the PSLRA discovery stay to allow plaintiffs to take discovery following the dismissal of their complaint, in order to allow them to file an amended complaint. *Id.* This Court has similarly observed that it is inconsistent with the purpose of the automatic discovery stay to permit discovery that would allow a plaintiff to replead. *See In re Lantronix Inc. Sec. Litig.*, No.: CV 02-03899 PA(JTLx), 2003 U.S. Dist. LEXIS 19593, *6 (C.D. Cal. Sept. 26, 2003) ("It cannot be concluded that 'evidence from discovery might not be the subject of controversy as to a claim in the complaint if leave to replead were granted.'") (quoting *In re Vivendi Universal, S.A., Sec. Litig.*, No. 02 Civ. 5571 (HB), 2003 U.S. Dist. LEXIS 7606 (S.D.N.Y. May 6, 2003)).

The policy behind the PSLRA of protecting defendants from burdensome and

---

[1] If the Court grants this motion to strike, the only allegations remaining in the TAC will be those that were already rejected by the Court when it dismissed the SAC. Thus, the Court should also grant the motion to dismiss the TAC. Even if the Court considers the allegations and exhibits that are based upon, refer to or rely upon the M&B documents, however, the Court should still dismiss the TAC with prejudice, for the reasons set forth in Cole's accompanying motion to dismiss.

potentially unnecessary discovery is so strong that courts impose the statutory stay of discovery even before a dispositive motion based on the pleadings has been made, as long as a defendant has announced an intention to file such a motion, as Cole's counsel did on August 8, 2011 and Boyne's counsel did on August 19, 2011. *See In re Cardinal Health Sec. Litig.*, 365 F. Supp.2d 866, 870 n.3 (S.D. Ohio 2005); *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 543-544 (N.D. Ohio 2004); *In re DPL Inc. Sec. Litig.*, 247 F. Supp. 2d 946, 947 (S.D. Ohio 2003).

In *In re Crompton Corp. Sec. Litig.,* No. 03-cv-1293, 2005 U.S. Dist. LEXIS 23002 (D. Conn. July 25, 2005), plaintiffs obtained discovery in a related state court action just days before the district court entered an order staying the state court discovery pursuant to the PSLRA and SLUSA. The district court ordered plaintiffs to return the discovery during the pendency of defendants' motion to dismiss, holding that plaintiffs' refusal to return the discovery was "a violation of both the letter and the spirit of the PSLRA." *Id.* at *6.

In *Faulkner v. Verizon Comm. Inc.,* 156 F. Supp.2d 384 (S.D.N.Y. 2001), plaintiffs served a third-party subpoena before defendant announced its intention to move to dismiss the complaint, and defendant thereafter announced its intention to do so, implicating the discovery stay, similar to what happened here. The court nevertheless refused to lift the automatic stay of discovery to allow plaintiffs to enforce that subpoena. *Id.* at 402. Here, once plaintiffs' counsel was on notice that Boyne and Cole intended to make their respective motions, it was improper for plaintiffs to enforce the previously issued subpoena. Indeed, the appropriate conduct would have been for plaintiffs' counsel promptly to notify M&B of the PSLRA stay and to request suspension of any document production requested by the subpoena.

In addition to the violation of the PSLRA discovery stay, plaintiffs' failure to provide Cole with notice of their receipt of the M&B document production was itself a violation of Fed. R. Civ. P. 45. "When a civil litigant invokes the process of

Sills Cummis & Gross P.C.
Attorneys At Law
Newark

7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LEE J. COLE'S MOTION TO STRIKE

No. SACV-10-002552-DOC(RNBx)

1  the Court to compel production of documents, both the request *and its results must*
2  *be provided to all parties.*" *Warren Pub. Co. v. Harris Pubs. Inc.*, No. 98 Civ.
3  3558, 1999 U.S. Dist. LEXIS 11670, *7 (S.D.N.Y. July 28, 1999) (emphasis
4  added). The notice requirement in Rule 45(b) was specifically added to allow
5  "other parties . . . to pursue access to any information that may or should be
6  produced." Fed. R. Civ. P. 45(b)(1), 1991 advisory committee's note.

7       Courts have imposed sanctions on parties who have failed to provide such
8  notice of a third-party document production to adversaries. In *Judson Atkinson*
9  *Candies Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371 (7th Cir. 2008), the
10 Seventh Circuit upheld the imposition of sanctions against plaintiffs for violation of
11 Rule 45. Among the sanctionable conduct, the court found, was the plaintiffs'
12 failure to promptly provide copies of documents received pursuant to third-party
13 subpoenas. *Id.* at 387. Moreover, the court objected to plaintiffs'
14 misrepresentations as to when it had received responses to the subpoenas. *Id.*
15 Similarly, in *Benitez v. Am. Standard Circuits Inc.*, No. 08-C-1998, 2009 U.S. Dist.
16 LEXIS 36359 (N.D. Ill. Mar. 23, 2009), the court barred the defendants from using
17 documents obtained pursuant to a third-party subpoena because of their failure to
18 comply with Rule 45, including their failure to produce those documents to their
19 adversary for nearly three weeks after receiving them. *Id.* at *5-6.

20      Here, plaintiffs have engaged in behavior that is hardly better than that
21 criticized in the foregoing cases. In the face of strong motions for judgment on the
22 pleadings and to dismiss, plaintiffs vigorously sought third-party discovery to try to
23 circumvent the stay. Even though the PSLRA's mandatory stay of discovery has
24 been in effect since August 8, 2011 – or at the absolute latest, as of August 19,
25 2011, when Boyne gave notice of his intent to file a motion to dismiss – plaintiffs
26 continued to pursue discovery from third parties in violation of the stay. Given the
27 Ninth Circuit's strong enforcement of the PSLRA discovery stay, even after a
28 motion to dismiss has been granted and before an amended pleading is filed, the

Sills Cummis &
Gross P.C.
Attorneys At Law
Newark

8
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF     No. SACV-10-002552-DOC(RNBx)
DEFENDANT LEE J. COLE'S MOTION TO STRIKE

1 Court should not countenance plaintiffs' violation of that stay. Moreover, plaintiffs' blatant refusal to provide timely notice of the receipt of the M&B production, and their refusal even to tell Cole's counsel when it received those documents, is sufficient reason to bar use of those documents.

Plaintiffs should not be permitted to violate the PSLRA discovery stay or Rule 45, even though their violations have not resulted in documents enabling them to plead a case. They need to abide by the Rules of Court and by the limitations that Congress has placed on all securities plaintiffs in their position. The policies behind the PSLRA require a plaintiff to plead a claim of securities fraud based upon facts in the plaintiff's possession before filing. It does not permit a party to take discovery to try to find a case. Plaintiffs have done exactly what the law bars, *i.e.*, they conducted discovery during a period of statutory stay in order to get the very documents with which they now seek to buttress a weak case previously dismissed by this Court. Cole's motion to strike should be granted, along with his motion to dismiss the TAC.

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

9
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT LEE J. COLE'S MOTION TO STRIKE

No. SACV-10-002552-DOC(RNBx)

## CONCLUSION

For the foregoing reasons, defendant Lee Cole respectfully requests that the Court strike those exhibits and allegations from the TAC that are based upon, refer to or rely on documents obtained from M&B pursuant to subpoena in violation of the PSLRA discovery stay and dismiss the TAC with prejudice.

DATED: December 21, 2011         Respectfully submitted,

By: *s/ Lawrence B. Steinberg*
Lawrence B. Steinberg, Esq.
Buchalter Nemer, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (310) 460-4481
Facsimile: (310) 282-8213

-and-

| | |
|---|---|
| Kenneth R. Schachter, Esq. (pro hac vice) | Jeffrey J. Greenbaum, Esq. (pro hac vice) |
| | Hervé Gouraige, Esq. (pro hac vice) |
| Sills Cummis & Gross P.C. | Sills Cummis & Gross P.C. |
| 30 Rockefeller Plaza, 29th floor | One Riverfront Plaza |
| New York, New York 10112 | Newark, New Jersey 07102 |
| Telephone: (212) 643-7000 | Telephone: (973) 643-7000 |
| Facsimile: (212) 643-6500 | Facsimile: (973) 643-6500 |

Counsel for Defendant Lee J. Cole

SILLS CUMMIS & GROSS P.C.
ATTORNEYS AT LAW
NEWARK

10
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF       No. SACV-10-002552-DOC(RNBx)
DEFENDANT LEE J. COLE'S MOTION TO STRIKE