Lawrence B. Steinberg, Esq.
Buchalter Nemer, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (310) 460-4481
Facsimile: (310) 282-8213

-and-

Jeffrey J. Greenbaum, Esq. (pro hac vice)     Kenneth R. Schachter, Esq. (pro hac
Hervé Gouraige, Esq. (pro hac vice)           vice)
Sills Cummis & Gross P.C.                      Sills Cummis & Gross P.C.
One Riverfront Plaza                           30 Rockefeller Plaza, 29th floor
Newark, New Jersey 07102                       New York, New York 10112
Telephone: (973) 643-7000                      Telephone: (212) 643-7000
Facsimile: (973) 643-6500                      Facsimile: (212) 643-6500

Counsel for Defendant Lee J. Cole

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALTON PETRIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.  SACV-10-00252-DOC(RNBx) |
| Plaintiff, | CLASS ACTION |
| v. | DECLARATION OF JEFFREY J. GREENBAUM IN SUPPORT OF DEFENDANT LEE J. COLE'S MOTION TO STRIKE CERTAIN EXHIBITS AND ALLEGATIONS OF PLAINTIFFS' THIRD AMENDED COMPLAINT |
| ELECTRONIC GAME CARD, INC.; LEE J. COLE; LINDEN BOYNE; KEVIN DONOVAN, PAUL FARREL, EUGENE CHRISTIANSEN, ANNA HOUSSELS, AND THE ESTATE OF LORD LEONARD STEINBERG AND DOMINIC BURKE, LYNNE ROCHELLE ATTIAS, AND JOHATHAN STEINBERG AS EXECUTORS/TRUSTEES/ REPRESENTATIVES OF THE ESTATE OF LORD STEINBERG, DEFENDANTS, | |
| Defendant. | Hearing:  February 27, 2012<br>Time:     8:30 a.m.<br>Judge:    The Hon. David O. Carter |

1   Jeffrey J. Greenbaum, a member of the law firm of Sills Cummis & Gross P.C.,

2   admitted to this Court *pro hac vice* as counsel for defendant Lee J. Cole ("Cole") in

3   this action, declares as follows:

4        1.     I make this declaration in support of Cole's motion to strike Exhibits 1

5   through 9 and 13 through 15 of plaintiffs' Third Amended Complaint ("TAC"), as

6   well as all allegations in the TAC based upon or that refer to those documents or to

7   any documents that plaintiffs obtained pursuant to a third-party subpoena from

8   Mendoza & Berger ("M&B") in violation of the PSLRA's automatic stay of

9   discovery.  In particular, Cole asks this Court to strike paragraphs 4, 5, 8(a)-(l), 51-

10   59, 73-75, 87-91, and 160 of the TAC in their entirety, and to strike those portions

11   of paragraphs 93, 94, 98, 100-102, 104, 105, 107-110, 115-118, 122, 124-126, 165,

12   and 178-196 of the TAC that are based upon, refer to or rely on the improperly

13   obtained documents.

14        2.     On June 23, 2011, Plaintiffs' counsel issued a third-party subpoena to

15   M&B, the auditor for Electronic Game Card, Inc. ("EGCI").  The subpoena was

16   initially returnable on July 24, 2011.  A true and correct copy of the subpoena is

17   attached hereto as Exhibit A.

18        3.     As set forth in my Declaration of August 18, 2011 (Docket Entry no.

19   161-1), on Monday, August 8, 2011, I telephoned plaintiffs' counsel, Laurence

20   Rosen, Esq., to advise him that, absent agreement, Cole would shortly be filing a

21   motion for judgment on the pleadings pursuant to Rule 12(c) as to the plaintiffs'

22   Second Amended Complaint ("SAC") and to confer with counsel regarding the

23   motion, but was told that Mr. Rosen was out of the office that week.

24        4.     The next day, I e-mailed Mr. Rosen and his co-counsel, Phillip Kim,

25   Esq., and asked one of them to call so that they could discuss Cole's proposed Rule

26   12(c) motion.  Mr. Rosen declined to speak at that time but in e-mail exchanges that

27   followed, I also advised Mr. Rosen that, in Cole's view, his Rule 12(c) motion

28   resulted in a statutory stay of discovery under the PSLRA.

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

2
DECLARATION OF JEFFREY GREENBAUM IN SUPPORT OF DEFENDANT          No. SACV-10-002552-DOC(RNBx)
LEE J. COLE'S MOTION TO STRIKE

2

1    5.     Mr. Rosen refused to acknowledge the existence of the stay.

2    Furthermore, two days later, his colleague, Philip Kim, sent out Requests for

3    Production of Documents to all defendants, with 57 separately numbered requests.

4    I advised plaintiffs' counsel that it was improper to serve discovery requests

5    because of the PSLRA stay.

6    6.     According to the August 29, 2011 Declaration of Aryeh Portnoy

7    (Docket Entry no. 165-4), counsel for co-defendant Linden Boyne, filed in support

8    of his motion to dismiss the SAC, on August 19, 2011, Boyne's counsel advised

9    plaintiffs' counsel of Boyne's intent to file his motion to dismiss.

10   7.     In communications with the attorneys for other defendants in the

11   action, I learned that, at least as late as August 22, 2011 – after the PSLRA

12   discovery had come into effect – plaintiffs still had not received documents from

13   M&B in response to the subpoena.

14   8.     Because of plaintiffs' wrongful refusal to acknowledge the PSLRA

15   stay, on August 29, 2011, Cole had to make a motion to confirm the existence of

16   the stay together with his motion for judgment on the pleadings as to the SAC.

17   9.     Both Cole and Boyne filed their respective motions with respect to the

18   SAC on August 29, 2011.  Those motions were granted by Order dated October 19,

19   2011, which dismissed the SAC in its entirety, without prejudice.  At the same time,

20   the Court denied the motion to confirm the existence of the PSLRA stay without

21   prejudice, commenting that the issue was moot in light of the dismissal of the SAC.

22   The Court further noted that, if the parties had further disputes regarding the

23   existence of the stay, they could bring a new motion.

24   10.    On or about October 20, 2011, I learned from counsel for Donovan

25   and Christiansen that, on or about September 27, 2011, he had received from

26   plaintiffs' counsel a box containing some of the documents that plaintiffs' counsel

27   had received from M&B pursuant to the subpoena served on it.  I had not received

28   any notice from plaintiffs that they had received any documents from M&B

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

3

DECLARATION OF JEFFREY GREENBAUM IN SUPPORT OF DEFENDANT          No. SACV-10-002552-DOC(RNBx)
LEE J. COLE'S MOTION TO STRIKE

3

1    pursuant to subpoena, and had not received copies of any such documents from

2    plaintiffs.

3           11.     I immediately wrote to plaintiffs' counsel, asking when the documents

4    had been received and why Cole was not told that plaintiffs had received them, and

5    advising that it appeared that the documents might have been obtained in violation

6    of the PSLRA stay.  A true and correct copy of my October 20, 2011 letter is

7    attached hereto as Exhibit B.

8           12.     Having received no response, I wrote a second letter on October 26,

9    2011.  A true and correct copy of my October 26, 2011 letter is attached hereto as

10   Exhibit C.

11          13.     Plaintiffs' counsel finally responded by letter dated October 27, 2011,

12   a true and correct copy of which is attached as Exhibit D.  In that letter, counsel

13   only states that the subpoena to M&B was served when no discovery stay was in

14   effect.  Counsel responded that he was not aware of any requirement to provide me

15   copies of documents received pursuant to subpoena, refused to respond to the direct

16   question of when the documents were received, and instead referred me to M&B

17   for the answer to my question as to when the documents were produced.

18          14.     Following receipt of Mr. Kim's October 27, 2011 letter, I immediately

19   tried to telephone M&B to inquire as to when it produced documents and whether

20   plaintiffs' counsel had advised it of the existence of the PSLRA stay of discovery.  I

21   left phone messages for James Berger of M&B on October 27 and again on October

22   31.  After receiving no response, I sent Mr. Berger an e-mail on November 1, 2011.

23   Receiving no response to that e-mail either, I sent Mr. Berger a letter on November

24   4, 2011.  M&B never responded to any of my inquiries.  A true and correct copy of

25   my November 4, 2011 letter is attached hereto as Exhibit E.

26          15.     On November 11, 2011, I wrote to plaintiffs' counsel to advise of

27   Cole's intention to seek dismissal of any amended complaint that plaintiffs might

28   file.  In addition, I advised counsel that we believed he had obtained documents

4

DECLARATION OF JEFFREY GREENBAUM IN SUPPORT OF DEFENDANT          No. SACV-10-002552-DOC(RNBx)
LEE J. COLE'S MOTION TO STRIKE

4

1   from M&B through discovery in violation of the PSLRA stay and, as a result, Cole

2   would seek to strike any allegations based on such documents.  A true and correct

3   copy of my November 11, 2011 letter is attached hereto as Exhibit F.

4          16.    Plaintiffs' counsel responded on November 16, 2011, a true and

5   accurate copy of which is attached hereto as Exhibit G.  In his letter, he asserted

6   that "the majority of the documents in our possession and upon which our amended

7   complaint will be based were not obtained pursuant to any subpoena or document

8   request" and, therefore, the PSLRA discovery stay was "irrelevant" to plaintiffs'

9   amended complaint.

10         17.    Plaintiffs filed the TAC on November 21, 2011.  In footnote 4, on page

11  17, the TAC states that "[u]nless otherwise indicated herein, the documents

12  attached to the Complaint as exhibits, were obtained from M&B pursuant to a

13  subpoena issued by Plaintiffs' counsel on June 23, 2011."  Indeed, twelve out of

14  seventeen exhibits are from the documents obtained from M&B pursuant to

15  subpoena.  The five exceptions are public filings from the U.K. and a document

16  prepared by Gibraltar Companies House.

17

18         I declare under penalty of perjury that the foregoing is true and correct.

19

20  Executed on December 21, 2011

21

22                                    JEFFREY J. GREENBAUM

23

24

25

26

27

28

SILLS CUMMIS &
GROSS P.C.
ATTORNEYS AT LAW
NEWARK

DECLARATION OF JEFFREY GREENBAUM IN SUPPORT OF DEFENDANT
LEE J. COLE'S MOTION TO STRIKE

5

No. SACV-10-002552-DOC(RNBx)

# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL _____ DISTRICT OF _____ CALIFORNIA

| | |
|---|---|
| Dalton Petrie, et al. | **SUBPOENA IN A CIVIL CASE** |
| vs. | No. SACV-10-00252 DOC (RNBx) |
| Electronic Game Card, et al. | **CLASS ACTION** |

TO:    Mendoza Berger & Company, LLP
       9838 Research Drive
       Irvine, CA 92618

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

X    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
       See attachment A, hereto.

| PLACE: The Rosen Law Firm, P.A., 333 Grand Avenue, 25th Floor, Los Angeles, CA 90071 | DATE AND TIME July 25, 2011 |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Plaintiffs | DATE June 23, 2011 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Phillip Kim, Esq.. The Rosen Law Firm, P.A.. 275 Madison Avenue, 34th Floor, NY, NY 10016
Telephone: (212) 686-1060. Fax: (212) 202-3827. Attorneys for Lead Plaintiffs

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

1

Exhibit "A" (Page 1 of 13)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Mendoza Berger & Company, LLP 9838 Research Drive Irvine, CA 92618 | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

2

Exhibit "A" (Page 2 of 13)

8

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions.

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

3

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to Subpoena.**

(1) Producing Documents or Electronically Stored Information.

These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

4

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

Exhibit "A" (Page 5 of 13)

# ATTACHMENT A

## DEFINITIONS

1.       "Plaintiffs" shall mean Dr. Thomas Lee, Margaret Yu, and Scott Lovell.

2.       "Defendants" shall mean Electronic Game Card, Inc. ("EGMI"), Lee J. Cole
("Cole"), Linden Boyne ("Boyne"), Kevin Donovan ("Donovan"), Paul Farrell
("Farrell"), Eugene Christiansen ("Christiansen"), Anna Houssels ("Houssels"), the Estate
of Lord Leonard Steinberg ("Steinberg"), and Dominic Burke, Lynn Rochelle Attias, and
Jonathan Steinberg, in their capacity as Executors/Trustees of Steinberg's Estate.

3.       The "Company" shall mean Electronic Game Card, Inc.

4.       The "Subsidiary" shall mean Electronic Game Card, Ltd.

5.       "Mendoza Burger & Company" ("MB") shall mean Mendoza Berger &
Company, LLP, any of MB's present or former subsidiaries, officers, directors,
employees, agents and representatives and all persons acting or purporting to act on its
behalf.

6.       "You" or "Your" shall mean MB.

7.       This "Action" shall mean the above-captioned adversary proceeding pending
before the United States District Court for the Central District of California.

8.       "Complaint" shall mean the complaint and the exhibits annexed thereto filed
with the Court in this Action dated February 11, 2011.

9.       "SEC" shall mean the U.S. Securities Exchange Commission.

10.      "Document" and "documents" shall have the customary broad meaning as
provided in the Federal Rules of Civil Procedure and shall include, without limitation:

6

a. any writing or other tangible item containing written or graphic matter, whether printed, recorded, reproduced by any process, or written or produced by, including but not limited to the original and any non-identical copy, including the following: letters, reports, email or electronic mail, agreements (including drafts, proposals and any and all exhibits thereto), communications (as defined below), including inter-company communications, correspondence, telegrams, teletype messages, memoranda, summaries, recordings, records of personal conversations, diaries, forecasts, photographs, tape recordings, models, statistical statements, graphics, laboratory and engineering reports and notebooks, charts, plans drawing, minutes, records of conferences, agendas, expressions or statements of policy, lists of persons attending meetings or conferences, reports, summaries of interviews, reports and/or summaries investigations, inspections, opinions or reports of consultants, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any documents and revisions of drafts of any documents, tabulations, charts, books of account, ledgers, invoices, financial statements, purchase orders, receipts, cancelled checks, and items similar to the foregoing, however denominated by you or your agents.

b. All documents, whether or not such documents were prepared by you or your agents, representatives, attorneys or employees for their own use or for transmittal in any manner, or were received by any means by you.

7

c. Data stored maintained or organized electronically, magnetically and digitally or through the use of computer equipment, translated, if necessary, by you into a reasonably usable form.

d. All copies of such documents upon which appear any initialing, notation or handwriting of any kind not appearing on the original.

e. All non-identical drafts of such documents.

f. Wherever located, whether your files or any agent, attorney or other representative or consultant of yours.

11.    "Communication" or "Communications" shall mean any oral, electronic, digital or written utterance, notation or statement of any nature whatsoever, by or whomsoever made, including but not limited to correspondence, conversations, dialogues, discussions, interviews, consultations, agreements and other understandings between or among two or more persons in whatever form or format.  Communications are a subset of documents, as defined above.

12.    "And" and "or" shall each be construed in the disjunctive and conjunctive and shall not limit the scope of this Request

## INSTRUCTIONS

1.    This Request requires you to produce all responsive documents in your possession, custody, or control, or in the possession, custody or control of any of your agents, representatives, servants, employees, accountants or attorneys, wherever those documents might be located.

8

14

2.      You are to produce each document requested herein as they are kept in the usual course of business or shall be organized and labeled with an indication of the particular paragraph or subparagraph of this request to which the documents are responsive.

3.      In the case of any document relating in any way to any meeting or conversation, all participants in the meeting or conversation are to be identified.

4.      You shall respond to these requests completely, based upon information that is known or reasonably obtainable upon investigation at the time that your responses are served. When you do not know or cannot recall whether particular responsive documents exist, you shall state what efforts were made to ascertain their existence.

5.      Each request should be read so as not to include documents or things subject to an evidentiary privilege or immunity from discovery if necessary to permit the production of documents or things otherwise responsive to the request. To the extent that a request calls for the production of documents or things subject to a privilege or immunity from discovery, the written response to that request should so indicate, but you should produce the balance of the documents or things not subject to a claim or privilege, which fall within the scope of the request. Additionally, to the extent information subject to an evidentiary privilege or immunity from discovery is contained within responsive documents or things that also contain discoverable information you should produce a redacted version of the document or thing containing the discoverable information with a notation on the produced document or thing indicating that it is being produced in redacted form.

6.      Wherever you assert that a document is properly withheld from production for inspection or copying on the grounds of evidentiary privilege or immunity from

Exhihit "A" (Page 9 of 13)

discovery, you shall designate the type of document (i.e., letter, report book, brochure, email, etc.) and state:

    a.  information sufficient to enable Plaintiffs to identify the document, including: (i) the title or subject heading, (ii) date, (iii) name(s) and address(es) of the author or signer(s), (iv) recipients, and (v) person(s) copied;

    b.  the general subject matter dealt with in the document with reasonable specificity; and

    c.  an explanation of the privilege asserted.

7.    Wherever you are asked to produce a document which was formerly in your possession, custody or control but has been lost or destroyed, you shall designate the type of document, (i.e., letter, report book, brochure, email, etc.) and state:

    a.  information sufficient to enable Plaintiffs to identify the document, including the title or subject heading date, name(s) and address(es) of the author or signer(s) and person(s) copied;

    b.  the substance or content of the document;

    c.  the last known location of the document;

    d.  the date on which the document was lost or destroyed; and

    e.  if destroyed, the circumstances of or reason for such destruction and the persons requesting and performing such destruction.

8.    Wherever you object that a request is overly broad, burdensome or oppressive, you shall state all facts demonstrating the nature of the burden.

10

9.       The singular shall be construed to include the plural, and the plural shall be
construed to include the singular as necessary to bring within the scope of these requests
any documents that might otherwise be construed to be outside their scope.

The present tense shall be construed to include the past tense, and the past tense shall be
construed to include the present tense as necessary to bring within the scope of these
requests any documents that might otherwise be construed as outside their scope.

## DOCUMENT REQUESTS

1.       All communications between You and any Defendant(s), or any other
person(s) relating to, discussing, or mentioning the Company's alleged ownership of the
Subsidiary.

2.       All documents that evidence, refer, or relate to the Company's claim that
the Subsidiary was wholly owned by the Company, including but not limited to any
documents that evidence, refer, or relate to any agreements allowing a Third Party or any
Defendant listed above to obtain ownership of the Subsidiary.

3.       All documents that evidence, refer, or relate to Defendant Boyne's, any
other Defendant(s), or any other person's, ownership of a right to transfer ownership of
the Subsidiary to himself and/or Greenfield Capital International, Ltd.

4.       All communications between You and any Defendant(s) or any other
person relating to, discussing, or mentioning the Company's alleged ownership of the
Subsidiary.

5.       All documents that evidence, refer, or relate to Greenfield Capital
International, Ltd.

11

6.     All documents that evidence, refer, or relate to your decision to become the Company's auditor.

7.     All documents that evidence, refer, or relate to your termination or resignation as auditors for the Company.

8.     All audit workpapers, desk files, and permanent files, relating to your audits and/or reviews of the Company for:

   a.  Fiscal Year 2006 and interim periods;

   b.  Fiscal Year 2007 and interim periods;

   c.  Fiscal Year 2008 and interim periods; and

   d.  Fiscal Year 2009 and interim periods.

9.     All documents that evidence, refer, or relate to ownership of bank accounts held by the Subsidiary and/or the Company.

10.    All written reports and memoranda concerning, referring or relating to meetings planned, held or to be held, with the Company executive management or board of directors and any committees of the Board from January 1, 2005 to the present.

11.    All documents relating to any formal or informal investigation of the Company by the SEC.

12.    All documents that evidence, refer, or relate to your letter dated February 12, 2010, to the Company stating that your audit opinions for the years ended December 31 2006, 2007, and 2008 should no longer be relied upon, including the letter itself.

13.    All documents uncovered in Your investigation of the Company referenced in a Current Report on Form 8-K filed with the SEC on February 19, 2010, which stated in relevant part:

12

"M&B advised EGCI that it had become aware of irregularities in the audit confirmation of a bank account represented to M&B as having been held by Electronic Game Card (UK) Limited ("EGC Ltd"), a wholly owned subsidiary of EGCI that conducts its European operations. Based upon M&B's investigation and inability to confirm the balances in the account[...]."

14.     All communications with the Company or any of its officers, directors, or employees, regarding the subject of Requests for Production 12 and 13, including but not limited to any communications with Kevin Donovan.

15.     All communications with G.C. Andersen Partners, LLC that refer, relate, or concern the Company.

16.     All communications with Shearman and Sterling, LLP that refer, relate, or concern the Company.

17.     All documents and communications relating to any examination by the PCAOB of the MB's audit and/or review of the Company.

18.     Copies of all documents and communications supplied or exchanged with PricewaterhouseCoopers LLP that relate, refer or concern the Company.

19.     Copies of all documents and communications supplied and/or exchanged with the Company's predecessor accountants that refer, relate or concern the Company.

20.     Copies of any legal opinions as to the Subsidiary.

21.     Copies of management representation letters and sub-certifications of the Company's management.

Exhihit "A" (Page 13 of 13)

# EXHIBIT B



# SILLS CUMMIS & GROSS
### A PROFESSIONAL CORPORATION

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

30 Rockefeller Plaza
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

Jeffrey J. Greenbaum
Member of the Firm
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

October 20, 2011

*Via E-Mail Only*

Phillip Kim, Esq.
The Rosen Law Firm, P.A.
275 Madison Avenue
34th Floor
New York, NY 10016

Re:  *Petrie et al. v. Electronic Game Card, Inc., et al.*
No. 10-cv-0252 (DOC)(RNBx)(C.D.Cal.)

Dear Mr. Kim:

I am advised by Mr. Fortinsky's office that on or about September 27, 2011, you forwarded to him a box of documents that you received pursuant to a subpoena you issued to Mendoza Berger & Co. In apparent violation of Rule 45, we were not notified of your receipt of any such documents pursuant to a subpoena, and the timing of the production to Mr. Fortinsky's office suggests that the documents were received in violation of the PSLRA stay then in effect.

Please advise when you received the documents, whether you received documents pursuant to any other subpoenas and whether you had any communications with Mendoza Berger & Co.'s counsel regarding the PSLRA stay. If so, please provide us with copies of any such correspondence or communications. Finally, please advise whether Mendoza Berger & Co. had retained counsel in connection with the subpoena issued to it, and if so, please provide the name of such counsel and their contact information.

Very truly yours,

Jeffrey J. Greenbaum

JJG/slw
cc: All counsel of Record (Via E-mail)

Exhibiy "B"

21

# EXHIBIT C



# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

30 Rockefeller Plaza
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

Jeffrey J. Greenbaum
Member of the Firm
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

October 26, 2011

*Via E-Mail Only*

Phillip Kim, Esq.
The Rosen Law Firm, P.A.
275 Madison Avenue
34th Floor
New York, NY 10016

Re:   *Petrie et al. v. Electronic Game Card, Inc., et al.*
      No. 10-cv-0252 (DOC)(RNBx)(C.D.Cal.)

Dear Mr. Kim:

This letter will follow-up on my letter of October 20, 2011, to which you did not respond. An additional copy is attached. In addition to the requests made in that letter, it has come to my attention that in addition to documents from Mendoza Berger & Co., you may have also received documents pursuant to other subpoenas issued in this case. Please advise from whom you received documents pursuant to subpoenas and when you received those productions.

It has also come to my attention that you may not have furnished to Sherman & Sterling copies of all documents received from Mendoza Berger & Co. While Rule 45 obligations are not satisfied by merely advising one defendant of your receipt of documents, please advise whether you are currently in possession of other documents received by subpoena from Mendoza Berger & Co. that were not furnished to Mr. Fortinsky's office.

Very truly yours,

JEFFREY J. GREENBAUM

JJG/slw
cc: All counsel of Record (Via E-mail)

Exhibit "C"

23

# EXHIBIT D



**The Rosen Law Firm**
INVESTOR COUNSEL

Phillip Kim, Esq.
pkim@rosenlegal.com

October 27, 2011

**BY EMAIL**

Jeffrey Greenbaum, Esq
Sills Cummis Gross PC
One Riverfront Plaza
Newark, NJ 07102

Re: *Petrie v. Electronic Game Card, Inc.*; 10-cv-0252 (DOC)

Dear Jeffrey:

I am in receipt of your two letters dated October 20, and 26, 2011 concerning subpoenas we have issued.

We gave your client, Mr. Cole, timely notice of the Mendoza Berger subpoena. Prior to service, we sent a copy of the subpoena to your law partner Alan Pearlson and your local counsel Lawrence Steinberg. We have provided proper notice to your client of every subpoena we have served to date.

As to the "PSLRA Stay", there was no stay in effect when we issued the subpoena. The Court lifted the stay on June 6, 2011 when the Court approved our trial and discovery schedule.

As for documents that we have received pursuant to subpoena, I am not aware of any rule that requires that we automatically provide you copies of those documents. If there is one, please provide me with the text of this rule so that I may comply with it.

As to your other inquiries concerning Mendoza Berger and other subpoena recipients, I don't view them as appropriate. We are not in the habit of responding to informal interrogatories. You are free to contact Mendoza Berger and the others directly and have them answer your questions.

Very truly yours,

Phillip Kim

cc: all counsel of record.

1

Exhibit "D"

25

# EXHIBIT E

# SILLS CUMMIS & GROSS

A PROFESSIONAL CORPORATION

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
Tel: 973-643-7000
Fax: 973-643-6500

30 Rockefeller Plaza
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

Jeffrey J. Greenbaum
Member of the Firm
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

November 4, 2011

Mr. James Berger
Mendoza Berger & Company, L.L.P.
5500 Trabuco Road, #150
Irvine, CA 92620

Re:   *Petrie, et al. v. Electronic Game Card, Inc., et al.*
No. 10-cv-0252 (DOC)(RNBx)(C.D. Cal.)

Dear Mr. Berger:

I write to follow-up on my numerous attempts to contact you, first by telephone, and then by e-mail of November 1, 2011. As I advised you, I represent Lee Cole, a defendant in the above securities litigation class action. I am informed that your firm produced documents to plaintiffs' counsel pursuant to a subpoena and I am writing to find out when you produced the documents.

Please also advise as to whether the Rosen Law Firm ever informed you that there was a stay of discovery in effect under the Private Securities Litigation Reform Act of 1995.

If you were represented by counsel in connection with your production of documents, please provide me the name of your counsel and I will follow-up with that person.

I look forward to your prompt response.

Very truly yours,

JEFFREY J. GREENBAUM

JJG/slw

Exhibit "E"

27

# EXHIBIT F

# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

30 Rockefeller Plaza
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

Jeffrey J. Greenbaum
Member of the Firm
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

November 11, 2011

*Via E-Mail*

Laurence M. Rosen, Esq.
The Rosen Law Firm, P.A.
355 South Grand Street
Suite 2450
Los Angeles, CA 90071

Re: *Petrie, et al. v. Electronic Game Card, Inc., et al.*
No. 10-cv-0252 (DOC)(RNBx)(C.D. Cal.)

Dear Mr. Rosen:

As you know, on October 19, 2011 the Honorable David O. Carter granted defendant Cole's and defendant Boyne's motions addressed to the Second Amended Complaint (SAC), dismissing all claims in the SAC with leave to amend. As you also know, you already have had three prior opportunities to amend, two of which you availed yourself and one in which you declined the Court's offer. In view of this history, unless you have new facts of which we are not aware, we believe you lack a good faith basis for a further amendment. We write to caution you in the event you plan to further amend, that our client will seek dismissal of any such pleading from the Court with prejudice.

In that regard, you may be aware, from my letters dated October 20 and October 26, 2011 to Phillip Kim of your office, that we have reason to believe that you obtained documents from third-party subpoenas that were received by you during the period when the PSLRA stay was in effect. As such, you are barred from using any such documents in any way in connection with any amended pleading. To the extent you seek to use any such documents or rely on them in any way in any amended pleading, we will seek to strike any such allegations and hold you accountable for such violations.

Very truly yours,

JEFFREY J. GREENBAUM

JJG/slw
cc: All Counsel (Via E-mail)

Exhibit "F"

29

# EXHIBIT G



**The Rosen Law Firm**

**I N V E S T O R   C O U N S E L**

Laurence Rosen, Esq.
lrosen@rosenlegal.com

November 16, 2011

**BY EMAIL**

Jeffrey Greenbaum, Esq
Sills Cummis Gross PC
One Riverfront Plaza
Newark, NJ 07102

Re:  *Petrie v. Electronic Game Card, Inc.*; 10-cv-0252 (DOC)

Dear Jeff:

I am in receipt of your letter dated November 11, 2011 concerning your intention to file a second motion to dismiss.

As Mr. Kim detailed to you in earlier correspondence, all of the documents that we have obtained and on which our amended complaint will be based were obtained prior to any stay of discovery that *may* have resulted from the motion to dismiss filed by your client.

Given that the Court ordered discovery to begin on June 6, 2011, I disagree with your conclusion that discovery was stayed when Mr. Cole filed his motion to dismiss. Nonetheless, for the sake of this discussion only, I will assume you are correct. However, since the Court never granted your request to confirm a stay of discovery, it appears your position is incorrect.

You should also know, that the majority of the documents in our possession and upon which our amended complaint will be based were not obtained pursuant to any subpoena or document request. Therefore, the supposed discovery stay is irrelevant to these documents. The PSLRA discovery stay does not prevent a third party from voluntarily providing documents to a plaintiff.

Before you make any accusations or file any motions, please make sure that you have all the facts correct, as Rule 11 applies equally to defendants.

Very truly yours,

Laurence Rosen

cc:  all counsel of record.

1



**The Rosen Law Firm**
**I N V E S T O R   C O U N S E L**

Laurence Rosen, Esq.
lrosen@rosenlegal.com

November 16, 2011

**BY EMAIL**

Jeffrey Greenbaum, Esq
Sills Cummis Gross PC
One Riverfront Plaza
Newark, NJ  07102

Re:  *Petrie v. Electronic Game Card, Inc.*; 10-cv-0252 (DOC)

Dear Jeff:

I am in receipt of your letter dated November 11, 2011 concerning your intention to file a second motion to dismiss.

As Mr. Kim detailed to you in earlier correspondence, all of the documents that we have obtained and on which our amended complaint will be based were obtained prior to any stay of discovery that *may* have resulted from the motion to dismiss filed by your client.

Given that the Court ordered discovery to begin on June 6, 2011, I disagree with your conclusion that discovery was stayed when Mr. Cole filed his motion to dismiss.  Nonetheless, for the sake of this discussion only, I will assume you are correct.  However, since the Court never granted your request to confirm a stay of discovery, it appears your position is incorrect.

You should also know, that the majority of the documents in our possession and upon which our amended complaint will be based were not obtained pursuant to any subpoena or document request.  Therefore, the supposed discovery stay is irrelevant to these documents.  The PSLRA discovery stay does not prevent a third party from voluntarily providing documents to a plaintiff.

Before you make any accusations or file any motions, please make sure that you have all the facts correct, as Rule 11 applies equally to defendants.

Very truly yours,

Laurence Rosen

cc:  all counsel of record.

1

Exhibit "G"

32