**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-0252 DOC (RNBx)            Date: March 6, 2012

Title: DALTON PETRIE -V- ELECTRONIC GAME CARD, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING MOTION TO STRIKE AND MOTIONS TO DISMISS

       Before the Court are a Motion to Strike Certain Exhibits and Allegations of Plaintiffs' Third Amended Complaint filed by Defendant Lee J. Cole ("Cole") (Docket 199) ("Motion to Strike) and six Motions to Dismiss filed by Defendant Paul Farrell ("Farrell") (Docket 191); Defendant Linden Boyne ("Boyne") (Docket 195); Defendant Estate of Lord Steinberg ("Steinberg") (Docket 192); Defendant Anna Houssels ("Houssels") (Docket 193); Defendant Cole (Docket 196); and Defendants Kevin Donovan ("Donovan") and Eugene Christiansen ("Christiansen") (Docket 197) (collectively, "Defendants" and "Motions to Dismiss"). The Court finds these matters appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers, the Court hereby GRANTS the Motion to Strike and Motions to Dismiss.

       **I. BACKGROUND**

       The Court and the parties are familiar with both the factual and procedural history of this case, as detailed in the Court's October 19, 2011 Order. After the Court dismissed Plaintiffs' Second Amended Complaint in its October Order, Plaintiffs filed a Third Amended Complaint ("TAC") on November 21, 2011 (Docket 189). Defendants now move to dismiss the TAC. Defendant Cole also moves to strike certain allegations in the TAC based on information that Plaintiffs allegedly obtained via subpoena from Mendoza & Berger ("M&B"), the firm that served as auditor for Electronic Game Card Inc. Cole alleges that Plaintiffs impermissibly utilized subpoenaed information from M&B to draft

the TAC, despite the fact that the information was obtained during the PSLRA's automatic discovery stay.

## II. LEGAL STANDARD

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (internal quotation marks and citation omitted). The Ninth Circuit has defined "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023 (1994).

### B. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6)

motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

#### A. Motion to Strike

The Private Securities Litigation Reform Act of 1995 ("PSLRA") mandates that discovery is stayed during the pendency of motions to dismiss. 15 U.S.C. § 78u-4(b)(3)(B). The discovery stay was "intended to prevent unnecessary imposition of discovery costs on defendants," such that "discovery should permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint."*SG Cowen Securities Corp. v. U.S. Dist. Court for the Northern District of California,* 189 F.3d 909, 912-13 (9th Cir. 1999). In *Cowen,* the Ninth Circuit held that a need for discovery to meet the PSLRA's heightened pleading standard is not sufficient reason to lift the discovery stay; such a rule would contravene the entire purpose of the heightened pleading standard. *Id.* at 913.

The PSLRA discovery stay takes effect upon a defendant's announcement of his intent to file a motion to dismiss. This rule is logical, as the discovery stay is mandated by the PSLRA to remain in effect until the court upholds the sufficiency of the complaint. If plaintiffs are on notice that defendants plan to challenge the sufficiency of the complaint, it is axiomatic that the complaint's sufficiency has not yet been upheld by the court. *In re JDS Uniphase Corp. Securities Litigation* makes this clear. 238 F. Supp. 2d 1127 (N.D. Cal. 2002). There, defendants had not yet filed a motion to dismiss but had indicated their intent to do so. *Id.* at 1133. Because the time to respond to the complaint had not yet expired, the *JDS* court had not sustained the legal sufficiency of the complaint, and plaintiffs were not entitled to take discovery. *Id.; see also In re American Funds Securities Litigation,* 493 F. Supp. 2d 1102, 1106 ("because the time has not yet passed for Plaintiffs to file the Consolidated Complaint, there is some risk of prejudice to Defendants if the PSLRA discovery stay is lifted at this time"). It is quite clearly prohibited for plaintiffs to utilize impermissibly gained discovery in an amended complaint. In *American Funds,* for example, the court explained its concern with permitting any discovery before upholding the sufficiency of the complaint: "If Plaintiffs are allowed to take discovery before the Court has sustained the legal sufficiency of the Consolidated Complaint, Plaintiffs might attempt to use the information in addressing a motion to dismiss or amending their claims in direct contravention of one of the purposes of the PSLRA." *Id.* at 1106-07.

Here, Plaintiffs bring to life the *American Funds* court's concern. In drafting their Third Amended Complaint, Plaintiffs relied upon discovery taken before the Court had sustained the legal sufficiency of the Second Amended Complaint ("SAC"), in direct violation of the PSLRA. Plaintiffs admit in their Opposition that they did not receive the subpoenaed documents from M&B until August 22, 2011.[1] Opposition, 5. By that date, however, Plaintiffs were already on notice that both Cole and Boyne intended to file a motion for judgment on the pleadings and motion to dismiss, respectively. Greenbaum Dec. ¶ 3-6. Plaintiffs were thus on notice that the sufficiency of the complaint had been called into question, such that Plaintiffs should have immediately ceased all discovery.

Plaintiffs argue that the PSLRA stay was not implicated because the Court upheld the Complaint in its January 12, 2011 Order ("January Order"). Plaintiffs, however, provide no factual or legal support for this curious contention. Plaintiffs severely mischaracterize the Court's January Order in stating that it was "largely denying defendants' motion to dismiss." Opposition, 3. The Court's January Order dismissed all of Plaintiffs' claims under Section 10(b) of the Securities and Exchanges Act of 1934 and SEC Rule 10b-5. January Order, 5-6. The only reason that the Court did not dismiss Plaintiffs' Section 20(a) claims was that "[n]one of the Moving Defendants contest the notion that the Complaint contains viable allegations of Boyne's and Cole's scienter." *Id.* at 7. Not surprisingly, the Moving Defendants did not include Boyne or Cole, such that none of the Moving Defendants had any incentive to dispute Boyne and Cole's scienter. The sufficiency of the claims against Boyne and Cole had not been tested at the time of the January Order, as further demonstrated by the fact that all of Plaintiffs' claims were dismissed in the Court's October 19, 2011 Order ("October Order"). Plaintiffs were on notice that Defendants were challenging the sufficiency of the complaint, such that their discovery should have ceased immediately and any discovery impermissibly obtained during the stay certainly should not have been used to amend Plaintiffs' SAC. Such actions were in direct contravention of the PSLRA. Despite the fact that motions to strike are disfavored, Plaintiffs cannot be permitted to openly flaunt a direct violation of the PSLRA.

Plaintiffs also attempt to argue that the substance of the M&B documents is, in effect, egregious enough that the PSLRA should not apply. The Ninth Circuit has directly rejected that logic. As in *Cowen,* in this securities class action, Plaintiffs are not permitted to utilize discovery to reach the heightened pleading standard of the PSLRA when the complaint would not otherwise survive. 189 F.3d at 913. The entire purpose of the PSLRA's discovery stay is to prevent plaintiffs from utilizing discovery in the hopes of finding a claim not alleged in the complaint; this is exactly what Plaintiffs have attempted in the present case. If the TAC cannot stand without Plaintiff's allegations based on the M&B subpoenaed documents, it cannot stand at all. Defendant Cole's Motion to Strike all allegations

---

[1] Plaintiffs also state that they received certain documents from M&B on September 1, 2011 and yet do not distinguish between the two dates of document production. For the purposes of this motion, it is irrelevant whether the relevant documents relied upon in the Third Amended Complaint were received August 22, 2011 or September 1, 2011.

based on discovery obtained in violation of the PSLRA's automatic stay is thus hereby GRANTED.

Exhibits 1 through 9 of the TAC are hereby stricken. Paragraphs 4, 5, 6, 8(a)-(l), 51-59, 73-75, 87-91, and 160 of the TAC are stricken in their entirety. Those portions of paragraphs 93, 94, 98, 100-102, 104, 105, 107-110, 115-118, 122, 124-26, 165 and 178-96 of the TAC that are based upon, refer to or rely upon documents that Plaintiffs obtained from M&B pursuant to subpoena are hereby stricken.

### B. Motions to Dismiss

The relevant substance of Plaintiffs' Oppositions to the Motions to Dismiss (Dockets 201 and 202) is based only upon stricken allegations in the TAC and upon arguments that have already been addressed and rejected by this Court. Without the stricken allegations, the TAC does not contain sufficient facts to state a claim for violations of Section 10(b) or Section 20(a) of the Exchange Act.

The Motions to Dismiss are thus hereby GRANTED.

### IV. DISPOSITION

For the foregoing reasons, the Motion to Strike is GRANTED. Exhibits 1 through 9 of the TAC are hereby stricken. Paragraphs 4, 5, 6, 8(a)-(l), 51-59, 73-75, 87-91, and 160 of the TAC are stricken in their entirety. Those portions of paragraphs 93, 94, 98, 100-102, 104, 105, 107-110, 115-118, 122, 124-26, 165 and 178-96 of the TAC that are based upon, refer to or rely upon documents that Plaintiffs obtained from M&B pursuant to subpoena are hereby stricken.

The Motions to Dismiss are also hereby GRANTED. Plaintiffs' Third Amended Complaint is hereby DISMISSED WITH PREJUDICE as to defendants Cole, Farrell, Boyne, Steinberg, Houssels, Donovan and Christiansen.

The Clerk shall serve this minute order on all parties to the action.